**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 6:17-cv-2206-orl-18-GJK |
| ) | |
| ABSOLUTE MEDICAL, LLC, GREG ) | INJUNCTIVE RELIEF SOUGHT |
| SOUFLERIS, and DAVE HAWLEY, ) | |
| ) | |
| Defendants, ) | |
| ) | |

### DECLARATION OF CHRISTOPHER W. CARDWELL

Under penalty of perjury and pursuant to 28 U.S.C. Section 1746, Declarant, Christopher W. Cardwell, states that:

1. My name is Christopher W. Cardwell. I am above the age of 18 and am fully competent to give the testimony contained in this Declaration, all of which comes from my personal knowledge.

2. **Exhibit A** to this Declaration is a true and correct copy of a November 28, 2017, letter from me to Absolute Medical's attorneys. Absolute Medical failed to materially respond to this letter.

3. **Exhibit B** to this Declaration is a true and correct copy of an email exchange between Absolute Medical's lawyer and me.

4. **Exhibit C** to this Declaration is a true and correct copy of a December 13, 2017, letter from me to one of Absolute Medical's attorneys. Absolute Medical failed to materially respond to this letter.

Further, this Declarant sayeth not.

EXHIBIT 2

I declare under penalty of perjury the foregoing is true and correct.

Date: 1/22/18

_____
Christopher W. Cardwell



**GULLETT SANFORD
ROBINSON & MARTIN PLLC**

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN 37201

M 615.244.4994
F 615.256.6339
W GSRM.COM

November 28, 2017

**Via FedEx and Email**

Adams and Reese LLP
350 East Las Olas Blvd., Suite 1110
Fort Lauderdale, FL 33301
Attention: Christopher Mills
christopher.mills@arlaw.com

**Re: Notice of Material Breach**

Dear Mr. Mills,

Reference is made to:

(a) the Exclusive Sales Representative Agreement (the "**Sales Agreement**"), effective January 1, 2017, by and between NuVasive, Inc. ("**NuVasive**") and Absolute Medical LLC ("**Absolute Medical**"); and

(b) the email sent by Greg Soufleris to NuVasive Sales Leadership on November 27, 2017, in which Mr. Soufleris informed NuVasive of his resignation from "our partnership" (the "**Termination Notice**").

I have been retained by NuVasive in connection with Absolute Medical's purported termination of the Sales Agreement as set forth in the Termination Notice.

Pursuant to Section 9.01 of the Sales Agreement, the term of the Sales Agreement commenced on January 1, 2017, and continues through December 31, 2021. Absolute Medical has no right or ability to unilaterally terminate or "resign" under the Sales Agreement and such purported termination or resignation is itself a material breach under the Sales Agreement.

We are currently investigating the situation and are evaluating our legal options, including bringing any necessary legal action to seek equitable remedies, including injunctive relief, and recover damages for Absolute Medical's material breach under the Sales Agreement.

Based on the foregoing, we demand that Mr. Soufleris and Absolute Medical confirm in writing by the close of business on November 29, 2017, that he and it will take the following actions until the parties are able to agree on the terms of a settlement for Absolute Medical's material breach of the Sales Agreement:

1. Absolute Medical and its current sales personnel will continue to cover all surgical cases in the Territory (as defined in the Sales Agreement); and



EXHIBIT A

Christopher Mills
November 28, 2017
Page 2

2. Absolute Medical will conduct its business in the ordinary course and in a manner consistent with past practice and use its best efforts to maintain the business, employees, agents, customers, assets and operations as an ongoing concern in accordance with past practice and under its obligations contained in the Sales Agreement.

NuVasive takes its restrictive covenants, and its business, confidential, proprietary, and trade secret information very seriously, and will take all necessary and appropriate steps to prevent any unlawful competition and/or misappropriation or disclosure of its trade secrets or confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities.

Absolute Medical is now on notice of potential litigation and is required to take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, voicemails, records, files, and other data, wherever located and regardless of the format or media. Be forewarned that purposeful destruction of such evidence could result in penalties, including legal sanctions.

This notice is without prejudice to any of NuVasive's rights, powers, privileges, remedies and defenses, now existing or hereafter arising, all of which are hereby expressly reserved and this letter shall not entitle Absolute Medical to any further notice or demand. NuVasive will take such action as is necessary in order to protect its legal interests. Such action may include commencing legal proceedings in order to seek injunctive relief and/or damages.

Sincerely,

Christopher W. Cardwell

**From:** Bryan Busch [mailto:Bryan.Busch@arlaw.com]
**Sent:** Tuesday, December 5, 2017 11:29 AM
**To:** Chris Cardwell
**Subject:** Re: NuVasive/Absolute

Chris, thx for the response. The 2 reps that have not resigned are Thad Bragulla and Brennan Burkhart. The 3 reps that have resigned are Dave Hawley, Ryan Miller and Brandon Gottstein.

Bryan E. Busch
Adams and Reese, LLP


On Dec 4, 2017, at 10:30 PM, Chris Cardwell <ccardwell@gsrm.com> wrote:

> Brian – I appreciate your client's willingness to cooperate in the short term. Why don't we try to schedule a face to face to try to reach an agreement on expectations/obligations going forward in the next few weeks. My client wants to be reasonable, but it needs some assurances that your client's "resignation" is not just an excuse to shirk his contractual obligations and go provide services for one of my client's competitors.
>
> While we try to work out issues between our clients, will you please identify the reps still affiliated with Absolute/NuVasive and provide me with the non-compete agreements of the reps who moved on.
>
> Also, I'll take a stab at a draft agreement for your client to allow NuVasive to contact, hire, and direct its representatives and get it to you asap.
>
> Thanks,
>
> Chris
>
>
> **From:** Bryan Busch [mailto:Bryan.Busch@arlaw.com]
> **Sent:** Monday, December 4, 2017 4:34 PM
> **To:** Chris Cardwell
> **Subject:** RE: NuVasive/Absolute
>
> My client has no problem releasing and/or consenting to your client's use of the sales representatives. My client reached out to Mr. Singer on Friday about a transition and the need for assistance covering cases but has not received any material response. Please let us know how to assist and minimize any alleged business interruption for NuVasive. Thx.

1


EXHIBIT B



**Bryan Busch**
Partner
ADAMS AND REESE LLP

3424 Peachtree Road NE, Suite 450 | Atlanta, GA 30326
main 470.427.3700 | direct 470.427.3702 |
efax 470.427.3676 | fax 404.500.5975

bryan.busch@arlaw.com

website bio vCard map 

**From:** Chris Cardwell [mailto:ccardwell@gsrm.com]
**Sent:** Friday, December 01, 2017 7:39 PM
**To:** Bryan Busch
**Subject:** NuVasive/Absolute

Bryan,

Following up on today's conversation, it's my understanding that your client is unable to cover cases going forward, and has requested that NuVasive provide assistance and case coverage. NuVasive will accept responsibility for covering cases of which it has reasonable advanced knowledge, and will directly compensate the sales representatives who cover the cases. In that regard, NuVasive requests that your client consent to its release of its sales representatives to NuVasive for case coverage purposes.

Due to the urgent nature of this issue, please let me know if you client objects to this proposal by 2:00 tomorrow. I'm available via email or cell at 615-424-3699.

Chris Cardwell

CONFIDENTIALITY NOTICE: This email may contain privileged, confidential and/or other legally-protected information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, you may not use, copy or retransmit it. Please delete it and all attachments immediately and notify the sender via separate email or by calling our offices at 615-244-4994.



**GSRM**
**LAW**

GULLETT SANFORD
ROBINSON & MARTIN PLLC

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN 37201

M 615.244.4994
F 615.256.6339
W GSRM.COM

December 13, 2017

Bryan E. Busch, Esq.
Adams & Reese, LLP
3424 Peachtree Road NE, Suite 450
Atlanta, GA 30326

Re:   Absolute Medical

Dear Bryan:

I write on behalf of my client, NuVasive, Inc. ("NuVasive). Pursuant to Section 9.03 of the January 1, 2017, Exclusive Sales Agreement (the "Agreement") between our clients, this letter constitutes NuVasive's notice to terminate Absolute Medical's right to be the exclusive distributor of NuVasive products within Absolute Medical's current sales territory. Pursuant to Section 12.03 of the Agreement, your client is receiving a copy of this letter via overnight courier.

As noted in my December 5, 2017, email, NuVasive possesses information which indicates that at least two of your client's former Representative Affiliates – Dave Hawley and Ryan Miller – are soliciting surgeons within their Absolute Medical territories on behalf of Alphatec Spine, Inc. ("Alphatec"). Now, NuVasive has information which indicates that your client's distributor principal – Greg Soufleris – is soliciting business on behalf of Alphatec, yet your client has not updated Exhibit G to the Agreement. These reports of unlawful competitive behavior, when paired with your client's failure to attempt to compel its former Representative Affiliates' compliance with their non-compete obligations or even produce their Compliance Agreements, leads NuVasive to conclude that your client has no intent to comply with Section 5.09 of the Agreement.

As you know, the Agreement expires on January 1, 2022. Until the earlier of that date or our clients reaching an agreement, NuVasive, pursuant to Section 9.03 of the Agreement, terminates your client's right to exclusivity within its sales territory. Please understand that this termination does not affect your client's obligation to sell NuVasive's products within its sales territory in accordance with the Agreement's terms and conditions; it simply terminates its right to be the exclusive sales representative within that territory. That said, pursuant to Section 9.06(c) of the Agreement, as well as the statement in your December 4, 2017, email to me that your client "has no problem releasing and/or consenting to your client's use of the sale representatives, my client intends to engage your client's remaining Representative Affiliates – Thad Bragulla ("Bragulla") and Brennan Burkhart ("Burkhart") – to perform services for it within Absolute's sales territory.

711987.1/2012811



EXHIBIT C

Bryan E. Busch, Esq.
December 13, 2017
Page 2

Finally, please let me know a time in the next week to ten days when you and your client are available for a meeting with Mark Singer, Brian Johnson, and me to discuss our clients' relationship going forward, including, without limitation, your client's plan to: (a) work with NuVasive throughout the remainder of the Agreement's term; (b) ensure that its current Representative Affiliates including, without limitation, Mr. Soufleris, are subject to and honor their Compliance Agreements; (c) compel its former Representative Affiliates to honor their Compliance Agreements; (d) effectuate an orderly transfer of Bragulla and Burkhart to NuVasive; and (e) hire sufficient Representative Affiliates to adequately cover its sales territory.

I look forward to your client's upcoming compliance with the Agreement, and to hearing from you about a meeting date.

Very truly yours,

Christopher W. Cardwell

CWC/ld

cc: Greg Soufleris

711987.1/2012811