UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:17-cv-2206-Orl-41GJK |
| ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY, | ) ) ) ) |
| Defendants, | ) ) |

## PRELIMINARY INJUNCTION

THIS CAUSE comes before the Court upon Plaintiff NuVasive, Inc.'s Motion and Incorporated Memorandum of Law for Preliminary Injunction (Doc. __) and Defendant Absolute Medical, LLC's response (Doc. __). The Court, having held a hearing on _____, 2018, and being otherwise fully advised in the premises, hereby ORDERS and ADJUDGES:

1. Plaintiff NuVasive Inc.'s Motion and Incorporated Memorandum of Law for Preliminary Injunction (Doc. __) is **GRANTED**.

2. In so doing, the Court **FINDS**:

   a. NuVasive, Inc. and Absolute Medical, LLC are parties to the January 1, 2017 Exclusive Sales Representative Agreement as amended by the July 1, 2017 Territory Transition Agreement (collectively, the "Agreement").

   b. The Agreement is a valid obligation upon the parties and is enforceable in accordance with its terms.

**EXHIBIT 4**

c. The Agreement obligates Absolute Medical, LLC to exclusively distribute NuVasive, Inc.'s medical devices for five years, and the Agreement cannot be terminated by Absolute Medical, LLC without cause or NuVasive, Inc.'s insolvency. The Agreement also requires Absolute Medical, LLC to, without limitation:

  i. hire a staff of sales representatives ("Representative Affiliates");

  ii. require its Representative Affiliates to adhere to reasonable non-compete obligations;

  iii. promptly advise NuVasive, Inc. of any changes in its status, organization, personnel, etc.; and

  iv. keep NuVasive, Inc. aware of any other products that it distributes.

d. In November 2017, Absolute Medical, LLC informed NuVasive, Inc. that it intended to withdraw from the Agreement. Absolute Medical, LLC has since started selling medical devices manufactured by NuVasive, Inc.'s direct competitor Alphatec Spine, Inc.

e. The actions of Absolute Medical, LLC has caused and will continue to cause irreparable harm to NuVasive, Inc. because its actions violate the Agreement and have converted NuVasive Inc.'s customers and caused NuVasive to be shorthanded in the territory Absolute Medical, LLC agreed to cover pursuant to the Agreement.

f. In light of these findings, NuVasive, Inc. has established a substantial likelihood of success on the merits.

g. Additionally, the injury to NuVasive, Inc. outweighs any harm the proposed injunction may cause Absolute Medical, LLC.

  h. Last, the Court finds that it is in the public interest to issue a preliminary injunction because it will not only prevent the harm being caused by Absolute Medical, LLC's actions, it will also further the public interest in the enforceability of contracts.

3. Absolute Medical, LLC and its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them are hereby **ENJOINED AND RESTRAINED** from violating or breaching the terms and conditions of the Agreement. As such, Absolute Medical, LLC is required to:

  a. work exclusively for NuVasive, Inc. and not for NuVasive, Inc.'s competitors;

  b. maintain sufficient Representative Affiliates to service its sales territory;

  c. require its Representative Affiliates to sign non-compete agreements and provide those agreements to NuVasive, Inc.;

  d. enforce the non-compete agreements between it and its Representative Affiliates; and

  e. inform NuVasive, Inc. in any change in the product lines it carries.

4. NuVasive, Inc. shall post a bond in the amount of _____, by _____, 2018, as payment of such costs and damages to which Absolute Medical, LLC may be entitled to the issuance of a wrongful injunction.

**DONE AND ORDERED** in Orlando, Florida, on this ___ day of _____, 2018.

_____
CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record