**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| NUVASIVE, INC. ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS ) | Case No.: 6:17-cv-2206-Orl-41GJK |
| ) | |
| ABSOLUTE MEDICAL , LLC, GREG ) | |
| SOUFLERIS, and DAVE HAWLEY ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT ABSOLUTE MEDICAL, LLC'S UNOPPOSED MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS PENDING ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Defendant, ABSOLUTE MEDICAL, LLC ("Absolute Medical"), by and through its undersigned counsel, and hereby files its Motion to Compel Arbitration and Stay Proceedings Pending Arbitration and Memorandum of Law in Support ("Motion for Arbitration"), pursuant to Section 12.02 of the Exclusive Sales Representative Agreement (the "Sales Agreement") dated January 1, 2017, between NUVASIVE, INC ("Plaintiff" or "NuVasive") and Absolute Medical.

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE**

Absolute Medical is in the business of selling medical products and devices on behalf of distributors to hospitals and doctors throughout the State of Florida. (Declaration of Greg Soufleris ("Soufleris Dec.") at ¶ 2). NuVasive is a medical device company that designs, develops, and markets products for the surgical treatment of spine disorders. (NuVasive Complaint at ¶ 15). Absolute Medical and NuVasive entered into a Sales Agreement on

1

January 1, 2017, for Absolute Medical to solicit orders and promote NuVasive products within a certain territory in Florida, in which Absolute Medical would receive commissions from the sales. (Soufleris Dec. at ¶ 4).

On December 29, 2017, NuVasive filed a Complaint in the United States District Court for the Middle District of Florida against Absolute Medical, Greg Soufleris ("Soufleris"), and Dave Hawley ("Hawley") (collectively, "Defendants") due to an alleged breach of the Sales Agreement for (1) Breach of Contract – Injunctive Relief against Absolute Medical, (2) Breach of Contract – Damages/Arbitration against Absolute Medical, (3) Conversion against Hawley, (4) Statutory Individual Liability against Soufleris, (5) Piercing the Corporate Veil against Soufleris, (6) Florida Deceptive and Unfair Trade Practices Act against all Defendants, and (7) Tortious Interference with Business Relationships against Soufleris. (NuVasive Complaint). On February 15, 2018, Absolute Medical filed a compulsory counterclaim against NuVasive for its breach of the Sales Agreement due to NuVasive's failure to pay Absolute Medical owed sales commissions (the "Counterclaim"). (Absolute Medical Answer at 18).

Further, on February 6, 2018, NuVasive took the extraordinary step of petitioning this Court for an affirmative injunction to bind Absolute Medical to four (4) years of servitude by filing a Motion and Incorporated Memorandum of Law for Preliminary Injunction ("Motion for Injunction") against Absolute Medical. (DE at 19). On February 26, 2018, Absolute Medical filed its Response and Memorandum of Law in Opposition to NuVasive's Motion for Preliminary Injunction ("Response to Motion for Injunction") because the Sales Agreement, as a personal services contract, cannot be enforced through specific performance

or injunction. (DE at 38). This Court has yet to rule on NuVasive's Motion for Injunction.

Notwithstanding the pending Motion for Injunction, Absolute Medical is entitled to enforce the binding arbitration clause in the Sales Agreement and is requesting this Court to compel arbitration as to Count II of the Complaint for the breach of contract claim against Absolute Medical and for the Counterclaim against NuVasive for unpaid commissions. The Sales Agreement contains a binding arbitration clause that requires the parties to arbitrate any "controversy, dispute or question" in connection with the Sales Agreement, including an alleged breach. Section 12.02 of the Sales Agreement states, in relevant part, as follows:

> **Section 12.02** Dispute Resolution. *Any controversy, dispute or question arising out of or in connection with this [Sales] Agreement, or related to the interpretation, performance or non-performance of this [Sales] Agreement or any breach hereof, shall be fully and finally resolved by binding arbitration* conducted before a single, neutral arbitrator from AAA in San Diego, California pursuant to the then current commercial dispute rules of the AAA (which can be accessed at www.adr.com), provided, however, that if the dispute or claim involves a Party seeking at least one million dollars ($1,000.000) from the other Party, then arbitration will be conducted by a panel of three arbitrators from AAA, with one arbitrator chosen by each of the Parties and the third appointed by the other two arbitrators. . . Any judgment rendered by the arbitrator(s) may be entered by any court of competent jurisdiction. . .By executing this [Sales] Agreement, the Parties are both waiving the right to a jury trial with respect to any such disputes. In all other jurisdiction the Parties shall spilt the cost of the arbitrator, forum and filings fees equally. Each party shall bear its own respective attorneys' fees and all other costs, unless otherwise provided by law and awarded by the arbitrator(s). . . .

(Soufleris Dec. ¶ 3, Exhibit A). Accordingly, the parties are required to submit to binding arbitration for all claims arising out of the contract and, therefore, Absolute Medical requests this Court grant its Motion for Arbitration as to Count II of the Complaint and the Counterclaim and stay the proceedings as to Counts III, IV, V, VI and VII while arbitration is

pending.[1]

## ARGUMENT

The parties are required to submit to arbitration for Count II of the Complaint and Absolute Medical's Counterclaim because the Sales Agreement contains an enforceable and binding arbitration clause for any disputes "arising out of or in connection with" the Sales Agreement. Under Delaware law[2], arbitration agreements are enforceable. Title 10, Section 5701, of the Delaware Code, states as follows:

> A written agreement to submit to arbitration any controversy existing at or arising after the effective date of the agreement is *valid, enforceable and irrevocable*, save upon such grounds as exist at law or in equity for the revocation of any contract, without regard to the justiciable character of the controversy, and confers jurisdiction on the Chancery Court of the State to enforce it and to enter judgment on an award. In determining any matter arising under this chapter, the Court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute. This chapter also applies to arbitration agreements between employers and employees or between their respective representatives, except as otherwise provided in § 5725 of this title (emphasis added).

Further, a party is entitled to a stay of the proceedings while arbitration is pending. Title 10, Section 5703, of the Delaware Code, states as follows:

> (a) *Proceeding to compel arbitration* — A party aggrieved by the failure of another to arbitrate may file a complaint for an order compelling arbitration. Where there is no substantial question whether a valid agreement to arbitrate in this State was made or complied with the Court shall order the parties to proceed with arbitration. Where any such question is raised it shall be tried forthwith in said Court. *If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in the Court of Chancery in the State the application shall be made therein. If the application is granted, the order shall operate to stay the pending or any subsequent*

---

[1] Absolute Medical is not attempting to sidestep NuVasive's ability to seek injunctive relief pursuant to the Sales Agreement and, therefore, is specifically not seeking arbitration or a stay as to Count I of the Complaint.
[2] The Sales Agreement is governed by and construed in accordance with the laws of the state of Delaware pursuant to the choice of law clause contained in section 12.01 of the Sales Agreement. (Soufleris Dec. ¶ 3, Exhibit A).

4

*action, or so much of it as is referable to arbitration.* Any action or proceeding in any other court of the State, involving an issue subject to arbitration, shall be stayed if an order for arbitration or a complaint or an application therefor has been made in the Court of Chancery under this chapter or, if the issue is severable, the stay may be with respect thereto only (emphasis added).

The arbitration clause in the Sales Agreement is valid, enforceable and irrevocable under Delaware law. Count II of the Complaint clearly "arises out of" the Sales Agreement because NuVasive is pursuing damages against Absolute Medical for an alleged breach of the Sales Agreement. The Counterclaim also clearly "arises out of" the Sales Agreement as Absolute Medical is pursuing damages against NuVasive for breach of the Sales Agreement due unpaid sales commissions.

The remaining counts (except Count I) should be stayed pending the outcome of arbitration because they are inextricably intertwined with the breach of contract claims by NuVasive and Absolute Medical, such that resolution of those claims in arbitration will directly and materially affect the continued litigation of the remaining claims. Specifically, NuVasive claims that Soufleris is liable for Absolute Medical's purported breach of the Sales Agreement under (1) Florida's Limited Liability Act (Count IV), (2) by piercing of the corporate veil of Absolute Medical (Count V), (3) Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and (4) for tortious interference with a business relationship (Count VII). (Complaint ¶¶ 61-82). These claims are substantially dependent on Absolute Medical's liability, if any, under the Sales Agreement since Soufleris, as principal of Absolute Medical, cannot be held liable without Absolute Medical being liable. As such, the claims against Soufleris for Absolute Medical's purported breach should be stayed since they are not only premature, but they are inseparable from the breach of contract claims against Absolute

5

Medical. Additionally, NuVasive's claims against Hawley for a purported (1) conversion of NuVasive's medical instruments (Count III) and (2) violation of FDUTPA are dependent on an alleged employment agreement between Hawley and Absolute Medical, which is directly related to the Sales Agreement between NuVasive and Absolute Medical and without which there would likely be no claim. (Complaint ¶¶ 57-60; 72-77). NuVasive is claiming that Soufleris and Hawley have certain obligations not to compete and not to solicit pursuant to the Sales Agreement and other purported employment agreements. As such, if and when the arbitrator finds that the noncompetition and nonsolicitation clauses in the Sales Agreements are unenforceable against Soufleris and Hawley, it will likely resolve the remaining claims. Thus, resolution of the breach of contract claims will directly affect whether any causes of action will continue to exist against Soufleris and Hawley. Further, the risk of engaging in dual proceedings by arbitrating some claims and continuing litigation on the others is significant as it could result in conflicting rulings; staying the current proceedings until the conclusion of arbitration would be in the best interest of the parties and the Court so as not to waste time and judicial resources.

Therefore, the parties are required to submit to arbitration to resolve Count II of the Complaint and the Counterclaim, and Counts III, IV, V, VI, and VII should be stayed until the conclusion of the arbitration.

## **GOOD FAITH CERTIFICATION**

Counsel for Absolute Medical has conferred with counsel, Diana N. Evans, for NuVasive in a good faith effort to resolve the issues raised by this Motion for Arbitration and counsel is unopposed to the relief sought in this Motion.

## **RELIEF REQUESTED**

WHEREFORE, Defendant ABSOLUTE MEDICAL, LLC, has shown that is entitled to enforce the arbitration clause in the Sales Agreement. Accordingly, Absolute Medical respectfully requests this Court grant its Motion to Compel Arbitration as to Count II of the Complaint and Absolute Medical's Counterclaim and to stay proceedings in this Court as to Counts III, IV, V, VI and VII of the Complaint while arbitration is pending, and for other such relief this Court deems just and proper.

Dated:  March 12, 2018

        */s/ Chantal M. Pillay*
        Chantal M. Pillay
        Fla. Bar No. 108369
        ADAMS AND REESE, LLP
        350 E. Las Olas Boulevard 1110
        Ft. Lauderdale, FL 33301
        Phone: 954.541.5390
        Chantal.pillay@arlaw.com
        Teesha.kittilson@arlaw.com

        Bryan E. Busch, Esq. (*Pro Hac Vice*)
        bryan.busch@arlaw.com
        ADAMS AND REESE L.L.P.
        3424 Peachtree Road N.E., Suite 1600
        Atlanta, Georgia 30326
        (470) 427-3700 (Telephone)
        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

    Diana N. Evans, Esquire
    Bradley Arant Boult Cummings LLP
    100 North Tampa Street, Suite 2200
    Tampa, Florida 33602
    dnevans@Bradley.Com
    Attorney for NuVasive

    Christopher W. Cardwell, Esquire
    Pro Hac Vice
    Gullett, Sanford, Robinson & Martin, PLLC
    150 Third Avenue South, Suite 1700
    Nashville, TN 37201
    ccardwell@gsrm.Com
    Attorney for NuVasive

    Louis M. Ursini, Esquire
    Adams and Reese, LLP
    101 E. Kennedy Boulevard, Suite 4000
    Tampa FL 33602
    louis.ursini@arlaw.Com

    Bryan E. Busch, Esquire
    Adams and Reese, LLP
    3424 Peachtree Road, NE, Suite 1600
    Atlanta, GA 30326
    bryan.busch@arlaw.com

                            */s/ Chantal M. Pillay*
                              Chantal M. Pillay
                              Fla. Bar No. 108369