**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| NUVASIVE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY,<br><br>Defendants. | ) | Civil Case No. 6:17-cv-2206-Orl-41GJK |

**MOTION AND MEMORANDUM OF LAW TO COMPEL RESPONSES TO SUBPOENA *DUCES TECUM* SERVED UPON ABSOLUTE MEDICAL SYSTEMS, LLC**

By and through its counsel of record, and pursuant to Federal Rule of Civil Procedure 45(d), Plaintiff, NuVasive, Inc. ("NuVasive"), respectfully moves this Court to order Absolute Medical Systems, LLC ("AMS"), to fully respond to the subpoena NuVasive served on it. In support of this motion, NuVasive states that:

## INTRODUCTION

AMS failed to provide any substantive response to a validly issued subpoena *duces tecum* served upon it. NuVasive is entitled to discover the documents and things requested from AMS via the subpoena as it easily meets the relatively low bar for discoverability and AMS' stated objections are patently insufficient to withstand judicial scrutiny. As such, this Court should order AMS to fully respond to the subpoena issued by NuVasive.

## RELEVANT FACTS

On April 12, 2018, NuVasive served a third-party subpoena *duces tecum* on AMS that contained 21 requests for documents (the "Subpoena"). (Subpoena, attached as **Exhibit A**). Defendant Absolute Medical, LLC's ("Absolute Medical") lead attorney agreed to accept service of the Subpoena in an email which acknowledges that Gregory Soufleris ("Soufleris") is affiliated with AMS. (April 12, 2018, email exchange between Busch and Cardwell, attached as **Exhibit B**). As the Court is aware, Soufleris is a Defendant in this case and the sole member of Absolute Medical.[1] Documents obtained from Florida's Secretary of State reflect that Soufleris is AMS' president and registered agent. (Elec. Art. Org., attached as **Exhibit C**). The records from Florida's Secretary of State also show AMS' effective date as November 30, 2017. (*Id.*) As noted in paragraphs 29 and 32 of NuVasive's Complaint for Injunctive Relief and Other Damages (the "Complaint"), this was:

a. three days after Soufleris illegally terminated Absolute Medical's Exclusive Sales Representation Agreement with NuVasive; and

b. five days before Absolute Medical's lead counsel informed NuVasive's counsel that three of Absolute Medical's sales representatives (including Defendant Dave Hawley) resigned from Absolute Medical.

(Compl., Doc. 1, at ¶¶ 29, 32, Ex. A, Ex. B).

In its April 26, 2018, response to the Subpoena, AMS: (a) stated that it possesses no responsive documents to three of the document requests; and (b) refused to produce any documents responsive to the remaining 18 requests. (AMS' Resp. and Obj. to Sub., attached as **Exhibit D**). AMS' objections to the Subpoena indicate that Soufleris dissolved Absolute

[1] A report from Sunbiz.org indicates that Soufleris voluntarily dissolved Absolute Medical on February 27, 2018.

Medical in an attempt to avoid its contractual obligations to NuVasive and then formed AMS for the express purpose of competing with NuVasive—something Absolute Medical is contractually precluded from doing. Indeed, some consistent themes in the objections are that:

a. AMS is in a contractual relationship with Alphatec Spine (the same company for whom NuVasive alleges Absolute Medical now distributes products after unlawfully terminating its contract to distribute NuVasive's products);

b. AMS should not be required to produce its communications with Alphatec Spine;

c. AMS should not be required to produce its communications with surgeons in Absolute Medical's NuVasive sales territory;

d. AMS should not be required to produce documents which detail the sales of Alphatec Spine's products it made or records of the commissions it received from those sales; and

e. AMS should not be required to produce its contracts with its sales representatives (including Defendant Dave Hawley)

Paragraph 9 of NuVasive's Complaint for Injunctive Relief and Damages (the "Complaint") alleges that:

> Soufleris is Absolute Medical's president and sole member. He is a citizen of the state of Florida who resides in Heathrow, Florida. Upon information and belief, Soufleris exercises complete control and dominion over Absolute Medical and has transferred funds out of Absolute Medical's accounts into other businesses and entities that he controls so that, among other reasons, Absolute Medical's creditors cannot collect on any claims or judgments against it.

(Compl., Doc. 1, at ¶ 9). Similarly, Counts IV and V of the Complaint allege that Soufleris improperly utilized Absolute Medical's corporate form to mislead and/or defraud NuVasive. (Id. at ¶¶ 61–71).

**STANDARD FOR COMPELLING RESPONSES TO SUBPOENAS *DUCES TECUM***

"At the outset it is important to note that the scope of discovery is broad 'in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement.'" *SEC v. Rex Venture Grp., LLC*, No. 5:13-MC-004-WTH-PRL, 2013 WL 127808, at *3 (M.D. Fla. Mar. 28, 2013) (quoting *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998)). Accordingly, the Federal Rules "strongly favor full discovery whenever possible." *Id.* (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Parties should be permitted to obtain discovery regarding any non-privileged matter relevant to any party's claims or defenses, and relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A request will be considered relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.* (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 292 (E.D. Pa. 1980)).

It cannot be disputed that the "appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45." *Atlantic Sounding Co. v. Townsend*, No. 3:05-cv-649-J20JRK, 2010 WL 11508297, at *2 (M.D. Fla. Feb. 25, 2010) (quoting *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007)). Once "the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting [that] the Court compel the entity to produce the documents pursuant to Rule 45." *Id.* (quoting *Thorman & Wright*,

243 F.R.D. at 429). Objections must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Rex Venture Grp.*, 2013 WL 1278088, at *4 (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)). Objections merely stating that the discovery is overbroad and/or irrelevant are not sufficient; the objecting party must state why it is overly broad or not relevant. *Id.* (citing *Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3d Cir. 1982)).

## ARGUMENT

Applying this standard to AMS' objections to the Subpoena's document requests requires a finding that those objections are insufficient. For the reasons stated below, the Court should compel AMS to fully respond to the Subpoena.

### A. AMS' Objections Based on Confidential, Proprietary, and/or Trade Secret Information are Insufficient. [2]

First, AMS' objections to Document Request Nos. 2, 5, 13–17, and 20–21 on the substantively identical basis that they improperly seek AMS' confidential, proprietary, trade secret, and/or economic information are insufficient out-of-hand and should be overruled by this Court. AMS improperly relies on the case of *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, No. 8:11-cv-2437-T-30MAP, 2012 WL 12904394 (M.D. Fla. May 10, 2012), for the proposition that this information is precluded from discovery. However, this case actually belies AMS' position as the court found "such unsupported allegations insufficient to establish trade secret protection or privilege." *Id.* at *2.

[2] Local Rule 3.04(a) requires that motions to compel filed pursuant to Federal Rules of Civil Procedure 36 and 37 contain a quotation of the discovery request along with the opposing party's response. But because this motion is filed pursuant to Federal Rule of Civil Procedure 45, Local Rule 3.04 does not apply.

As the Court held, "[t]he party invoking the privilege bears the burden of proof." *Id.* (citing *Spitznagel v. R & D Italia, LLC,* No. 2:09-cv-824-FtM-29SPC, 2011 WL 940052 (M.D. Fla. Mar. 17, 2011)). AMS can meet its burden "only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." *Id.* (quoting *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-Civ-J-10, 1995 WL 855421 (M.D. Fla. July 20, 1995)). Respectfully, AMS' objections are nothing more than conclusory statements without any evidentiary support whatsoever, much less competent evidence. Since AMS failed to carry its burden regarding its objections to Document Requests Nos. 2, 5, 13–17, and 20–21, this Court should disregard them and compel production of responsive documents.

**B. AMS' Objections that Certain Requests are Outside the Scope of this Action are Insufficient.**

This Court should overrule AMS' objections to every document request—except the 3 requests to which AMS states it has no responsive documents—on the basis that they are outside the scope of the action because the Requests easily satisfy the discovery rules' broad interpretation and strong preference for complete discovery. For example, AMS claims that its relationships with Alphatec Spine, Defendant Absolute Medical, Defendant Soufleris, Absolute Medical's former sales representatives, and Absolute Medical's former surgeon-customers are all outside the scope of this action.

AMS' argument is untenable at best. Without limitation, NuVasive alleges in its Complaint that: (i) Soufleris and other former Absolute Medical sales representatives are unfairly competing with NuVasive; (ii) this unfair competition involves NuVasive's former

Absolute Medical surgeon-customers; (iii) and Soufleris has abused the corporate form and transferred Absolute Medical's business and assets to other businesses that he controls. (*See generally*, Compl., Doc. 1). As set forth above and evidenced by Exhibit C to this Motion, it is incredibly likely—if not certain—that AMS is the new entity through which Absolute Medical, Soufleris, and the other former sales representatives[3] are unfairly competing with NuVasive by representing Alphatec's competitive products. It defies reason to assert that the materials sought in these requests does not "bear[] on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *See Rex Venture Grp., LLC*, 2013 WL 1278088, at *3.

In essence, AMS claims the Subpoena seeks documents outside the scope of the action because AMS is not a party to the action. Of course, if the Court were to accept this position, subpoenas *duces tecum* would be rendered toothless as their sole purpose is the production of documents and things from nonparties. Therefore, the Court should overrule these objections and order AMS to comply with the Subpoena.

**C. AMS' Remaining Boilerplate Objections are Insufficient.**

Finally, AMS' boilerplate objections to Document Request Nos. 9 through 21 should be overruled by this Court because they are insufficient as a matter of law. AMS, apparently recognizing that conclusory objections will not pass scrutiny, attempts to argue that the following terms and/or phrases are incomprehensible: "all records related to transactions;" "all

[3] Incredibly, AMS objects to the relevance of documents related to Dave Hawley who is, in fact, a Defendant in this case. (**Ex. D**, at ¶ 6). Further, as alleged in the Complaint, Absolute Medical was contractually required to ensure that its former sales representatives entered into non-competition and non-solicitation agreements and these former sales representatives are now improperly competing with NuVasive. (*See* Compl., Doc. 1, at ¶¶ 24–25, 33–40). Yet, AMS objects to the relevance of documents related to those former sales representatives—who now all work for AMS, in direct competition with NuVasive. (*See* **Ex. D**, at ¶¶ 6–8).

contracts or other agreements;" "all communications;" "all contracts;" "charge sheets;" "all payments received;" and "all commission statements." (*See generally* **Ex. D**, at ¶¶ 9–21). A cursory review of these objections reveals they are inadequate, and NuVasive states as follows in response:

a. the term "communication" was clearly defined in the Subpoena, (**Ex. A**, at § I(7));

b. the phrase "contracts or other agreements" should be assigned the same meaning in the purportedly objectionable document requests as it was in Requests Nos. 1 and 4, for which AMS was apparently able to discern a meaning and state that it possesses no responsive documents, (**Ex. D**, at ¶¶ 1, 4);

c. the phrase "charge sheets" is a common industry term utilized by medical device manufacturers, sellers, and distributors, and any attempt to feign ignorance thereof is disingenuous; and

d. the remaining purportedly objectionable terms and/or phrases can, and should, be assigned their common meaning with ease.

In sum, AMS should not be permitted to shirk its obligation to respond to the Subpoena by stating that it cannot comprehend terms and phrases that are: (i) expressly defined; (ii) inherently unambiguous; or (iii) are common trade usage. Accordingly, this Court should disregard all of AMS' objections and order that it fully comply with the Subpoena.

## CONCLUSION

For the reasons set forth above, this Court should order AMS to fully respond to the Subpoena issued and served upon it.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel hereby certifies that M. Thomas McFarland conferred with opposing counsel telephonically on May 9, 2018, in a good faith effort to resolve the issues raised by this motion was unable to do so.

Dated: May 10, 2018

Respectfully submitted,

*s/Diana Evans*

R. Craig Mayfield (Fla. Bar No. 0429643)
cmayfield@bradley.com
Diana Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff NuVasive, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Nonparty, Absolute Medical Systems, LLC, will also be served by email and U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Bryan Busch
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3702
Fax: (470) 427-3676
bryan.busch@arlaw.com

Laura H. Mirmelli
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3716
Fax: (404) 500-5975
laura.mirmelli@arlaw.com

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL 33301
Phone: (954) 541-5390
Chantal.pillay@arlaw.com

Louis M. Ursini
Adams and Reese LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL 33602
Phone: (813) 227-5536
Fax: (813) 227-56-36
Louis.ursini@arlaw.com

*Attorneys for Defendants & Absolute Medical Systems, LLC*

s/*Diana Evans*
Diana Evans

*Attorney for NuVasive, Inc.*