AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| NuVasive, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, Greg Soufleris, and Dave Hawley | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Absolute Medical Systems, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Bradley Arant Boult Cummings LLP<br>100 North Tampa Street, Suite 2200<br>Tampa, Florida 33602 | Date and Time:<br>05/07/2018 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/11/18

*CLERK OF COURT*

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff** NuVasive, Inc._____, who issues or requests this subpoena, are:

Chris Cardwell, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; ccardwell@gsrm.com; 615-244-4994

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 6:17-cv-2206-Orl-41GJK |
| | ) |
| ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY, | ) |
| | ) |
| Defendants. | ) |

**EXHIBIT A TO SUBPOENA DUCES TECUM
TO ABSOLUTE MEDICAL SYSTEMS, LLC**

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to Absolute Medical Systems, LLC:

### I. DEFINITIONS

1. "You" or "your" shall mean Absolute Medical Systems, LLC, its subsidiaries and affiliates, and/or any person acting on their behalf, including without limitation its attorneys, supervisors, managers, employees, representatives, and agents.

2. "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

3. "Absolute Medical, LLC" shall mean the Defendant in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each

of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4. "Absolute Medical, Inc." shall mean Absolute Medical, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5. "Alphatec" shall mean Alphatec Spine, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6. "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

7. "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

8. The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules. The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by

any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

9. The words "and" and "or" are to be considered both conjunctively and disjunctively.

10. The singular form of a noun or pronoun includes the plural form and vice versa.

11. "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

12. "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II. INSTRUCTIONS

1. These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2. These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

    (a) the identity of the document;

    (b) the nature of the document (e.g., letter, memorandum, chart);

    (c) the identity of the person(s) who received copies of the document;

    (d) the date of the document;

    (e) a brief description of the subject matter of the document; and

    (f) the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5. If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

    (a) the date;

(b) all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c) the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d) the general subject matter of the document;

(e) the portion(s) of the document as to which privilege or protection is claimed; and

(f) the type of privilege or protection asserted.

6. If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8. With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the

OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

### III. DOCUMENT REQUESTS

1. All contracts or other agreements between you and NuVasive.

2. All contracts or other agreements between you and Alphatec.

3. All contracts or other agreements between you and Absolute Medical, LLC.

4. All contracts or other agreements between you and Absolute Medical, Inc.

5. All contracts or other agreements between you and Greg Soufleris or any entity owned or controlled by Greg Soufleris.

6. All contracts or other agreements between you and Dave Hawley or any entity owned or controlled by Dave Hawley.

7. All contracts or other agreements between you and Ryan Miller or any entity owned or controlled by Ryan Miller.

8. All contracts or other agreements between you and Brandon Gottstein or any entity owned or controlled by Brandon Gottstein.

9. All records related to transactions between you and Absolute Medical, LLC, Absolute Medical, Inc., or any other entity owned or controlled by Greg Soufleris or Lindsey Soufleris.

10. All contracts or other agreements between you and any other participant in the medical device industry that are not responsive to requests 1 through 9.

11. All documents related to your initial funding and/or capitalization.

12. All communications between you and anyone associated with Alphatec.

13. All communications between you and Dr. Paul Sawin.

14. All communications between you and Dr. Rafael Allende.

15. All communications between you and Dr. Raul Rodas.

16. All communications between you and Dr. Matthew Burry.

17. All communications between you and Dr. Ryan Ilgenfritz.

18. All contracts that have been assigned to you.

19. All charge sheets you submitted to Alphatec.

20. Records of all payments you have received from Alphatec.

21. All commission statements you have provided to your sales representatives.