UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

               **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No:　6:17-cv-2206-Orl-41GJK**

**ABSOLUTE MEDICAL, LLC, GREG
SOUFLERIS and DAVE HAWLEY,**

               **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction ("Motion," Doc. 19). Defendant Absolute Medical, LLC ("Absolute Medical") filed a Response in opposition (Doc. 38), to which Plaintiff filed a Reply (Doc. 48), and Absolute Medical filed a Sur-reply (Doc. 53). For the reasons set forth below, the Motion will be denied in part and an evidentiary hearing will be set.

## I.　　BACKGROUND

Plaintiff is a medical device company that manufactures products used to treat spine disorders. (Compl., Doc. 1, ¶ 15). Plaintiff markets and sells its surgical products through its exclusive sales force, which consists of both directly-employed personnel and independent sales agents. (*Id.* ¶ 16). Absolute Medical became an exclusive distributor of Plaintiff's products on January 1, 2013. (*Id.* ¶ 18). On January 1, 2017, the parties entered into a Sales Agreement (Doc. 19-1 at 3), in which Absolute Medical agreed to distribute Plaintiff's products in a designated sales territory for a five-year term. (*Id.*). The Agreement also contains a non-competition provision, which prohibits Absolute Medical from "represent[ing], promot[ing], sell[ing], solicit[ing], or

otherwise commercializ[ing] (directly or indirectly) any products or services that are, in NuVasive's reasonable judgment, competitive with any of NuVasive's products or services." (*Id.* ¶ 23; Doc. 19-1 at 9). On August 17, 2017, the parties executed a Transition Agreement, in which Plaintiff agreed to pay Absolute Medical $636,403 in exchange for Absolute Medical releasing a portion of its sales territory and three of its sales representatives. (Singer Decl., Doc. 48-1, ¶ 2). On November 27, 2017, Defendant Greg Soufleris, president of Absolute Medical, (Doc. 1 ¶ 9), notified Plaintiff of his intent to end Absolute Medical's partnership with Plaintiff, (*id.* ¶ 29).

On December 29, 2017, Plaintiff commenced the instant action, asserting claims for injunctive relief, breach of contract, conversion, and violations of the Florida Deceptive and Unfair Trade Practices Act. (*See generally id.*). Specifically, Plaintiff alleges that Absolute Medical breached its contract with Plaintiff by attempting to unilaterally terminate the Agreement, failing to enforce its employee's non-compete obligations, and soliciting business on behalf of Plaintiff's direct competitor, Alphatec Spine, Inc. ("Alphatec"). (*Id.* ¶¶ 2–3, 33, 37). Plaintiff also filed a Motion for Preliminary Injunction to compel Absolute Medical to: (1) "work exclusively for NuVasive and not for NuVasive's competitors"; (2) "maintain sufficient Representative Affiliates to service its sales territory"; (3) "require its Representative Affiliates to sign non-compete agreements and provide those agreements to NuVasive"; (4) "enforce the non-compete agreements between it and its Representative Affiliates"; and (5) "inform NuVasive in any change in the product lines it carries." (Doc. 19 at 9).

## II. LEGAL STANDARD

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits"; (2) "irreparable injury will be suffered unless the injunction issues"; (3) "the threatened injury to the movant outweighs whatever damage the

proposed injunction may cause the opposing party"; and (4) "the injunction would not be adverse to the public interest." *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cty.*, 633 F.3d at 1039).

### III. ANALYSIS

As a preliminary matter, the Sales Agreement contains a governing law provision, which provides that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Delaware." (Doc. 19-1, at 17). Florida courts "will generally enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Godwin Pumps of Am., Inc. v. Ramer*, No. 8:11-cv-580-T-24AEP, 2011 WL 2670191, at *3 (M.D. Fla. July 8, 2011) (quotation omitted). Delaware law on this matter does not contravene public policy. Accordingly, the Court will apply Delaware law in determining whether Plaintiff may obtain a preliminary injunction based on its claims that Absolute Medical unilaterally attempted to terminate the Agreement and breached the non-competition provision therein. *See TrueBlue, Inc. v. Dyn*, 8:09-cv-1894-T-30MAP, 2010 WL 1223895, at *2 (M.D. Fla. Mar. 2, 2010) ("It is well established that when the parties to a contract have indicated their intention as to the law which is to govern, it will be governed by such law in accordance with the intent of the parties." (quotation omitted)), *report and recommendation adopted*, 8:09-cv-1894-T-30MAP, 2010 WL 1223894 (M.D. Fla. Mar. 24, 2010).

### A. Specific Performance of the Agreement as a Whole

Plaintiff seeks specific performance from Absolute Medical of all of its contractual obligations. Specifically, Plaintiff requests an order from this Court compelling Absolute Medical to distribute Plaintiff's medical devices for the remainder of the agreed-to term—roughly four years, hire more employees, and enforce its and its employees' non-compete obligations. Absolute Medical argues that Plaintiff cannot compel it to complete the remainder of the Agreement because it has an adequate remedy at law. In response, Plaintiff claims that Absolute Medical waived any objection to Plaintiff's request for specific performance.

"Under Delaware law, a contractual stipulation of irreparable harm may suffice to demonstrate irreparable harm." *AM Gen. Holdings LLC v. Renco Grp., Inc.*, C.A. No. 7639-VCN, 2012 WL 6681994, at *4 (Del. Ch. Dec. 21, 2012) (quotation omitted). In *AM General Holdings*, the court found the following language to be a sufficient stipulation of irreparable harm:

> The parties hereto agree that any party by whom this Agreement is enforceable shall be entitled to specific performance in addition to any other relief or remedy. Such party may, in its sole discretion, apply to a court of competent jurisdiction for specific performance or injunctive relief . . . and, to the extent permitted by applicable law, each party waives any objection to the imposition of such relief.

*Id.* at 4. Here, Plaintiff asserts that its Agreement with Absolute Medical contains a similar stipulation of irreparable harm, resulting in Absolute Medical's waiver of the issue. The language relied on by Plaintiff is contained within the Agreement's arbitration provision and states, "Nothing contained in this Agreement shall in any way deprive either Party of its right to obtain injunctions or other equitable relief from a court of competent jurisdiction, including preliminary relief, pending arbitration." (*See* Doc. 19-1 at 18). This provision, however, does not explicitly entitle either party to specific performance nor does it expressly stipulate to the existence of irreparable harm in the event one party breaches the Agreement. *Cf. Martin Marietta Materials, Inc. v. Vulcan Materials Co.*, 68 A.3d 1208, 1226 (Del. 2012) (validating stipulation of irreparable

harm where the contract specified that "money damages would not be [a] sufficient remedy for any breach" (emphasis omitted)); *True N. Commc'ns Inc. v. Publicis S.A.*, 711 A.2d 34, 44 (Del. Ch. 1997) (upholding stipulation where the contract stated that a breach "would cause a loss to [plaintiff] which could not be reasonably or adequately compensated in damages in an action at law"). Therefore, the Court finds that Absolute Medical has not waived its right to challenge Plaintiff's claim of irreparable harm.

Ordinarily, "a party aggrieved by a claimed breach of contract . . . has a complete and adequate remedy at law in the form of an action for damages." *W. Air Lines, Inc. v. Allegheny Airlines, Inc.*, 313 A.2d 145, 149 (Del. Ch. 1973) (quotation omitted). If a party has an adequate remedy at law, specific performance is unavailable. *El Paso Nat. Gas Co. v. Transamerican Nat. Gas Corp.*, Civ. A. No. 13278, 1994 WL 698618, at *3 (Del. Ch. Dec. 2, 1994) (quotation omitted). In this case, Plaintiff has not clearly demonstrated that monetary damages cannot fully remedy the injury caused by Absolute Medical's alleged breach of contract. In fact, Plaintiff seeks monetary damages in its Complaint for the alleged breach of contract. Plaintiff's conclusory allegations regarding reputational harm are insufficient to establish a threat of irreparable harm. *See Bacon v. Taylor*, 419 F. Supp. 2d 635, 638 (D. Del. 2006). Therefore, to the extent that Plaintiff seeks specific performance of the entire Agreement, the Motion will be denied.[1]

**B.     Enjoining Absolute Medical from Working with Plaintiff's Competitors**

Plaintiff also requests that the Court enjoin Absolute Medical from violating its non-competition obligations under the Agreement. To decide if Plaintiff's claim has a substantial likelihood of success on the merits, "the court must determine whether the non-competition

---

[1] Because Plaintiff failed to establish the necessary element of irreparable harm, the Court need not address the remaining factors for the issuance of a preliminary injunction on this claim.

agreement is itself valid and enforceable as a matter of contract law." *Research & Trading Corp. v. Pfuhl*, Civ. A. No. 12527, 1992 WL 345465, at *6 (Del. Ch. Nov. 18, 1992). "This determination initially involves the typical issues presented in any action for breach of contract such as 'whether the promise was in fact made, whether it was supported by consideration[,] . . . [and] whether a material breach of the other party excuses performance.'" *Id.* (quoting *McCann Surveyors, Inc. v. Evans*, 611 A.2d 1, 3 (Del. Ch. 1987)). "Assuming the covenant is valid under ordinary contract principles, an agreement restricting competition will still be unenforceable, even at law, unless (1) its duration is reasonably limited temporally, (2) its scope is reasonably limited geographically, (3) its purpose is to protect legitimate interests of the employer, and (4) its operation is such as to reasonably protect those interests." *Id.* (citing *McCann Surveyors, Inc.*, 611 A.2d at 3).

In this case, Plaintiff asserts that Absolute Medical violated the non-competition provision—at some undisclosed time—by using its knowledge of Plaintiff's products to convert Plaintiff's former customers to Alphatec. Absolute Medical appears to deny these allegations and avers that Plaintiff cannot establish a substantial likelihood of success on the merits because it breached the Agreement first—in July 2017—by restricting Absolute Medical's sales territory and hiring its sales representatives to service other territories. In response, Plaintiff notes that on August 17, 2017, the parties entered into a Transition Agreement where Absolute Medical agreed to a reduction of its sales territory and sales force. (*See generally* Doc. 48-1). Without knowing which alleged breach occurred first, if at all, the Court cannot adequately determine if this factor is met. *See Pollard v. Autotote, Ltd.*, 852 F.2d 67, 71 (3d Cir. 1988) ("In determining enforceability [of a contract], Delaware courts examine whether both parties to the contract have fulfilled their respective promises."). Therefore, an evidentiary hearing will be set to determine the enforceability of the Agreement by Plaintiff. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311–12 (11th

Cir. 1998) ("Where the injunction turns on the resolution of bitterly disputed facts, an evidentiary hearing is normally required to decide credibility issues." (quotation omitted)).

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 19) is **DENIED** to the extent that Plaintiff seeks specific performance of all of Absolute Medical's obligations under the Agreement.

2. Counsel for both Plaintiff and Absolute Medical shall attend the evidentiary hearing scheduled for **May 29, 2018, at 2:00 p.m. in Courtroom 5B** to address whether Plaintiff can enforce the non-competition provision in the Sales Agreement against Absolute Medical.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record