UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC.

    Plaintiff,

VS

ABSOLUTE MEDICAL, LLC, GREG
SOUFLERIS, and DAVE HAWLEY

    Defendant.

Case No.: 6:17-cv-2206-Orl-41GJK

## ABSOLUTE MEDICAL, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

COMES NOW Defendant, ABSOLUTE MEDICAL, LLC ("Defendant" or "Absolute Medical"), by and through its undersigned counsel, and hereby files its Reply Brief in Support of its Motion to Compel Arbitration and Stay Proceedings ("Motion for Arbitration").

## INTRODUCTION

The parties agree that Count II of the Complaint and Absolute Medical's counterclaim for breach of the Exclusive Sales Representative Agreement (the "Sales Agreement") dated January 1, 2017 (the "arbitrable claims") should be ordered to arbitration and the underlying litigation in this Court should be stayed as to those claims. However, NuVasive, Inc. ("NuVasive") is disputing Absolute Medical's reasonable and necessary request to stay the remaining claims, Counts III, IV, V, VI, and VII (the "non-arbitrable claims"), against Absolute Medical, Greg Soufleris ("Soufleris"), and Dave Hawley ("Hawley") (collectively, "Defendants") pending the outcome of arbitration. Yet, it is patently evident from a review of the Complaint that the non-arbitrable claims are entirely comprised of and predicated upon the same factual allegations that

1

make up the breach of contract claims against Absolute Medical. As such, allowing dual proceedings and piecemeal litigation to occur will only result in unnecessary and duplicative expenses for the parties, a waste of judicial resources, and the real possibility of conflicting rulings between the arbitrator and this Court. Therefore, a stay of the non-arbitrable claims is not only warranted, but essential.

## **ARGUMENT**

NuVasive claims that the Federal Arbitration Act ("FAA"), rather than Delaware law, governs whether this Court should stay the non-arbitrable claims pending the outcome of arbitration.[1] Even if this Court applied the FAA rather than Delaware law, the result would be the same – Defendants are entitled to a stay because the non-arbitrable claims are inextricably intertwined with the arbitrable breach of contract claims such that a ruling on the breach of contract claims will directly and materially affect the remaining non-arbitrable claims. Contrary to NuVasive's bald assertion that there are no grounds under the FAA for staying the non-arbitrable claims, courts actually favor a stay of litigation under the FAA where the claims are based upon the same factual allegations and there is a real risk of inconsistent rulings.

It is undisputed that the FAA requires a stay for arbitrable issues and that district courts have the discretion to stay non-arbitrable issues while arbitration proceedings are pending. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("In some cases, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of discretion to control its docket.") Although it is generally discretionary to stay the non-arbitrable claims, an exception to the rule has been recognized in favor of a stay when allowing non-arbitrable issues to proceed in

---

[1] To be clear, Absolute Medical believes that Delaware law applies to the issue of arbitration due to the Delaware governing law provision in the Sales Agreement; however, in an abundance of caution, Absolute Medical files this reply to address the issue of staying the non-arbitrable claims under the FAA.

2

the district court would risk inconsistent rulings because the pending arbitration is likely to resolve the material issues to the lawsuit.) *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc*., 474 F.3d 966, 972 (7th Cir. 2007). There are several factors a court must consider in determining whether to stay the non-arbitrable claims: the risk of inconsistent rulings, the extent to the arbitrators' decision will bind parties, and the prejudice that may result from delays. *Id.* When these factors weigh in favor of staying the entire action, the district court abuses its discretion in allowing the non-arbitrable claims to proceed. *Id; citing AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 242 F.3d 777, 783 (8th Cir. 2001); *Klay v. Pacificare Health Systems, Inc*., 389 F.3d 1191, 1204 (11th Cir. 2004) ("Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision."). "[A] failure to stay the action may lead to inconsistent findings, which will hinder the pursuit of judicial efficiency." *Bischoff v. DirecTV, Inc.,* 180 F. Supp. 2d 1097, 1114 (C.D. Cal. 2002). Furthermore, in many instances, courts actually prefer to stay litigation "in the hopes that arbitration might help resolve, or at least shed some light on, the issues remaining in federal court," if any, after arbitration is completed. *Volkswagon*, 474 F.3d at 972; *Lawrence v. Household Bank, N.A.,* 343 F. Supp. 2d 1101, 1115 (M.D. Ala. 2004) ("In cases where only some of the parties have contracted to arbitrate, a stay as to all issues, and as to all parties, is warranted when questions of fact common to all would be involved in both the litigation and arbitration").

In support of its contention that a stay should not be granted, NuVasive relies on several cases that, contrary to NuVasive's objective, actually bolster Absolute Medical's position that a stay of the entire action is warranted.[2] Most notably, NuVasive relies on the case of *Variable*

---

[2] NuVasive also relies on the case of *Klay v. Pacificare Health Sys., Inc.,* 389 F.3d 1191 (11th Cir. 2004). In *Klay*, the court affirmed the district court's refusal to issue a stay because the plaintiffs were not alleging predominately

3

*Annuity Life Ins. Co. v. Laferrera*, 680 F. Appx. 880 (11th Cir. 2017). While NuVasive attempts to distinguish *Laferrera* from the case at hand, in actuality, NuVasive only succeeds in highlighting the numerous similarities between the two cases. (NuVasive Response at 6). In fact, the Eleventh Circuit actually found that the district court abused its discretion in refusing to grant a stay of the claims because the arbitrable and non-arbitrable claims were based on the same factual allegations. *Laferrea*, 680 F. App'x at 884. *Laferrera* involved a contractual dispute and other fraudulent claims by an employer against two of its former employees and their financial company. *Id.* The court explained that "permitting the claims against [the financial company] to go forward in federal court while the same claims against the [employees] proceeded in arbitration would require the [employees] to defend identical claims in two separate forums" and would "give rise to the possibility of inconsistent results." *Id.* at 885. The court found that the fact that the employees and their financial company were technically separate defendants did not matter because the financial company's liability was predicated entirely on the employees' misconduct. *Id.* The court held that in circumstances such as these that a discretionary stay should have been granted because the "'arbitrable claims predominate . . . [and] the outcome of the nonarbitrable claims will depend upon the arbitrator's decision.'" *Id.* quoting *Klay*, 389 F.3d at 1204.

In the present case, the factual allegations comprising the non-arbitrable claims are the same factual allegations that make up the arbitrable breach of Sales Agreement claim. As such, the arbitrable claims predominate the non-arbitrable claims. If a stay is granted, there will be no

---

arbitrable claims. In fact, the court noted that it was unclear if any arbitrable claims even remained that had not been previously dismissed. As such, it was feasible to compel arbitration of the arbitrable claims and allow litigation to continue as to non-arbitrable claims because there was no risk of it resulting in duplicative proceedings, and a decision in either proceeding would not have a preclusive effect on the other. Whereas in the case at hand, a favorable ruling on the arbitrable breach of contract claim would, in effect, preclude any liability against Soufleris and Hawley; the arbitrable claims predominate the non-arbitrable claims.

4

prejudice to NuVasive as there is a strong likelihood that the arbitration will resolve all of the material issues in the case. Further, pursuant to the Sales Agreement, the arbitration is binding, and thus allowing litigation of the non-arbitrable claims to proceed simultaneously with arbitration runs the serious risk of inconsistent rulings. As such, the factors strongly weigh in favor of granting a stay of the entire action.

*Claims Against Absolute Medical and Soufleris*

In Counts IV and V, NuVasive is seeking to impose liability on Soufleris for Absolute Medical's alleged breaches of the Sales Agreement. (Complaint ¶¶ 61-71). NuVasive alleges that "Soufleris' actions and failures to act on behalf of Absolute Medical constitute breaches and/or failures to perform the duties he owes to Absolute Medical." Contrary to NuVasive's assertion that these two claims are not dependent on the existence and purported breach of the Sales Agreement, NuVasive specifically incorporates and re-alleges the allegations from the breach of Sales Agreement claim into Counts IV and V, thereby forming the basis for those causes of action (NuVasive Complaint ¶¶ 15-40, 53-56, 61-71). It is abundantly clear that NuVasive is attempting to hold Soufleris liable for Absolute Medical's purported breaches of the Sales Agreement, without which there would be no claims for statutory individual liability or piercing the corporate veil. Just as in *Laferrera,* a stay of these non-arbitrable claims is warranted because Soufleris' alleged liability is predicated entirely on Absolute Medical's conduct and alleged breach of the Sales Agreement.

In Counts VI and VII, NuVasive is seeking to recover against Absolute Medical and Soufleris under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") and against Soufleris for tortious interference with a business relationship. (Complaint ¶¶ 72-82). NuVasive's tortious interference and FDUPTA claims rely heavily on the business relationship

5

between NuVasive and Absolute Medical under the Sales Agreement. Specifically, NuVasive alleges that Absolute Medical and Soufleris violated FDUPTA by:

a. Attempting to unilaterally terminate the [Sales] Agreement;
b. Not enforcing Hawley's and Miller's non-compete and non-solicit obligations or, alternatively, releasing Hawley and Miller from their non-compete and non-solicit obligations without NuVasive's permission; and
c. Soliciting business on Alphatec's behalf without updating Exhibit G to the [Sales] Agreement.

(NuVasive Complaint, ¶ 75)

These claims are entirely premised on Absolute Medical's alleged breaches of the Sales Agreement and, as such, a resolution of the breach of contract claim against Absolute Medical is necessary before moving forward on these claims. Furthermore, a favorable ruling for Absolute Medical in arbitration would logically resolve these remaining claims. Thus, the risk of inconsistent rulings and unnecessary dual litigation is extremely high in this instance and, therefore, this Court should stay Counts IV, V, VI, and VII against Absolute Medical and Soufleris.

### *Claims Against Hawley*

In Counts III and VI, NuVasive is seeking to recover against Hawley for an alleged conversion of NuVasive medical instruments and under FDUPTA for the same alleged conversion. (NuVasive Complaint, ¶¶ 57-60, 72-77). These claims are based on a purported employment agreement between Absolute Medical and Hawley, which is directly and materially related to the Sales Agreement and contractual relationship that is the subject of the arbitrable breach of contract claim between NuVasive and Absolute Medical. Again, these claims are related to the arbitrable breach of contract claims such that resolution of the breach of contract claims may resolve these claims as well, or at the very least, "shed some light" on the remaining

issues. *Volkswagon*, 474 F.3d at 972. As such, this Court should stay Counts III and VI against Hawley.

## **CONCLUSION**

WHEREFORE, Defendant ABSOLUTE MEDICAL, LLC, has shown that it is entitled to enforce the arbitration clause in the Sales Agreement and entitled to a stay of the arbitrable and non-arbitrable claims pending the outcome of arbitration. Accordingly, Absolute Medical respectfully requests this Court grant its Motion to Compel Arbitration as to Count II of the Complaint and Absolute Medical's Counterclaim and to stay proceedings in this Court as to Counts III, IV, V, VI and VII of the Complaint while arbitration is pending, and for other such relief this Court deems just and proper.

Dated: May 22, 2018

Respectfully submitted,

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369
ADAMS AND REESE, LLP
350 E. Las Olas Boulevard 1110
Ft. Lauderdale, FL 33301
Phone: 954.541.5390
Chantal.pillay@arlaw.com
Teesha.kittilson@arlaw.com

Bryan E. Busch, Esq. (*Pro Hac Vice*)
bryan.busch@arlaw.com
ADAMS AND REESE L.L.P.
3424 Peachtree Road N.E., Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 (Telephone)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of May, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

  Diana N. Evans, Esquire
  Bradley Arant Boult Cummings LLP
  100 North Tampa Street, Suite 2200
  Tampa, Florida 33602
  dnevans@Bradley.Com
  Attorney for NuVasive

  Christopher W. Cardwell, Esquire
  Pro Hac Vice
  Gullett, Sanford, Robinson & Martin, PLLC
  150 Third Avenue South, Suite 1700
  Nashville, TN 37201
  ccardwell@gsrm.Com
  Attorney for NuVasive

  Thomas Mcfarland, Esquire
  Pro Hac Vice
  Gullett, Sanford, Robinson & Martin, PLLC
  150 Third Avenue South, Suite 1700
  Nashville, TN 37201
  tmcfarland@gsrm.Com
  Attorney for NuVasive

           */s/ Chantal M. Pillay*
           Chantal M. Pillay
           Fla. Bar No. 108369