UNITED STATES DISSTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., </br></br> Plaintiff, </br> v. </br></br> ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY, </br></br> Defendants. | ) ) ) ) ) Civil Case No. 6:17-cv-2206-Orl-41GJK ) ) ) ) ) ) ) |

## <u>DEFENDANTABSOLUTE MEDICAL, LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

### I. PRELIMINARY STATEMENT

Pursuant to rule 45(c)(2)(B) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), ABSOLUTE MEDICAL, LLC ("Defendant") hereby responds and objects to the Interrogatories dated April 6, 2018, served upon it by NUVASIVE, INC ("Plaintiff") (the "Interrogatories"), as follows:

Defendant has conducted a diligent search and reasonable inquiry in response to the Interrogatories. However, Defendant has not completed its investigation of the facts related to this case, has not completed discovery in this Action, and has not completed its preparation for any trial that might be held herein. Its responses and objections to the Interrogatories are based upon information currently known to Defendant and are given without prejudice to Defendant's right to revise, correct, supplement, add to, amend, or clarify its responses and/or objections to the Interrogatories when and if additional information or documentation comes to its attention. Moreover, Defendant expressly reserves the right to make use of, or introduce at any hearing or

EXHIBIT 1

trial, documents or facts not known to exist at the time of production, including, without limitation, documents obtained in the course of discovery in this Action.

Defendant's Responses and Objections to the Interrogatories or its production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

Further, Defendant reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Interrogatories and its right to object to the admissibility of any part of any document produced in response to any Request or information contained in any such document.

## II.   GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Defendant asserts the following general objections:

1.   Defendant objects to the Interrogatories in its entirety to the extent that it is overbroad or purports to impose obligations upon it that exceed those set forth in Federal Rules 26, 34 and 45, the Case Management Order entered in this case, or any other applicable statute, rule, or order.

2.   Defendant objects to the Interrogatories in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Defendant holds or held a common interest.

3.  Defendant asserts such privileges and objects to the provision of information or production of any documents subject thereto. To the extent that any production of documents or information is made, any inadvertent production of such privileged documents or information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection. Defendant demands that Plaintiff, its agents and attorneys notify Defendant's undersigned counsel of the production of any such documents immediately upon discovery of such documents, and return such documents to such undersigned counsel upon request.

4.  Defendant objects to the Interrogatories in its entirety to the extent it purports to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with parties for whom Defendant serves in an distributor capacity.

5.  Defendant objects to the Interrogatories in its entirety to the extent that it purports to require the production of documents that are not in its possession, custody, or control.

6.  No Objection or limitation, or lack thereof, or statement that Defendant will produce documents made these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information by Defendant.

7.  Defendant objects to the Interrogatories in its entirety to the extent that it is vague ambiguous confusing, and contrary to the plain meaning of the terms involved.

8. Defendant objects to the Interrogatories in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the terms of the Case Management Order.

9. Defendant objects to the Interrogatories in its entirety to the extent that it is outside the scope of this action and has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case, or the production of such constitutes material protected from disclosure pursuant to the Case Management Order.

10. Defendant objects to the Interrogatories in its entirety to the extent entirety to the extent that it calls for the document-by-document identification within thirty days of service of the Interrogatories of those documents that are protected by the attorney-client privilege, common interest privilege, and work product protection as seeking to impose obligations beyond the scope of Federal Rules 26, 34 and 45, and beyond the scope of the Case Management Order entered in this case. Given the number of documents subject to review by Defendant further objects on the grounds that such an instruction is unduly burdensome.

11. Defendant objects to the Interrogatories in its entirety to the extent that (a) the discovery sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced and are currently located in the Document Depository; (c) Aurelius has obtained the material sought by any request or demand in any other proceeding or pursuant to any other means;(d) the documents are a matter of public record or could be obtained from Aurelius or its counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

12. Defendant objects to the Interrogatories in its entirety to the extent that it calls for information from Defendant in a capacity other than Defendant's capacity as distributor, and/or seeks discovery as to the ordinary-course business relationships between any party and Defendant or any entity related to Defendant.

13. Defendant objects to the term "any and "all" as used throughout the Interrogatories as overly broad and unduly burdensome. Defendant will make a good faith, reasonable, and diligent effort to locate responsive documents and information consistent with any General or Specific Objections. In searching for documents and information, Defendant will conduct a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents or other things responsive to this discovery are most likely to be found. Defendant has also sought information from those persons who are most likely to know of information or documents or other things responsive to the Interrogatories. To the extent the Interrogatories asks for more and seeks documents or information that is not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, such as backup tapes intended for disaster recovery, Defendant objects because the discovery is overly broad and unduly burdensome.

## RESPONSES AND OBJECTIONS

1. Please identify all of your Employees and/or independent contractors since January 1, 2017, by stating:
   (a) the individual's name;
   (b) the individual's address;
   (c) the individual's start and termination dates;
   (d) the individual's job responsibilities;
   (e) whether the individual was or is subject to a non-compete agreement; and
   (f) if the individual was or is not subject to a non-compete agreement, please state why you did not require him or her to sign such an agreement as a condition of his or her employment.

**RESPONSE:** **In response to this interrogatory, Defendant directs Plaintiff to view the chart below. In further response to this interrogatory, specifically subsections (e) and (f), several individuals objected to signing non-compete agreements and other non-compete agreements were never finalized by the parties.**

| Name | Address | Start Date | Termination Date | Job Responsibilities |
|---|---|---|---|---|
| Brandon Gottstein (BG Medical, LLC) | 1187 Newberg Ct., Sanford, FL 32771 | 4/18/2016 | 11/30/2017 | Field Support Representative |
| Brennan Burkhart (Landis Burner, LLC) | 1016 Malone Dr., Orlando, FL 32810 | 6/7/2016 | 11/30/2017 | Sales Representative |
| Casey Camero (Triple C Medical Corp) | 737 Lagoon Dr., North Palm Beach, FL 33408 | 3/1/2013 | 6/30/2017 | Sales Representative |
| Christpher Schultz (CM Schultz, Inc.) | 12216 165th Rd. N., Jupiter, FL 33478 | 3/1/2013 | 5/31/2017 | Sales Representative |
| David Hawley (Hawley Med, LLC.) | 3004 Sherwood Road, Orlando, FL 32803 | 3/1/2013 | 11/30/2017 | Sales Representative |
| Evan Menjivar (Evan Menjivar, Inc.) | 803 Promenade Way Apt. 305, Jupiter, FL 33458 | 7/1/2016 | 6/30/2017 | Field Support Representative |
| Matthew Camero (Camero Medical Enterprises) | 17296 SW Galway Ct., Tequesta, FL 33469 | 3/1/2013 | 6/30/2017 | Sales Representative |
| Ryan Miller (Miller Time Medical, Inc.) | 100 Maplewood Dr., Sanford, FL 32771 | 3/1/2013 | 11/30/2017 | Sales Representative |
| Thad Bragulla (Cold Mountain Medical, LLC.) | 1233 Wellington Terr., Maitland, FL 32751 | 10/24/2016 | 11/30/2017 | Sales Representative |
| Daneri Edelson ( Edelson Electric, LLC.) | 6613 Stratford Dr., Parkland, FL 33067 | 5/20/2013 | 11/30/2017 | Administrative |
| Hanna Maxwell (Balzano Clinical Specialist, LLC.) | 1305 Oak Harbour Lane, Malabar, FL 32950 | 3/1/2013 | 6/30/2017 | Physician's Assistant |
| Kevin Kingsley (Mid Florida Medical Sales) | 605 Evening Sky Drive, Oviedo, FL 32765 | 3/1/2013 | 11/30/2017 | Physician's Assistant |
| Bradley Seltmann (Brainbox Consulting) | 2155 Mohawk Trail Maitland, FL 32751 | 3/1/2013 | 11/30/2017 | Physician's Assistant |

2. Please identify all facts which support your denial of paragraph 25 of NuVasive's Complaint for Injunctive Relief and Damages.

**RESPONSE:** **The restrictive covenants referenced in paragraph 25 of NuVasive's complaint are not reasonable in temporal and geographical restrictions.**

3. Please identify all sales you have made in calendar years 2017 and 2018 by stating:
   (a) the date of the sale;
   (b) the product(s) sold;
   (c) the purchaser of the product(s);
   (d) the manufacturer of the product(s);
   (e) the surgeon who implanted the product(s); and
   (f) the total price of the sale.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably specific as it requests information for "all sales" in 2017 and 2018. Additionally, Plaintiff already has this information in its possession; Defendant is not in possession of the information requested. Further, Defendant has made no sales in the year 2018. Notwithstanding said objections, pursuant to Fed. R. Civ. P. 33(d), Defendant directs Plaintiff to view the Commissions Chart attached hereto as Exhibit "A."**

4. Please identify all bank accounts you maintained in calendar years 2017 and 2018.

**RESPONSE:** **Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover information that is irrelevant and outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.**

5. Please identify all disbursements you made to Soufleris and/or a business entity created and/or controlled by Soufleris in calendar years 2017 and 2018 by identifying:
   (a) the date of the disbursement;
   (b) the amount of the disbursement; and
   (c) person or entity to whom you made the disbursement.

**RESPONSE:** **Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover information that is irrelevant and outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.**

6. Please identify all financial reporting software (e.g., QuickBooks) that you utilized in calendar years 2017 and 2018.

**RESPONSE:** **Defendant utilized Quickbooks as a financial reporting software in 2017 and 2018, prior to its dissolution.**

7. Please identify all physicians and/or medical facilities within your current sales territory or territories.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably specific as it requests "all physicians and/**

or medical facilities" and Plaintiff has failed to define "sales territory." Notwithstanding said objections, Defendant currently has no sales territory.

8. Please refer to the Agreement, and identify every act you took to comply with Section 5.09(a) of the Agreement.

**RESPONSE:** **Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover information that is irrelevant and outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.**

9. Please refer to Exhibit A to NuVasive's Complaint for Injunctive Relief and Damages and the Agreement, and identify every provision in the Agreement that allows you to "resign" from the Agreement.

**RESPONSE:** **Section 9.02 of the Sales Agreement allows Defendant to terminate the agreement due to a material breach.**

10. If you contend NuVasive breached one or more of the allegations imposed on it by the Agreement, please state:
    (a) the date of the breach;
    (b) the contractual provision that NuVasive breached; and
    (c) a detailed summary of the breach.

**RESPONSE:** **Plaintiff breached Article II of the Sales Agreement by failing to pay commissions due and owing to Defendant for November 2017 and any subsequent sales. Defendant suffered damages in the amount of $124,970.02 for Plaintiff's failure to pay earned commissions. Pursuant to Fed. R. Civ. P. 33(d), Defendant directs Plaintiff to view the Commissions Chart attached hereto as Exhibit "A."**

11. Have you ever shipped, mailed, or otherwise transferred surgical instruments to Alphatec that were not created by Alphatec? If so, please state:
    (a) The date you shipped, mailed or otherwise transferred the surgical instruments to Alphatec;
    (b) The types of surgical instruments that you shipped, mailed, or otherwise transferred to Alphatec; and
    (c) The manufacturer of the surgical instruments you shopped, mailed, or otherwise transferred to Alphatec

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and seeks to discover information that is outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has never shipped, mailed, or otherwise transferred NuVasive surgical instruments Alphatec.**

12. Please identify every surgeon in your Alphatec sales territory who is a party to a consulting, design, or other contractual relationship with Alphatec.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and seeks to information that is outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Further, Defendant cannot answer this question on behalf of Alphatec, who is not a party to this litigation.**

13. Please describe the first act you took for Alphatec's benefit by describing:
   a. The date of the act; and
   b. A detailed description of the act.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and seeks to discover information that is outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff has not defined "last act" and Defendant is unclear as to the meaning on this interrogatory. Notwithstanding said objections, Defendant has not intentionally taken any act for Alphatec's benefit.**

14. Please describe the last act you took for NuVasive's benefit by describing:
   a. The date of the act; and
   b. A detailed description of the act.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and seeks to discover information that is outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff has not defined "last act" and Defendant is unclear as to the meaning on this interrogatory. Notwithstanding said objections, the last sale that Defendant made for NuVasive was on December 3, 2017.**

15. Please identify all contracts or other agreements to which you are a party.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and seeks to discover information that is outside the scope of this action as it has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant is not a party to any other contracts or agreements.**

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

**ABSOLUTE MEDICAL, LLC**

By: _/s/ Greg Soufleris_
**Greg Soufleris**
Title: _PRESIDENT_

The foregoing instrument was acknowledged before me this _10th_ day of _May_, 2018, by _GREG SOUFLERIS_, _PRESIDENT_, on behalf of Absolute Medical, LLC, who is either _____ personally known to me, or _____ who produced a _driver license_ as identification.

_/s/ Nikki C. Hall_
Notary Public
Printed Name: _NIKKI C. HALL_   {SEAL}
My commission expires: _11-15-2021_
This _10th_ day of _May_ 2018.

Notary Public State of Florida
Nikki C Hall
My Commission GG 127489
Expires 11/15/2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2018, that I electronically transmitted a true copy to:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.com
Attorney for Nuvasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.com
Attorney for Nuvasive

Thomas McFarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.com
Attorney for Nuvasive

Respectfully,

/s/ *Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369

# EXHIBIT A

**Hardware**

| Sales Rep | Surgery Date | Hospital | Surgeon | Patient ID | Total |
|---|---|---|---|---|---|
| Dave Hawley | 10/31/2017 | Florida Hospital | Dr. Sawin | | $ 12,200.00 |
| Dave Hawley | 10/31/2017 | Florida Hospital | Dr. Sawin | | $ 4,800.00 |
| Dave Hawley | 10/31/2017 | Florida Hospital | Dr. Sawin | | $ 4,800.00 |
| Dave Hawley | 11/1/2017 | Florida Hospital | Dr. Rosen | | $ 8,050.00 |
| Dave Hawley | 11/1/2017 | Florida Hospital | Dr. Sawin | | $ 9,400.00 |
| Dave Hawley | 11/2/2017 | Florida Hospital | disposable | | $ 356.00 |
| Ryan Miller | 11/3/2017 | Dr. Phillips | Dr. Haque | | $ 7,094.00 |
| Dave Hawley | 11/3/2017 | Florida Hospital | Dr. Sawin | | $ 1,770.00 |
| Dave Hawley | 11/3/2017 | Florida Hospital | Dr. Rosen | | $ 4,250.00 |
| Ryan Miller | 11/6/2017 | Central FL Reg | Dr. Rodas | | $ 5,440.00 |
| Ryan Miller | 11/6/2017 | Central FL Reg | Dr. Allende | | $ 1,270.00 |
| Dave Hawley | 11/7/2017 | Florida Hospital | Dr. Sawin | | $ 6,750.00 |
| Dave Hawley | 11/7/2017 | Florida Hospital | Dr. Sawin | | $ 12,200.00 |
| Dave Hawley | 11/7/2017 | Florida Hospital | Dr. Sawin | | $ 6,434.00 |
| Dave Hawley | 11/8/2017 | Florida Hospital | Dr. Rosen | | $ 2,800.00 |
| Dave Hawley | 11/9/2017 | Florida Hospital | disposable | | $ 356.00 |
| Dave Hawley | 11/10/2017 | Florida Hospital | Dr. Rosen | | $ 400.00 |
| Dave Hawley | 11/10/2017 | Florida Hospital | Dr. Rosen | | $ 8,050.00 |
| Ryan Miller | 11/13/2017 | Central FL Reg | Dr. Rodas | | $ 3,110.00 |
| Dave Hawley | 11/13/2017 | Florida Hospital | disposable | | $ 356.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Rosen | | $ 19,915.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Rosen | | $ 15,700.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Sawin | | $ 14,450.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Rosen | | $ 7,230.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Sawin | | $ 24,181.00 |
| Dave Hawley | 11/14/2017 | Florida Hospital | Dr. Sawin | | $ 11,000.00 |
| Ryan Miller | 11/15/2017 | Central FL Reg | Dr. Burry | | $ 14,720.00 |
| Dave Hawley | 11/15/2017 | Florida Hospital | disposable | | $ 712.00 |
| Dave Hawley | 11/15/2017 | Florida Hospital | Dr. Sawin | | $ 18,700.00 |
| Dave Hawley | 11/16/2017 | Florida Hospital | disposable | | $ 712.00 |
| Ryan Miller | 11/17/2017 | Dr. Phillips | Dr. Haque | | $ 10,399.10 |
| Ryan Miller | 11/20/2017 | Central FL Reg | Dr. Rodas | | $ 9,270.00 |
| Dave Hawley | 11/20/2017 | Florida Hospital | Dr. Sawin | | $ 6,250.00 |

| Name | Date | Facility | Doctor | Amount |
|---|---|---|---|---|
| Dave Hawley | 11/20/2017 | Florida Hospital | Dr. Sawin | $ 19,937.00 |
| Dave Hawley | 11/21/2017 | Florida Hospital | Dr. Sawin | $ 9,240.00 |
| Dave Hawley | 11/21/2017 | Florida Hospital | Dr. Sawin | $ 13,865.00 |
| Dave Hawley | 11/21/2017 | Florida Hospital | Dr. Sawin | $ 12,200.00 |
| Ryan Miller | 11/22/2017 | Central FL Reg | Dr. Allende | $ 6,040.00 |
| Ryan Miller | 11/22/2017 | Central FL Reg | Dr. Burry | $ 14,720.00 |
| Dave Hawley | 11/22/2017 | Florida Hospital | Dr. Sawin | $ 9,950.00 |
| Dave Hawley | 11/23/2017 | Florida Hospital | Dr. Sawin | $ 4,090.00 |
| Ryan Miller | 11/27/2017 | Central FL Reg | Dr.Allende | $ 6,040.00 |
| Dave Hawley | 11/27/2017 | Florida Hospital | disposable | $ 4,230.00 |
| Dave Hawley | 11/27/2017 | Florida Hospital | disposable | $ 2,234.00 |
| Ryan Miller | 11/28/2017 | Orlando Regiona | Dr.Goll | $ 12,860.00 |
| Dave Hawley | 11/28/2017 | Florida Hospital | Dr. Rosen | $ 19,900.00 |
| Dave Hawley | 11/28/2017 | Florida Hospital | Dr. Sawin | $ 18,550.00 |
| Dave Hawley | 11/28/2017 | Florida Hospital | Dr. Sawin | $ 9,050.00 |
| Dave Hawley | 11/29/2017 | Florida Hospital | disposable | $ 2,450.00 |
| Dave Hawley | 11/29/2017 | Florida Hospital | disposable | $ 2,115.00 |
| Dave Hawley | 11/29/2017 | Florida Hospital | disposable | $ 3,768.00 |
| Dave Hawley | 11/29/2017 | Florida Hospital | disposable | $ 3,347.00 |
| Dave Hawley | 11/30/2017 | Florida Hospital | disposable | $ 1,937.00 |
| Ryan Miller | 12/3/2017 | Central FL Reg | Dr.Allende | $ 7,105.00 |
| Ryan Miller | 12/4/2017 | Central FL Reg | Dr.Allende | $ 2,160.00 |
| Dave Hawley | 11/28/2018 | Florida Hospital | Dr. Rosen | $ 20,175.00 |
| Dave Hawley | 11/28/2018 | Florida Hospital | Dr. Sawin | $ 9,240.00 |
| | | | Total= | $ 468,328.10 |

**Biologics**

| Sales Rep | Surgery Date | Hospital | Surgeon | Patient ID | Total |
|---|---|---|---|---|---|
| Dave Hawley | 10/31/2017 | Florida Hospital | Stocking | | $ 17,000.00 |
| Dave Hawley | 11/15/2017 | Florida Hospital | Stocking | | $ 30,750.00 |
| Dave Hawley | 11/15/2017 | Florida Hospital | Stocking | | $ 17,000.00 |
| Dave Hawley | 11/21/2017 | Florida Hospital | Stocking | | $ 30,950.00 |
| Dave Hawley | 11/30/2017 | Florida Hospital | Stocking | | $ 27,000.00 |
| Dave Hawley | 11/20/2017 | Florida Hospital | Stocking | | $ 12,540.00 |
| Ryan Miller | STOCKING | Central FL Reg | Osteocel Stocking | | $ 29,520.00 |
| | | | | Total= | $ 164,760.00 |

| Summary | Revenue | Commissions | |
|---|---|---|---|
| Hardware | $ 468,328.10 | $ 93,665.62 | 20% |
| Biologics | $ 164,760.00 | $ 31,304.40 | 19% |
| Total = | $ 633,088.10 | $ 124,970.02 | |