**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUVASIVE, INC.,                                    )
                                                   )
      Plaintiff,                          )
v.                                                 )   6:17-cv-2206-Orl-41GJK
                                                   )
ABSOLUTE MEDICAL, LLC, GREG                        )
SOUFLERIS, and DAVE HAWLEY,                        )
                                                   )
      Defendants.                         )
_____               )

**ABSOLUTE MEDICAL SYSTEMS, LLC'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR**
**OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVL ACTION**

## I.    PRELIMINARY STATEMENT

Pursuant to rule 45(c)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), ABSOLUTE MEDICAL SYSTEMS, LLC ("Nonparty") hereby responds and objects to the Subpoena dated April 11, 2018, served upon it by NUVASIVE, INC ("Plaintiff" or "NuVasive") (the "Subpoena"), as follows:

Nonparty has conducted a diligent search and reasonable inquiry in response to the Subpoena and Requests for Documents.  Its objections to the Subpoena  and Requests for Documents are based upon information currently known to Nonparty and are given without prejudice to Nonparty's right to revise, correct, supplement, add to, amend, or clarify its objections to the Subpoena when and if additional information or documentation comes to its attention.  Moreover, Nonparty expressly reserves the right to make use of, or introduce at any hearing, documents or facts not known to exist at the time of production, including, without limitation, documents obtained in the course of discovery in this Action.

**EXHIBIT**

**4**

Nonparty's Objections to the Subpoena or its production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

Further, Nonparty reserves all of its rights, including its right to supplement, amend, or correct any of its Objections to the Subpoena and its right to object to the admissibility of any part of any document produced in response to any Request or information contained in any such document.

## II.   GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Nonparty asserts the following general objections:

1.      Nonparty objects to the Subpoena in its entirety to the extent that it is overbroad or purports to impose obligations upon it that exceed those set forth in Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, the Case Management Order entered in this case, or any other applicable statute, rule, or order.

2.      Nonparty objects to the Subpoena in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Nonparty holds or held a common interest.

3.      Nonparty asserts such privileges and objects to the provision of information or production of any documents subject thereto. To the extent that any production of documents or information is made, any inadvertent production of such privileged documents

or information in response to the Subpoena would not be intended to constitute a waiver of any applicable privilege or protection. Nonparty demands that Plaintiff, its agents and attorneys, notify Nonparty's undersigned counsel of the production of any such documents immediately upon discovery of such documents, and return such documents to such undersigned counsel upon request.

4.     Nonparty objects to the Subpoena in its entirety to the extent it purports to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with parties for whom Nonparty serves in a distributor capacity.

5.     Nonparty objects to the Subpoena in its entirety to the extent that it purports to require the production of documents that are not in its possession, custody, or control.

6.     No Objection or limitation, or lack thereof, or statement that Nonparty will produce documents made these Objections constitutes an admission as to the existence or nonexistence of documents or information by Nonparty.

7.      Nonparty objects to the Subpoena in its entirety to the extent that it is vague ambiguous confusing, and contrary to the plain meaning of the terns involved.

8.     Nonparty objects to the Subpoena in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the terms of the Case Management Order.

9.     Nonparty objects to the Subpoena in its entirety to the extent that it is outside the scope of this action as they have no relation to the claims and defenses raised in this litigation in

that it seeks the disclosure of information, or the production that are inadmissible and constitute material protected from disclosure pursuant to the Case Management Order.

10.     Nonparty objects to the Subpoena in its entirety to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

11.     Nonparty objects to the Subpoena in its entirety to the extent entirety to the extent that it calls for the document-by-document identification within thirty days of service of the Subpoena of those documents that are protected by the attorney-client privilege, common interest privilege, and work product protection as seeking to impose obligations beyond the scope of Federal Rules 26, 34 and 45, and beyond the scope of the Case Management Order entered in this case. Given the number of documents subject to review by Nonparty further objects on the grounds that such an instruction is unduly burdonseome.

12.     Nonparty objects to the Subpoena in its entirety to the extent that (a) the discovery sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced and are currently located in the Document Depository; (c) Plaintiff has obtained the material sought by any request or demand in any other proceeding or pursuant to any other means;(d) the documents are a matter of public record or could be obtained from Plaintiff or its counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

13.     Nonparty objects to the term "any and "all" as used throughout the Subpoena as overly broad and unduly burdensome. Nonparty will make a good faith, reasonable, and diligent effort to locate responsive documents consistent with any General or Specific

Objections. In searching for documents, Nonparty will conduct a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents or other things responsive to this discovery are most likely to be found. Nonparty has also sought information from those persons who are most likely to know of information or documents or other things responsive to the Subpoena. To the extent the Subpoena asks for more and seeks documents that are not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, such as backup tapes intended for disaster recovery, Nonparty objects because the discovery is overly broad and unduly burdensome.

### III.    RESPONSES AND SPECIFIC OBJECTIONS

1.  All contracts or other agreements between you and NuVasive.

<u>Response:</u>  **Nonparty has no documents responsive to this request.**

2.  All contracts of other agreements between you and Alphatec.

<u>Response:</u>  **Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation and thus not proportional to the needs of the case. Specifically, there are no allegations in the complaint or defenses raised concerning Nonparty or its relationship with Alphatec and, therefore, this request is not relevant to the claims and defenses of this litigation. Further, Nonparty objects to this request as it pertains to documents and information that contain confidential, proprietary, or trade secret information. Nonparty and Alphatec are competitors in the same industry as NuVasive and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, \*10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")  This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.**

3.  All contracts or other agreements between you and Absolute Medical, LLC.

**Response: Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover contracts or other agreements that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation as Plaintiff has made no allegations concerning Nonparty or its relationship, if any, with Absolute Medical, LLC. Therefore, this request is not proportional to the needs of the case. Without waiving said objections, Nonparty has no documents responsive to this request.**

4.  All contracts or other agreements between you and Absolute Medical, Inc.

**Response: Nonparty has no documents responsive to this request.**

5.  All contracts or other agreements between you and Greg Soufleris or any entity owned or controlled by Greg Soufleris.

**Response: Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case Specifically, there are no allegations in the complaint or defenses raised concerning Nonparty or its relationship, if any, with Greg Soufleris and, therefore, this request is not relevant to the claims and defenses of this litigation. Further, Nonparty objects to this request as it pertains to documents and information that contain confidential, proprietary, or trade secret information. Nonparty is a competitor in the same industry as NuVasive and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, \*10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.") This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.**

6.  All contracts or other agreements between you and Dave Hawley or any entity owned or controlled by Dave Hawley.

**Response: Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. Specifically, Plaintiff filed a complaint against Dave Hawley for conversion and for a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). These causes of action have no relation to any contract or agreement that Dave Hawley may have entered into with Nonparty. Given the limited subject matter of these causes of action, the broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its relationship with Dave Hawley.**

7.  All contracts or other agreements between you and Ryan Miller or any entity owned or controlled by Ryan Miller.

**Response: Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case as neither Nonparty nor Ryan Miller are Defendants in this action. Given the limited subject matter of this case and considering the lack of allegations in the Complaint concerning Ryan Miller, the broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its relationship with Ryan Miller.**

8.  All contracts or other agreements between you and Brandon Gottstein or any entity owned or controlled by Brandon Gottstein.

**Response: Nonparty objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case as neither Nonparty nor Brandon Gottstein are Defendants in this action. Given the limited subject matter of this case and considering the lack of allegations in the Complaint concerning Brandon Gottstein, the broad nature of this request appears to be**

nothing more than a fishing expedition to harass Nonparty and interfere with its relationship with Brandon Gottstein.

9.    All records related to transactions between you and Absolute Medical, LLC Absolute Medical, Inc., or any other entity controlled by Greg Soufleris or Lindsey Soufleris.

**Response: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll records related to transactions". Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case.**

10.    All contracts or other agreements between you and any other participant in the medical device industry that are not responsive to requests 1 through 9.

**Response: Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll contracts or other agreements" between Nonparty and "any other participant in the medical device industry." Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. Specifically, Plaintiff is seeking agreements between Nonparty and any other participant in the medical device industry besides the named Defendants in this action. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships.**

11.    All documents related to your initial funding and/or capitalization.

**Response: Nonparty objects to this request as it is overly broad, vague, ambiguous, and Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. Specifically, there are no allegations in the complaint concerning Nonparty and thus any documentation requested regarding its funding or finances is**

·wholly outside the scope of litigation and not relevant to the claims and defenses in this action.

12.     All communications between you and anyone associated with Alphatec.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Alphatec.  Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised ·in this litigation, and are thus not proportional to the needs of the case. Specifically, Plaintiff is seeking communications between Nonparty and Alphatec, however, there are no allegations or defenses raised concerning the relationship, if any, between Nonparty and Alphatec. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships.

13.     All communications between you and Dr. Paul Sawin.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Dr. Paul Sawin.  Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships. Nonparty further objects as Nonparty is competitor in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")  This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

14.    All communications between you and Dr. Rafael Allende.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Dr. Rafael Allende. Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships. Nonparty further objects as Nonparty is competitor in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.") This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

15.    All communications between you and Dr. Raul Rodas

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Dr. Raul Rodas. Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships. Nonparty further objects as Nonparty is competitor in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to

privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")  This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

16.    All communications between you and Dr. Matthew Burry.

<u>Response:</u> Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Dr. Matthew Burry.  Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships. Nonparty further objects as Nonparty is competitor in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")  This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

17.    All communications between you and Dr. Ryam Ilgenfritz.

<u>Response:</u> Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll communications" between Nonparty and Dr. Ryan Ilgenfritz.  Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships.  Nonparty further objects as Nonparty is competitor in the same industry as Plaintiff and it would cause substantial economic harm to the competitive

position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.") This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

18.     All contracts that have been assigned to you.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it is requesting "all contracts" assigned to Nonparty. Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its business relationships.

19.     All charge sheets you have submitted to Alphatec.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as NuVasive has not defined "charge sheets." Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. Nonparty further objects as it has a legitimate expectation of privacy in its financial information sought by Plaintiff. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty.

20.     Records of all payments you have received from Alphatec.

**Response:** Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll payments received." Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to

the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty.  Nonparty further objects as Nonparty and Alphatec are competitors in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents.  *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")  This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

21.    All commission statements you have provided to your sales representatives.

<u>Response:</u> Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "[a]ll commission statements" and Plaintiff has not defined "commission statements." Nonparty further objects to this request and as grounds asserts that Plaintiff seeks to discover documents which are outside the scope of this action as they have no relation to the claims and defenses raised in this litigation, and are thus not proportional to the needs of the case. The broad nature of this request appears to be nothing more than a fishing expedition to harass Nonparty and interfere with its relationship sales representatives. Nonparty further objects as Nonparty and its sales representative are competitors in the same industry as Plaintiff and it would cause substantial economic harm to the competitive position of Nonparty to produce these documents. *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.") This documentation could be used by Plaintiff to gain a competitive advantage over Nonparty and thus resulting in significant harm.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2018, that I electronically transmitted a true copy to:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.com
Attorney for Nuvasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.com
Attorney for Nuvasive

Louis M. Ursini, Esquire
Adams and Reese, LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa FL 33602
louis.ursini@arlaw.com

Bryan E. Busch, Esquire
Adams and Reese, LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
bryan.busch@arlaw.com

Respectfully,

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369