UNITED STATES DISSTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC., )
 )
       Plaintiff, )
v. ) Civil Case No. 6:17-cv-2206-Orl-41GJK
 )
ABSOLUTE MEDICAL, LLC, GREG )
SOUFLERIS, and DAVE HAWLEY, )
 )
       Defendants. )
_____ )

## DEFENDANT ABSOLUTE MEDICAL, LLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
### I.   PRELIMINARY STATEMENT

Pursuant to rule 45(c)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), ABSOLUTE MEDICAL, LLC ("Defendant") hereby responds and objects to the Request for Production dated April 6, 2018, served upon it by NUVASIVE, INC ("Plaintiff") (the "Request for Production"), as follows:

Defendant has conducted a diligent search and reasonable inquiry in response to the Request for Production and Requests for Documents. However, Defendant has not completed its investigation of the facts related to this case, has not completed discovery in this Action, and has not completed its preparation for any trial that might be held herein. Its responses and objections to the Request for Production and Requests for Documents are based upon information currently known to Defendant and are given without prejudice to Defendant's right to revise, correct, supplement, add to, amend, or clarify its responses and/or objections to the Request for Production when and if additional information or documentation comes to its attention. Moreover, Defendant expressly reserves the right to make use of, or introduce at any hearing or

EXHIBIT 5

trial, documents or facts not known to exist at the time of production, including, without limitation, documents obtained in the course of discovery in this Action.

Defendant's Responses and Objections to the Request for Production or its production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

Further, Defendant reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Request for Production and its right to object to the admissibility of any part of any document produced in response to any Request or information contained in any such document.

## II.   GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Defendant asserts the following general objections:

1.   Defendant objects to the Request for Production in its entirety to the extent that it is overbroad or purports to impose obligations upon it that exceed those set forth in Federal Rules 26, 34 and 45, the Case Management Order entered in this case, or any other applicable statute, rule, or order.

2.   Defendant objects to the Request for Production in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Defendant holds or held a common interest.

3.  Defendant asserts such privileges and objects to the provision of information or production of any documents subject thereto. To the extent that any production of documents or information is made, any inadvertent production of such privileged documents or information in response to the Request for Production would not be intended to constitute a waiver of any applicable privilege or protection. Defendant demands that Plaintiff, its agents and attorneys notify Defendant's undersigned counsel of the production of any such documents immediately upon discovery of such documents, and return such documents to such undersigned counsel upon request.

4.  Defendant objects to the Request for Production in its entirety to the extent it purports to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with parties for whom Defendant serves in an distributor capacity.

5.  Defendant objects to the Request for Production in its entirety to the extent that it purports to require the production of documents that are not in its possession, custody, or control.

6.  No Objection or limitation, or lack thereof, or statement that Defendant will produce documents made these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information by Defendant.

7.  Defendant objects to the Request for Production in its entirety to the extent that it is vague ambiguous confusing, and contrary to the plain meaning of the terms involved.

8. Defendant objects to the Request for Production in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the terms of the Case Management Order.

9. Defendant objects to the Interrogatories in its entirety to the extent that it is outside the scope of this action and has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case, or the production of such constitutes material protected from disclosure pursuant to the Case Management Order.

10. Defendant objects to the Request for Production in its entirety to the extent entirety to the extent that it calls for the document-by-document identification within thirty days of service of the Request for Production of those documents that are protected by the attorney-client privilege, common interest privilege, and work product protection as seeking to impose obligations beyond the scope of Federal Rules 26, 34 and 45, and beyond the scope of the Case Management Order entered in this case. Given the number of documents subject to review by Defendant further objects on the grounds that such an instruction is unduly burdensome.

11. Defendant objects to the Request for Production in its entirety to the extent that (a) the discovery sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced and are currently located in the Document Depository; (c) Aurelius has obtained the material sought by any request or demand in any other proceeding or pursuant to any other means;(d) the documents are a matter of public record or could be obtained from Aurelius or its counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

12. Defendant objects to the Request for Production in its entirety to the extent that it calls for information from Defendant in a capacity other than Defendant's capacity as distributor, and/or seeks discovery as to the ordinary-course business relationships between any party and Defendant or any entity related to Defendant.

13. Defendant objects to the term "any and "all" as used throughout the Request for Production as overly broad and unduly burdensome. Defendant will make a good faith, reasonable, and diligent effort to locate responsive documents consistent with any General or Specific Objections. In searching for documents, Defendant will conduct a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents or other things responsive to this discovery are most likely to be found. Defendant has also sought information from those persons who are most likely to know of information or documents or other things responsive to the Request for Production. To the extent the Request for Production asks for more and seeks documents that are not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, such as backup tapes intended for disaster recovery, Defendant objects because the discovery is overly broad and unduly burdensome.

## RESPONSES AND OBJECTIONS

1. Please produce all of your contracts or other agreements with:
   (a) Soufleris;
   (b) Hawley;
   (c) Ryan Miller;
   (d) Brandon Gottstein;
   (e) Thad Braggula;
   (f) Brennan Burkhart; and
   (g) Alphatec.

**RESPONSE: Defendant has no documents responsive to this request.**

2. Please produce all Communications between you and Alphatec.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has no documents responsive to this request.**

3. Please produce all charge sheets you have submitted to Alphatec.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has no documents in response to this request.**

4. Please produce all communications you sent to or received from Dr. Paul Sawin since June 1, 2017.
**RESPONSE: Defendant has no documents responsive to this request.**

5. Please produce all state and federal income tax returns that you filed or caused to be filed for calendar years 2016 and 2017.
**RESPONSE: Defendant objects as the request for Defendant's 2016 tax return and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has documents responsive to this request as pertains to Defendant's 2017 tax return as it has yet to be filed with the IRS.**

6. Please produce all of your profit and loss statements that were generated since June 1, 2017.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.**

7. Please produce all of your balance sheets that were generated since June 1, 2017.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts**

that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

8. Please produce all of your payroll records since June 1, 2017.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

9. Please produce all of your data from QuickBooks (or other financial reporting software) since June 1, 2017.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

10. Please produce all check registers you created, modified, or otherwise inputted data since June 1, 2017.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

11. Please produce all of your bank statements since June 1, 2017.

**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

12. Please produce all requests for expense reimbursement you have received since June 1, 2017.

**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment.

13. Please produce all records of all payments you have received from Alphatec or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RESPONSE:** Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has no documents responsive to this request.

14. Please produce all commission statements you have received from Alphatec or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RESPONSE:** Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has no documents responsive to this request.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 11, 2018, that I electronically transmitted a true copy to:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.com
Attorney for Nuvasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.com
Attorney for Nuvasive

Thomas McFarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.com
Attorney for Nuvasive

Respectfully,

/s/ *Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369