UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action File No. xx |
| | ) |
| ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DAVE HAWLEY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), DAVE HAWLEY ("Defendant") hereby responds and objects to the Request for Interrogatories dated April 12, 2018, served upon him by NUVASIVE, INC ("Plaintiff") (the "Request for Production"), as follows:

Defendant has conducted a diligent search and reasonable inquiry in response to the Interrogatories. However, Defendant has not completed its investigation of the facts related to this case, has not completed discovery in this Action, and has not completed its preparation for any trial that might be held herein. His responses and objections to the Interrogatories are based upon information currently known to Defendant and are given without prejudice to Defendant's right to revise, correct, supplement, add to, amend, or clarify his responses and/or objections to the Interrogatories when and if additional information or documentation comes to his attention. Moreover, Defendant expressly reserves the right to make use of, or introduce at any hearing or trial, documents or facts not known to exist at the time of production, including, without limitation, documents obtained in the course of discovery in this Action.

EXHIBIT 6

Defendant's Responses and Objections to the Interrogatories or his production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

Further, Defendant reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Interrogatories and his right to object to the admissibility of any part of any document produced in response to any Request or information contained in any such document.

## I. GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Defendant asserts the following general objections:

1. Defendant objects to the Interrogatories in its entirety to the extent that it is overbroad or purports to impose obligations upon it that exceed those set forth in Federal Rules 26, 34 and 45, the Case Management Order entered in this case, or any other applicable statute, rule, or order.

2. Defendant objects to the Interrogatories in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Defendant holds or held a common interest.

3. Defendant asserts such privileges and objects to the provision of information or production of any documents subject thereto. To the extent that any production of

documents or information is made, any inadvertent production of such privileged documents or information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection. Defendant demands that Plaintiff, its agents and attorneys notify Defendant's undersigned counsel of the production of any such documents immediately upon discovery of such documents, and return such documents to such undersigned counsel upon request.

4. Defendant objects to the Interrogatories in its entirety to the extent it purports to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with parties for whom Defendant serves in an distributor capacity.

5. Defendant objects to the Interrogatories in its entirety to the extent that it purports to require the production of documents that are not in its possession, custody, or control.

6. No objection or limitation, or lack thereof, or statement that Defendant will produce documents made these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information by Defendant.

7. Defendant objects to the Interrogatories in its entirety to the extent that it is vague ambiguous confusing, and contrary to the plain meaning of the terms involved.

8. Defendant objects to the Interrogatories in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the terms of the Case Management Order.

9. Defendant objects to the Interrogatories in its entirety to the extent that it is outside the scope of this action and has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case, or the production of such constitutes material protected from disclosure pursuant to the Case Management Order.

10. Defendant objects to the Interrogatories in its entirety to the extent entirety to the extent that it calls for the document-by-document identification within thirty days of service of the Interrogatories of those documents that are protected by the attorney-client privilege, common interest privilege, and work product protection as seeking to impose obligations beyond the scope of Federal Rules 26, 34 and 45, and beyond the scope of the Case Management Order entered in this case. Given the number of documents subject to review by Defendant further objects on the grounds that such an instruction is unduly burdensome.

11. Defendant objects to the Interrogatories in its entirety to the extent that (a) the discovery sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced and are currently located in the Document Depository; (c) Plaintiff has obtained the material sought by any request or demand in any other proceeding or pursuant to any other means;(d) the documents are a matter of public record or could be obtained from Plaintiff or its counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

12. Defendant objects to the Interrogatories in its entirety to the extent that it calls for information from Defendant in a capacity other than Defendant's capacity as

distributor, and/or seeks discovery as to the ordinary-course business relationships between any party and Defendant or any entity related to Defendant.

13. Defendant objects to the term "any and "all" as used throughout the Interrogatories as overly broad and unduly burdensome. Defendant will make a good faith, reasonable, and diligent effort to locate responsive documents and information consistent with any General or Specific Objections. In searching for documents and information, Defendant will conduct a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents or other things responsive to this discovery are most likely to be found. Defendant has also sought information from those persons who are most likely to know of information or documents or other things responsive to the Interrogatories. To the extent the Interrogatories asks for more and seeks documents or information that is not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, such as backup tapes intended for disaster recovery, Defendant objects because the discovery is overly broad and unduly burdensome.

## ANSWERS AND OBJECTIONS

1. Please refer to **Exhibit C** to NuVasive's Complaint for Injunctive Relief and Damages and identify the "couple of things" you sent to Elizabeth Lukianov on or about December 12, 2017.
**RESPONSE:** **Defendant shipped Alphatec Spine, Inc. ("Alphatec") instruments to Elizabeth Lukianov. Defendant does not recall specifically which Alphatec instruments were shipped to Ms. Lukianov on December 12, 2017.**

2. Please identify all email addresses and telephone numbers you utilized between June 1, 2017, and the present.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant utilized the following email addresses and phone number:**
- **dhawley@absolute-med.com**

- dhawley@absolute-medical.org
- (941) 650-8629

3. Please identify all physicians and/or medical facilities within your current sales territory. For each physician and medical facility you identify, please state:
(a) All sales you have made to the physician or health care facility you have made since May 1, 2017; and
(b) Whether you called on or serviced the physician or health care facility on NuVasive's behalf in calendar years 2016 or 2017.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant is no longer in possession of this information, rather Plaintiff has this information in its possession.**

4. Have you ever shipped, mailed, or otherwise transferred surgical instruments to Alphatec that were not created by Alphatec? If so, please state:
(a) The date you shipped, mailed, or otherwise transferred the surgical instruments to Alphatec;
(b) The types of surgical instruments that you shipped, mailed, or otherwise transferred to Alphatec; and
(c) The manufacturer of the surgical instruments you shipped, mailed, or otherwise transferred to Alphatec.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is seeking whether Defendant has shipped *any* instruments to Alphatec that were not created by Alphatec and, thus, has not limited this interrogatory to the scope of this action, which is whether Defendant shipped NuVasive instruments to Alphatec. Whether Defendant ever shipped, mailed, or transferred non-NuVasive instruments is completely irrelevant and disproportional to the needs of the case. Notwithstanding said objections, Defendant has never shipped NuVasive instruments to Alphatec.**

5. Please identify every surgeon in your Alphatec sales territory who is a party to a consulting, design, or other contractual relationship with Alphatec.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Further, this interrogatory is more properly directed toward Alphatec and Defendant cannot answer this interrogatory on behalf of Alphatec.**

      6.      Please describe the first act you took for Alphatec's benefit by describing:
          (a)     The date of the act; and
          (b)     A detailed description of the act.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as it is unclear what Plaintiff means by the phrase "first act." Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only pursuing Defendant for conversion and an alleged violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") based on an alleged conversion of NuVasive instruments. This interrogatory is completely irrelevant to the causes of action that Plaintiff is pursuing against Defendant. Further, Defendant is not subject to a non-compete agreement with either Absolute Medical, LLC or NuVasive. Notwithstanding said objections, Defendant made its first sale on behalf of Alphatec on December 5, 2017, after its employment with Absolute Medical, LLC terminated.**

      7.      Please describe the last act you took for NuVasive's benefit by describing:
          (a)     The date of the act; and
          (b)     A detailed description of the act.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as it is unclear what Plaintiff means by the phrase "last act." Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, the last instrument that Defendant sold on behalf of NuVasive was on December 1, 2017.**

      8.     Please identify all telephone numbers you used to conduct business in calendar years 2017 and 2018, and identify the provider of each number you identify.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, this is overly broad as Plaintiff has not limited this request to business conducted on behalf of NuVasive. Notwithstanding said objections, Defendant utilized the following phone number: (941) 650-8629.**

9. Please identify all electronic devices you utilized in calendar years 2017 and 2018, and state whether you still possess each device.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all electronic devices" that Defendant used in 2017 and 2018. Specifically, Plaintiff has not limited this request to electronic devices that Defendant used in connection with his work for Absolute Medical, LLC on behalf of NuVasive. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.**

10. Please identify every contract you signed that contained non-competition or non-solicitation provisions by stating:
    (a) The company that required you to sign the contract;
    (b) The date or approximate date you signed the contract; and
    (c) A summary of the non-competition and/or non-solicitation provisions.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "every contract" that Defendant has signed. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff has not limited this discovery request in time or scope, nor has Plaintiff limited this request to information pertaining to NuVasive or Absolute Medical, LLC, and thus this request is overly broad, unduly burdensome, and irrelevant. Notwithstanding said objections, Defendant did not sign a non-compete agreement with Plaintiff or with Absolute Medical, LLC.**

11. Please identify all custom instruments that Alphatec has created for Dr. Paul Sawin.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Further, this interrogatory is more properly directed toward Alphatec and Defendant cannot answer this interrogatory on behalf of Alphatec.**

12. Please identify all people or entities for whom you are contractually obligated to sell spinal hardware and/or related items by stating:
    (a) The name of the person or entity;
    (b) Whether the contract is oral or written;
    (c) The date you entered into the contract; and
    (d) Acts you have taken in furtherance of the contract.
**RESPONSE: Defendant objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant is contractually obligated to sell spinal hardware for Alphatec.**

## VERIFICATION

I, __DAVID HAWLEY__, hereby affirm that I have read the foregoing answers to interrogatories and they are true and correct to the best of my information, knowledge, and belief.

Sworn to and subscribed before me,

this the __21__ day of __MAY__, 2018.

Notary Public

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2018, I electronically served a true copy of the above to all counsel of record:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.Com
Attorney for NuVasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
Attorney for NuVasive

Thomas Mcfarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.Com
Attorney for NuVasive

/s/ *Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369