UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., </br></br>　　　Plaintiff, </br></br>v. </br></br>ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, and DAVE HAWLEY, </br></br>　　　Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action File No. xx </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT DAVE HAWLEY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), DAVE HAWLEY ("Defendant") hereby responds and objects to the Request for Production dated April 12, 2018, served upon him by NUVASIVE, INC ("Plaintiff") (the "Request for Production"), as follows:

Defendant has conducted a diligent search and reasonable inquiry in response to the Request for Production and Requests for Documents. However, Defendant has not completed his investigation of the facts related to this case, has not completed discovery in this Action, and has not completed its preparation for any trial that might be held herein. His responses and objections to the Request for Production and Requests for Documents are based upon information currently known to Defendant and are given without prejudice to Defendant's right to revise, correct, supplement, add to, amend, or clarify its responses and/or objections to the Request for Production when and if additional information or documentation comes to his attention. Moreover, Defendant expressly reserves the right to make use of, or introduce at any

EXHIBIT
8

hearing or trial, documents or facts not known to exist at the time of production, including, without limitation, documents obtained in the course of discovery in this Action.

Defendant's Responses and Objections to the Request for Production or his production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

Further, Defendant reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Request for Production and his right to object to the admissibility of any part of any document produced in response to any Request or information contained in any such document.

## I. GENERAL OBJECTIONS

Without in any way limiting the Preliminary Statement set forth above, Defendant asserts the following general objections:

1.  Defendant objects to the Request for Production in its entirety to the extent that it is overbroad or purports to impose obligations upon it that exceed those set forth in Federal Rules 26, 34 and 45, the Case Management Order entered in this case, or any other applicable statute, rule, or order.

2.  Defendant objects to the Request for Production in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Defendant holds or held a common interest.

3.      Defendant asserts such privileges and objects to the provision of information or production of any documents subject thereto. To the extent that any production of documents or information is made, any inadvertent production of such privileged documents or information in response to the Request for Production would not be intended to constitute a waiver of any applicable privilege or protection. Defendant demands that Plaintiff, its agents and attorneys notify Defendant's undersigned counsel of the production of any such documents immediately upon discovery of such documents, and return such documents to such undersigned counsel upon request.

4.      Defendant objects to the Request for Production in its entirety to the extent it purports to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with parties for whom Defendant serves in an distributor capacity.

5.      Defendant objects to the Request for Production in its entirety to the extent that it purports to require the production of documents that are not in its possession, custody, or control.

6.      No objection or limitation, or lack thereof, or statement that Defendant will produce documents made these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information by Defendant.

7.      Defendant objects to the Request for Production in its entirety to the extent that it is vague ambiguous confusing, and contrary to the plain meaning of the terms involved.

8. Defendant objects to the Request for Production in its entirety to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the terms of the Case Management Order.

9. Defendant objects to the Interrogatories in its entirety to the extent that it is outside the scope of this action and has no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case, or the production of such constitutes material protected from disclosure pursuant to the Case Management Order.

10. Defendant objects to the Request for Production in its entirety to the extent entirety to the extent that it calls for the document-by-document identification within thirty days of service of the Request for Production of those documents that are protected by the attorney-client privilege, common interest privilege, and work product protection as seeking to impose obligations beyond the scope of Federal Rules 26, 34 and 45, and beyond the scope of the Case Management Order entered in this case. Given the number of documents subject to review by Defendant further objects on the grounds that such an instruction is unduly burdensome.

11. Defendant objects to the Request for Production in its entirety to the extent that (a) the discovery sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced and are currently located in the Document Depository; (c) Plaintiff has obtained the material sought by any request or demand in any other proceeding or pursuant to any other means;(d) the documents are a matter of public record or could be obtained from Plaintiff or its counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

12. Defendant objects to the Request for Production in its entirety to the extent that it calls for information from Defendant in a capacity other than Defendant's capacity as distributor, and/or seeks discovery as to the ordinary-course business relationships between any party and Defendant or any entity related to Defendant.

13. Defendant objects to the term "any and "all" as used throughout the Request for Production as overly broad and unduly burdensome. Defendant will make a good faith, reasonable, and diligent effort to locate responsive documents consistent with any General or Specific Objections. In searching for documents, Defendant will conduct a thorough and reasonable search for its records kept in the ordinary course of business, where information, documents or other things responsive to this discovery are most likely to be found. Defendant has also sought information from those persons who are most likely to know of information or documents or other things responsive to the Request for Production. To the extent the Request for Production asks for more and seeks documents that are not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, such as backup tapes intended for disaster recovery, Defendant objects because the discovery is overly broad and unduly burdensome.

## RESPONSES AND OBJECTIONS

1. Please produce all contracts or other agreements between you and Alphatec.

**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" contracts and agreements. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Alphatec Spine, Inc. ("Alphatec"), a nonparty, is not relevant to this litigation. Further, Defendant is not subject to a non-compete agreement with Absolute Medical, LLC or NuVasive.**

2. Please produce all contracts or other agreements between you and Absolute, Absolute Medical, Inc., Absolute Medical Systems, LLC, and/or any other entity owned or controlled by Soufleris.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" contracts and agreements. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Notwithstanding said objections, Defendant has no documents responsive to this request.**

3. Please produce all Communications between you and Soufleris from June 1, 2017, to the present.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.**

4. Please produce all Communications between you and Ryan Miller from June 1, 2017, to the present.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Ryan Miller, a nonparty, is not relevant to the case.**

5. Please produce all Communications between you and Brandon Gottstein from June 1, 2017, to the present.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Brandon Gottstein, a nonparty, is not relevant to the case.**

6. Please produce all Communications (that were not responsive to Requests 3 through 5) between you and Absolute, Absolute Medical, Inc., Absolute Medical Systems, LLC, and/or any other entities owned or controlled by Soufleris from June 1, 2017, to the present.

**RESPONSE:** **Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents**

that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case.

7.  Please produce all Communications between you and Elizabeth Lukianov from June 1, 2017, to the present.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Elizabeth Lukianov, a nonparty, is not relevant to the case.

8.  Please produce all Communications between you and Craig Hunsaker from June 1, 2017, to the present.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Craig Hunsaker, a nonparty, is not relevant to the case.

9.  Please produce all Communications between you and Pat Miles from June 1, 2017, to the present.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Pat Miles, a nonparty, is not relevant to the case.

10. Please produce all Communications (that were not responsive to Requests 7 through 9) between you and Alphatec from June 1, 2017, to the present.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as Defendant is not subject to a non-compete agreement with either NuVasive or Absolute Medical, LLC.

11. Please produce all Communications between you and Dr. Paul Sawin between June1, 2017, and the present.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Dr. Paul Sawin, a nonparty, is not relevant to the case.**

12. Please produce all Communications between you and Dr. Rafael Allende between June 1, 2017, and the present.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" communications. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case as the relationship between Defendant and Dr. Rafael Allende a nonparty, is not relevant to the case.**

13. Please produce all charge sheets you submitted to or on behalf of Alphatec.
**RESPONSE: Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" charge sheets. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, in its Complaint, Plaintiff is only pursuing Defendant for conversion and under the Florida Deceptive and Unfair Practices Act ("FDUTPA") for allegedly sending NuVasive instruments to Alphatec Spine, Inc. Plaintiff has asserted no allegations against Defendant regarding charge sheets or sales, if any, on behalf of Alphatec. As such, this request is seeking documents that are irrelevant and not proportional to the needs of the case.**

14. Please produce all state and federal income tax returns that you filed or caused to be filed for calendar years 2016 and 2017.
**RESPONSE: Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, Plaintiff is only entitled to request financial records that pertain to the pending action. This is clearly a post-judgment discovery request because Plaintiff is attempting to improperly pry into the assets and business of Defendant prior to obtaining a judgment. Further, Plaintiff has made no allegations against Defendant regarding the calendar year of 2016.**

15. Please produce all requests for expense reimbursements you submitted to Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" expense reimbursements, including those from "any other participant in the spine industry". Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, in its Complaint, Plaintiff is only pursuing Defendant for conversion and under the FDUTPA for allegedly sending NuVasive instruments to Alphatec Spine, Inc. Plaintiff has asserted no allegations against Defendant regarding expense reimbursement or sales, if any, on behalf of Alphatec. As such, this request is seeking documents that are irrelevant and not proportional to the needs of the case.

      16.    Please produce all records of payments you have received from Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since March 1, 2017.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" records for payments. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, in its Complaint, Plaintiff is only pursuing Defendant for conversion and under FDUTPA for allegedly sending NuVasive instruments to Alphatec Spine, Inc. Plaintiff has asserted no allegations against Defendant regarding any payments received or sales, if any, on behalf of Alphatec. As such, this request is seeking documents that are irrelevant and not proportional to the needs of the case.

      17.    Please produce all commission statements you have received from Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since March 1, 2017.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" commission statements. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, in its Complaint, Plaintiff is only pursuing Defendant for conversion and violation of FDUTPA for allegedly sending NuVasive instruments to Alphatec Spine, Inc. Plaintiff has asserted no allegations against Defendant regarding any commissions received or sales, if any, on behalf of Alphatec. As such, this request is seeking documents that are irrelevant and not proportional to the needs of the case.

      18.    Please produce your cellular telephone records and/or bills from June 1, 2017, to the present.
**RESPONSE:** Defendant objects to this request as it is overly broad, unduly burdensome, vague, and ambiguous as Plaintiff is requesting "all" cellular phone records and bills since June 1, 2017. Defendant further objects to this request and as grounds asserts that Plaintiff seeks to discover documents that are irrelevant and outside the scope of this action and that have no relation to the claims and defenses raised in this litigation, and thus not proportional to the needs of the case. Specifically, in its Complaint, Plaintiff is only

pursuing Defendant for conversion and violation of FDUTPA for allegedly sending NuVasive instruments to Alphatec Spine, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2018, that I electronically transmitted a true copy to:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.com
Attorney for Nuvasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.com
Attorney for Nuvasive

Bryan E. Busch, Esquire
Adams and Reese, LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
bryan.busch@arlaw.com

Respectfully,

/s/ *Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369