**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUVASIVE, INC.

Plaintiff,

VS

ABSOLUTE MEDICAL , LLC, GREG SOUFLERIS, and DAVE HAWLEY

Defendant.

Case No.: 6:17-cv-2206-Orl-41GJK

**NON-PARTY ABSOLUTE MEDICAL SYSTEMS, LLC'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SUBPOENA DUCES TECUM**

COMES NOW Nonparty, ABSOLUTE MEDICAL SYSTEMS, LLC ("Nonparty" or "Absolute Systems"), by and through its undersigned counsel, and hereby files its Response and Memorandum of Law in Opposition to Plaintiff's, NUVASIVE, INC. ("Plaintiff" or "NuVasive"), Motion to Compel Responses to Subpoena *Duces Tecum* ("Motion to Compel").

**INTRODUCTION**

This case involves a contract dispute between NuVasive and Absolute Medical, LLC ("Absolute Medical") over a purported breach of the Sales Agreement. Non-Party is not a party to this action and is a separate and distinct legal entity from Absolute Medical and Greg Soufleris ("Soufleris"), defendants in this action. Yet, NuVasive is improperly utilizing the federal discovery rules to embark on a fishing expedition in an attempt to pry into Nonparty's business transactions and relationships, notwithstanding the fact the documents requested are wholly irrelevant to the claims and defenses raised in this action and, thus, not proportional to the needs

of the case. Although the scope of discovery is broad, it is not unlimited. As such, this Court should deny NuVasive's Motion to Compel.

**FACTS AND PROCEDURAL POSTURE**

On December 29, 2017, NuVasive filed a Complaint in the United States District Court for the Middle District of Florida against Absolute Medical, LLC, Greg Soufleris, and Dave Hawley ("Hawley") (collectively, "Defendants") alleging several causes of action based on an alleged breach of an Exclusive Sales Agreement, dated January 1, 2017, between Absolute Medical and NuVasive. (Compl., Doc 1). On February 15, 2018, Absolute Medical filed a compulsory counterclaim against NuVasive for its breach of the Sales Agreement due to NuVasive's failure to pay Absolute Medical owed sales commissions (Absolute Medical Answer, Doc. 26, at 18). On April 12, 2018, NuVasive served a third-party subpoena *duces tecum* ("Subpoena") on Absolute Medical Systems, Inc. ("Non-Party"), a non-party and legally separate entity from Absolute Medical. Non-party responded to NuVasive's Subpoena on April 26, 2018, providing timely responses and objections, to the extent they were necessary (Non-Party Resp. and Obj. to Sub., attached to NuVasive's Motion to Compel as Exhibit D). NuVasive filed a Motion to Compel Non-Party to provide additional responses to the Subpoena. (Mtn to Comp., Doc 57) This Court should deny NuVasive's Motion to Compel because the requests are wholly irrelevant to the claims and defenses raised in this action, and thus not proportional to the needs of the case.

**ARGUMENT**

NuVasive has failed to meet its burden in establishing the requests in its Subpoena are relevant and proportional to the claims and defenses raised in this action. On a motion to compel, the party seeking to enforce the subpoena bears the burden of proving the information it

seeks is relevant. *Costa v. Metro Life Ins. Co.*, 2018 U.S. Dist. LEXIS 5810, *5-6 (M.D. Fla. 2018). Courts have “substantial discretion” to grant or deny motions to compel discovery." *English v. Johns*, 2014 U.S. Dist. LEXIS 17073, *4 (E.D.N.C. Feb. 11, 2014) (unpublished). When considering the enforcement of a subpoena, a court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf v. Smithkline Beecham Corp.*, 2005 U.S. Dist. LEXIS 39532, *1 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Id.* Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure. *American Elec. Power Co. v. United States*, 1999 U.S. Dist. LEXIS 20289, *9-10 (Fed. Cir. 1999); Fed. R. Civ. P. 45(c)(2)(B).

**I. NuVasive is Seeking Discovery from Non-Party that is Irrelevant and Not Proportional to the Claims and Defenses Raised.**

Although, the scope of discovery under the Federal Rules is quite broad, it is not unlimited, and the courts have wide discretion when setting discovery limits. *Fadalla v. Life Auto. Prods.*, 2007 U.S. Dist. LEXIS 88890, *6 (M.D. Fla. 2007). It is axiomatic that information is not discoverable if it is not relevant, and the party seeking the discovery bears the burden to prove its requests are relevant. *Id.* The Rule 26 relevancy requirement "'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Costa,* 2018 U.S. Dist. LEXIS 5810, *5-6; Fed. R. Civ. P. 26(b)(1). Although the relevancy standard is broad, contracts

entered into between defendants and non-parties, and not contained in the claims or allegations or as part of the defenses raised, are irrelevant. *Herman v. Seaworld Parks & Entm't, Inc.*, 2016 U.S. Dist. LEXIS 90880, *1 (M.D. Fla. 2016) ("Discovery is shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation.")

Additionally, discovery must be proportional to the needs of the case. *Flynn v. Square One Distrib., Inc.*, 2016 U.S. Dist. LEXIS 68645, *4 (M.D. Fla. May 25, 2016); *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676–77 (S.D. Ga. Jan. 4, 2016) (court denied plaintiff's motion to compel irrelevant material to prevent needless litigation costs, which would defeat Rule 26(b)(1)'s goal of proportionality). Factors concerning proportionality "must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Digital Assur. Certification, LLC v. Pendolino*, 2017 U.S. Dist. LEXIS 160399, *24 (M.D. Fla. 2017). To satisfy the proportionality requirement, the requested information "must be more than tangentially related to the issues that are actually at stake in the litigation." *Flynn.*, 2016 WL 2997673, at *4; *Edmonson v. Velvet Lifestyles, LLC*, 2016 WL 7048363, at *7 (S.D. Fla. Dec. 5, 2016) ("Plaintiffs here must make a 'threshold showing' and confront reality that '[m]ere speculation that information might be useful will not suffice.'"). Discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1163 (l0th Cir. 2010); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)("[T]he discovery rules do not permit the [parties] to go on a fishing expedition.")

Finally, Florida law treats corporate entities and limited liability companies as independent legal entities that exist separately from the people who own, control, or manage them. *Oginsky v. Paragon Props. of Costa Rica LLC,* 784 F. Supp. 2d 1353, 1373 (S.D. Fla.

2011) ("In general, a corporation is a separate legal entity, distinct from the persons comprising it.").

Here, NuVasive is improperly engaging in a fishing expedition by requesting documents from Nonparty that are entirely irrelevant to the claims and defenses raised in this action. Non-Party is a separate and distinct legal entity from Absolute Medical and Greg Soufleris and Florida law requires that it must be treated as such. Nevertheless, NuVasive is improperly asking this Court to take great liberties in making assumptions and inferences in NuVasive's favor without it having to first prove its case. Specifically, NuVasive is asking this Court to assume (1) that there is a valid non-compete agreement between Absolute Medical and NuVasive, (2) that there is a valid non-compete agreement between Absolute Medical and Hawley, (3) that NuVasive has standing to assert breaches of such agreement against Hawley as a third party, and (4) that such agreements were actually breached. NuVasive is requesting discovery about claims it has not yet proven, or even alleged. As such, NuVasive is neglecting to take the legal steps necessary to avail itself of this type of discovery from Nonparty.

Further, NuVasive bears the burden in its Motion compelling production of documents to show why its requests are relevant. NuVasive has failed to meets its burden. Specifically, NuVasive has failed to set forth any explanation as to how Non-Party's contracts, charge sheets, payments received, commission statements, and other financial documents are relevant to the claims and defenses in this action. Non-Party is baffled as to how the commissions that its purported sales representatives earn could have any plausible bearing on the claims. NuVasive's Subpoena is attempting to skirt the legal process and skip straight to post-judgment discovery as its requests to Non-Party have no bearing on the claims and defenses to the causes of action currently raised. In fact, in its Motion, in an effort to support its request for documents from

Non-Party, NuVasive relies heavily on paragraph 9 of its Complaint, in which it alleges the following:

> Soufleris is Absolute Medical's president and sole member. He is a citizens of the state of Florida who resides in Heathrow, Florida. Upon information and belief, Soufleris exercises complete control and dominion over Absolute Medical and has transferred funds out of Absolute Medical's accounts into other businesses and entities that he controls so that, among other reasons, ***Absolute Medical's creditors cannot collect on any claims or judgments against it*** (emphasis added)**.**

(Motion to Comp. at 3; Compl. Doc. 1, at ¶ 9). Notably, NuVasive admits that it is seeking this information in order execute a judgment, if one is entered. Even if the discovery bar is relatively low, it is not unlimited.

Moreover, in its Motion, NuVasive emphasizes the fact that Non-Party is in a relationship with Alphatec Spine, Inc. ("Alphatec"). However, there are no allegations in the Complaint concerning Non-Party or even why it is unlawful for Non-Party to be in a contractual relationship with Alphatec, another nonparty to this litigation. The business relationships of Non-Party and Alphatec are not before this Court. At this stage in litigation (meaning pre-judgment), it is simply irrelevant whether Non-Party, a separate and distinct legal entity from Absolute Medical and Soufleris, is in a contractual relationship with Alphatec.

Finally, even if this Court considered some of the discovery requests as relevant, they should be narrowly tailored and limited to the allegations in the Complaint.

## II. Non-Party Has a Right to Conceal its Trade Secrets and Confidential Information From NuVasive.

Non-Party has the right to conceal its trade secrets and confidential information from NuVasive as NuVasive is a direct competitor of Non-Party in the spinal industry and its discovery requests are nothing more than a shell to discover the inner workings of Non-Party's business and clients. A court may deny a motion to compel responses to a subpoena that requires

"disclosing a trade secret or other confidential research, development, or commercial information." *United States ex rel. v. SouthernCare, Inc.* 2015 U.S. Dist. LEXIS 127746, *9 (S.D. Ga. 2015) citing Fed. R. Civ. P. 45(d)(3)(B)(i); *Fadella v. Life Auto. Prods.*, 2007 U.S. Dist. LEXIS 88890, *6 (M.D. Fla. 2007). Additionally, courts weigh the claim to privacy against the need for disclosure, and commonly enter a protective order restricting disclosure." *Festus & Helen*, 432 F. Supp. 2d at 1380.; *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC*, 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.") .

In its Subpoena, NuVasive has requested contracts, agreements, records, financial information, and communications between Non-Party and its clients, its sales representatives, business associates, and "any other participant in the medical device industry." (Subpoena). NuVasive is a competitor in the same industry as Non-Party and its requests are patently not related or relevant to the claims in this action, and it appears that NuVasive is only attempting to obtain this information to gain a competitive advantage over Non-Party. Compelling Non-Party to reveal this information, when it clearly has no bearing on the claims raised in this action, will only result in significant harm to Non-Party's continued business in this industry.

**III. <u>Non-Party Has Provided Sufficient Responses to NuVasive's Subpoena.</u>**

Non-Party has provided more than sufficient responses and objections to NuVasive's Subpoena based on the claims and defenses raised in this action, which is all that it is required to do under the federal discovery rules[1]:

[1] *See* Non-Party Resp. and Obj. to Sub., attached to NuVasive's Motion to Compel as Exhibit D.

**Request No. 2:** NuVasive requests "all contracts or other agreements" between Non-Party and Alphatec.

NuVasive has failed to set forth any reason why contracts, agreements, or any records between two non-parties is relevant to this action or proportional to the claims and defenses raised.

**Request No. 5, 6, 7, and 8:** NuVasive requests

- all contracts or agreements between Non-Party and Soufleris (or any entity owned by Soufleris);
- all contracts or agreements between Non-Party and Hawley (or any entity owned by Hawley);
- all contracts or agreements between Non-Party and Ryan Miller (or any entity owned by Ryan Miller);
- all contracts or agreements between Non-Party and Brandon Gottstein (or any entity owned by Brandon Gottstein);

NuVasive has failed prove why contracts between Non-Party, a separate and distinct legal entity from Absolute Medical, and its purported sales representatives, is relevant to this action or proportional to the claims and defenses raised.

**Request No. 9:** NuVasive requests all records related to transactions between Non-Party and Absolute Medical, LLC, Absolute Medical, Inc. and "any other entity controlled by Greg Soufleris or Lindsey Soufleris."

Non-Party sufficiently responded that it has no records between Non-Party and Absolute Medical, LLC or Absolute Medical, Inc. However, NuVasive has failed to show how records between Non-Party and any other entity that Soufleris or his wife own (or control) are relevant to any of the claims raised. Rather, these post-judgment discovery requests are clearly aimed at discovering Soufleris's assets and financial records prior to actually obtaining a judgment.

**Request No. 10.** NuVasive requests all contracts between Non-Party and "any other participant in the medical device industry."

Non-Party is baffled as to how its contracts or agreements with other business entities is relevant to this action. Non-Party is not a party to this action and therefore does not need to defend its business decisions or relationships. This is the most blatant example of an impermissible discovery request that amounts to a fishing expedition in violation of the discovery rules. *Edmonson*, 2016 WL 7048363, at *7.

**Request No. 10:** NuVasive requests all documents related to its initial funding.

NuVasive has failed to meet its burden, or even set forth any facts, in showing how documents related to Non-Party's initial funding are relevant to the claims and defenses raised, especially at this pre-judgment stage of litigation where NuVasive has not proven any of its causes of action regarding piercing the corporate veil or alter ego.

**Requests No. 12 through 17**: NuVasive requests communication between Non-Party and several physicians.

NuVasive has failed to meet its burden in showing how communications between Non-Party and its purported clients is relevant to the claims and defenses raised in this action. Communications between these two non-parties is irrelevant and not proportional to the needs of the case. Proportionality requires the discovery requests be related to the "actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Digital Assur. Certification, LLC v. Pendolino,* 2017 U.S. Dist. LEXIS 160399, *24 (M.D. Fla. 2017).

**Requests No. 18:** NuVasive is requesting copies of all contracts that have been assigned to Non-Party.

Again, Non-Party is baffled as to how its contracts that have been assigned to Non-Party are relevant to this action. Non-Party is not a party to this action and therefore does not need to defend its business decisions or relationships.

**Request 19 through 21:** NuVasive is requesting records concerning Non-Party's financials.

Any inquiry into Non-Party's financials is wholly irrelevant, or at best, premature at this point in litigation. If a judgment is entered against Soufleris, then at that point, there may be a need to request some of these documents.[2]

---

[2] To be clear, Non-Party is not stating these requests are proper post-judgment requests; rather, Non-Party is making a point that these discovery requests should be made, if at all, at the post-judgment/collections stage as they are clearly related to the discovery of financial assets for collection purposes– as admitted by NuVasive in its Motion. (Mtn, to Comp. at 3)

## CONCLUSION

WHEREFORE, Nonparty ABSOLUTE MEDICAL SYSTEMS, LLC respectfully requests that the Court enter an Order denying NuVasive's Motion to Compel, and for other such relief this Court deems just and proper.

Dated: May 25, 2018

Respectfully submitted,

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369
ADAMS AND REESE, LLP
350 E. Las Olas Boulevard 1110
Ft. Lauderdale, FL 33301
Phone: 954.541.5390
Chantal.pillay@arlaw.com
Teesha.kittilson@arlaw.com

Bryan E. Busch, Esq. (*Pro Hac Vice)*
bryan.busch@arlaw.com
ADAMS AND REESE L.L.P.
3424 Peachtree Road N.E., Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 (Telephone)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of May, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.Com
Attorney for NuVasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
Attorney for NuVasive

Thomas Mcfarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.Com
Attorney for NuVasive

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369