**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| NUVASIVE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:17-cv-2206-Orl-41GJK |
| ) | |
| ABSOLUTE MEDICAL, LLC, GREG ) | |
| SOUFLERIS, and DAVE HAWLEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**NUVASIVE, INC.'S MOTION AND INCORPORATED MEMORANDUM OF LAW FOR LEAVE TO AMEND ITS COMPLAINT TO ADD DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), Plaintiff NuVasive, Inc. ("NuVasive") respectfully moves this Court, for good cause shown, to permit it to amend its complaint to add Absolute Medical Systems, LLC ("AMS") and Ryan Miller as defendants (collectively "the proposed Defendants"). The proposed amended complaint is attached as Exhibit A.

**INTRODUCTION**

This case is an effort by NuVasive to prevent the current Defendants and the proposed Defendants from unfairly competing with NuVasive. Defendant Absolute Medical, LLC ("Absolute Medical") is an exclusive distributor of NuVasive's products and has breached its contractual obligations to NuVasive. Through discovery, which is still ongoing, and NuVasive's independent investigation, it has become clear that Defendant, Greg Soufleris, the sole member, president, and registered agent of Absolute Medical, dissolved Absolute Medical

and formed AMS (and other entities) in an attempt to avoid Absolute Medical's contractual obligations to NuVasive. Discovery and NuVasive's investigation has also revealed Miller's involvement in perpetrating the wrongful conduct alleged in NuVasive's complaint.

With respect to AMS, information obtained by NuVasive after it filed the original complaint reveals that AMS is Absolute Medical's successor in interest. Soufleris formed AMS in November 2017—about three days after he attempted to terminate Absolute Medical's agreement with NuVasive. Like Absolute Medical, AMS is a distributor of products used to treat spinal disease. However, AMS distributes products manufactured by NuVasive's competitor Alphatec Spine, Inc. ("Alphatec"). AMS is a single-member Florida limited liability company, which maintains its principal place of business at 8901 Lee Vista Blvd., Unit 3003, Orlando, Florida. Soufleris is also AMS's sole member, president, and registered agent.[1] The Lee Vista address is a condominium owned by Soufleris and appears to have been the previous address used by Absolute Medical before it was dissolved in February 2018. When Soufleris dissolved Absolute Medical, it also appears that he transferred a significant portion of Absolute Medical's assets to AMS. These facts and others revealed during discovery and by NuVasive's independent investigation of this matter demonstrate that AMS is Absolute Medical's successor in interest—AMS should be joined in this action to provide NuVasive with complete relief and to protect its interests.

NuVasive has also learned that proposed Defendant Miller was a sales representative for Absolute Medical who now works as a sales representative for AMS. Miller currently sells

---

[1]Soufleris and AMS' employees who previously worked for Absolute Medical also use the same phone numbers and email addresses to conduct AMS' business as they used to conduct Absolute Medical's business.

products on behalf of AMS that compete with NuVasive's products. Miller sells the competing products to the same customers he sold NuVasive's products. As such, as with Soufleris and Hawley, NuVasive should be permitted to amend its complaint to obtain relief against Miller.

**STANDARD**

When the court has established a specific deadline for amendments to the pleadings, a party must establish good cause for seeking leave to amend after that deadline under Federal Rule of Civil Procedure 16(b)(4). *See Durham Comm. Cap. Corp. v. Select Portfolio Serv., Inc.*, No. 3:14-cv-877-J-34PDB, 2017 WL 6406806, at *5 (M.D. Fla. Dec. 15, 2017). In determining whether good cause exists under Rule 16(b)(4), the court must consider whether the moving party acted diligently. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Diligence is evaluated by considering: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether, even after acquiring the information arguably supporting amendment, the plaintiff delayed in seeking said amendment. *See Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1368 (S.D. Fla. 2011); *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

If good cause exists under Rule 16(b)(4), the court must next consider whether amendment of the pleadings is proper under Federal Rule of Civil Procedure 15.[2] Rule 15(a)(2)

---

[2]Federal Rule of Civil Procedure 21, which provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," also governs a request to amend a pleading to add a party. However, since the analysis under Rule 21 is almost identical to that of Rule 15(a)(2), NuVasive limits its argument to Rule 15, but notes that Rule 21 would apply

provides that a party may amend its pleadings by leave of court or by written consent of the adverse party, and the court should freely give leave to amend "when justice so requires." In this way, Rule 15(a)(2) defines a court's discretion and requires a court to provide a "justifying reason" for denying leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" *See Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (citing *Foman*, 371 U.S. at 182).

## ARGUMENT

Although NuVasive seeks leave to amend its complaint after the deadline for amendments to pleadings set in this Court's case management order (Doc. 46), NuVasive has acted diligently in seeking leave to amend and has satisfied Rule 16(b)(4)'s good cause requirement. First, and most significantly, NuVasive did not become aware of the need for the amendment until it began discovery in this case and the discovery revealed the extent to which AMS and Absolute Medical are related. Additionally, despite NuVasive's timely discovery requests, Defendants and AMS (as a recipient of a nonparty subpoena duces tecum), have yet to produce documents responsive to NuVasive's relevant discovery requests. Indeed, AMS's inadequate subpoena responses are currently the subject of a motion to compel pending before the Court. (*See* Doc. 57). Discovery in this case has been fairly contentious and NuVasive has had difficulty obtaining relevant discovery from Defendants and nonparties alike. Because

---

with equal force. *See, e.g.*, *Mora v. Nico's Transp., Inc.*, No. 08-20184-CIV-GOLD/McAliley, 2008 WL 11331726, at *1 (S.D. Fla. Oct. 1, 2008).

4

discovery in this case has been lacking, NuVasive has also diligently performed its own independent investigation, which has similarly revealed facts demonstrating the need to add AMS and Miller as defendants to fully and adequately resolve the harm being caused to NuVasive by the Defendants and proposed Defendants.

Second, the deadline to amend pleadings was May 4, 2018. (Doc. 46). This motion, filed approximately four weeks after that deadline, is not excessively untimely. Upon learning of the need to add AMS and Miller as parties, NuVasive has sought leave to amend as soon as practicable. Therefore, NuVasive has acted diligently and has not delayed in seeking an amendment to the complaint. As such, NuVasive has demonstrated the requisite diligence to meet the requirements of Rule 16(b)(4).

NuVasive has also satisfied Rule 15(a)(2). The proposed amendment to the complaint would serve the parties in efficiently and effectively resolving the claims raised by the complaint because it would ensure that NuVasive's claims were fully adjudicated against the responsible parties and that the injunctive relief sought by NuVasive is effective in preventing irreparable harm. Although Soufleris dissolved Absolute Medical, it effectively continues to do business under the guise of AMS. If AMS is not joined in this action and similarly prohibited from violating Absolute Medical's agreement with NuVasive, NuVasive will continue to be irreparably damaged and it will not be adequately protected by any injunctive relief granted. Defendants and proposed Defendants continue to unfairly compete with NuVasive, which is causing NuVasive immediate, continuing, and irreparable harm. In this ongoing dispute, it would serve all the parties' interests to adjudicate and resolve NuVasive's claims in one action.

5

Additionally, the amendment would not be prejudicial to any party. It is clear from the discovery conducted thus far that AMS is simply an alter ego of Absolute Medical. And AMS is clearly aware of this action because Soufleris controls both Absolute Medical and AMS and AMS has been the recipient of nonparty discovery. Both AMS and Absolute Medical are represented by the same attorneys. Through Soufleris and its attorneys, AMS is apprised of the progress of this case and the discovery conducted thus far. Because the two entities are so closely intertwined and the defense of the two entities will likely be combined, there will be no or minimal need to extend any of the deadlines in this case to allow AMS to get up to speed.

The addition of Miller as a defendant will also have a negligible effect on the progress of the case. The claims NuVasive desires to assert against Miller as a former employee of Absolute Medical and a current employee of AMS are identical to those asserted against Soufleris and Hawley. Miller will likely be represented by the same counsel who represent Soufleris and Hawley. The progress of this case would be minimally impeded by Miller's addition.

Because the addition of AMS and Miller would aid in the efficient and fair adjudication of this matter and because it would not be prejudicial to any party, Rule 15(a)(2) has been satisfied.

## **CONCLUSION**

For the foregoing reasons, NuVasive respectfully requests that the Court grant its motion and give NuVasive leave to amend its complaint to add AMS and Miller as defendants.

## **Local Rule 3.01(g) Certification**

Counsel for NuVasive has conferred with counsel for Defendants in good faith, and Defendants are **opposed** to the relief requested in this motion.

Dated: June 5, 2018

        Respectfully submitted,

        /s/Diana N. Evans
        Diana N. Evans (Fla Bar No. 98945)
        Dnevans@bradley.com
        R. Craig Mayfield (Fla Bar No. 0429643)
        CMayfield@bradley.com
        **BRADLEY ARANT BOULT CUMMINGS LLP**
        2200 North Tampa Street, Suite 2200
        Tampa, FL 33602
        Phone:  (813) 559-5500
        Fax:  (813) 229-5946

        Christopher W. Cardwell, Esq. (Pro Hac Vice)
        M. Thomas McFarland, Esq. (Pro Hac Vice)
        **GULLETT, SANFORD, ROBINSON & MARTIN, PLLC**
        150 Third Avenue South, Suite 1700
        Nashville, TN 37201
        (615) 244-4994 (Telephone)
        (615) 256-6339 (Facsimile)
        ccardwell@gsrm.com
        tmcfarland@gsrm.com

        **Attorneys for NuVasive, Inc.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 5, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Bryan Busch
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3702
Fax: (470) 427-3676
Bryan.busch@arlaw.com

Laura H. Mirmelli
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3716
Fax: (404) 500-5975
Laura.mirmelli@arlaw.com

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL  33301
Phone: (954) 541-5390
Chantal.pillay@arlaw.com

Louis M. Ursini
Adams and Reese LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL  33602
Phone:  (813) 227-5536
Fax:  (813) 227-56-36
Louis.ursini@arlaw.com

*Attorneys for Defendants*

                                                                        *s/Diana Evans*
                                                                         Diana Evans
                                                                         Attorney for NuVasive, Inc.