**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUVASIVE, INC.,

    Plaintiff,

v.    Civil Case No. 6:17-cv-2206-Orl-41GJK

ABSOLUTE MEDICAL, LLC, ABSOLUTE
MEDICAL SYSTEMS, LLC, GREG
SOUFLERIS, DAVE HAWLEY, and
RYAN MILLER,

    Defendants.

## NUVASIVE'S REPLY TO RESPONSE TO MOTION TO COMPEL RESPONSES TO SUBPOENA *DUCES TECUM*

This Court should order Absolute Medical Systems, LLC ("AMS") to fully respond to the subpoena *duces tecum* served by NuVasive, Inc. ("NuVasive") on April 12, 2018 ("Subpoena").[1] AMS claims the Court should excuse its non-compliance because: (a) NuVasive failed to meet the low burden of showing relevancy; and (b) NuVasive seeks irrelevant information to obtain its trade secrets. (Doc. 62). Neither position has merit.

### I.   ARGUMENT

The information the Subpoena seeks is relevant and proportional to the claims and defenses; and NuVasive does not seek production of irrelevant information to obtain AMS' trade secrets. Accordingly, the Court should compel AMS' response.

---

[1] Because AMS was not a party when service occurred and the motion was filed, the Court may still consider the motion. *Dig. Assurance Cert., LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *7 (M.D. Fla. Sep. 29, 2017) (considering a motion to compel, where the plaintiff served the subpoena upon a non-party and filed a motion to compel prior to adding the non-party as a defendant).

A. **The information sought by the Subpoena is relevant and proportional to the claims and defenses raised.**

First, contrary to AMS' claim, the information sought in the Subpoena is relevant and proportional to the claims and defenses. This information: (a) directly relates to NuVasive's claims (including the claim that Greg Soufleris ("Soufleris") is unfairly competing with NuVasive); (b) NuVasive cannot seek the information from another source; and (c) the benefit of the information outweighs the burden and expense in producing the information.

The Rule 26 standard applies to information sought through a Rule 45 subpoena. Under this standard, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *SEC v. Rex Venture Grp., LLC*, No. 5:13-MC-004-WTH-PRL, 2013 WL 1278088, at *3 (M.D. Fla. Mar. 28, 2013) (internal quotation marks omitted). And a discovery request is "relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.*

Courts examining whether discovery requests are proportional consider:

(a) "the importance of the issues at stake in the action," (b) "the amount in controversy," (c) "the parties' relative access to relevant information," (d) "the parties' resources," (e) "the importance of the discovery in resolving the issues," and (f) "whether the burden or expense of the proposed discovery outweighs its likely benefit."

*Herman v. Seaworld Parks & Entm't, Inc.*, No. 8:14-cv-3028-T-35JSS, 2016 WL 3746421, at *2 (M.D. Fla. July 13, 2016) (quoting Fed. R. Civ. P. 26(b)(1)). Materials "need not be admissible in evidence to be discoverable." *Id.* (citations omitted).

Here, NuVasive's complaint (and now its amended complaint) includes allegations that: (a) Soufleris and former Absolute Medical sales representatives are unfairly competing with NuVasive; (b) this unfair competition involves NuVasive's former Absolute Medical surgeon-customers; and (c) Soufleris has abused the corporate form and transferred Absolute Medical's business and assets to other businesses that he controls, including AMS. (*See, e.g.*, Compl., Doc. 1). By way of example, Soufleris and Hawley consistently and falsely claimed—under oath and penalty of perjury—that some of Absolute Medical's sales representatives, including Hawley and Miller, refused to sign non-compete agreements and that such agreements do not exist. (Pre-Hearing Memo, Doc. 60). AMS—which Soufleris also controls and appears to be one of the entities which he transferred assets to and uses to violate the agreement with NuVasive—admits it has contracts with sales representatives but refuses to provide them. Clearly, the contracts between the sales representatives and the company that Soufleris utilizes to unfairly compete with NuVasive "bear[] on, or [] reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Rex Venture Grp., LLC*, 2013 WL 1278088, at *3.

Further, the requests are proportional as they go to whether Absolute Medical breached its contract with NuVasive and the extent that NuVasive was, and continues to be, damaged by the breach. The amount in dispute is considerable as NuVasive estimates Absolute Medical would average around $1,500,000 per year in commissions, which is only a portion of what NuVasive would earn from the sales and Absolute Medical breached the agreement in the first year of a five-year contract. (Compl., Doc. 1 at ¶ 18). Additionally, NuVasive is unable to get the information from any other source. It should not be difficult or

costly for AMS to produce the requested documents as they are not voluminous and, presumably, the attorneys reviewed them prior to objecting to the Subpoena. Thus, the burden on AMS is slight compared to the value of the information to NuVasive.

### B. **AMS does not and cannot show that the relevant information is a trade secret.**

Contrary to AMS' assertion, the Subpoena does not seek irrelevant information in order to obtain its trade secrets. First, as stated above, the Subpoena seeks relevant information. Second, courts do not automatically deny motions to compel disclosure simply because a non-party asserts that the information sought is a trade secret.[2] *NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 WL 6780879, at *4 (M.D. Fla. Dec. 27, 2011) (finding that simply asserting disclosure would give a competitor a competitive advantage is not enough to deny a motion to compel). First, the non-party must show that the requested discovery is a trade secret.[3] *Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535–36 (M.D. Fla. 2003). Next, the non-party must demonstrate that the disclosure might be harmful. *Id*. at 536. Then, the burden shifts to the party seeking the information to show that the information is relevant. *Id*.

Here, NuVasive does not seek information that requires AMS to disclose trade secrets and AMS does not suggest that it does. NuVasive cannot derive any value from the contracts—contracts assigned to AMS, and records from transactions between AMS and

---

[2] If AMS believed that the information is a trade secret, it could have sought a protective order or requested that the parties enter into a confidentiality agreement, which NuVasive was and still is amenable to doing. It did neither.

[3] Under Florida law, a trade secret means "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Fla. Stat. § 688.002.

other entities and individuals beyond proving its claims against Defendants. The same can be said for documentation regarding AMS' initial capitalization. Additionally, to the extent that NuVasive seeks communications between AMS and doctors who previously used NuVasive products and operate in the territory previously covered by Defendants, NuVasive already knows of their names, which is the only information that could be considered confidential by AMS. *See Fadalla v. Life Auto. Prods.,* 258 F.R.D. 501, 505 (M.D. Fla. 2007). Further, AMS does not suggest the charge sheets submitted to Alphatec and records of payment are subject to reasonable efforts to maintain their secrecy and are valuable information. Finally, AMS does not show how commission statements that AMS provided to its sales representatives constitute trade secrets and, in fact, they are not.

Even if AMS shows that the information sought constitutes a trade secret, AMS does not demonstrate that disclosure would be harmful. In fact, the only way that the information would assist NuVasive is by providing a "full and accurate understanding of the true facts" against Defendants—which is one of the purposes of discovery. *Hunter's Ridge Golf Co. v. Ga.-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006). NuVasive more than meets its burden of showing that the information sought from AMS, which Soufleris is using to unfairly compete with NuVasive, is relevant.

## II.   CONCLUSION

NuVasive is entitled to a complete response to its Subpoena. The sought-after information is proportional to this case and does not constitute a trade secret. Thus, the Court should compel AMS to fully respond to the Subpoena.

Dated: June 14, 2018

Respectfully submitted,

*s/Diana N. Evans*
R. Craig Mayfield (Fla. Bar No. 0429643)
cmayfield@bradley.com
Diana Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff NuVasive, Inc.*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 14, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

| | |
|---|---|
| Bryan Busch<br>Adams and Reese LLP<br>3424 Peachtree Road, NE, Suite 1600<br>Atlanta, GA 30326<br>Phone: (470) 427-3702<br>Fax: (470) 427-3676<br>bryan.busch@arlaw.com<br>*Attorney for Defendants* | Laura H. Mirmelli<br>Adams and Reese LLP<br>3424 Peachtree Road, NE, Suite 1600<br>Atlanta, GA 30326<br>Phone: (470) 427-3716<br>Fax: (404) 500-5975<br>laura.mirmelli@arlaw.com<br>*Attorney for Defendants* |
| Chantal M. Pillay<br>Adams and Reese LLP<br>350 E. Las Olas Boulevard, Suite 1110<br>Ft. Lauderdale, FL 33301<br>Phone: (954) 541-5390<br>Fax: (954) 530-5391<br>Chantal.pillay@arlaw.com<br>*Attorney for Defendants* | Louis M. Ursini<br>Adams and Reese LLP<br>101 E. Kennedy Boulevard, Suite 4000<br>Tampa, FL 33602<br>Phone: (813) 227-5536<br>Fax: (813) 227-56-36<br>Louis.ursini@arlaw.com<br>*Attorney for Defendants* |

                                                        s/*Diana Evans*
                                                        Diana Evans

                                                        *Attorney for NuVasive, Inc.*