UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC. )
)
)
    Plaintiff, )
)
VS )  Case No.: 6:17-cv-2206-Orl-41GJK
)
ABSOLUTE MEDICAL, LLC, GREG )
SOUFLERIS, and DAVE HAWLEY )
)
    Defendant, )
_____)

**DEFENDANT GREG SOUFLERIS'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

    COMES NOW, Defendant, Greg Soufleris ("Soufleris") ("Defendant"), by and through his undersigned counsel, and pursuant to Rules 8(a) and 12(b)(6), hereby files this Motion to Dismiss First Amended Complaint for Injunctive Relief and Damages and Incorporated Memorandum of Law in Support ("Motion to Dismiss").

**RELEVANT FACTS**

    Absolute Medical was in the business of selling medical products and devices on behalf of distributors to hospitals and doctors within a certain territory in Florida. (Soufleris Dec., Doc 38, Ex. 1, at ¶ 2). Absolute Medical entered into a Sales Agreement with NuVasive on January 1, 2017, for the sale of medical devices and implants used to treat spine disease. (Id. at ¶ 3). Under the terms of the Sales Agreement, NuVasive appointed Absolute Medical as its sales representative to solicit orders for and promote products within a certain territory. (Id. at ¶ 4). Subsequently, based on a material loss of revenue from a reduction of its sales territory along with the loss of key sales representatives and clients, Absolute Medical determined it was no

longer financially feasible to continue operating and determined it necessary to dissolve. (Id. at ¶¶ 7, 14). Since Absolute Medical's decision to dissolve, it has not conducted any business, other than to wind down its affairs. (Id.) On December 29, 2017, NuVasive filed a Complaint against Absolute Medical, Greg Soufleris ("Soufleris"), and Dave Hawley ("Hawley") for an alleged breach of the Sales Agreement, among other claims. (*See* Compl., Doc. 1). On February 6, 2019, NuVasive filed a Motion and Incorporated Memorandum of Law for Preliminary Injunction ("Motion for Preliminary Injunction"). (Mtn for Prelim. Inj., Doc. 19). This Court entered an Order on May 15, 2018, in which it denied NuVasive's request for a preliminary injunction to specifically enforce the Sales Agreement against Absolute Medical; however, the Court scheduled an evidentiary hearing for June 28, 2018[1], to address whether NuVasive can enforce the non-competes against Defendants. (Doc. 58, 61). NuVasive's Amended Complaint for Injunctive Relief and Damages ("Amended Complaint") was deemed filed on June 7, 2018, in which NuVasive is pursuing Soufleris for statutory limited liability under Fla. Stat. § 605.0101, piercing the corporate veil, tortious interference, and for a violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). This Court should dismiss Counts VI, VII, VIII and IX of NuVasive's Amended Complaint for its pleading deficiencies, including failure to state a cause of action and improper pleading and reincorporation of previously-plead facts in violation of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

It is well-established that state substantive law and federal procedural law apply when a federal court considers a case that arises under diversity jurisdiction. *S-Fer Int'l, Inc. v. Stonesheets, L.L.C.*, No. 14-24662-CIV-GRAHAM/SIMONTON, 2016 U.S. Dist. LEXIS

---

[1] This Court originally scheduled the evidentiary hearing for May 25, 2018, however, it rescheduled it to June 7, 2018, and later rescheduled it to June 28, 2018.

190241, at *7 (S.D. Fla. July 22, 2016) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

## RULE 8(a) and RULE 12(b)(6)

Under Rule 8, allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and it will view the pleadings in the light more favorable to the non-moving party. *Am. United Life Ins. Co. v. Martinez*, 480 F. 3d 1043, 1066 (11th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "For a claim to have facial plausibility and survive a motion to dismiss, a plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *S-Fer Int'l, Inc. v. Stonesheets, LLC*, 2016 U.S. Dist. LEXIS 190241, *6 (S.D. Fla. 2016). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal of a compliant or a portion thereof is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Plaintiff's meritless and factually devoid complaint does not meet the pleading requirements of *Iqbal, Twombly,* or Rule 8.

NuVasive's Amended Complaint is replete with shot gun pleading, failure to incorporate any factual allegations, or misidentification of allegations. Thus, the Amended Complaint fails to meet the basic pleading requirements set out by *Iqbal, Twombly,* and Rule 8.For these reasons, dismissal is required.

**I.  Count VI (Statutory Individual Liability against Soufleris) Should be Dismissed for Lack of Standing and Failure to State a Cause of Action.**

Count VI for statutory liability against Soufleris, for reasons unknown, reincorporates only some general allegations (1-25) and only paragraphs 82-96 of Count III, a portion of a breach of contract claim against Absolute Medical Systems, LLC. (Amended Complaint ¶109). It would be impossible for Soufleris to be forced to respond to this count based on the reincorporation of nearly all of a separate count against a different defendant, which is clearly in violation of Rule 8 requiring a "short and plain statement of the claim showing that the pleader is entitled to relief."

Further, NuVasive alleges that Soufleris breached his fiduciary duties of loyalty and care to Absolute Medical by (1) dissolving Absolute Medical, (2) purportedly transferring Absolute Medical assets to AMS or other companies Soufleris' owns/controls, (3) purportedly forming AMS to avoid Absolute Medical's obligations to NuVasive, (4) purportedly precluding Absolute Medical from complying with its contractual obligations to NuVasive, and (5) purportedly intentionally subjecting Absolute Medical to liability. (*See* Amended Complaint ¶¶ 109-112). However, NuVasive fails to cite the statute or cause of action that would provide the legal basis for what NuVasive has titled "Statutory Individual Liability Against Soufleris." (*Id.*) This in and of itself should require the Plaintiff to plead more specifically.  First, NuVasive failed to state what section in 605.04093, Florida Statute, it is moving under for statutory liability – and what provision allows it to bring this action and recover.  Count VI should be dismissed for failing to

4

meet the pleading standards of Rule 8. Soufleris cannot reasonably respond to the Amended Complaint.

However, if NuVasive's cause of action is for breach of a fiduciary duty, as is Defendant's best guess (Amended Complaint ¶¶ 111-115), it should be dismissed for lack of standing. NuVasive cannot bring an action against Soufleris related to his fiduciary duties to Absolute Medical. NuVasive has failed to allege standing, and lacks standing, to bring such an action. In order to bring a claim under Fla. Stat. § 605.04093, plaintiff must bring a (1) direct action or (2) derivative action. Notably, it appears that NuVasive is bringing this action on behalf of Absolute Medical without ever explaining its ability or standing to do so. Fla. Stat. §§ 605.0801, 605.0802 allow for a direct action (action brought by a member of an LLC) or a derivative action (action brought on behalf of an LLC). However, NuVasive's claim should be dismissed because NuVasive lacks individual standing to bring a direct claim as it is not a member of Absolute Medical and NuVasive lacks standing to bring a derivative claim on behalf of Absolute Medical for that same reason - it is not a member.

Finally, NuVasive is alleging that "Soufleris breached his fiduciary duties of loyalty to Absolute Medical." (Amended Complaint ¶¶ 111-115). In order to state a claim for breach of fiduciary duties, it is axiomatic that there must be a fiduciary relationship between the parties. *State v. Jackson*, 380 So. 2d 616, 619 (La. 1980) (corporate officers, controlling a corporation through ownership of a majority of the stock, have a fiduciary relation to minority stockholders). "Florida common law defines the relationship of a director and of an officer to the corporation and its stockholders as that of a fiduciary and requires a director to act with fidelity and the utmost good faith." *Farber v. Servan Land Co.*, 662 F.2d 371, 377 (5th Cir. 1981). "The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary relationship; (2)

breach of a duty owed by the fiduciary; and (3) proximate cause." *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1307 (S.D. Fla. 2013) (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)). "[A] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation." *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002), *XP Glob., Inc. v. AVM, L.P.*, No. 16-cv-80905-BLOOM/Valle, 2016 U.S. Dist. LEXIS 157225, at *7 (S.D. Fla. Nov. 14, 2016).

The Revised Florida Limited Liability Act ("Act") addresses fiduciary duties in Fla. Stat. § 605.04091, and explicitly states:

> (1) Each manager of a manager-managed limited liability company and member of a member-managed limited liability company owes fiduciary duties of loyalty and care to the limited liability company and members of the limited liability company…

Missing from the Act is an explicit cause of action for third parties. Furthermore, at least one court interpreting Fla. Stat. § 605.04091 has recognized that no fiduciary duty is owed to third parties, even if fiduciary duties are owed to members of the LLC. *Morris v. Zimmer*, 637 F. App'x 654 (2d Cir. 2016). Thus the court must dismiss this cause of action against Soufleris as inadequately plead under Rule 12(b)(6).

## II. Count VII (Piercing the Corporate Veil against Soufleris) Should be Dismissed for Failure to State a Cause of Action.

NuVasive alleges "Piercing the Corporate Veil against Soufleris" as a separate cause of action. However, federal courts generally do not allow the alter ego theory to be plead in a separate cause of action for which relief can be granted; "rather, alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *S-Fer Int'l, Inc.*, 2016 U.S. Dist. LEXIS 190241, at *9. Accordingly, "[i]f a plaintiff pleads piercing the corporate veil as a count in its complaint, that count will be dismissed with prejudice in federal court." *Id.* at *10. "A plaintiff will, however, be permitted to plead allegations related to its alter ego theory in the

6

body of its complaint." *Id.* Accordingly, Count VII of NuVasive's Amended Complaint should be dismissed with prejudice.

### III. Count VIII – Florida Deceptive and Unfair Trade Practices Act (against all Defendants) must be dismissed for failure to adequately plead actual damages.

Count VIII (FDUPTA) of NuVasive's Amended Complaint improperly reincorporates each factual allegation stated in each cause of action without designation and, in fact, reincorporates each cause of action into its FDUPTA claim, rendering its complaint an impermissible shotgun pleading. *Morris v. Wells Fargo Bank, N.A.,* 2015 LEXIS 89866, *6-7 (S.D. Fla. 2015); *Edward* v, *BAC Home Loan Servicing, L.P.,* 534 F. App'x 888, 891 (11th Cir. 2013) (affirming dismissal of shotgun complaint); *Anderson* v. *Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996) (stating that the failure to identify which allegations of fact are intended to support which claims for relief with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading."). A shotgun pleading is further identified as "a pleading that incorporates every antecedent allegation by reference into each subsequent claim for relief." *Edward,* 534 F. App'x at 891.

Substantively, NuVasive's cause of action for violation of FDUPTA fails to state a claim on which relief can be granted. In order to prevail under a claim for a traditional FDUPTA violation, Plaintiff must establish the following: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Feheley v. Lai Games Sales, Inc.*, No. 08-23060-civ, 2009 U.S. Dist. LEXIS 70430, 2009 WL 2474061, at *5 (S.D. Fla. 2009); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 U.S. Dist. LEXIS 108720, 2011 WL 4434891, at *5 (S.D. Fla. Sept. 23, 2011) (citing *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008)). To satisfy the third element of a FDUTPA claim, a plaintiff must allege actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). "Actual

damages" are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in condition in which it should have been delivered according to the contract of the parties." *Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. Dist. Ct. App. 2004) (internal quotations and citations omitted).

NuVasive failed to include even a conclusory recitation of the definition of actual damages under a FDUPTA claim, which would still be insufficiently pled without additional facts. *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, 2018 US Dist. LEXIS 16702 (S.D. Fla. 2018) (court dismissed FDUTPA claim where actual damages were not supported by factual allegations "from which one could plausibly infer the degree to which, or even whether, the market value of any product [or service] has changed.")  Further, any facts related to lost profits and lost business do not support the allegation of an actual damages claim. Under Florida law, these are unrecoverable consequential damages. *Id*.

Finally, while a breach of contract claim may be converted into a FDUTPA claim, the conduct underlying the breach must constitute an unfair or deceptive trade act or practice, regardless of the express terms of the agreement. *See., e.g. Rebman v. Follett Higher Educ. Grp.*, 575 F. Supp. 2d 1272, 1278-79 (Fla. 5th DCA 2007). Indeed, "[t]o hold otherwise would allow every failed breach of contract claim to morph into a FDUTPA claim. *Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778 (Fla. 5th DCA 2007).  NuVasive has failed to plead any facts that would give rise to a FDUTPA claim independently of a breach of contract claim.

Accordingly, this Court must dismiss NuVasive's FDUPTA claim against Soufleris for failure to state a cause of action.

    **IV.    Count IX (Tortious Interference against Soufleris) Should be Dismissed for Failure to State a Cause of Action.**

Count IX (Tortious Interference against Soufleris) of NuVasive's Amended Complaint

improperly reincorporates each factual allegation stated into each cause of action without designation and in fact, reincorporates each cause of action into its tortious interference cause of action (Amended Complaint ¶ 127), rendering its complaint an impermissible shotgun pleading. *Morris v. Wells Fargo Bank, N.A.*, 2015 LEXIS 89866, *6-7 (S.D. Fla. 2015); *Edward*, 534 F. App'x at 891 (affirming dismissal of shotgun complaint); *Anderson*, 77 F.3d at 366 (stating that the failure to identify which allegations of fact are intended to support which claims for relief with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading."). A shotgun pleading is further identified as "a pleading that incorporates every antecedent allegation by reference into each subsequent claim for relief." *Edward*, 534 F. App'x at 891.

NuVasive alleges in Count IX that Soufleris has intentionally interfered with its business relationships. However, NuVasive fails to state a claim for tortious interference with business relationships. Under Florida law, a tortious interference with business relationships claim requires four elements: "1) the existence of a business relationship [under which the plaintiff has legal rights]; 2) knowledge of the relationship on the part of the defendants; 3) an intentional and unjustified interference with the relationship by the defendant; and 4) damage to the plaintiff as a result of the tortious interference with the relationship." *Ethan Allen v. Georgetown Manor*, 647 So. 2d 812, 814 (Fla. 1994). NuVasive failed to plead the first and third elements sufficiently in order to maintain a claim for tortious interference with a business relationship. To attempt to satisfy the first element, NuVasive states: "Business relationships exist between NuVasive and its surgeon-customers who purchase and utilize its products via its exclusive distributor Absolute Medical" (Amended Complaint ¶ 127). However, "as a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual

and identifiable understanding or agreement which in all probability would have been completed if the defendant had not intervened." *Diversified Mgmt. Sols. v. Control Sys. Research*, 797 F.3d 189771, 1280-81 (S.D. Fla. 2016) (quoting *Mobile Shelter Sys. USA v. Grate Pallet Sols., L.L.C.*, 845 F. Supp. 2d 1241, 1259 (M.D. Fla. 2012)). NuVasive does not plead any facts to show that it has more than a "mere offer to sell," which cannot create a contract *Id.* (quoting *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248 (11th Cir. 2015)). The surgeons that Plaintiff has sold its products to in the past are not obligated, at least to Defendant Soufleris' knowledge, to continue any contractual or contract-like agreement with NuVasive. Additionally, if they are, then NuVasive has the burden of pleading the same to meet the first element of tortious interference.

NuVasive also fails to adequately plead that Soufleris' actions met the third element of intentional and unjustified interference with the business relationship. Florida recognizes that "where there is no contract right to have the relation continued, but only an expectancy[,].... A competitor has the privilege of interference in order to acquire the business for himself." *Id.* . Furthermore, Florida courts will acknowledge defendants competing outside of a contract or contract-like relationship as a privilege, unless the plaintiff alleges some malicious motive which is not coupled with a legitimate competitive economic interest. *Heavener, Ogier Servs. v. R.W. Fla. Region*, 418 So. 2d 1074, 1077 (Fla. Dist. Ct. App. 1982). Finally, "dismissal is appropriate, pursuant to the privilege of interference, if a plaintiff fails to "adequately allege the improper method." *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1280-81 (11th Cir. 2015).

WHEREFORE, Defendant, Greg Soufleris, respectfully requests this Honorable Court dismiss the Plaintiff's Amended Complaint as set forth herein, award Defendant its attorney's fees and costs, and grant such other relief as the Court deems just, equitable and proper.

Dated this 25th day of June, 2018.

                                              Respectfully submitted,

                                              */s/ Chantal M. Pillay*
                                              Chantal M. Pillay
                                              Fla. Bar No. 108369
                                              ADAMS AND REESE, LLP
                                              350 E. Las Olas Boulevard 1110
                                              Ft. Lauderdale, FL 33301
                                              Phone: 954.541.5390
                                              Chantal.pillay@arlaw.com
                                              Teesha.kittilson@arlaw.com

                                              Bryan E. Busch, Esq. (*Pro Hac Vice)*
                                              bryan.busch@arlaw.com
                                              ADAMS AND REESE L.L.P.
                                              3424 Peachtree Road N.E., Suite 1600
                                              Atlanta, Georgia 30326
                                              (470) 427-3700 (Telephone)
                                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2018, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

    Diana N. Evans, Esquire
    Bradley Arant Boult Cummings LLP
    100 North Tampa Street, Suite 2200
    Tampa, Florida 33602
    dnevans@Bradley.Com
    Attorney for Nuvasive

    Christopher W. Cardwell, Esquire
    Pro Hac Vice
    Gullett, Sanford, Robinson & Martin, PLLC
    150 Third Avenue South, Suite 1700
    Nashville, TN 37201
    ccardwell@gsrm.Com
    Attorney for Nuvasive

    Thomas Mcfarland, Esquire
    Pro Hac Vice
    Gullett, Sanford, Robinson & Martin, PLLC
    150 Third Avenue South, Suite 1700
    Nashville, TN 37201
    tmcfarland@gsrm.com
    Attorney for NuVasive

                                         */s/ Chantal M. Pillay*
                                         Chantal M. Pillay
                                         Fla. Bar No. 108369