# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NUVASIVE, INC.,                          )
                                        )
          Plaintiff,                      )
                                          )
v.                                       )     Civil Case No. 6:17-cv-2206-Orl-41GJK
                                          )
ABSOLUTE MEDICAL, LLC, GREG              )
SOUFLERIS, DAVE HAWLEY, ABSOLUTE         )
MEDICAL SYSTEMS, LLC, and RYAN           )
MILLER,                                  )
                                          )
          Defendants.                     )
_____  )

## NUVASIVE INC.'S OMNIBUS RESPONSE
## IN OPPOSITION TO MOTIONS TO DISMISS

By and through its counsel of record, Plaintiff, NuVasive, Inc. ("NuVasive"), submits this Omnibus Response[1] to the Motions to Dismiss First Amended Complaint for Injunctive Relief and Damages (collectively, the "Motions") filed by Defendants Dave Hawley (Doc. 75); Absolute Medical, LLC ("Absolute Medical") (Doc. 76); Greg Soufleris (Doc. 77); Absolute Medical Systems, LLC ("AMS") (Doc. 83); and Ryan Miller (Doc. 84).

## I.      INTRODUCTION

The Court should deny the Motions because NuVasive's First Amended Complaint for Injunctive Relief and Damages (the "Amended Complaint") adequately pleads causes of action for: (i) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Defendants; (ii) conversion against Hawley and AMS; and (iii) statutory individual liability

---

[1] NuVasive files this Omnibus Response because the Motions contain largely identical arguments as to the respective causes of action in NuVasive's First Amended Complaint Defendants seek to dismiss.

and tortious interference against Soufleris.  Further, NuVasive should be permitted to re-plead its allegations regarding its theory of piercing the corporate veil against Soufleris in the factual allegation section of an amended pleading as an additional basis for imposing individual liability on Soufleris.

## II.    RELEVANT FACTS

NuVasive is an innovative medical device company that focuses on the treatment of spinal disease and disorders.  (Doc. 68, Am. Compl., ¶ 6).[2]  NuVasive markets its products through its exclusive sales force which consists of directly-employed personnel and exclusive sales agents.  (*Id.* at ¶ 30).  Absolute Medical was one of these exclusive distributors and remains contractually obligated to distribute NuVasive's products until January 1, 2022.  (*Id.* at ¶¶ 32, 37).  Additionally, Absolute Medical is contractually prohibited from, among other things, distributing spinal products that are competitive with those produced and distributed by NuVasive without its written consent.  (*Id.* at ¶ 9).

Soufleris formed AMS to avoid certain obligations Absolute Medical owes to NuVasive, and it is Absolute Medical's successor in interest.  (*Id.* at ¶¶ 14, 82).  Soufleris exercises complete dominion and control over Absolute Medical and AMS and is their alter ego.[3]  (*Id.* at ¶ 17).  Indeed, prior to dissolving Absolute Medical and forming AMS, Soufleris transferred several hundreds of thousands of dollars out of the former into the latter (or other entities he controls).  (*Id.* at ¶ 85).  Hawley and Miller are former Absolute Medical sales representatives who are affiliated with AMS and—along with Soufleris and non-party Brandon Gottstein

---

[2]  On a motion to dismiss, the Court cannot consider extrinsic evidence and must accept the well-pleaded allegations of the complaint as true.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

[3]  Indeed, Absolute Medical and AMS: (i) utilize the same legal counsel; (ii) utilize the same accounting system; (iii) utilize the same computers, telephones, and office equipment; (iv) have a substantially common identity of ownership; (v) have the same sole member, registered agent, and president; (vi) have the same sales representatives and support staff; and (vii) sell products to the same surgeon-customers.  (Doc. 68, Am. Compl., ¶¶ 86–92, 96).

("Gottstein")—are improperly marketing and selling products competitive to NuVasive's to the same surgeons they serviced on Absolute Medical's behalf in violation of contractual obligations they owe to NuVasive.  (*Id.* at ¶¶ 4, 34–36, 53–54, 58–59, 61).   As a result of Defendants' actions, AMS (through Soufleris, Hawley, and Miller) converted nearly all of NuVasive's business within their former Absolute Medical sales territory.  (*Id.* at ¶ 64).  Finally, Hawley—as an agent of AMS—converted custom instruments owned by NuVasive while improperly soliciting his former Absolute Medical surgeon-customers.  (*Id.* at ¶¶ 60, 62).

By performing the above-detailed actions and omissions to its detriment and his personal benefit, Soufleris breached fiduciary duties he owed to Absolute Medical.  (*Id.* at ¶¶ 112–14).  Florida law permits the imposition of personal liability upon the member of a limited liability company who breaches his or her fiduciary duties by, among other things, engaging in transactions from which the member derives a personal benefit.  (*Id.* at ¶ 115).

## III.    LEGAL STANDARD

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) merely tests the sufficiency of the complaint.[4]  *E.g.*, *MSPA Claims 1, LLC v. Halifax Health, Inc.*, 295 F. Supp. 3d 1335, 1337 (M.D. Fla. 2018).  The Court must accept all the factual allegations of the complaint as true and construe it in the light most favorable to the non-moving party.  *Id.* at 1337–38; *see also Twombly*, 550 U.S. at 572 (2007).  "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level."  *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008).

---

[4] Each Defendants' motion relies on matters outside the pleadings—specifically the declaration of Soufleris.  (*E.g.*, Doc. 75, Hawley Mot. Dis., pp. 1–2).  This Court should exclude these matters from consideration.  *E.g.*, *Jones v. Auto. Ins. Co.*, 917 F.2d 1528, 1531–32 (11th Cir. 1990).

## IV.    LAW AND ARGUMENT

The majority of Defendants' arguments for dismissal of various portions of the Amended Complaint are without merit.   NuVasive's claim for violations of the FDUTPA is properly pleaded and, drawing reasonable inferences in its favor, sufficiently alleges the existence of actual damages.   The Amended Complaint also sufficiently alleges that Hawley and AMS converted NuVasive's custom instruments by improperly exercising dominion and control over them.   Finally, NuVasive's claims for tortious interference and statutory liability are sufficiently pleaded.

NuVasive admits that a separate claim for piercing the corporate veil is not appropriate in federal court, but NuVasive requests that it be permitted to re-allege the factual allegations supporting its theory for piercing the corporate veil as factual allegations supporting individual liability against Soufleris.

**A.  NuVasive's claim for violation of the FDUTPA against all Defendants should not be dismissed because it is not an impermissible shotgun pleading and it sufficiently pleads a cause of action.**

Count VIII, which alleges violation of the FDUTPA, is not a shotgun pleading simply because it incorporates preceding allegations.   (*E.g.*, Doc. 75, Hawley Mot. Dis., pp. 5-6). Rather, the preceding, incorporated allegations describe the deceptive and unfair acts and practices in the conduct of trade which support the FDUTPA claim.   Furthermore, Count VIII sufficiently states a substantive cause of action under the FDUTPA, and this Court should, accordingly, deny the Motions in this regard.

**1.  Count VIII the Amended Complaint is not an impermissible shotgun pleading.**

At the outset, NuVasive notes that Count VIII of its Amended Complaint is not an impermissible "shotgun" pleading as it fails to fit any of the definitions of such a pleading

described by the Eleventh Circuit in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d

1313 (11th Cir. 2015).   In that case, the Eleventh Circuit stated that there are four types of

improper shotgun pleadings, including those that:

> (i)     contain multiple counts where each count adopts the allegations of all preceding counts;
>
> (ii)    are "guilty of the venial sin" of containing conclusory, vague, and immaterial facts not connected to any cause of action;
>
> (iii)   do not separate causes of action into separate counts; and
>
> (iv)   assert multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission or which of the defendants the claim is asserted against.

*Id.* at 1322–23.   As the Amended Complaint does not fall into any of these categories, Count

VIII should not be dismissed.[5]

    While it is true that Count VIII incorporates the preceding paragraphs into this specific

count, this is not a situation where the allegations of each count are "rolled into every successive

count on down the line."   *Id.* at 1324.   Indeed, incorporating the preceding paragraphs under

Count VIII is by design because the Defendants' actions—codified in the previous causes of

action—constitute portions of the unfair and deceptive acts and practices in the conduct of trade

and commerce in violation of the FDUTPA.   *Citibank N.A. v. Nat'l Arbitration Council, Inc.*,

Case Nos. 3:04-cv-1076-J-32MCR, 3:04-cv-1205-J-20MCR, 2006 WL 2691528, at *3 (M.D.

Fla. Sept. 19, 2006) ("Since FDUTPA does not clearly define what constitutes unfair and

deceptive, courts have held that the statute should be construed liberally, and that the concept

should be regarded as extremely broad.") (internal quotations omitted).   Furthermore, just as in

---

[5] Each Defendant makes an identical argument—with respect to Count VIII—that the Amended Complaint is a shotgun pleading merely because Count VIII incorporates certain allegations.  (*Compare* Doc. 77, Soufleris Mot. Dis. p. 7 *with* Doc. 83, AMS Mot. Dis. p. 5).  Inexplicably and without support, the Defendants seem to suggest the entire Amended Complaint should be dismissed. This notion should be wholly disregarded.

*Weiland*, the Amended Complaint is "greatly simplified" by the organization of the factual allegations into subsections.  792 F.3d at 1325.  Thus, Defendants cannot reasonably argue "that they were having difficulty knowing what they were alleged to have done and why there were liable for doing it," and they have not moved for a more definite statement under Rule 12(e).  *Id.* at 1324–25.

As the Eleventh Circuit succinctly stated in *Weiland*, the dismissal of a shotgun pleading under Rule 8(a) is only appropriate "where it is <u>virtually impossible</u> to know which allegations of fact are intended to support which claims for relief."  *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).  The Amended Complaint (and its claims for relief) easily satisfies this mandate.

This Court, which is likely quite familiar with the types of pleadings that constitute shotgun pleadings, should determine that NuVasive's claim for violation of the FDUTPA is not a shotgun pleading and does not warrant dismissal of that count.  The Amended Complaint is not, by any definition, an impermissible shotgun pleading and should not be dismissed for that reason.

### 2. Count VIII of the Amended Complaint sufficiently pleads a cause of action for violation of the FDUTPA.

As to its substance, Count VIII of NuVasive's Amended Complaint sufficiently pleads a cause of action for violations of the FDUTPA.  Each Defendant argues that this claim must be dismissed for failure to plead actual damages.  (*E.g.*, Doc. 75, Hawley Mot. Dis., p. 6).  Additionally, Defendants Absolute Medical, Soufleris, and Miller argue that this claim should be dismissed because a breach of contract action cannot be converted to an FDUTPA claim.[6]  (*E.g.*,

---

[6] It is unclear to NuVasive why only these three Defendants make this argument.

Doc. 84, Miller Mot. Dis. p. 5).  Both of these arguments fail, and Count VIII of the Amended Complaint should not be dismissed.

Defendants' argument regarding the breaches of their respective contracts should be dismissed out of hand.  Breaches of contact—even a single action—can support a separate claim under the FDUTPA "so long as the act giving rise to the breach also constitutes an alleged unfair or deceptive trade practice." *Rebman v. Follett Higher Educ. Grp., Inc.*, 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008) (citing *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So. 2d 772, 777 (Fla. 2003) ("To the extent an action giving rise to a breach of contract or breach of lease may also constitute an unfair or deceptive act, such a claim is and has always been cognizable under the FDUTPA.").  Furthermore, even if a breach of contract were the sole factual basis for Count VIII—which it is not—whether a breach constitutes an unfair or deceptive trade practice is a question for the trier of fact and is entirely inappropriate for dismissal at this stage of the proceedings. *Witt v. La Gorce Country Club, Inc.*, 35 So. 3d 1033, 1040 (Fla. 3d DCA 2010).

Next, NuVasive adequately pleads damages resulting from Defendants' violations of the FDUTPA.  A party seeking relief under the FDUTPA must prove actual damages, which are the "difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *E.g.*, *Rollins, Inc. v. Heller*, 454 So. 2d 311, 314 (Fla. 4th DCA 1998).[7]  However—critical to the case at bar—a notable exception to this rule exists when the product or service is rendered valueless as a result of the defect. *See id.*  Then the purchase price under the contract would be the appropriate measure of actual damages. *Id.*  Here, all of the Defendants failed entirely to perform under their respective agreements with NuVasive (as to

---

[7] This damages formula can appropriately be described as the parties "benefit of the bargain." *See Gastaldi v. Sunvest Resort Cmtys., LC*, 709 F. Supp. 2d 1299, 1304 (S.D. Fla. 2010) (quoting *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 440, 453 (5th Cir. 2001))..

Absolute Medical and AMS as its successor in interest) or to which NuVasive is a third-party beneficiary (Hawley and Miller). Accordingly, the service these Defendants were to deliver— serving as NuVasive's exclusive sales representatives—is rendered entirely valueless, supporting an inference of actual damages.

Defendants rely upon *Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, 2018 U.S. Dist. LEXIS 16702 (S.D. Fla. Jan 31, 2018), which is distinguishable from the case at bar. (*E.g.*, Doc. 75, Hawley Mot. Dis., p. 6). In *Circuitronix*, the plaintiff included a conclusory definition of actual damages unsupported by factual allegations. *Id.* at *38. This was insufficient because it pleaded "no facts from which one could plausibly infer the degree to which, or even whether, the market value of any product or service has changed." *Id.* (internal quotations omitted) (quoting *QSGI, Inc. v. IBM Glob. Fin.*, No. 11-80880-CIV, 2012 U.S. Dist. LEXIS 49601, at *13 (S.D. Fla. Mar. 14, 2012)). Here, the inference of damages is evident. While it is true that NuVasive is unable, at the pleading stage, to place a precise value upon the harms incurred as a result of Defendants' violations of the FDUTPA, NuVasive is not receiving any of the benefit of its bargain with these Defendants. The reasonable inference to draw from that fact is that actual damages exist. Accordingly, NuVasive's claim for violations of the FDUTPA is adequately pleaded and should not be dismissed.

**B. The Amended Complaint sufficiently pleads a cause of action for conversion against Hawley and AMS and should not be dismissed.**

Count V of the Amended Complaint, which alleges conversion against Hawley and AMS, is adequately pleaded and should not be dismissed. (Doc. 75, Hawley Mot. Dis., pp. 4-5; Doc. 83, AMS Mot. Dis., pp. 3-5). Indeed, the claim is supported by factual allegations and appropriately pleads the cause of action.

First, Hawley and AMS take issue with NuVasive "referencing" certain paragraphs of the Amended Complaint rather than "incorporating" them claiming this is insufficient to provide a factual basis to support a claim.  (*E.g.*, Doc. 75, Hawley Mot. Dis., p. 4).  Hawley and AMS provide—and NuVasive is aware of—no precedential support for this position that referencing allegations as opposed to incorporating them renders a cause of action deficient.

Next, NuVasive's claim for conversion is adequately pleaded.  Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011).  Accordingly, to state a claim for conversion, a party "must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property."  *Id.*; *see also Special Purpose Accounts Receivable Coop. Corp. v. Prim*, 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 1992) (describing the elements of conversion as, "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein").

The Amended Complaint alleges that certain custom instruments belong to NuVasive. (*See* Doc. 68, Am. Compl., ¶¶ 60, 62).[8]  It also alleges that Hawley offered to ship these instruments to Alphatec and that both Hawley and AMS improperly sterilized and prepped other custom instruments for use in a non-NuVasive surgery (i.e., wrongful acts of dominion over NuVasive's property).  (*Id.*)  Finally, it alleges neither Hawley nor AMS had a right to exercise these acts of dominion over NuVasive's property.  (*Id.* at ¶ 107).  These acts were inconsistent with NuVasive's ownership in its custom instruments.  Taking these allegations as true, as this

---

[8] Admittedly, NuVasive inaccurately references paragraphs 61 and 63 in Count V, but any reasonable reading thereof reveals that this was a scrivener's error, as only paragraphs 60 and 62 reference the "custom instruments" detailed in Paragraph 106 of Count V.  If necessary, NuVasive can remedy this oversight easily via amendment.  In that event, NuVasive hereby requests leave to amend the Amended Complaint.

Court must, the Amended Complaint adequately pleads a cause of action for conversion against Hawley and AMS, and their Motions should be denied in this regard.

**C. The Amended Complaint sufficiently pleads statutory individual liability and tortious inference with business relationships, and NuVasive should be permitted to amend to re-plead its piercing the veil allegations.**

The Amended Complaint properly pleads a cause of action for statutory personal liability against Soufleris under the Revised Florida Limited Liability Act (the "Act").  Likewise, NuVasive's claim for tortious interference with business relationships must survive because the Amended Complaint sufficiently sets forth all elements of the cause of action.  Finally, the proper remedy for any deficiency related to NuVasive's theory of piercing the corporate veil is to permit NuVasive to re-plead its factual allegations in the body of a pleading.

**1. Soufleris misconstrues Count VI of the Amended Complaint, which is merely a statutory vehicle to impose personal liability upon him as the sole member of Absolute Medical.**

The Court should not dismiss Count VI because it is a proper vehicle to impose personal liability upon Soufleris as the sole member-manager of Absolute Medical.  NuVasive is not asserting a cause of action for Soufleris' breaches of the fiduciary duties he owed Absolute Medical.  (Doc. 77, Soufleris Mot. Dis., p. 5).  Rather, it relies on Soufleris' breaches of his fiduciary duties in order to hold him accountable for damages owed to NuVasive by Absolute Medical as permitted by Florida law.

The Act expressly imposes the fiduciary duties of loyalty and due care upon the members of a member-managed limited liability company.  Fla. Stat. § 605.04091(1).  Generally, members of a limited liability company are not personally liable for any debt, obligation, or other liability of the company solely by reason of acting as a member.  Fla. Stat. § 605.0304; *see also Demir v. Schollmeier*, 199 So. 3d 442, 446 (Fla. 3d DCA 2016) (stating as such under an analogous

provision prior to its amendment).  This remains true even in the face of a limited liability company's dissolution.  Fla. Stat. § 605.0304.

However, the Act provides an exception to this general rule in the form of Section 605.04093, which imposes personal liability on a member of a limited liability company if he or she: (i) breached or failed to perform his or her duties as a member; and (ii) said breaches constitute, without limitation, transactions from which the member, directly or indirectly, derived an improper personal benefit.  Fla. Stat. § 605.04093(1)(a)–(b).

The Amended Complaint pleads—and NuVasive will prove—that Soufleris breached the fiduciary duties he owed to Absolute Medical so as to satisfy the first prong of this mechanism for the imposition of personal liability upon him.  Count VI is not a separate cause of action for breach of fiduciary duty.  Rather, NuVasive avails itself of this statutory method to impose personal liability upon Soufleris since Absolute Medical is dissolved (albeit by Soufleris' improper actions) and any judgment against it would be essentially worthless.  Indeed, the Amended Complaint pleads, among other things, that: (i) Soufleris dissolved Absolute Medical, which is no longer a going concern; (ii) Absolute Medical was solvent when Soufleris shuttered its operations; and (iii) Soufleris transferred all of Absolute Medical's assets (from which any judgment could be rendered) out of Absolute Medical prior to its dissolution.  (Doc. 68, Am. Compl., ¶¶ 15, 85).  To the extent Count VI is unartfully pleaded in this regard, NuVasive requests leave (and guidance) from the Court so as to cure this deficiency.

**2. NuVasive should be permitted to re-plead its alter ego piercing the veil allegations.**

NuVasive concedes that an alter ego theory of piercing the corporate veil is not a separate, distinct cause of action in federal courts in this Circuit—as opposed to Florida state courts.  (Doc. 77, Soufleris Mot. Dis, p. 6).  However, the proper course of action this Court

should take is to dismiss Count VII and permit NuVasive to re-plead its alter ego allegations in the body of an amended pleading. *See Oginsky v. Paragron Props of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, Case No. 09-CV-61436, 2010 WL 1531489, at *9 (S.D. Fla. Apr. 16, 2010).

### 3. The Amended Complaint sufficiently pleads a cause of action for tortious interference against Soufleris.

At the outset of this section, NuVasive notes that Soufleris re-asserts his shotgun pleading argument asserted against NuVasive's FDUTPA claim. (Doc. 77, Soufleris Mot. Dis., p. 9). This argument fails for the same reasons set forth above in Section IV(A)(1). Count IX does incorporate all preceding allegations, but this is due to the fact that all of Soufleris' actions—whether individually or through Absolute Medical and/or AMS—constitute his scheme to tortiously interfere with NuVasive's business relationship with its surgeon-customers. Substantively, the Court should not dismiss Count IX because it adequately pleads: (i) the existence of business relationships; and (ii) Soufleris' intentional and unjustified interference with those relationships as no competitive privilege applies.[9]

#### a. The Amended Complaint pleads the existence of business relationships between NuVasive and its surgeon-customers in Absolute Medical's former sales territory.

The case Soufleris relies upon to state no business relationships exist between NuVasive and its surgeon-customers, *Diversified Management Solutions v. Control System Research*, Case No. 15-81052-CIV-Middlebrooks, 2016 WL 4256916 (S.D. Fla. May 16, 2016), actually belies his argument. (Doc. 77, Soufleris Mot. Dis., pp. 9-10). In *Diversified*, the court held the plaintiff sufficiently pleaded the existence of business relationships because it pleaded "more than just a

---

[9] A plaintiff asserting a cause of action for tortious interference must prove: (i) the existence of a business relationship under which the plaintiff has legal rights; (ii) knowledge of that relationship; (iii) an intentional and unjustified interference with that relationship; and (iv) resultant damages. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). NuVasive only addresses the first and third elements because Soufleris' Motion only argues a deficiency as to these elements. (Doc. 77, Soufleris Mot. Dis., pp. 9-10).

'speculative hope' of receiving a contract;" rather, it pleaded that it later received contracts from the entity the defendants were alleged to have interfered. *Id.* at *7.

This case is similar to *Diversified*. NuVasive fostered business relationships with its surgeon-customers (through Absolute Medical) for nearly five years until Soufleris abruptly and without justification terminated the parties Exclusive Sales Representative Agreement.[10] (Doc. 1, Compl., ¶¶ 32, 37, 48–49). Furthermore, this was no mere "speculative hope" of securing the business of its surgeon-customers in Absolute Medical's sales territory; Soufleris was (and remains) required to continue distributing NuVasive's products to those surgeon-customers through December 31, 2022. (*Id.* at ¶ 37, Ex. 1, p. 1). NuVasive has "actual and identifiable" relationships with its surgeon-customers in Absolute Medical's sales territory "that in all probability would have [continued]" if Soufleris had not intervened. *Diversified*, 2016 WL 4256916, at *7 (citing *Ethan Allen*, 647 So. 2d at 815). Accordingly, NuVasive has sufficiently pleaded the existence of business relationships with its surgeon-customers.

    b. *The Amended Complaint pleads an intentional and unjustified interference by Soufleris as he cannot avail himself of any competitive privilege.*

The Court should summarily dismiss Soufleris' second argument: that a competitive privilege applies. (Doc. 77, Soufleris Mot. Dis., p. 10). This is not an instance where an outside, third-party competitor interfered with NuVasive's business relationships. Soufleris, via Absolute Medical, was (and remains) contractually obligated to be the steward of NuVasive's business relationships. Instead, he enacted his scheme to interfere with those relationships and convert them to his new, competitive business venture. There is no justification for Soufleris' actions, and NuVasive's cause of action for tortious interference against him should survive his Motion.

---

[10] Indeed, Absolute Medical inherited the vast majority of its customers when it was formed in 2013. These customers were NuVasive's that it had fostered and developed over a period of many years.

## V.    <u>CONCLUSION</u>

In closing, this Court should not dismiss NuVasive's Amended Complaint because it is not an impermissible shotgun pleading under the Eleventh Circuit's precedent.  The Amended Complaint adequately pleads a cause of action for violations of the FDUTPA against each Defendant.  Likewise, NuVasive's claim for conversion against Hawley and AMS is adequately pleaded.  Finally, NuVasive's claims for tortious interference and statutory individual liability against Soufleris are adequately pled.  With respect to NuVasive's claim for piercing the corporate veil, NuVasive should be permitted to re-plead those allegations as factual allegations forming a basis for imposing individual liability on Soufleris.  As such, Defendants' Motions must be denied.  If the Court finds any of NuVasive's claims are deficiently pleaded, NuVasive requests leave to file a second amended complaint to correct such deficiencies.

Dated: July 16, 2018.

Respectfully submitted,


s/ *M. Thomas McFarland*
R. Craig Mayfield (Fla. Bar No. 0429643)
cmayfield@bradley.com
Diana Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
M. Thomas McFarland, Esq. (*pro hac vice*)
GULLETT, SANFORD, ROBINSON & MARTIN,
PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Plaintiff NuVasive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Bryan Busch
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3702
Fax: (470) 427-3676
bryan.busch@arlaw.com

Laura H. Mirmelli
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3716
Fax: (404) 500-5975
laura.mirmelli@arlaw.com

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL  33301
Phone: (954) 541-5390
Chantal.pillay@arlaw.com

Louis M. Ursini
Adams and Reese LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL  33602
Phone:  (813) 227-5536
Fax:  (813) 227-56-36
Louis.ursini@arlaw.com

*Attorneys for Defendants*

s/ M. Thomas McFarland
M. Thomas McFarland

*Attorney for NuVasive, Inc.*