## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| NUVASIVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 6:17-cv-2206-Orl-41GJK |
| | ) | |
| ABSOLUTE MEDICAL, LLC, GREG | ) | |
| SOUFLERIS, and DAVE HAWLEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO PRODUCE DOCUMENTS TO OSSEUS FUSION SYSTEMS, LLC, K2M, INC., NOVABONE PRODUCTS, LLC, ORTHOFIX, INC., AND LIFE SPINE, INC.

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, Defendants, ABSOLUTE MEDICAL, LLC ("Absolute Medical"), ABSOLUTE MEDICAL SYSTEMS, LLC ("AMS"), GREG SOUFLERIS ("Soufleris"), DAVE HAWLEY ("Hawley"), and RYAN MILLER ("Miller") (collectively, "Defendants"), hereby move to quash the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Osseus Fusion Systems, LLC, K2M, Inc., NoVaBone Products, LLC, Orthofix, Inc., and Life Spine, Inc. (collectively, "Non-Parties") dated July 6, 2018 (the "Subpoenas"), issued by NUVASIVE, INC. ("Plaintiff" or "NuVasive").

### INTRODUCTION

NuVasive is exploiting the discovery rules by embarking on a fishing expedition in an attempt to pry into Defendants' business transactions and relationships with third parties, notwithstanding the fact that the documents and information sought are trade secrets and wholly irrelevant to the claims and defenses raised in this action. Although the scope of discovery is broad, it is not unlimited. As such, this Court should quash NuVasive's Subpoenas.

1

## RELEVANT FACTS

Absolute Medical was in the business of selling medical products and devices on behalf of distributors to hospitals and doctors within a certain territory in Florida. (Soufleris Dec., Doc 38, Ex. 1, at ¶ 2).   Absolute Medical entered into an Exclusive Sales Agreement ("Sales Agreement") with NuVasive on January 1, 2017, for the sale of medical devices used to treat spine disease.  (Id. at ¶ 3).  Subsequently, based on a material loss of revenue from a reduction of its sales territory along with the loss of key sales representatives and clients, Absolute Medical determined it was no longer financially feasible to continue operating and determined it necessary to dissolve. (Id. at ¶¶ 7, 14).  Since Absolute Medical's decision to dissolve, it has not conducted any business, other than to wind down its affairs. (Id.)

On December 29, 2017, NuVasive filed its Complaint for Injunctive Relief and Damages, and later filed its Amended Complaint on June 7, 2018, raising several causes of action based on an alleged breach of the Sales Agreement. (Compl., Doc 1; Am. Compl., Doc. 68).   On February 6, 2019, NuVasive filed a Motion and Incorporated Memorandum of Law for Preliminary Injunction ("Motion for Preliminary Injunction").  (Mtn for Prelim. Inj., Doc. 19).  This Court entered an Order on May 15, 2018, in which it denied NuVasive's request for a preliminary injunction to specifically enforce the Sales Agreement; however, the Court held an evidentiary hearing[1] to address whether NuVasive can enforce the non-competes against Defendants. (Doc. 58, 61).  The Court has yet to rule on NuVasive's Motion for Preliminary Injunction.

On July 6, 2018, NuVasive issued five third-party subpoenas to produce documents directed to several entities with whom Defendants have a business relationship outside the scope of this action. (*See* Exhibit A, Subpoenas.) This Court should quash NuVasive's Subpoenas because Defendants have a personal interest in maintaining the privacy and confidentiality of its

---

[1] The evidentiary hearing occurred on June 28, 2018; the Court has yet to make a ruling.

business dealings and the Subpoenas request irrelevant information not proportional to the needs of the case.

## MEMORANDUM OF LAW

Under Rule 45(d), the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," "subjects a person to undue burden" or if it discloses a "trade secret, confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(A)-(B).   A party has standing to challenge a subpoena served on a third party where that party has a "personal right or privilege with respect to the materials subpoenaed." *Armor Screen Corp. v. Storm Catcher, Inc.,* 2008 U.S. Dist. LEXIS 106370 (S.D. Fla. 2008); *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton, LLC,* 2012 U.S. LEXIS 194594, *10 (M.D. Fla. 2012) ("A party has standing to object to a non-party subpoena *duces tecum* with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to a party.")

### I.   **Defendants Have an Expectation of Privacy in Their Business Transactions.**

NuVasive's Subpoenas should be quashed because they seek documents and information that Defendants have a personal right or privilege in keeping confidential because Defendants have an expectation of privacy in their business relationships with Non-Parties.   Specifically, Defendants have a privacy interest in their communications, contracts, and financial records with Non-Parties as such information are trade secrets or otherwise confidential and proprietary. *Cornett v. Lender Processing Servs.*, 2012 U.S. Dist. LEXIS 154746, *5 (S.D. Fla. 2012) (Although the motion to quash was ultimately denied, the court recognized that many business records are confidential and proprietary in nature.)   Trade secret, as defined by Florida statute, is

> [i]Information, including a formula, pattern, compilation, program, device, method, technique, or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily [**9] ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Fla. Stat. § 688.002(4) (2018).

Here, NuVasive seeks all communications, contracts, and sales and commissions records between Defendants[2] and Non-Parties. (*See* Exhibit A, Subpoenas).  However, Defendants have a reasonable expectation of privacy in their business dealings and transactions, especially considering that Defendants and Non-Parties are competitors in the same industry as NuVasive; thus, producing these documents would cause substantial economic harm to Defendants' competitive position. The documents sought contain highly sensitive, confidential business information between Defendants and Non-Parties.  Specifically, the email communications, contracts, and sales and commissions records are likely to reveal Defendants' confidential methods, techniques, and processes in obtaining and maintaining clients and confidential pricing and terms for competitive products, which could be used by NuVasive to gain a competitive advantage over Defendants.  Accordingly, NuVasive's Subpoenas should be quashed.

## II.     **NuVasive is Seeking Documents that are Irrelevant and Not Proportional to the Claims and Defenses Raised.**

NuVasive's Subpoenas should be quashed because they seek irrelevant information.  (*See* Exhibit A, Subpoenas.)  Although, the scope of discovery under the Federal Rules is quite broad, it is not unlimited, and the courts have wide discretion when setting discovery limits. *Fadalla v.*

---

[2] NuVasive is also seeking all contracts and records of sales and commissions between Absolute Ortho, Inc., The Absolute Group, Inc. and Non-Parties. (*See Exhibit A, Subpoenas.*)  Although Soufleris has an interest in Absolute Ortho, Inc. and The Absolute Group, Inc., they are not parties to this litigation and, more importantly, there are no allegations in NuVasive's Amended Complaint concerning either entity.

*Life Auto. Prods*., 2007 U.S. Dist. LEXIS 88890, *6 (M.D. Fla. 2007).  It is axiomatic that information is not discoverable if it is not relevant, and the party seeking the discovery bears the burden to prove its requests are relevant. *Id.*  The Rule 26 relevancy requirement "'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Costa v. Metro Life Ins. Co.*, 2018 U.S. Dist. LEXIS 5810, *5-6 (M.D. Fla. 2018); Fed. R. Civ. P. 26(b)(1).  Although the relevancy standard is broad, contracts entered into between defendants and non-parties, and not contained in the claims or allegations or as part of the defenses raised, are completely irrelevant. *Herman v. Seaworld Parks &  Entm't, Inc.*, 2016 U.S. Dist. LEXIS 90880, *1 (M.D. Fla. 2016) ("Discovery is shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation.").  Further, discovery of financial records prior to the entry of judgment is improper. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 2005 U.S. Dist. LEXIS 21524, *8-9 (M.D. Fla. 2005). As such, a subpoena should be quashed if the requests will produce clearly irrelevant documents.  *Goulet v. Mederi Caretenders  VS of SW FL, LLC*, 2011 LEXIS 20656, *2 (M.D. Fla. Feb. 14, 2011); *Palumbo v. Shulman,* 97 Civ. 4314, 1998 LEXIS 16009, *3 (S.D.N.Y. Oct. 13, 1998) (noting that "a subpoena which calls for the production of irrelevant material, should not be enforced").

Additionally, discovery must be proportional to the needs of the case. *Flynn v. Square One Distrib., Inc.*, 2016 U.S. Dist. LEXIS 68645, *4 (M.D. Fla. May 25, 2016); *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676–77 (S.D. Ga. Jan. 4, 2016) (court denied plaintiff's motion to compel irrelevant material to prevent needless litigation costs, which would defeat Rule 26(b)(1)'s goal of proportionality). The Court "must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Digital Assur. Certification, LLC v. Pendolino*, 2017 U.S. Dist. LEXIS 160399, *24 (M.D. Fla. 2017). To satisfy the proportionality requirement, the requested information "must be more than tangentially related to the issues that are actually at stake in the litigation." *Flynn*, 2016 WL 2997673, at *4; *Edmonson v. Velvet Lifestyles, LLC*, 2016 WL 7048363, at *7 (S.D. Fla. Dec. 5, 2016) ("Plaintiffs here must make a 'threshold showing' and confront reality that '[m]ere speculation that information might be useful will not suffice.'"). Discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1163 (l0th Cir. 2010); *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit the [parties] to go on a fishing expedition.")

Here, NuVasive seeks all communications, contracts, and records of sales and commissions between Defendants and Non-Parties, however, the documents sought are completely irrelevant and not proportional to the claims and defenses raised in this action. (*See* Exhibit A, Subpoenas.) First, Hawley and Miller have already admitted[3] to working for a competing company, Alphatec Spine, Inc. ("Alphatec"), because they are not restrained by non-competes. As such, their communications, contracts, and sales/commissions records with third

---

[3] At the evidentiary hearing on June 28th on NuVasive's Motion for Preliminary Injunction, Hawley and Miller provided substantial evidence that they were not subject to any enforceable non-compete agreements. As such, they are free to contract with competing companies. The Court has yet to rule on the Motion for Preliminary Injunction.

parties are not relevant to this matter and, in fact, would be harmful to Hawley's and Miller's business relationships if disclosed. Second, NuVasive is improperly seeking post-judgment discovery against Soufleris and AMS by requesting their financial records from Non-Parties before a judgment has been entered.  In its Amended Complaint, NuVasive is only seeking to hold Soufleris and AMS liable for damages, if any, attributable to Absolute Medical. (Doc. 68, Am. Compl.)  Thus, records of sales and commissions are completely irrelevant at this stage in litigation. Third, as a preliminary matter, NuVasive should be required to wait until this Court rules on its Motion for Preliminary Injunction to determine if non-competes exist for Hawley and Miller, if the veil should be pierced to Soufleris, and if AMS is a considered a successor entity to Absolute Medical.

Accordingly, NuVasive's Subpoenas should be quashed as they seek wholly irrelevant information.

### III.     NuVasive's Requests are Not Narrowly Tailored.

Finally, even if NuVasive is permitted to obtain records from Non-Parties, NuVasive's requests must be narrowly tailored. *Cornett,* 2012 U.S. Dist. LEXIS 154746, *5.  (finding that financial records of a third party doing business with a party in the lawsuit may be discoverable, however, the subpoenas must be narrowly tailored.)

Here, NuVasive is seeking "all" communications with Hawley and Miller and has not limited its requests to the email addresses ending in "absolute-medical.org" or "absolute-med.com". Rather, NuVasive is also seeking all communications from Hawley and Miller's gmail accounts, which are clearly not tailored to the claims and defenses in this action. Additionally, NuVasive has requested "all" communications, contracts, and records of sales and commissions between Non-Parties and Defendants, without limiting its requests in time or

scope.[4]   (*See* Exhibit A, Subpoenas.)   Therefore, in the event this Court does not quash the Subpoenas, it should require NuVasive to narrowly tailor its requests.

## RELIEF REQUESTED

Based on the forgoing, Defendants request that this Court (1) quash each of NuVasive's Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Osseus Fusion Systems, LLC, K2M, Inc., NoVaBone Products, LLC, Orthofix, Inc., and Life Spine, Inc. dated July 6, 2018, and (2) to order Plaintiff to refrain from any further contact with persons or customers in a business relationship with any Defendants.

## GOOD FAITH CERTIFICATION

The undersigned counsel for Defendants certifies that she conferred with counsel, Diana Evans, for NuVasive in a good faith effort to resolve the issues raised in this Motion, however, counsel is opposed to the relief sought in this Motion.

Dated:  July 23, 2018

Respectfully submitted,

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369
ADAMS AND REESE, LLP
350   E.   Las   Olas   Boulevard   1110
Ft. Lauderdale, FL 33301
Phone: 954.541.5390
Chantal.pillay@arlaw.com
Teesha.kittilson@arlaw.com

---

[4] NuVasive has also requested all contracts and records of sales and commissions between Non-Parties and Hawley's and Millers's entities: Hawleymed, LLC and Millertime Medical, Inc. However, there are no allegations in NuVasive's Amended Complaint concerning Hawleymed LLC or Millertime Medical. Rather, NuVasive has only proceeding against Hawley and Miller, individually. Thus, NuVasive's requests should be limited to the claims and allegations against Hawley and Miller, individually.

Bryan E. Busch, Esq. (*Pro Hac Vice*)
bryan.busch@arlaw.com
ADAMS AND REESE L.L.P.
3424 Peachtree Road N.E., Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 (Telephone)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2018, I electronically filed the foregoing with the

Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted

a true copy to:

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.Com
Attorney for Nuvasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
Attorney for Nuvasive

Thomas Mcfarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.com
Attorney for NuVasive

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369

# EXHIBIT A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| NuVasive, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                        Osseus Fusion Systems, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Exhibit A.

| Place: Bradley<br>100 North Tampa Street, Ste. 2200<br>Tampa, FL 33602 | Date and Time:<br><br>08/06/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/06/2018

*CLERK OF COURT*

OR     *Thomas McFarland*
_____          _____
        *Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
NuVasive, Inc.                                                , who issues or requests this subpoena, are:

M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; 615-244-4994
tmcfarland@gsrm.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NUVASIVE, INC.                              )
                                           )
        Plaintiff,                       )
                                           )
v.                                         )   Civil Case No. 6:17-cv-2206-Orl-41GJK
                                           )
ABSOLUTE MEDICAL, LLC, GREG                )
SOUFLERIS, DAVE HAWLEY, RYAN               )
MILLER, and ABSOLUTE MEDICAL               )
SYSTEMS, LLC                               )
                                           )
        Defendants.                      )
_____)

## EXHIBIT A TO SUBPOENA DUCES TECUM
## TO OSSEUS FUSION SYSTEMS, LLC

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to Osseus Fusion Systems, LLC:

## I.   DEFINITIONS

1.     "You" or "your" shall mean Osseus Fusion Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2.     "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

1

3.      "Absolute Medical" shall mean the Defendant in this matter, Absolute Medical, LLC a/k/a Absolute Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4.      "AMS" shall mean the Defendant in this matter, Absolute Medical Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5.      "Absolute Ortho" shall mean Absolute Ortho, Inc. f/k/a Soufleris Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6.      "Absolute Group" shall mean The Absolute Group, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

7.      "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

8.      "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

2

9.      "Charge sheet" shall mean any document detailing the sales of medical products submitted by a sales representative and/or distributor to the manufacturer and/or marketer of said products, including, without limitation, sales order forms, proof of delivery forms, surgery requisition forms, etc.

10.     The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules.  The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

11.     The words "and" and "or" are to be considered both conjunctively and disjunctively.

12.     The singular form of a noun or pronoun includes the plural form and vice versa.

13.     "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

14.     "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II.    **INSTRUCTIONS**

1.     These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2.     These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.     If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.     For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)     the identity of the document;

(b)     the nature of the document (e.g., letter, memorandum, chart);

4

(c)     the identity of the person(s) who received copies of the document;

(d)     the date of the document;

(e)     a brief description of the subject matter of the document; and

(f)     the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5.     If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a)     the date;

(b)     all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c)     the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d)     the general subject matter of the document;

(e)     the portion(s) of the document as to which privilege or protection is claimed; and

(f)     the type of privilege or protection asserted.

6.    If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.    With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

## III.    DOCUMENT REQUESTS

1.    All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

   (a) gsoufleris@absolute-medical.org; and

   (b) gsoufleris@absolute-med.com;

2.     All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

   (a) dhawley@absolute-medical.org;

   (b) dhawley@absolute-med.com; and

   (c) DaveRyanHawley@gmail.com.

3.     All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

   (a) rmiller@absolute-medical.org;

   (b) rmiller@absolute-med.com; and

   (c) RyanAMiller23@gmail.com.

4.     All communications with Brandon Gottstein, including but not limited to, emails sent to or received from the following accounts:

   (a) bgottstein@absolute-medical.org; and

   (b) bgottstein@absolute-med.com.

5.     All communications with Absolute Medical.

6.     All communications with AMS.

7.     All communications with Absolute Ortho.

8.     All communications with Absolute Group.

9.     All contracts, memorandums of understanding, or other agreements of any kind with:

   (a) Absolute Medical;

   (b) AMS;

   (c) Absolute Ortho;

7

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

10.   All records of sales made by:

(a) Absolute Medical;

(b) AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

11. All records of commissions paid to:

(a) Absolute Medical;

(b) AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| NuVasive, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                             K2M, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Exhibit A.

| Place: Gullett, Sanford, Robinson & Martin, PLLC<br>150 Third Avenue South, Ste. 1700<br>Nashville, TN 37201 | Date and Time:<br><br>08/06/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____07/06/2018_____

|  | |
|---|---|
| *CLERK OF COURT* | OR  *Thomas M McFarland* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
NuVasive, Inc._____, who issues or requests this subpoena, are:

M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; 615-244-4994
tmcfarland@gsrm.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                        *Server's signature*

                                               _____
                                                        *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC.              )
                          )
        Plaintiff,      )
                          )
v.                      )    Civil Case No. 6:17-cv-2206-Orl-41GJK
                          )
ABSOLUTE MEDICAL, LLC, GREG  )
SOUFLERIS, DAVE HAWLEY, RYAN  )
MILLER, and ABSOLUTE MEDICAL  )
SYSTEMS, LLC            )
                          )
        Defendants.    )
                          )

## EXHIBIT A TO SUBPOENA DUCES TECUM TO K2M, INC.

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to K2M, Inc.:

## I.    DEFINITIONS

1.    "You" or "your" shall mean K2M, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2.    "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

1

3. "Absolute Medical" shall mean the Defendant in this matter, Absolute Medical, LLC a/k/a Absolute Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4. "AMS" shall mean the Defendant in this matter, Absolute Medical Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5. "Absolute Ortho" shall mean Absolute Ortho, Inc. f/k/a Soufleris Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6. "Absolute Group" shall mean The Absolute Group, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

7. "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

8. "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

2

9.    "Charge sheet" shall mean any document detailing the sales of medical products submitted by a sales representative and/or distributor to the manufacturer and/or marketer of said products, including, without limitation, sales order forms, proof of delivery forms, surgery requisition forms, etc.

10.    The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules.  The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

11.    The words "and" and "or" are to be considered both conjunctively and disjunctively.

12.    The singular form of a noun or pronoun includes the plural form and vice versa.

13.    "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

14.     "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II.     INSTRUCTIONS

1.     These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2.     These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.     If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.     For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)     the identity of the document;

(b)     the nature of the document (e.g., letter, memorandum, chart);

4

(c)    the identity of the person(s) who received copies of the document;

(d)    the date of the document;

(e)    a brief description of the subject matter of the document; and

(f)    the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5.    If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a)    the date;

(b)    all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c)    the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d)    the general subject matter of the document;

(e)    the portion(s) of the document as to which privilege or protection is claimed; and

(f)    the type of privilege or protection asserted.

6.     If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.     With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

### III.     DOCUMENT REQUESTS

1.     All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

(a) gsoufleris@absolute-medical.org; and

(b) gsoufleris@absolute-med.com;

2.      All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

    (a) dhawley@absolute-medical.org;

    (b) dhawley@absolute-med.com; and

    (c) DaveRyanHawley@gmail.com.

3.      All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

    (a) rmiller@absolute-medical.org;

    (b) rmiller@absolute-med.com; and

    (c) RyanAMiller23@gmail.com.

4.      All communications with Brandon Gottstein, including but not limited to, emails sent to or received from the following accounts:

    (a) bgottstein@absolute-medical.org; and

    (b) bgottstein@absolute-med.com.

5.      All communications with Absolute Medical.

6.      All communications with AMS.

7.      All communications with Absolute Ortho.

8.      All communications with Absolute Group.

9.      All contracts, memorandums of understanding, or other agreements of any kind with:

    (a) Absolute Medical;

    (b) AMS;

    (c) Absolute Ortho;

7

    (d)  Absolute Group;

    (e)  Greg Soufleris;

    (f)  Dave Hawley;

    (g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

    (h)  Ryan Miller;

    (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

    (j)  Brandon Gottstein;

    (k)  BG Medical LLC.

10.    All records of sales made by:

    (a)  Absolute Medical;

    (b)  AMS;

    (c)  Absolute Ortho;

    (d)  Absolute Group;

    (e)  Greg Soufleris;

    (f)  Dave Hawley;

    (g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

    (h)  Ryan Miller;

    (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

    (j)  Brandon Gottstein;

    (k)  BG Medical LLC.

11. All records of commissions paid to:

    (a)  Absolute Medical;

    (b)  AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| NuVasive, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       NovaBone Products, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Exhibit A.

| Place: Bradley 100 North Tampa Street Tampa, FL 33602 | Date and Time: 08/06/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/06/2018

*CLERK OF COURT*

OR    *Thomas McFarland*

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff
NuVasive, Inc. _____ , who issues or requests this subpoena, are:

M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; 615-244-4994
tmcfarland@gsrm.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                    *Server's signature*

                              _____
                                    *Printed name and title*


                              _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUVASIVE, INC.                                     )
                                                   )
        Plaintiff,                                )
                                                   )
v.                                                 )    Civil Case No. 6:17-cv-2206-Orl-41GJK
                                                   )
ABSOLUTE MEDICAL, LLC, GREG                        )
SOUFLERIS, DAVE HAWLEY, RYAN                       )
MILLER, and ABSOLUTE MEDICAL                       )
SYSTEMS, LLC                                       )
                                                   )
        Defendants.                               )
                                                   )
_____)

**EXHIBIT A TO SUBPOENA DUCES TECUM**
**TO NOVABONE PRODUCTS, LLC**

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to NovaBone Products, LLC:

## I.    DEFINITIONS

1.    "You" or "your" shall mean NovaBone Products, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2.    "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

1

3. "Absolute Medical" shall mean the Defendant in this matter, Absolute Medical, LLC a/k/a Absolute Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4. "AMS" shall mean the Defendant in this matter, Absolute Medical Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5. "Absolute Ortho" shall mean Absolute Ortho, Inc. f/k/a Soufleris Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6. "Absolute Group" shall mean The Absolute Group, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

7. "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

8. "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

2

9.     "Charge sheet" shall mean any document detailing the sales of medical products submitted by a sales representative and/or distributor to the manufacturer and/or marketer of said products, including, without limitation, sales order forms, proof of delivery forms, surgery requisition forms, etc.

10.     The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules.  The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

11.     The words "and" and "or" are to be considered both conjunctively and disjunctively.

12.     The singular form of a noun or pronoun includes the plural form and vice versa.

13.     "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

14.    "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II.    **INSTRUCTIONS**

1.    These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2.    These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.    If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.    For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)    the identity of the document;

(b)    the nature of the document (e.g., letter, memorandum, chart);

4

(c)    the identity of the person(s) who received copies of the document;

(d)    the date of the document;

(e)    a brief description of the subject matter of the document; and

(f)    the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5.    If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a)    the date;

(b)    all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c)    the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d)    the general subject matter of the document;

(e)    the portion(s) of the document as to which privilege or protection is claimed; and

(f)    the type of privilege or protection asserted.

6.    If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.    With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

## III.    DOCUMENT REQUESTS

1.    All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

    (a) gsoufleris@absolute-medical.org; and

    (b) gsoufleris@absolute-med.com;

2.     All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

      (a) dhawley@absolute-medical.org;

      (b) dhawley@absolute-med.com; and

      (c) DaveRyanHawley@gmail.com.

3.     All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

      (a) rmiller@absolute-medical.org;

      (b) rmiller@absolute-med.com; and

      (c) RyanAMiller23@gmail.com.

4.     All communications with Brandon Gottstein, including but not limited to, emails sent to or received from the following accounts:

      (a) bgottstein@absolute-medical.org; and

      (b) bgottstein@absolute-med.com.

5.     All communications with Absolute Medical.

6.     All communications with AMS.

7.     All communications with Absolute Ortho.

8.     All communications with Absolute Group.

9.     All contracts, memorandums of understanding, or other agreements of any kind with:

      (a) Absolute Medical;

      (b) AMS;

      (c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

10.   All records of sales made by:

(a) Absolute Medical;

(b) AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

11. All records of commissions paid to:

(a) Absolute Medical;

(b) AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### Middle District of Florida

| | | |
|---|---|---|
| NuVasive, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Orthofix, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Exhibit A.

| Place: Gullett, Sanford, Robinson & Martin, PLLC | Date and Time: |
|---|---|
| 150 Third Avenue South, Ste. 1700 Nashville, TN 37201 | 08/06/2018 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/06/2018

| CLERK OF COURT | |
|---|---|
| | OR   *Thomas McFarland* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiff
NuVasive, Inc._____ , who issues or requests this subpoena, are:

M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; 615-244-4994
tmcfarland@gsrm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                               *Server's signature*

                                     _____
                                               *Printed name and title*

                                     _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NUVASIVE, INC.                              )
                                           )
    Plaintiff,                          )
                                           )
v.                                         )   Civil Case No. 6:17-cv-2206-Orl-41GJK
                                           )
ABSOLUTE MEDICAL, LLC, GREG                )
SOUFLERIS, DAVE HAWLEY, RYAN               )
MILLER, and ABSOLUTE MEDICAL               )
SYSTEMS, LLC                               )
                                           )
    Defendants.                         )
_____)

## EXHIBIT A TO SUBPOENA DUCES TECUM
## TO ORTHOFIX, INC.

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to Orthofix, Inc.:

## I.     DEFINITIONS

1.     "You" or "your" shall mean Orthofix, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2.     "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

1

3.    "Absolute Medical" shall mean the Defendant in this matter, Absolute Medical, LLC a/k/a Absolute Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4.    "AMS" shall mean the Defendant in this matter, Absolute Medical Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5.    "Absolute Ortho" shall mean Absolute Ortho, Inc. f/k/a Soufleris Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6.    "Absolute Group" shall mean The Absolute Group, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

7.    "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

8.    "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

2

9.    "Charge sheet" shall mean any document detailing the sales of medical products submitted by a sales representative and/or distributor to the manufacturer and/or marketer of said products, including, without limitation, sales order forms, proof of delivery forms, surgery requisition forms, etc.

10.    The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules.  The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

11.    The words "and" and "or" are to be considered both conjunctively and disjunctively.

12.    The singular form of a noun or pronoun includes the plural form and vice versa.

13.    "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

14.    "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II.    INSTRUCTIONS

1.    These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2.    These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.    If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.    For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)    the identity of the document;

(b)    the nature of the document (e.g., letter, memorandum, chart);

4

(c)     the identity of the person(s) who received copies of the document;

(d)     the date of the document;

(e)     a brief description of the subject matter of the document; and

(f)     the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5.     If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a)     the date;

(b)     all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c)     the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d)     the general subject matter of the document;

(e)     the portion(s) of the document as to which privilege or protection is claimed; and

(f)     the type of privilege or protection asserted.

6.     If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.     With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

### III.     <u>DOCUMENT REQUESTS</u>

1.     All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

   (a) gsoufleris@absolute-medical.org; and

   (b) gsoufleris@absolute-med.com;

2.    All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

      (a) dhawley@absolute-medical.org;

      (b) dhawley@absolute-med.com; and

      (c) DaveRyanHawley@gmail.com.

3.    All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

      (a) rmiller@absolute-medical.org;

      (b) rmiller@absolute-med.com; and

      (c) RyanAMiller23@gmail.com.

4.    All communications with Brandon Gottstein, including but not limited to, emails sent to or received from the following accounts:

      (a) bgottstein@absolute-medical.org; and

      (b) bgottstein@absolute-med.com.

5.    All communications with Absolute Medical.

6.    All communications with AMS.

7.    All communications with Absolute Ortho.

8.    All communications with Absolute Group.

9.    All contracts, memorandums of understanding, or other agreements of any kind with:

      (a) Absolute Medical;

      (b) AMS;

      (c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

10.  All records of sales made by:

(a) Absolute Medical;

(b) AMS;

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

11. All records of commissions paid to:

(a) Absolute Medical;

(b) AMS;

8

(c) Absolute Ortho;

(d) Absolute Group;

(e) Greg Soufleris;

(f) Dave Hawley;

(g) Hawleymed, LLC a/k/a Hawley Med, LLC;

(h) Ryan Miller;

(i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j) Brandon Gottstein;

(k) BG Medical LLC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
Middle District of Florida

| | | |
|---|---|---|
| NuVasive, Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Life Spine, Inc.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Exhibit A.

| Place: Gullett, Sanford, Robinson & Martin, PLLC<br>150 Third Avenue South, Suite 1700<br>Nashville, TN 37201 | Date and Time:<br><br>08/06/2018 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/06/2018

_CLERK OF COURT_

OR     _Thomas M. McFarland_

_____          _____
  _Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Plaintiff
NuVasive, Inc. _____, who issues or requests this subpoena, are:

M. Thomas McFarland, 150 Third Avenue South, Suite 1700, Nashville, TN 37201; 615-244-4994
tmcfarland@gsrm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:17-cv-2206-Orl-41GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NUVASIVE, INC.            )
                               )
        Plaintiff,        )
                               )
v.                         )    Civil Case No. 6:17-cv-2206-Orl-41GJK
                               )
ABSOLUTE MEDICAL, LLC, GREG   )
SOUFLERIS, DAVE HAWLEY, RYAN  )
MILLER, and ABSOLUTE MEDICAL   )
SYSTEMS, LLC           )
                               )
        Defendants.     )

## EXHIBIT A TO SUBPOENA DUCES TECUM
## TO LIFE SPINE, INC.

Pursuant to Federal Rule of Civil Procedure 45 and, Plaintiff NuVasive, Inc. ("NuVasive"), by and through its counsel of record, attaches the following to its *Subpoena Duces Tecum* to Life Spine, Inc.:

## I.    **DEFINITIONS**

1.    "You" or "your" shall mean Life Spine, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2.    "NuVasive" shall mean the Plaintiff in this matter, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

1

3.     "Absolute Medical" shall mean the Defendant in this matter, Absolute Medical, LLC a/k/a Absolute Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4.     "AMS" shall mean the Defendant in this matter, Absolute Medical Systems, LLC, including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

5.     "Absolute Ortho" shall mean Absolute Ortho, Inc. f/k/a Soufleris Medical, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

6.     "Absolute Group" shall mean The Absolute Group, Inc., including without limitation, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

7.     "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on your behalf.

8.     "Communication" or "communicate" refers to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

2

9.     "Charge sheet" shall mean any document detailing the sales of medical products submitted by a sales representative and/or distributor to the manufacturer and/or marketer of said products, including, without limitation, sales order forms, proof of delivery forms, surgery requisition forms, etc.

10.     The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules.  The terms include any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networks; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, or any other writing, including draft reports of the foregoing.

11.     The words "and" and "or" are to be considered both conjunctively and disjunctively.

12.     The singular form of a noun or pronoun includes the plural form and vice versa.

13.     "Related to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

14.   "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## II.   **INSTRUCTIONS**

1.   These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2.   These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3.   If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4.   For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a)   the identity of the document;

(b)   the nature of the document (e.g., letter, memorandum, chart);

(c)    the identity of the person(s) who received copies of the document;

(d)    the date of the document;

(e)    a brief description of the subject matter of the document; and

(f)    the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5.    If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a)    the date;

(b)    all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c)    the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d)    the general subject matter of the document;

(e)    the portion(s) of the document as to which privilege or protection is claimed; and

(f)    the type of privilege or protection asserted.

6.      If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7.      All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8.      With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard storage medium. NuVasive reserves the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

### III.    DOCUMENT REQUESTS

1.      All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

(a) gsoufleris@absolute-medical.org; and

(b) gsoufleris@absolute-med.com;

2.     All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

     (a) dhawley@absolute-medical.org;

     (b) dhawley@absolute-med.com; and

     (c) DaveRyanHawley@gmail.com.

3.     All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

     (a) rmiller@absolute-medical.org;

     (b) rmiller@absolute-med.com; and

     (c) RyanAMiller23@gmail.com.

4.     All communications with Brandon Gottstein, including but not limited to, emails sent to or received from the following accounts:

     (a) bgottstein@absolute-medical.org; and

     (b) bgottstein@absolute-med.com.

5.     All communications with Absolute Medical.

6.     All communications with AMS.

7.     All communications with Absolute Ortho.

8.     All communications with Absolute Group.

9.     All contracts, memorandums of understanding, or other agreements of any kind with:

     (a) Absolute Medical;

     (b) AMS;

     (c) Absolute Ortho;

    (d)  Absolute Group;

    (e)  Greg Soufleris;

    (f)  Dave Hawley;

    (g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

    (h)  Ryan Miller;

    (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

    (j)  Brandon Gottstein;

    (k)  BG Medical LLC.

10.   All records of sales made by:

    (a)  Absolute Medical;

    (b)  AMS;

    (c)  Absolute Ortho;

    (d)  Absolute Group;

    (e)  Greg Soufleris;

    (f)  Dave Hawley;

    (g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

    (h)  Ryan Miller;

    (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

    (j)  Brandon Gottstein;

    (k)  BG Medical LLC.

11. All records of commissions paid to:

    (a)  Absolute Medical;

    (b)  AMS;

(c)  Absolute Ortho;

(d)  Absolute Group;

(e)  Greg Soufleris;

(f)  Dave Hawley;

(g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

(h)  Ryan Miller;

(i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

(j)  Brandon Gottstein;

(k)  BG Medical LLC.