# EXHIBIT 2

# DuaneMorris®

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

SHANNON HAMPTON SUTHERLAND
DIRECT DIAL: +1 215 979 1104
PERSONAL FAX: +1 215 689 4956
*E-MAIL:* SHSutherland@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE*
*OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

July 24, 2018

**VIA EMAIL AND FIRST CLASS MAIL**

M. Thomas McFarland
Christopher W. Cardwell
Gullet, Sanford, Robinson & Martin PLLC
150 Third Avenue South, Ste. 1700
Nashville, TN 37201
*tmcfarland@gsrm.com*
*ccardwell@gsrm.com*

Diana Nicole vans
Robert Craig Mayfield
Bradley, Arant, Boult & Cummings LLP
100 N. Tampa St. Ste 2200
Tampa, FL 33602-5809
*dnevans@bradley.com*
*cmayfield@babc.com*

> Re: *NuVasive, Inc. v. Absolute Medical, LLC, et al,* 6:17-cv-2206-Orl-41GJK
> (M.D. Fl.) - Subpoena to K2M, Inc.

Dear Counsel:

Enclosed please find the Responses and Objections of K2M, Inc. to the Subpoena *Duces Tecum* in the above-captioned matter.

Very truly yours,

Shannon Hampton Sutherland

SHS/sfm/ DM1\8890524.1

DuaneMorris

M. Thomas McFarland
Christopher W. Cardwell
Diana Nicole vans
Robert Craig Mayfield
July 24, 2018
Page 2


cc:   Bryan E. Busch
      Laura H. Mirmelli
      Adams and Reese LLP
      Suite 1600
      3424 Peachtree St. NE
      Atlanta, GA 30326
      *bryan.busch@arlaw.com*
      *laura.mirmelli@arlaw.com*

      Chantal Pillay
      Adams and Reese LLP
      Suite 110
      350 E. Las Olas Blvd.
      Fort Lauderdale, FL 33064
      *chantal.pillay@arlaw.com*

      Louis M. Ursini, III
      Adams and Reese LLP
      Bank of America Plaza
      101 E. Kennedy Blvd. Ste 4000
      Tampa, FL 33602-5152
      *louis.ursini@arlaw.com*

      Kevin Vance, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| NuVasive, Inc., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 6:17-cv-2206-Orl-41GJK |
| Absolute Medical, LLC, et al., | ) ) | |
| Defendants. | ) ) ) | |

## RESPONSES AND OBJECTIONS OF K2M, INC. TO SUBPOENA *DUCES TECUM*

Pursuant to Federal Rule of Civil Procedure 45, third-party K2M, Inc. ("K2M") respectfully responds and objects to the Subpoena *Duces Tecum* ("Subpoena") of Plaintiff, NuVasive, Inc. ("NuVasive"), as follows:

### I.   OBJECTIONS TO DEFINITIONS

1.     K2M objects to the definition of "K2M" (Definition No. 1) and "Employee" (Definition Nos. 7 and 1) to the extent that it purports to require K2M to search records, devices, or accounts of entities or persons other than K2M, Inc., including, but not limited to, the documents of third-party independent agencies, distributors, independent contractors, their sub-agents, or third-parties. In responding to the Subpoena, K2M will conduct a reasonable search of the documents of K2M, Inc.

2.     K2M objects to the definitions of "Absolute Medical" (Definition No. 3), "AMS" (Definition No. 4), "Absolute Ortho" (Definition No. 5), "Absolute Group" (Definition No. 6), and "Employee" (Definition No. 7 and 3-6), to the extent that K2M does not know the identities, addresses, or accounts for all of the parents, subsidiaries, partners, distributorships, and/or

affiliates of such entities and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalves. In responding to the Subpoena, K2M has conducted a reasonable search of the documents of K2M based on the information provided in the Subpoena.

## II.    OBJECTIONS TO INSTRUCTIONS

1.      K2M objects to Instruction No. 1 as exceeding the bounds of Federal Rule of Civil Procedure 45, which does not provide that subpoenas to third-parties are continuing in nature nor require supplemental responses.

2.      K2M objects to Instruction Nos. 2 and 4 to the extent that they purport to impose on K2M an obligation to log or identify documents, if any, that may no longer exist in the normal application of K2M's document retention policies.

3.      K2M objects to Instruction No. 5 to the extent that it purports to require K2M to log communications concerning the Subpoena.

4.      K2M objects to Instruction Nos. 7 and 8 to the extent that they purport to impose an undue burden on a third-party.

## III.    RESPONSES TO DOCUMENT REQUESTS

1.      All communications with Greg Soufleris, including but not limited to, emails sent to or received from the following accounts:

    (a)    gsoufleris@absolute-medical.org; and

    (b)    gsoufleris@absolute-med.com.

**RESPONSE**: K2M objects to Request No. 1 to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information. As discussed with counsel, such

information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M. K2M further objects to Request No. 1's use of the term "including but not limited to" as vague and unduly burdensome, to the extent that K2M does not know every account or communication mechanism used by Greg Soufleris. K2M further objects to Request No. 1 as unlimited as to time and therefore overly broad and unduly burdensome. Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 1, using the email addresses provided in subparts (a) and (b) of Request No. 1, and will produce any such communications.

2.    All communications with Dave Hawley, including but not limited to, emails sent to or received from the following accounts:

(a)    dhawley@absolute-medical.org;

(b)    dhawley@absolute-med.com; and

(c)    DaveRyanHawley@gmail.com.

**RESPONSE**: K2M objects to Request No. 2 to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information. As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M. K2M further objects to Request No. 2's use of the term "including but not limited to" as vague and unduly burdensome, to the extent that K2M does not know every account or communication mechanism used by Dave Hawley. K2M further objects to Request No. 2 as unlimited as to time and therefore overly broad and unduly burdensome. Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has

conducted a reasonable search for communications in the last year responsive to Request No. 2, using the email addresses provided in subparts (a), (b), and (c) of Request No. 2, and will produce any such communications.

     3.     All communications with Ryan Miller, including but not limited to, emails sent to or received from the following accounts:

     (a)     rmiller@absolute-medical.org;

     (b)     rmiller@absolute-med.com; and

     (c)     RyanAMiller23@gmail.com.

**RESPONSE**: K2M objects to Request No. 3 to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information. As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M. K2M further objects to Request No. 3's use of the term "including but not limited to" as vague and unduly burdensome because K2M has an unrelated employee named Ryan Miller in its legal department, and to the extent that K2M does not know every account or communication mechanism used by the Ryan Miller at issue. K2M further objects to Request No. 3 as unlimited as to time and therefore overly broad and unduly burdensome. Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 3, using the email addresses provided in subparts (a), (b), and (c) of Request No. 3, and will produce any such communications.

4

DM1\8857565.1

4.      All communications with Brandon Gottstein, including but not limited to, emails

sent to or received from the following accounts:

    (a)      bgottstein@absolute-medical.org; and

    (b)      bgottstein@absolute-med.com.

**RESPONSE**:  K2M objects to Request No. 4 to the extent that it seeks the production of

K2M's confidential, proprietary, or trade secret information.  As discussed with counsel, such

information will be produced only pursuant to a two-tiered confidentiality order acceptable to

K2M.  K2M further objects to Request No. 4's use of the term "including but not limited to" as

vague and unduly burdensome, to the extent that K2M does not know every account or

communication mechanism used by Brandon Gottstein.  K2M further objects to Request No. 4

as unlimited as to time and therefore overly broad and unduly burdensome.  Subject to, and

without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M

has conducted a reasonable search for communications in the last year responsive to Request No.

4, using the email addresses provided in subparts (a) and (b) of Request No. 4, and will produce

such any communications.

5.      All communications with Absolute Medical.

**RESPONSE**:  K2M incorporates Objection No. 2 to the Definition of Absolute Medical,

above.  K2M further objects to this Request to the extent that it seeks the production of K2M's

confidential, proprietary, or trade secret information.  As discussed with counsel, such

information will be produced only pursuant to a two-tiered confidentiality order acceptable to

K2M.  K2M further objects to Request No. 5 as vague and unduly burdensome, to the extent that

K2M does not know every account or communication mechanism used by Absolute Medical.

K2M further objects to Request No. 5 as unlimited as to time and therefore overly broad and unduly burdensome.  Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 5, using the terms *@absolute-medical.com, *@absolute-med.com, DaveRyanHawley@gmail.com, and Ryan@Miller23@gmail.com, and will produce any such communications.

6.    All communications with AMS.

**RESPONSE**:  K2M incorporates Objection No. 2 to the Definition of AMS, above. K2M further objects to this Request to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information.  As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M.  K2M further objects to Request No. 6 as vague and unduly burdensome, to the extent that K2M does not know every account or communication mechanism used by AMS.  K2M further objects to Request No. 6 as unlimited as to time and therefore overly broad and unduly burdensome.  Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 6, using the terms *@absolute-medical.com, *@absolute-med.com, DaveRyanHawley@gmail.com, and Ryan@Miller23@gmail.com, and will produce any such communications.

6

7.    All communications with Absolute Ortho.

**RESPONSE**:  K2M incorporates Objection No. 2 to the Definition of Absolute Ortho, above.  K2M further objects to this Request to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information.  As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M.  K2M further objects to Request No. 7 as vague and unduly burdensome, to the extent that K2M does not know every account or communication mechanism used by Absolute Ortho.  K2M further objects to Request No. 7 as unlimited as to time and therefore overly broad and unduly burdensome.  Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 7, using the terms *@absolute-medical.com, *@absolute-med.com, DaveRyanHawley@gmail.com, and Ryan@Miller23@gmail.com, and will produce any such communications.


8.    All communications with Absolute Group.

**RESPONSE**:  K2M incorporates Objection No. 2 to the Definition of Absolute Group, above.  K2M further objects to this Request to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information.  As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M.  K2M further objects to Request No. 8 as vague and unduly burdensome, to the extent that K2M does not know every account or communication mechanism used by Absolute Group.  K2M further objects to Request No. 8 as unlimited as to time and therefore overly broad and unduly burdensome.  Subject to, and without waiving, the foregoing objections, and the

7

objections set forth in Sections I and II, K2M has conducted a reasonable search for communications in the last year responsive to Request No. 8, using the terms *@absolute-medical.com, *@absolute-med.com, DaveRyanHawley@gmail.com, and Ryan@Miller23@gmail.com, and will produce such any communications.

9.   All contracts, memorandums [sic] of understanding, or other agreements of any kind with:

      (a)  Absolute Medical;

      (b)  AMS;

      (c)  Absolute Ortho;

      (d)  Absolute Group;

      (e)  Greg Soufleris;

      (f)  Dave Hawley;

      (g)  Hawleymed, LLC a/k/a Hawley Med, LLC;

      (h)  Ryan Miller;

      (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

      (j)  Brandon Gottstein;

      (k)  BG Medical LLC.

**RESPONSE:**  K2M objects to the definitions of the terms set forth in Request No. 9 and its subparts, as set forth above in Section I, Objection No. 2. K2M objects to the terms "memorandums [sic] of understanding" and "other agreements" as vague and unduly burdensome. K2M further objects to Request No. 9 and its subparts as unlimited as to time and therefore overly broad and unduly burdensome. K2M further objects to this Request to the

extent that it seeks the production of K2M's confidential, proprietary, or trade secret information. Subject to, and without waiving, the foregoing objections, and the objections set forth in Sections I and II, based on a reasonable search of the legal department contract documents of K2M, Inc., K2M has no documents responsive to Request No. 9 or its subparts.

     10.    All records of sales made by:

        (a) Absolute Medical;

        (b) AMS;

        (c) Absolute Ortho;

        (d) Absolute Group;

        (e) Greg Soufleris;

        (f) Dave Hawley;

        (g) Hawleymed, LLC a/k/a Hawley Med, LLC;

        (h) Ryan Miller;

        (i) Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

        (j) Brandon Gottstein;

        (k) BG Medical LLC.

**RESPONSE:** K2M objects to the definitions of the terms set forth in Request No. 10, as set forth above in Section I, No. 2. K2M further objects to Request No. 10 as unlimited as to time and therefore overly broad and unduly burdensome. K2M further objects to the request for all records of sales "made by" the individuals or entities set forth in subparts (a) through (k) as vague and unduly burdensome, to the extent that the individuals or entities set forth in subparts (a) through (k) are not under contract with K2M, and K2M does not know the arrangements, if

any, between its independent agents and the individuals or entities set forth in subparts (a) through (k), the structures of such entities, or all of the activities of such individuals or entities. K2M further objects to the request for "all records of sales" as overly broad and unduly burdensome where summary sales reports are available. K2M further objects to this Request to the extent that it seeks the production of K2M's confidential, proprietary, or trade secret information. As discussed with counsel, such information will be produced only pursuant to a two-tiered confidentiality order acceptable to K2M. Subject to, and without waiving, the foregoing objections, and the objections set forth in Section I and II, based on a reasonable search of the documents of K2M, Inc. for the sales, from November 2017 through July 20, 2018, for which any individual set forth in the subparts (a) through (k) was identified as the sales consultant, K2M did not locate such records for the individuals set forth in subparts (a) through (e) or (g) through (k); K2M will produce such summary sales reports for the individual set forth in subpart (f).

    11.    All records of commissions paid to:

       (a) Absolute Medical:

       (b) AMS;

       (c) Absolute Ortho;

       (d) Absolute Group;

       (e) Greg Soufleris;

       (f) Dave Hawley;

       (g) Hawleymed, LLC a/k/a Hawley Med, LLC;

       (h) Ryan Miller;

    (i)  Millertime Medical, Inc. a/k/a Miller Time Medical, Inc.;

    (j)  Brandon Gottstein;

    (k)  BG Medical LLC.

**RESPONSE:**  K2M objects to the definitions of the terms set forth in Request No. 11 and its subparts, as set forth above in Section I, No. 2.  K2M further objects to Request No. 11 and its subparts as unlimited as to time and therefore overly broad and unduly burdensome. K2M further objects to the request as vague and unduly burdensome, to the extent that the individuals or entities set forth in subparts (a) through (k) are not under contract with K2M, and K2M does not know the arrangements or payments, if any, between its independent agents and the individuals or entities set forth in subparts (a) through (k).  K2M further objects to Request No. 11 and its subparts to the extent that it seeks confidential, proprietary, or trade secret information of K2M.  Subject to, and without waiving, the foregoing objections, and the objections set forth in Section I and II, based on a reasonable search of the documents of K2M, Inc. for the last year, K2M has no records of commission payments made by K2M, Inc. to any of the individuals or entities set forth in subparts (a) through (k).

Dated: July 24, 2018

Respectfully submitted,

Kevin E. Vance (670464)
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318
Phone:  305.960.2200
Fax:  305.960.2201
E-mail:  kevance@duanemorris.com
*Attorneys for Third Party, K2M, Inc.*

11

Shannon Hampton Sutherland, *of counsel*
**DUANE MORRIS LLP**
30 S. 17th St.
Philadelphia, PA 19103
Phone: 215.979.1104
Fax: 215.979.1000
E-mail: shsutherland@duanemorris.com

12

## CERTIFICATE OF SERVICE

I, Shannon Hampton Sutherland, hereby certify that, on July 24, 2018, a true and correct

copy of the foregoing RESPONSES AND OBJECTIONS OF K2M, INC. TO SUBPOENA

*DUCES TECUM* was served on the following counsel of record via First Class U.S. Mail and e-

mail, as follows:

> M. Thomas McFarland
> Christopher W. Cardwell
> Gullet, Sanford, Robinson & Martin PLLC
> 150 Third Avenue South, Ste. 1700
> Nashville, TN 37201
> tmcfarland@gsrm.com
> ccardwell@gsrm.com
>
> Diana Nicole vans
> Robert Craig Mayfield
> Bradley, Arant, Boult & Cummings LLP
> 100 N. Tampa St. Ste 2200
> Tampa, FL 33602-5809
> dnevans@bradley.com
> cmayfield@babc.com
>
> *Attorneys for Plaintiff*
>
> -and-
>
> Bryan E. Busch
> Laura H. Mirmelli
> Adams and Reese LLP
> Suite 1600
> 3424 Peachtree St. NE
> Atlanta, GA 30326
> bryan.busch@arlaw.com
> laura.mirmelli@arlaw.com
>
> Chantal Pillay
> Adams and Reese LLP
> Suite 110
> 350 E. Las Olas Blvd.
> Fort Lauderdale, FL 33064
> chantal.pillay@arlaw.com

Louis M. Ursini, III
Adams and Reese LLP
Bank of America Plaza
101 E. Kennedy Blvd. Ste 4000
Tampa, FL 33602-5152
louis.ursini@arlaw.com

*Attorneys for Defendants*

Shannon Hampton Sutherland