# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NUVASIVE, INC.,**

        **Plaintiff,**

**v.**                                       **Case No:   6:17-cv-2206-Orl-41GJK**

**ABSOLUTE MEDICAL, LLC; GREG SOUFLERIS; DAVE HAWLEY; ABSOLUTE MEDICAL SYSTEMS, LLC; and RYAN MILLER;**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION AND MEMORANDUM OF LAW TO COMPEL RESPONSES TO SUBPOENA *DUCES TECUM* SERVED UPON ABSOLUTE MEDICAL SYSTEMS, LLC (Doc. No. 57)** |
| **FILED:** | **May 10, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO PRODUCE DOCUMENTS TO OSSEUS FUSION SYSTEMS, LLC, K2M, INC., NOVABONE PRODUCTS, LLC, ORTHOFIX, INC., AND LIFE SPINE, INC. (Doc. No. 92)** |
| **FILED:** | **July 23, 2018** |

> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS TO CENTRAL FLORIDA REGIONAL HOSPITAL (Doc. No. 102)
>
> **FILED:** August 10, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. BACKGROUND.

On June 8, 2018, NuVasive, Inc., filed the "First Amended Complaint for Injunctive Relief and Damages" (the "Amended Complaint") against Absolute Medical, LLC ("Absolute Medical"); Absolute Medical Systems, LLC ("AMS"); Greg Soufleris; Dave Hawley; and Ryan Miller (collectively, "Defendants"). Doc. No. 68. NuVasive alleges that it entered into exclusive sales agreements with Absolute Medical for Absolute Medical to sell NuVasive's products. *Id.* at ¶¶ 8, 32. It claims that Absolute Medical breached the agreements by doing the following:

> a. attempting to terminate the contract between it and NuVasive without cause;
> b. failing to maintain sufficient personnel to service its sales territory;
> c. failing to inform NuVasive that it is distributing competitive products;
> d. failing to comply with its reasonable non-compete and non-solicit obligations; and
> e. failing to ensure that its former sales representatives comply with their reasonable non-compete and non-solicit obligations.

*Id.* at ¶ 2. NuVasive alleges that AMS is the successor in interest to Absolute Medical, which was dissolved in February 2018. *Id.* at ¶¶ 11, 16-24. Both Absolute Medical and AMS are limited liability companies with Soufleris as their single member, president, and registered agent. *Id.* at ¶¶

7, 13, 16. Defendants Hawley and Miller were sales representatives for Absolute Medical. *Id.* at ¶¶ 19, 21. Although NuVasive alleges that Hawley and Miller began working as sales representatives for AMS, *id.* at ¶¶ 19, 21, during the evidentiary hearing on the motion for a preliminary injunction, both Hawley and Miller testified that they never worked for AMS. Doc. No. 101-2 at 82, 102-03. NuVasive alleges, "Soufleris, Hawley, and Miller now sell products on AMS' behalf that compete with NuVasive's products to the same customers they sold NuVasive's products on Absolute Medical's behalf." Doc. No. 68 at ¶ 23. NuVasive also alleges that Hawley and Miller are contractually bound "not to solicit or service the customers they solicited or serviced on Absolute Medical's behalf." *Id.* at ¶ 56. Hawley and Miller stated at the evidentiary hearing that there is no contract restricting them from selling to former NuVasive customers in 2017 to the present. Doc. No. 101-2 at 78, 99. NuVasive seeks injunctive relief and damages.[1] Doc. No. 68 at 23-24.

On May 10, 2018, before the complaint was amended to add AMS as a party, Plaintiff filed a "Motion and Memorandum of Law to Compel Responses to Subpoena Duces Tecum Served Upon [AMS]" (the "Motion to Compel"). Doc. No. 57. On May 25, 2018, before it became a party to these proceedings, AMS filed a response to the Motion to Compel. Doc. No. 62. On June 14, 2018, with the Court's permission, NuVasive filed a reply to the response. Doc. No. 72.

On July 23, 2018, "Defendants' Motion to Quash Plaintiff's Subpoenas to Produce Documents to Osseus Fusion Systems, LLC, K2M, Inc., NovaBone Products, LLC, Orthofix, Inc., and Life Spine, Inc." (the "First Motion to Quash") was filed. Doc. No. 92. On August 2, 2018, the Court denied the First Motion to Quash as to K2M, Inc., Orthofix, Inc., and Life Spine, Inc.,

---

[1] On February 15, 2018, Absolute Medical filed a counterclaim against NuVasive asserting that NuVasive failed to pay it commissions owed from October 31, 2017, through December 4, 2017. Doc. No. 26 at 20-21.

as the subpoenas required production in Nashville, Tennessee, and thus the First Motion to Quash regarding those subpoenas should have been filed in a court with jurisdiction over Nashville, Tennessee. Doc. No. 98 at 2. Enforcement of the subpoenas directed to Osseus Fusion Systems, LLC ("Osseus"), and NovaBone Products, LLC ("NovaBone"), which required production in Tampa, Florida, was stayed pending resolution of the issues in the First Motion to Quash. *Id.* at 3. On August 6, 2018, NuVasive filed its response to the First Motion to Quash. Doc. No. 101.

On August 10, 2018, Defendants filed a "Motion to Quash Plaintiff's Subpoena to Produce Documents to Central Florida Regional Hospital" (the "Second Motion to Quash"). Doc. No. 102. On August 24, 2018, NuVasive filed its response to the Second Motion to Quash. Doc. No. 105.

**II.     ANALYSIS.**

In the subpoena that is the subject of the Motion to Compel, Plaintiff requests that AMS produce "[a]ll contracts or other agreements" between AMS and various people and entities,[2] "all records related to transactions between [AMS] and Absolute Medical, LLC[,] Absolute Medical, Inc., or any other entity controlled by Greg Soufleris or Lindsey Soufleris[,]" and "[a]ll communications between" AMS and various people and entities. Doc. No. 57-4 at 5-11. Plaintiff also requests the following from AMS: all contracts assigned to it, all charge sheets it submitted to Alphatec,[3] records of all payments AMS received from Alphatec, all commission statements AMS provided its sales representatives, and all documents related to AMS's initial funding or capitalization. *Id.* at 8, 12-13.

The subpoenas at issue in the First Motion to Quash request that Osseus and NovaBone produce various documents, including "[a]ll communications[;]" "[a]ll contracts, memorandums

---

[2] One of those entities is not named but referred to only as "any other participant in the medical device industry[.]" Doc. No. 57-4 at 8.
[3] Alphatec is NuVasive's competitor. *See* Doc. No. 68 at ¶ 64.

- 4 -

of understanding, or other agreements of any kind[;]" "[a]ll records of sales made[;]" and "[a]ll records of commissions paid to" particular people and entities. Doc. No. 92 at 19-22, 43-46.

The subpoena directed to Central Florida Regional Hospital asks for every "Surgery Requisition Form" submitted by or on behalf of the following in 2017 and 2018: Soufleris, Hawley, Miller, Brandon Gottstein,[4] Absolute Medical, AMS, Absolute Ortho, Inc., Absolute Medical, Inc., and The Absolute Group. Doc. No. 102 at 18. It also requests all emails exchanged with various email addresses associated with Soufleris, Hawley, Miller, Gottstein, and the email address dedelson@absolute-medical.org. *Id.*

Defendants raise the same objections in the response to the Motion to Compel, the First Motion to Quash, and the Second Motion to Quash. Doc. Nos. 62, 92, 102. Thus, the Court addresses the objections in turn.

### A.      Disclosure of Trade Secrets or Confidential and Proprietary Information

Defendants argue that all the subpoenas request documents that "contain trade secrets or otherwise confidential and proprietary information, such as sensitive pricing and products[,]" Doc. No. 102 at 3, and "highly sensitive, confidential business information between Defendants and Non-Parties," Doc. No. 92 at 4. Defendants state that they and the subpoenaed entities "are competitors in the same industry as NuVasive; thus, producing these documents would cause substantial economic harm to Defendants' competitive position." Doc. No. 92 at 4; *see also* Doc. No. 62 at 6; Doc. No. 102 at 4. Defendants contend that the documents "are likely to reveal Defendants' confidential methods, techniques, and processes in obtaining and maintaining clients and confidential pricing and terms for competitive products, which could be used by NuVasive to gain a competitive advantage over Defendants." Doc. No. 92 at 4; Doc. No. 102 at 4. Defendants

---

[4] Gottstein was a sales representative with Absolute Medical. Doc. No. 101-2 at 32.

provide only conclusory assertions to support this argument; they fail to provide any affidavits or factual support. Thus, this argument is rejected. *See Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1940-T-33EAJ, 2010 WL 11508180, at *3 (M.D. Fla. Apr. 26, 2010) (stating that the moving party has the "burden to establish that a subpoena requires the disclosure of privileged or protected information" and finding that conclusory assertions that the subpoenas require disclosure of privileged or protected information are insufficient to justify quashing or modifying the subpoenas).

**B.  Relevancy**

Defendants also argue that the documents sought are irrelevant and not proportional to the claims and defenses raised. Doc. No. 62 at 3-6; Doc. No. 92 at 4; Doc. No. 102 at 4-7. In its responses to the motions to quash, NuVasive contends that relevancy is not a proper basis to quash subpoenas to non-parties. Doc. No. 101 at 5-6; Doc. No. 105 at 6.

The Court may, on motion or on its own, limit the extent of discovery "if it determines that . . . the proposed discovery is outside the scope permitted by [Federal] Rule [of Civil Procedure] 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). As NuVasive states in its response to the First Motion to Quash, "Discovery sought from a non-party via a subpoena *duces tecum*, issued pursuant to Federal Rule of Civil Procedure 45, is subject to the same standards as those applicable to the other discovery rules."[5] Doc. No. 101 at 2. Thus, the Court will consider Defendants' relevancy objections.

Rule 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

---

[5] NuVasive also states in its reply to the response to the Motion to Compel, "The Rule 26 standard applies to information sought through a Rule 45 subpoena." Doc. No. 72 at 2.

> stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendants assert that because Hawley and Miller admitted to working for a competing company, "their communications, contracts, and sales/commissions records with third parties are not relevant to this matter and, in fact, would be harmful to Hawley's and Miller's business relationships if disclosed." Doc. No. 92 at 6-7; *see also* Doc. No. 102 at 6. Defendants contend that "NuVasive is improperly seeking post-judgment discovery against Soufleris and AMS by requesting their financial records from [the subpoenaed entities] before a judgment has been entered." Doc. No. 92 at 7; *see also* Doc. No. 62 at 5-6; Doc. No. 102 at 5. Defendants state that records of sales and commissions are irrelevant because "NuVasive is only seeking to hold Soufleris and AMS liable for damages, if any, attributable to Absolute Medical." Doc. No. 92 at 7. Finally, Defendants argue that "NuVasive should be required to wait until this Court rules on its Motion for Preliminary Injunction to determine if non-competes exist for Hawley and Miller, if the veil should be pierced to Soufleris, and if AMS is . . . considered a successor entity to Absolute Medical." Doc. No. 92 at 7; Doc. No. 102 at 6-7.

In addition to alleging that Hawley and Miller worked for a competitor, NuVasive also asserts a claim for conversion against Hawley and AMS (alleging that Hawley or another AMS sales representative converted NuVasive's custom surgical instruments) and a claim against all Defendants under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Doc. No. 68 at ¶¶ 61, 63, 106-08, 121-26. Specifically regarding Hawley, NuVasive alleges that he "shipp[ed] custom surgical instruments that NuVasive created and owned to Alphatec so that Alphatec could create substantially identical instruments." *Id.* at ¶ 125. Thus, Hawley's and Miller's admissions of working for a competitor do not lead to the conclusion that the documents

requested in the subpoenas are irrelevant. Also, Defendants provide no affidavits or facts to support the conclusory assertion that disclosure of the documents will harm Hawley's and Miller's business relationships.

Although Defendants argue that NuVasive is improperly seeking post-judgment discovery, they fail to state how the documents requested in the subpoenas constitute "post-judgment discovery against Soufleris and AMS . . . ." Doc No. 92 at 7. Because NuVasive is alleging violations of FDUTPA against all Defendants, Defendants' argument that NuVasive only seeks damages from Soufleris and AMS that are attributable to Absolute Medical is unsupported. Defendants' final argument that NuVasive should wait until a ruling on its motion for a preliminary injunction is rejected, as Defendants provide no reason why NuVasive should be required to wait for the ruling before pursuing discovery.

In their response to the Motion to Compel and the First Motion to Quash, Defendants argue that, if the Court does not quash the subpoenas, then "it should require NuVasive to narrowly tailor its requests."[6] Doc. No. 92 at 8; Doc. No. 62 at 6 ("even if this Court considered some of the discovery requests as relevant, they should be narrowly tailored and limited to the allegations in the Complaint."). In the First Motion to Quash, Defendants also argue that NuVasive did not limit its requests in time or scope. Doc. No. 92 at 7-8.

The requests to AMS that are the subject of the Motion to Compel and the requests in the subpoenas directed to Osseus and NovaBone lack any limits as to time or subject matter. For example, NuVasive requests from Osseus and NovaBone, "[a]ll communications[;]" "[a]ll contracts, memorandums of understanding, or other agreements of any kind[;]" "[a]ll records of

---

[6] Defendants do not argue that the requests in the subpoena to Central Florida Regional Hospital are overbroad. Doc. No. 102.

sales made[;]" and "[a]ll records of commissions paid to" particular people and entities. Doc. No. 92 at 19-22, 43-46. The requests to AMS are equally unlimited. These generalized requests for documents, lacking temporal or subject matter limitations, are not narrowly tailored to the issues in this case.

NuVasive argues that the requests to Osseus and NovaBone are narrowly tailored because "[t]hey seek communications and documents related to four (4) specific individuals— including entities those individuals own and/or control—three (3) of which are named defendants in this action." *Id.* at 7. NuVasive argues that the objection to scope "should be disregarded because no reasonable argument can be made that the Subpoena Targets possess any personal (i.e., unresponsive) documents and/or communications with Defendants." *Id.* at 8 n.8. NuVasive contends that a time limitation is unnecessary because "Defendants spent their entire careers in the spine industry with NuVasive, until 'resigning' in November 2017." *Id.* at 8.

Although the requests to Osseus and NovaBone may be limited to four specific individuals and the entities they control, and Defendants may have spent their entire careers in the spine industry with NuVasive, NuVasive provides no facts upon which to base the assumption that all the documents that Osseus and NovaBone possess or have control over regarding these people and entities are relevant to this litigation. Because the requests lack subject matter or time limitations, the Court sustains Defendants' objections that they are overbroad. The one exception is Request No. 11 to AMS to produce "[a]ll documents related to your initial funding and/or capitalization." Doc. No. 57-4 at 8. The subject matter of Request No. 11 is sufficiently limited. The documents requested are also relevant to NuVasive's claim that AMS is a successor in interest to Absolute Medical, as NuVasive alleges that, "as part of the process of dissolving Absolute Medical,

Soufleris transferred significant amounts of money from Absolute Medical's accounts into other businesses, including, without limitation, AMS." Doc. No. 68 at ¶ 15.

### III. CONCLUSION.

Defendants' objections based on irrelevancy and trade secrets/confidential or proprietary information being disclosed are overruled. As these are the only objections raised regarding the subpoena directed to Central Florida Regional Hospital, the Second Motion to Quash is denied. The Court sustains Defendants' objections to the requests in the subpoenas directed to Osseus and NovaBone and the requests in the subpoena directed to AMS as being overbroad, with the exception that the overbroad objection to Request No. 11 to AMS is overruled.

Based on the forgoing, it is **ORDERED** as follows:

1. The Motion to Compel (Doc. No. 57) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. AMS shall produce documents responsive to Plaintiff's request for all documents related to AMS's initial funding and/or capitalization on or before September 14, 2018;

   b. In all other respects, the Motion to Compel is **DENIED**;

2. The First Motion to Quash (Doc. No. 92) is **GRANTED**; and

3. The Second Motion to Quash (Doc. No. 102) is **DENIED**. The stay of the enforcement of the subpoena directed to Central Florida Regional Hospital is lifted.

**DONE** and **ORDERED** in Orlando, Florida, on August 31, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties