# UNITED STATES DISSTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., )<br>)<br>         Plaintiff, )<br>v.                                                                               )   Civil Case No. 6:17-cv-2206-Orl-41GJK<br>)<br>ABSOLUTE MEDICAL, LLC, ABSOLUTE )<br>MEDICAL SYSTEMS, LLC GREG )<br>SOUFLERIS, DAVE HAWLEY, )<br>and RYAN MILLER, )<br>)<br>         Defendants. )<br>_____)| |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO SUPPLEMENT THE RECORD WITH NEWLY ACQUIRED EVIDENCE**

Defendants, ABSOLUTE MEDICAL, LLC ("Absolute Medical"), ABSOLUTE MEDICAL SYSTEMS, LLC ("AMS"), GREG SOUFLERIS ("Soufleris"), DAVE HAWLEY ("Hawley"), and RYAN MILLER ("Miller") (collectively, "Defendants"), by and through their undersigned counsel, hereby file their Response in Opposition to Plaintiff's, NUVASIVE, INC. ("Plaintiff" or "NuVasive"), Amended Motion to Supplement the Record with Newly Acquired Evidence (the "Motion"). (Doc. 114).

At the evidentiary hearing held on June 28, 2018, NuVasive failed to demonstrate each of the elements necessary for issuance of a preliminary injunction against any of the Defendants and is now improperly seeking a second bite at the apple. NuVasive has cited no legal authority showing that it is entitled to supplement the record with its alleged new evidence. As this Court is well aware, a preliminary injunction 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites[:]" (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the

injunction is issued; (3) that the threatened injury to plaintiff outweighs whatever the damage the proposed injunction may cause defendant; and (4) the injunction is not adverse to the public interest. *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014); *Lucky Cousins Trucking, Inc. v. QC Energy Res. Tex., LLC*, 223 F. Supp. 3d 1221, 1224, (M.D. Fla. 2016).

This Court and the parties have already expended significant amounts of time and resources in preparing for and attending the evidentiary hearing on June 28, 2018, which was tantamount to miniature trial. In fact, there were over 500 pages of exhibits introduced by the parties (Doc. 85 and 86), and the Court heard extensive live testimony from three witnesses, each of whom Plaintiff cross-examined. One of the risks in requesting pretrial injunctive relief is that the moving party is requesting the Court to conduct an expedited analysis of the case with limited or no discovery; however, that is not prejudicial to the moving party because a preliminary injunction hearing is not a substitute for trial. *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) ("[a] preliminary injunction is just that—preliminary. It does not substitute for a trial, and its usual office is to hold the parties in place until a trial can take place."). Plaintiff will have the opportunity to introduce any new evidence it acquires, through discovery or other means, at a trial in this matter. Thus, although NuVasive failed to meet its burden to have a preliminary injunction issued against Defendants, it will still have the opportunity to prove its case in chief at trial.

Second, even if this Court allows Plaintiff to supplement the record, it should require a subsequent evidentiary hearing be held as Plaintiff is attempting to deprive Defendants the opportunity to respond to its alleged new evidence. In its Motion, Plaintiff is requesting this Court allow it to file a "Notice of Newly Acquired Evidence Relevant to its Motion for Preliminary Injunction," in which it proposes to attach and explain several documents to

2

unilaterally be admitted as evidence. (Doc. 114). However, a notice does not provide Defendants with an opportunity to respond to Plaintiff's new evidence or allegations. Defendants are unaware of any rule in the Federal Rules of Civil Procedure or in Local Rules of the United States District Court, Middle District of Florida, that allows for a party to file a response to (or have a hearing on) a notice. Contrary to Plaintiff's unilateral request to file additional evidence, preliminary injunction cannot be granted ex parte and the opposition must be given notice and a right to respond. Fed. R. Civ. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."). Compliance with Rule 65(a)(1) is "mandatory" and a preliminary injunction issued "without adequate notice and a fair opportunity to oppose it should be vacated." *Harris Cty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999). While "notice" is not defined in Rule 65, "the United States Supreme Court has stated that the notice requirement implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Four Seasons Hotel*, 320 F.3d at 1210 citing *Granny Goose Foods, Inc. v. Bhd of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 434 n. 7 (1974). While an evidentiary hearing is not always required before issuing a preliminary injunction, "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *Four Seasons Hotel,* 320 F.3d at 1212 (The Eleventh Circuit found that the district court "deprived the [a]ppellants of any meaningful opportunity to adequately present their evidence rebutting the [a]ppellees' assertions" when it "effectively issued and upheld the injunction based on evidence presented by only one party"). Where conflicting factual information "places in serious dispute issues central to [a party's] claims" and "much depends upon the accurate presentation of numerous facts, the trial court errs in not holding an evidentiary hearing to resolve these hotly

contested issues." *All Care Nursing, Serv., Inc. v. Bethesda Mem'l Hosp., Inc.,* 887 F.2d 1535, 1539 (11th Cir. 1989).

Here, Plaintiff seeks to introduce several documents into evidence that it claims will prove that Soufleris co-mingled Absolute Medical's, AMS's, and his own funds. However, Plaintiff is mischaracterizing what these documents purportedly prove and overemphasizing the significance of such documents. Contrary to Plaintiff's eleventh hour claims, Soufleris provided substantial testimony and evidence at the evidentiary hearing on June 28, 2018, proving that he did not commingle funds. Without question, the facts surrounding the motion for preliminary injunction have been extremely contested. (Doc. 19, 38, 48, 53, 60, 78, 79, and 101-2). It would be highly prejudicial to Defendants for Plaintiff to offer evidence without providing Defendants with an opportunity to object, explain, or rebut the documents NuVasive seeks to introduce into evidence.

WHEREFORE, Defendants, ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER respectfully requests that the Court (1) enter an Order denying Plaintiff's Motion to Supplement the Record with Newly Acquired Evidence, (2) enter an Order on Plaintiff's Motion for Preliminary Injunction based on the evidence already on admitted at the Evidentiary Hearing on June 28,

2018, or in the alternative, (3) schedule an evidentiary hearing to allow Defendants to adequately respond to Plaintiff's newly acquired evidence, and (3) for other such relief this Court deems just and proper.

Dated: October 2, 2018

Respectfully submitted,

*/s/ Chantal M. Pillay*
Chantal M. Pillay
Fla. Bar No. 108369
ADAMS AND REESE, LLP
350 E. Las Olas Boulevard 1110
Ft. Lauderdale, FL 33301
Phone: 954.541.5390
Chantal.pillay@arlaw.com
Teesha.kittilson@arlaw.com

Bryan E. Busch, Esq. (*Pro Hac Vice*)
bryan.busch@arlaw.com
ADAMS AND REESE L.L.P.
3424 Peachtree Road N.E., Suite 1600
Atlanta, Georgia 30326
(470) 427-3700 (Telephone)
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of October, 2018, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

Diana N. Evans, Esquire
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
dnevans@Bradley.Com
Attorney for NuVasive

Christopher W. Cardwell, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
ccardwell@gsrm.Com
Attorney for NuVasive

Thomas McFarland, Esquire
Pro Hac Vice
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
tmcfarland@gsrm.Com
Attorney for NuVasive


*/s/ Chantal M. Pillay*
Chantal M. Pillay


*/s/ Bryan E. Busch*
Bryan E. Busch, Esq.