UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC., )
)
   Plaintiff, )
)
v. ) Civil Case No. 6:17-cv-2206-Orl-41GJK
)
ABSOLUTE MEDICAL, LLC, GREG )
SOUFLERIS, and DAVE HAWLEY, )
)
   Defendants. )
_____ )

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ABSOLUTE MEDICAL, LLC

By and through their counsel of record, and pursuant to Federal Rules of Civil Procedure 26 and 34, NuVasive, Inc. ("NuVasive"), submits the following First Set of Requests for Production of Documents to Absolute Medical, LLC:

### I.   INSTRUCTIONS

1. These requests seek documents and things in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information and/or additional documents after the date of your initial response and before this case is completed.

2. These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control,



you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, you shall provide a written statement setting forth:

(a) the identity of the document;

(b) the nature of the document (e.g., letter, memorandum, chart);

(c) the identity of the person(s) who received copies of the document;

(d) the date of the document;

(e) a brief description of the subject matter of the document; and

(f) the circumstances of the loss or destruction of the document and/or any fact, statute, rule or decision upon which you rely in withholding the document.

5. If you decline to produce any document or part thereof based on a claim of privilege or any other protection, provide a "privilege log" which identifies each document separately and specifies for each document at least the following:

(a) the date;

(b) all authors and/or senders identified by position and entity with which they are employed or associated and, if any author and/or sender is an attorney, a statement so stating and, if any author and/or sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(c) the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

(d) the general subject matter of the document;

(e) the portion(s) of the document as to which privilege or protection is claimed; and

(f) the type of privilege or protection asserted.

6. If you object to any part of a request, specify which part of the request you object to, and produce or allow inspection of all remaining parts.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced.

8. With respect to electronically stored information ("ESI") it shall be produced in single-page TIFF format with OCR text, with a corresponding load file containing a path to the OCR text and the Native file. In the case of responsive spreadsheets, audio, database, and video files, or any other responsive ESI for which the above format is not practicable, the ESI shall be produced in native format with unique identifying numbers associated with the native documents. In the case of emails, attachments should be identified as such that they can be matched to the parent email. ESI should be produced on CD-ROM, DVD, removable hard drive, or other standard

storage medium. Plaintiff reserve the right to request ESI be produced with all accompanying metadata intact and/or in native file format.

## II. DEFINITIONS

1. "NuVasive" shall mean the Plaintiff in this matter, NuVasive, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

2. "Absolute" shall mean Absolute Medical LLC, its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

3. "Alphatec" shall mean Alphatec Spine, Inc., its parents, subsidiaries, partners, distributorships, and/or affiliates and each of their representatives, agents, directors, officers, employees, and all other persons acting or purporting to act on each of their behalf.

4. "Soufleris" shall mean Greg Soufleris.

5. "Hawley" shall mean Dave Hawley.

6. "Employee" shall refer to any person acting as a supervisor, manager, sales agent, distributor, employee of a distributor, independent contractor, administrative personnel, third party recruiter, or other individual or affiliate working on Defendants' behalf.

7. "Communication" or "communicate" shall refer to each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, SMS text, MMS text, email, telex, telegram, or online networking; whether orally, in person, through recording, in writing, or by any other means whatsoever.

8. The terms "documents" or "documentation" are used in the broadest sense permitted under the Federal Rules of Civil Procedure and applicable Local Rules. The terms includes any written, typewritten, printed, emailed, recorded, or graphic matter, however maintained, produced or reproduced; any electronically, mechanically, or magnetically recorded matter of any kind or character, however maintained, produced or reproduced, including without limitation all electronic devices, computer data storage devices of any kind, and online networking; and any other matter constituting the recording of data or information upon any tangible thing by any means, including without limitation correspondence, letters, telegraphs, contracts, agreements, notes, memoranda, analyses, studies, drawings, plans, schedules, blueprints, bid proposals, bid estimates, projections, photographs, videotapes, cassettes, discs, reports, work papers, calendars, meeting minutes, purchase orders, invoices, confirmation slips, time records, tape recordings, flash drives, computer tapes or discs, any other writing including draft reports of the foregoing.

9. The words "and" and "or" are to be considered both conjunctively and disjunctively.

10. The singular form of a noun or pronoun includes the plural form and vice versa.

11. The word "every" also includes "each," and vice versa.

12. "Relating to" or "relates to" means pertaining to, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning or referring to, whether directly or indirectly.

13. "Electronic Device" or "device" includes personal computers, laptops, personal digital assistants, smart phones, cell phones, blackberries, iPads, Tablets, memory cards, flash drives, external hard drives, CDs, DVDs, disks, optical media, or other electronic or magnetic storage devices of any kind.

## III. REQUESTS FOR PRODUCTION

1. Please produce all of your contracts or other agreements with:

    (a) Soufleris;

    (b) Hawley;

    (c) Ryan Miller;

    (d) Brandon Gottstein;

    (e) Thad Braggula;

    (f) Brennan Burkhart; and

    (g) Alphatec.

**RESPONSE:**


2. Please produce all Communications between you and Alphatec.

**RESPONSE:**


3. Please produce all charge sheets you have submitted to Alphatec.

**RESPONSE:**

6

4. Please produce all communications you sent to or received from Dr. Paul Sawin since June 1, 2017.

**RESPONSE**:

5. Please produce all state and federal income tax returns that you filed or caused to be filed for calendar years 2016 and 2017.

**RESPONSE**:

6. Please produce all of your profit and loss statements that were generated since June 1, 2017.

**RESPONSE**:

7. Please produce all of your balance sheets that were generated since June 1, 2017.

**RESPONSE**:

8. Please produce all of your payroll records since June 1, 2017.

**RESPONSE**:

9. Please produce all of your data from QuickBooks (or other financial reporting software) since June 1, 2017.

**RESPONSE:**

10. Please produce all check registers you created, modified, or otherwise inputted data since June 1, 2017.

**RESPONSE:**

11. Please produce all of your bank statements since June 1, 2017.

**RESPONSE:**

12. Please produce all requests for expense reimbursement you have received since June 1, 2017.

**RESPONSE:**

13.  Please produce all records of all payments you have received from Alphatec or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RESPONSE:**

14.  Please produce all commission statements you have received from Alphatec or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RESPONSE:**

Respectfully submitted,

*s/Diana N. Evans*
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
R. Craig Mayfield (Fla. Bar No. 0429643)
cmayfield@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq.
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com

*Attorneys for Plaintiff NuVasive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6th, 2018, a copy of the foregoing was served via email and U.S. Mail, postage pre-paid, on:

Bryan Busch
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3702
Fax: (470) 427-3676
bryan.busch@arlaw.com

Laura H. Mirmelli
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3716
Fax: (404) 500-5975
laura.mirmelli@arlaw.com

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL 33301
Phone: (954) 541-5390
Chantal.pillay@arlaw.com

Louis M. Ursini
Adams and Reese LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL 33602
Phone: (813) 227-5536
Fax: (813) 227-56-36
Louis.ursini@arlaw.com

*Attorneys for Defendants*

                                            s/*Diana N. Evans*
                                            Diana N. Evans
                                            Attorney for NuVasive, Inc.