# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| NUVASIVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 6:17-cv-2206-Orl-41GJK |
| | ) | |
| ABSOLUTE MEDICAL, LLC, ABSOLUTE | ) | |
| MEDICAL SYSTEMS, LLC, GREG | ) | |
| SOUFLERIS, DAVE HAWLEY, and | ) | |
| RYAN MILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## MOTION FOR DISCOVERY CONFERENCE

Pursuant to Local Rule 3.01(j), NuVasive, Inc. ("NuVasive") respectfully requests that the Court set a discovery conference to address the progress of discovery in this matter, various issues that have arisen during discovery, and several outstanding discovery motions filed by NuVasive which are presently pending before the Court.  (*See* Docs. 117, 118).  In support of this motion, NuVasive states as follows:

1.      The discovery deadline in this case is July 15, 2019.  (Doc. 46).

2.      NuVasive has been diligently attempting to conduct discovery in this matter since the parties' Federal Rule of Civil Procedure 26(f) conference held on February 19, 2018 (*see* Doc. 37 at ¶ I), including sending written discovery requests to each of the five defendants and serving several subpoenas to various third parties requesting documents. NuVasive has also begun taking depositions.

3.      On October 8, 2018, NuVasive filed motions to compel complete responses to its written discovery requests served on Absolute Medical, LLC ("Absolute Medical") and Dave Hawley.  (Docs. 117, 118).  Despite several attempts to receive full and adequate responses to its written discovery requests, these two defendants continue to provide answers that are either incomplete or to assert objections that are overstated and inapplicable.

4.      Defendants are also currently in the process of attempting to confer with counsel for Defendants regarding Absolute Medical Systems, LLC's ("AMS"), Greg Soufleris's, and Ryan Miller's responses to NuVasive's written discovery requests, which, similar to the responses of Absolute Medical and Hawley, are deficient and require supplementation.  NuVasive sent good-faith letters to counsel for Defendants on September 19 and October 9, 2018, but despite following up with counsel for Defendants multiple times, NuVasive has not yet received a response.  (Exhibit 1, September 9, 2018 Letter; Exhibit 2, October 9, 2018 Letter).  Therefore, NuVasive anticipates that motions to compel will also need to be filed with respect to these three defendants' discovery responses in the near future.

5.      Defendants have also attempted to thwart almost every third-party subpoena served by NuVasive (Docs. 92, 97, 124, 134, 136), including filing motions to quash in district courts in Tennessee and Texas.  *See NuVasive, Inc. v. Absolute Medical, LLC, et al.*, Case No. 18-mc-00008 (M.D. Tenn.); *NuVasive, Inc. v. Absolute Medical, LLC, et al.*, Case No. 18-mc-00009 (M.D. Tenn.); *NuVasive, Inc. v. Absolute Medical, LLC, et al.*, Action No. 3:18-MC-097-K(BH), (N.D. Tex.).  For instance, on December 18, 2018, Defendants moved in the United States District Court for the Northern District of Texas to quash a subpoena NuVasive served on Orthofix, Inc., arguing that the subpoena was overly broad.  Action No.

3-18-MC-097-K(BH).  But that subpoena contained temporal and subject matter limitations previously deemed reasonable by this Court.  (*See* Doc. 125).  Defendants subsequently agreed to withdraw their motion to quash.

6.      NuVasive has been unable to schedule the depositions of the Defendants in this action because Defendants have been uncooperative during discovery and have not produced information and documents relevant to NuVasive's claims and Defendants' defenses and necessary for NuVasive to adequately prepare for deposing Defendants.  These depositions are vital to NuVasive's claims and NuVasive should be permitted to go into these depositions with a full picture of the relevant facts.

7.      Because Defendants are simply trying to thwart NuVasive's proper attempts to discover information and documents in this case that are relevant and proportional and given the numerous discovery disputes that have arisen thus far in this action, a discovery conference before the Court would assist the parties in moving forward with discovery in a timely and efficient manner.  It would also be an effective and efficient use of judicial resources in that it will assist the parties in resolving their disputes and moving discovery forward in a manner that will require less intervention by the Court.

WHEREFORE, NuVasive respectfully requests the Court set an in-person hearing for 1.5 hours to address the progress of discovery in this action, various discovery issues, and the outstanding discovery motions filed by NuVasive.

## <u>Local Rule 3.01(g) Certification</u>

Counsel for NuVasive conferred with counsel for Defendants regarding the relief requested in this motion, and counsel for Defendants have advised that Defendants are **<u>opposed</u>** to the requested relief.

Dated: January 29, 2019

Respectfully submitted,

<u>s/Diana N. Evans</u>
R. Craig Mayfield (Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
Ccardwell@gsrm.com
M. Thomas McFarland, Esq. (*pro hac vice*)
Tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON &
MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Plaintiff NuVasive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.  The party or parties served are as follows:

Bryan Busch
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3702
Fax: (470) 427-3676
bryan.busch@arlaw.com
*Attorney for Defendants*

Laura H. Mirmelli
Adams and Reese LLP
3424 Peachtree Road, NE, Suite 1600
Atlanta, GA 30326
Phone: (470) 427-3716
Fax: (404) 500-5975
laura.mirmelli@arlaw.com
*Attorney for Defendants*

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL  33301
Phone: (954) 541-5390
Fax: (954) 530-53911
chantal.pillay@arlaw.com
*Attorney for Defendants*

Louis M. Ursini
Adams and Reese LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL  33602
Phone:  (813) 227-5536
Fax:  (813) 227-56-36
Louis.ursini@arlaw.com
*Attorney for Defendants*

s/*Diana N. Evans*
Diana N. Evans

*Attorney for NuVasive, Inc.*