# Exhibit 1



**GULLETT SANFORD
ROBINSON & MARTIN PLLC**

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN 37201

**M** 615.244.4994
**F** 615.256.6339
**W** GSRM.COM

September 19, 2018

<u>**VIA EMAIL**</u>

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL  33301

Dear Chantal:

I write to address numerous deficiencies in Absolute Medical Systems, LLC's and Gregory Soufleris' discovery responses.  For ease of reference, I will address these deficiencies in order.

<u>**Absolute Medical Systems' Interrogatory Responses**</u>

**Interrogatory 1** – respectfully, I find it hard to believe that Absolute Medical Systems cannot determine the first date that the identified individuals utilized their email addresses which end in @absolute-medical.org.  As Absolute Medical Systems owns these email accounts, it can easily check to see the first date that the identified individual sent and/or received emails.  Further, the 11th Circuit and the Middle District of Florida look unfavorably on boilerplate objections, such as the ones provided, because they fail to specify the reasons for the stated objection.  *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009); *Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4 (M.D. Fla. May 23, 2017) (characterizing boilerplate objections as "tantamount to not making any objection at all").

**Interrogatory 2** – contrary to your objections, this interrogatory is proper.  To be clear, the identity of the medical device and/or biologic companies that Absolute Medical Systems represents is relevant to whether it, as Absolute Medical's successor in interest, is complying with the applicable non-competition, non-solicitation, and confidentiality agreements.  This information is also relevant to NuVasive's claim for damages.  Further, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity.  *Steed,* 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 4** – I agree to limit this request to those entities that compete with NuVasive.  I trust this will satisfy your objection to this interrogatory.

Chantal M. Pillay
September 19, 2018
Page 2

**Interrogatory 6** – I fail to see why you believe this interrogatory is objectionable. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 7** – this interrogatory is not objectionable. The request that Absolute Medical Systems identify its customers is directly relevant to the issue of whether it, as Absolute Medical's successor in interest, is complying with the applicable non-competition, non-solicitation, and confidentiality obligations. Further, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 8** – this interrogatory is not objectionable. It seeks information directly relevant to the issue of whether Absolute Medical Systems comingled funds with other Defendants. Further, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 9** – this interrogatory seeks relevant information and it is proportional to the needs of this case. That said, I will limit the interrogatory to all contracts or other agreements which relate, in any manner, to the selling and/or distribution of products used in spine surgery. I trust that this limitation satisfies your objection.

**Interrogatory 10** – There is no merit to the refusal to produce information regarding sales that Absolute Medical Systems made in calendar years 2017 and 2018. Indeed, this information goes to the heart of whether it, as Absolute Medical's successor in interest, is violating the applicable non-competition, non-solicitation, and confidentiality obligations. Additionally, it is directly relevant to NuVasive claim for damages. Further, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

### Absolute Medical Systems' Request for Production Responses

**Request for Production 1** – there is no valid reason for Absolute Medical Systems, LLC to withhold contracts with its sales representatives. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe,* No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 2** – I do not understand your objections to this request. As Absolute Medical Systems is a business entity that is unlawfully competing with NuVasive, it appears that all of its communications with Defendant Hawley between November 30, 2017, to the present,

Chantal M. Pillay
September 19, 2018
Page 3

are directly relevant to this litigation. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 3** – I do not understand your objections to this request. As Absolute Medical Systems is a business entity and is unlawfully competing with NuVasive, it appears that all of its communications with Defendant Miller between November 30, 2017, to the present are directly relevant to this litigation. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 4** – respectfully, one fails to see how can there be no communications between Alphatec and Defendant Soufleris, who is the owner of an Alphatec distributorship. The untenable nature of your position is further demonstrated by Absolute Medical System's response to interrogatory 3 which states that Alphatec contributed the majority of Absolute Medical System's initial capitalization. It is entirely unreasonable to believe that no communications exist between Alphatec and, at the very least, the owner of Absolute Medical Systems. Please provide a complete response to this request.

**Request for Production 10** – there is no merit to a claim that the Surgery Requisition Forms are not relevant to this case. Indeed, NuVasive introduced evidence at the preliminary injunction hearing that Defendant Miller identified himself as a representative of Absolute Medical Systems on one of these forms. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 12** – these requested documents are directly relevant to the issues of whether Absolute Medical Systems, as Absolute Medical's successor in interest, is complying with the applicable non-competition, non-solicitation, and confidentiality obligations; as well as NuVasive's damages.

**Request for Production 14** – your objections to this request are not well-taken. The objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed,* 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4. Please provide a complete copy of Absolute Medical Systems' contract with Alphatec and respond to sub-section (e).

**Request for Production 15** – Absolute Medical Systems' tax returns are likely to contain highly relevant information including, without limitation, information about which of NuVasive's competitors it is working with. As this information is directly relevant to the issues at stake in this litigation, it is discoverable. *Netjets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, Case No. 3:10-cv-483-J-32MCR, 2011 U.S. Dist. LEXIS 147526, at **5-6 (M.D. Fla. Dec. 22, 2011).

Chantal M. Pillay
September 19, 2018
Page 4

**Request for Production 16 through 21** – these requests are relevant to the issue of whether Absolute Medical Systems is Absolute Medical's successor in interest, as well as the issue of whether Soufleris is comingling funds with Absolute Medical and/or Absolute Medical Systems. As this information is directly relevant to the issues at stake in this litigation, it is discoverable. *Netjets Aviation*, Case No. 3:10-cv-483-J-32MCR, 2011 U.S. Dist. LEXIS 147526, at **5-6.

**Request for Production 22** – your objections to this request are not well-taken. Responsive documents would indicate whether Absolute Medical Systems is reimbursing Defendants Hawley and Miller for work they perform on its behalf. Additionally, they will contain information about its sales representatives' activities including, without limitation, whether they are calling on surgeons that are within Absolute Medical Systems', as Absolute Medical's successor in interest, non-competition territory.

**Request for Production 23** – the documents sought in this request are relevant to whether Absolute Medical Systems, as Absolute Medical's successor in interest, is complying with the relevant non-competition, non-solicitation, and confidentiality obligations. It is also relevant to NuVasive's damages.

## Soufleris' Interrogatory Responses

**Interrogatory 4** – respectfully, there is no valid reason not to answer this interrogatory. The individuals and entities with which Absolute Medical and/or Absolute Medical Systems contracted in calendar years 2016 through 2018 are directly relevant to the issue of whether those entities are complying with their contractual obligations to NuVasive. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 5** – I fail to understand how communications with Alphatec's chief executive officer and president are not relevant to this lawsuit. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Interrogatory 6** – the information sought in this interrogatory is directly relevant to several of the key issues in this case including, without limitation, Absolute Medical Systems' and/or Absolute Medical's compliance with their contractual obligations to NuVasive.

**Interrogatory 7** – You provided an answer for calendar years 2016 and 2017. Please do so for calendar year 2018. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

Chantal M. Pillay
September 19, 2018
Page 5

**Interrogatory 8** – You provided an answer for calendar years 2016 and 2017. Please do so for calendar year 2018. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

## Soufleris' Requests for Production Responses

**Request for Production 3** – this request is narrowly tailored to obtain relevant information. It does not ask for Soufleris' personal communications with Defendant Hawley, just those related to their compliance and/or violations of their obligations to NuVasive. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 4** – this request is narrowly tailored to obtain relevant information. It does not ask for Soufleris' personal communications with Defendant Miller, just those related to their compliance and/or violations of their obligations to NuVasive. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Request for Production 5** – this request is narrowly tailored to obtain relevant information. It does not ask for Soufleris' personal communications with Mr. Gottstein, just those related to their compliance and/or violations of their obligations to NuVasive. Additionally, the objections provided are boilerplate objections which fail to explain the reasons for the stated objections with specificity. *Steed*, 308 F. App'x at 371; *Polycarpe*, No. 6:16-cv-1606-Orl-37TBS, 2017 U.S. Dist. LEXIS 77808, at *4.

**Requests for Production 6-7, and 9** – I will agree to limit this request to the business of selling products used in spine surgery. I trust that limitation will address your concerns and cause Defendant Soufleris to provide responsive communications.

**Request for Production 10** – as you answer this request as to Alphatec, please provide a complete response that includes any other medical device or biologics' companies.

**Request for Production 11** – as you request, I will limit this interrogatory to those companies that compete with NuVasive. Please produce relevant documents.

**Request for Production 12** – contrary to your allegation, Soufleris' tax returns are relevant to a number of issues in this case including, without limitation, information about which of NuVasive's competitors he is working with. Please supplement your response to this request.

746351.3/020171439

Chantal M. Pillay
September 19, 2018
Page 6

**Request for Production 13** – we may be battling over semantics, but this request does not seek production of "payment" it seeks the production of commission statements.  Further, it is not limited to Alphatec.  Please have your client provide a complete response and produce relevant documents.

**Request for Production 14** – Absolute Medical Systems' response to interrogatory 3 states that Alphatec contributed to Absolute Medical Systems' capitalization and/or funding.  Please produce those documents related to Alphatec's contribution.

In closing, I note that the above-detailed discovery responses further evidence your clients' continued attempts to delay and frustrate discovery in this matter.  You have objected to nearly every discovery request served on them asserting essentially the same boilerplate, meaningless objections.  Likewise, your clients have moved to quash multiple subpoenas that seek relevant and discoverable information, delaying third-party discovery.  We need to get this case moving, and these discovery disputes are hindering that process.  Accordingly, please advise whether you believe any additional meet and confer as to the above-detailed responses will be beneficial.

Very truly yours,

M. Thomas McFarland

MTM/ld