# Exhibit 2



**GULLETT SANFORD
ROBINSON & MARTIN PLLC**

150 THIRD AVENUE SOUTH, SUITE 1700
NASHVILLE, TN 37201

M 615.244.4994
F 615.256.6339
W GSRM.COM

October 9, 2018

**VIA EMAIL**

Chantal M. Pillay
Adams and Reese LLP
350 E. Las Olas Boulevard, Suite 1110
Ft. Lauderdale, FL 33301

Re:   *NuVasive, Inc. v. Absolute Medical, LLC, et al.* – Ryan Miller's Discovery Responses

Dear Chantal:

Thank you for providing me with Ryan Miller's ("Miller") responses to NuVasive, Inc.'s ("NuVasive") interrogatories and requests for production of documents. Unfortunately, many of Miller's responses are deficient. Accordingly, I request that your client supplement the following responses:

**Interrogatory 1:** Your objections to this interrogatory are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. As such, your refusal to respond to the interrogatory post-resignation is not proper. Additionally, your response fails to provide the information requested in subsections (b) and (d). Please supplement this response.

**Interrogatory 3:** Your objections to this interrogatory are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. As such, your refusal to respond to the interrogatory post-resignation is not proper. Please supplement this response.

**Interrogatory 5:** Your response references case coverage "during the first couple days of December." Please identify the surgeon-customers for whom Miller provided the referenced case coverage.

**Interrogatory 6:** Your objections to the interrogatory are not well taken. You object on the ambiguousness of the phrase "last act." However, that phrase is not located in this interrogatory. Additionally, the actions Miller took on behalf of Alphatec Spine, Inc. ("Alphatec") are directly relevant and proportional to the needs of this case. Further, the response provided does not

Chantal M. Pillay
October 9, 2018
Page 2

respond to the question posed. Entering into a contract with Alphatec cannot reasonably be considered an act taken on Alphatec's behalf. Please supplement this response.

**Interrogatories 7-12:** Your objections to these interrogatories are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. The sales Miller has made on behalf of the identified entities are directly related to these issues. Additionally, the protective order entered in this case resolves any concern regarding confidential, proprietary, and/or trade secret information. *See In re Pinchuk*, No. 13-CIV-22857-GRAHAM/GOODMAN, 2014 U.S. Dist. LEXIS 59988, at *6 (S.D. Fla. Apr. 30, 2014) ("Any concerns about confidentiality issues, including trade secrets, may be resolved via entry of a protective order that allows for the designation of certain documents as Confidential or for Attorneys' Eyes Only."). Please supplement these responses.

**Requests for Production 1-2:** Your objections to this request are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. The sales Miller has made on behalf of the identified entities are directly related to these issues. Additionally, the information provided on Surgery Requisition Forms and/or charge sheets bear directly on the veracity of Miller's testimony at the preliminary injunction hearing. Additionally, the protective order entered in this case resolves any concern regarding confidential, proprietary, and/or trade secret information. *See In re Pinchuk*, No. 13-CIV-22857-GRAHAM/GOODMAN, 2014 U.S. Dist. LEXIS 59988, at *6 (S.D. Fla. Apr. 30, 2014). Please supplement these responses.

**Request for Production 3:** Your response identifies the Dedicated Sales Representative Agreement that Miller produced. Please confirm that no other contracts or other agreements between Miller and Alphatec exist. If this is inaccurate, please produce those contracts and/or agreements.

**Request for Production 4:** Your objections to this request are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. Miller's communications with the entity on whose behalf NuVasive alleges Miller is unfairly competing are relevant and proportional to this case. Additionally, the protective order entered in this case resolves any concern regarding confidential, proprietary, and/or trade secret information. *See In re Pinchuk*, No. 13-CIV-22857-GRAHAM/GOODMAN, 2014 U.S. Dist. LEXIS 59988, at *6 (S.D. Fla. Apr. 30, 2014). Please supplement these responses.

**Request for Production 6:** Your objections to this request are not well taken. The requested expense reimbursements are relevant and proportional to this litigation. Please produce any expense reimbursements submitted to Alphatec or Absolute Medical, LLC.

**Request for Production 7:** Your objections to this request are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. Further, Miller's communications with another named Defendant during the identified time period are relevant and proportional to the litigation. Please supplement this response.

**Request for Production 8:** Your objections to this request are not well taken. The requested tax returns are relevant and proportional to this case as they will tend to prove or disprove payments from entities other than NuVasive. Indeed, requesting tax returns is quite common in non-competition litigation. Please supplement this response.

**Requests for Production 9-10:** Your objections to this request are not well taken. Miller's communications with entities on whose behalf NuVasive alleges Miller is unfairly competing are relevant and proportional to this case. Additionally, the protective order entered in this case resolves any concern regarding confidential, proprietary, and/or trade secret information. *See In re Pinchuk*, No. 13-CIV-22857-GRAHAM/GOODMAN, 2014 U.S. Dist. LEXIS 59988, at *6 (S.D. Fla. Apr. 30, 2014). Please supplement these responses.

**Requests for Production 11-12:** Your objections to these requests are not well taken. Miller's communications with another named Defendant during the identified time periods are relevant and proportional to this litigation. Please supplement these responses.

**Requests for Production 13-14:** Your objections are not well taken. Miller has testified that he is not affiliated or associated with Absolute Medical Systems, LLC ("AMS") in any way. As such, his communications with AMS will bear directly on the veracity of that testimony. Additionally, Miller's communications with another named Defendant during the identified time periods are relevant and proportional to this litigation. Please supplement these responses.

**Request for Production 15:** Your objections to this request are not well taken. Payments Miller received in calendar year 2018 are directly relevant and proportional to NuVasive's allegations regarding Miller's non-competition and non-solicitation obligations. Please supplement this response.

**Request for Production 16:** Your objections to this request are not well taken. Despite your statement to the contrary, Miller's non-competition and non-solicitation obligations are a primary issue in this case. Miller's communications with another named Defendant regarding those non-competition and non-solicitation obligations are relevant and proportional to this litigation. Please supplement this response.

Chantal M. Pillay
October 9, 2018
Page 4

**Request for Production 17:**  Your objections to this request are not well taken.  The seven (7) identified search terms are narrowly-tailored to the issues in this litigation.  Specifically, I note that three (3) are surgeon-customers relevant to this litigation, three (3) relate to other named Defendants; and (1) references the entity on whose behalf NuVasive alleges Miller is unfairly competing.  Please supplement this response.

In closing, we note that Miller has declined to produce a single document in response to the requests for production.  Additionally, we have not received any response to my correspondence dated September 19, 2018, regarding Gregory Soufleris' and AMS' discovery responses.  There are currently two pending motions to compel in this case.  We are not of the opinion that it behooves any of the parties to bring further discovery issues before the Court.  Please let me know when you are available to discuss these issues, and we hope to be able to resolve the same without Court intervention.

Very truly yours,

M. Thomas McFarland

cc:   Bryan Busch (via email)