# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NUVASIVE, INC.,

        Plaintiff,

v.                                        Case No:   6:17-cv-2206-Orl-41GJK

ABSOLUTE MEDICAL, LLC; GREG
SOUFLERIS; DAVE HAWLEY;
ABSOLUTE MEDICAL SYSTEMS,
LLC; and RYAN MILLER;

        Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION AND MEMORANDUM TO COMPEL RESPONSES TO DISCOVERY REQUESTS SERVED UPON DEFENDANT ABSOLUTE MEDICAL, LLC (Doc. No. 117)** |
| **FILED:** | **October 8, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| **MOTION:** | **MOTION AND MEMORANDUM TO COMPEL RESPONSES TO DISCOVERY REQUESTS SERVED UPON DEFENDANT DAVE HAWLEY (Doc. No. 118)** |
| **FILED:** | **October 8, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **BACKGROUND.**

On June 8, 2018, NuVasive, Inc., filed the "First Amended Complaint for Injunctive Relief and Damages" (the "Amended Complaint") against Absolute Medical, LLC ("Absolute Medical"); Absolute Medical Systems, LLC ("AMS"); Greg Soufleris; Dave Hawley; and Ryan Miller (collectively, "Defendants"). Doc. No. 68. NuVasive alleges that it entered into exclusive sales agreements with Absolute Medical for Absolute Medical to sell NuVasive's products. *Id.* at ¶¶ 8, 32. It claims that Absolute Medical breached the agreements by:

> a. attempting to terminate the contract between it and [NuVasive] without cause;
> b. failing to maintain sufficient personnel to service its sales territory;
> c. failing to inform [NuVasive] that it is distributing competitive products;
> d. failing to comply with its reasonable non-compete and non-solicit obligations; and
> e. failing to ensure that its former sales representatives comply with their reasonable non-compete and non-solicit obligations.

*Id.* at ¶ 2. NuVasive alleges that AMS is the successor in interest to Absolute Medical, which was dissolved in February 2018. *Id.* at ¶¶ 11, 16-24. Both Absolute Medical and AMS are limited liability companies with Soufleris as their sole member, president, and registered agent. *Id.* at ¶¶ 7, 13, 16.

Defendants Hawley and Miller were sales representatives for Absolute Medical. *Id.* at ¶¶ 19, 21. Although NuVasive alleges that Hawley and Miller began working as sales representatives for AMS, *id.* at ¶¶ 19, 21, during the evidentiary hearing on the motion for a preliminary injunction, both Hawley and Miller testified that they never worked for AMS. Doc. No. 101-2 at 82, 102-03. NuVasive alleges, "Soufleris, Hawley, and Miller now sell products on AMS' behalf that compete

with [NuVasive's] products to the same customers they sold [NuVasive's] products on Absolute Medical's behalf." Doc. No. 68 at ¶ 23. NuVasive also alleges that Hawley and Miller are contractually bound "not to solicit or service the customers they solicited or serviced on Absolute Medical's behalf." *Id.* at ¶ 56. Hawley and Miller stated at the evidentiary hearing that there is no contract restricting them from selling to NuVasive's former customers in 2017 to the present. Doc. No. 101-2 at 78, 99.

NuVasive seeks injunctive relief and damages based on the following causes of action: Count I (Breach of Contract—Injunctive Relief against Absolute Medical); Count II (Breach of Contract—Damages/Arbitration against Absolute Medical); Count III (Breach of Contract—Injunctive Relief and Damages against AMS); Count IV (Breach of Contract—Injunctive Relief and Damages against Hawley and Miller); Count V (Conversion against Hawley and AMS); Count VI (Statutory Individual Liability against Soufleris); Count VII (Piercing the Corporate Veil against Soufleris); Count VIII (Florida Deceptive and Unfair Trade Practices Act against all Defendants); and Count IX (Tortious Interference with Business Relationships against Soufleris).[1] Doc. No. 68 at 23-24.

On October 8, 2018, NuVasive filed a Motion and Memorandum to Compel Responses to Discovery Requests Served Upon Defendant Absolute Medical, LLC (the "Absolute Medical Motion to Compel"), Doc. No. 117, and a Motion and Memorandum to Compel Responses to Discovery Requests Served Upon Defendant Dave Hawley (the "Hawley Motion to Compel"), Doc. No. 118. On October 25, 2018, Hawley filed his response to the Hawley Motion to Compel,

---

[1] On February 15, 2018, Absolute Medical filed a counterclaim against NuVasive asserting that NuVasive failed to pay it commissions owed from October 31, 2017, through December 4, 2017. Doc. No. 26 at 20-21. On December 28, 2018, Absolute Medical, Hawley, and Miller filed a motion to amend the counterclaim and to add a party. Doc. No. 142.

Doc. No. 122, and on October 26, 2018, Absolute Medical filed its response to the Absolute Medical Motion to Compel, Doc. No. 123. On December 5, 2018, with the Court's authorization, NuVasive filed its reply to Absolute Medical's response. Doc. Nos. 132, 133.

## II.    ANALYSIS.

On April 6, 2018, NuVasive sent interrogatories and requests for production to Absolute Medical. Doc. No. 117-1 at 14; Doc. No. 117-5 at 10. On April 12, 2018, NuVasive sent interrogatories and requests for production to Hawley. Doc. No. 118-1 at 12; Doc. No. 118-6 at 11. NuVasive's discovery requests to Absolute Medical and Hawley are similar, Doc. Nos. 117, 118, and Absolute Medical's and Hawley's objections are correspondingly similar, Doc. Nos. 122, 123. To the extent that Absolute Medical and Hawley stated objections in their responses to the discovery requests, but failed to rely on those objections in their responses to the motions to compel, those objections are deemed waived.

Without referring to a particular discovery request, Hawley and Absolute Medical argue that the requests are overbroad because "NuVasive has failed to include any limits in its requests as to subject matter, geography, or reasonable time period." Doc. No. 122 at 5; Doc. No. 123 at 5. They argue that requests that pertain to the alleged breach of the non-compete agreement should be limited to the geographic area set forth in the non-compete agreement. Doc. No. 122 at 6; Doc. No. 123 at 6.

Without identifying the specific requests that Absolute Medical and Hawley contend are overbroad, the Court cannot evaluate this argument. The Court will not guess which discovery requests Absolute Medical and Hawley believe "pertain to the alleged breach of the non-compete agreement . . . ." Doc. No. 122 at 6; Doc. No. 123 at 6. Accordingly, their general objections based on overbreadth are overruled.

A.      **Interrogatories**

1.      Failure to Verify Interrogatory Answers

NuVasive asks the Court to compel Absolute Medical to verify its supplemental answers to Interrogatories #1, #2, #11, and #12, and Hawley to verify his supplemental answers to Interrogatories #3, #4, #9, and #11. Doc. No. 117 at 8-9, 13, 14; Doc. No. 118 at 8, 9, 11-12, 13. Absolute Medical responds that it "is currently in the process of having such responses verified and Absolute Medical will file a notice of serv[]ing supplemental responses to interrogatories with the Court to provide notice of serving the same." Doc. No. 123 at 7. No such filing has occurred.

First, answers to interrogatories must be verified. Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Second, pursuant to the Case Management and Scheduling Order and Local Rule 3.03, discovery is not to be filed with the Court. Doc. No. 46 at 3. Absolute Medical provides no justification for failing to verify all its answers to the interrogatories and is therefore compelled to serve verified answers to NuVasive to the extent that it has not yet done so.

Hawley responds, and NuVasive agrees, that on October 15, 2018, Hawley served NuVasive with verified responses. Doc. No. 122 at 6; Doc. No. 133 at 2. Thus, this issue is moot as to Hawley.

2.      Interrogatory #1 to Absolute Medical

NuVasive's Interrogatory #1 to Absolute Medical asks for the following:

> Please identify all of your Employees and/or independent contractors since January 1, 2017, by stating:
>
> (a) the individual's name;
> (b) the individual's address;
> (c) the individual's start and termination dates;
> (d) the individual's job responsibilities;
> (e) whether the individual was or is subject to a non-compete

>agreement; and
>(f) if the individual was or is not subject to a non-compete
>agreement, please state why you did not require him or her to sign
>such an agreement as a condition of his or her employment.

Doc. No. 117 at 6. Absolute Medical did not object to this interrogatory. In response, Absolute

Medical submitted a chart and stated that "several individuals objected to signing non-compete

agreements and other non-compete agreements were never finalized by the parties." *Id.* Absolute

Medical did not indicate "(i) which individuals identified in the chart objected to signing the non-

compete agreements; and (ii) which agreements were never finalized." *Id.* at 7-8. NuVasive asks

the Court to order Absolute Medical to provide this missing information. *Id.* at 8.

Absolute Medical argues that it provided this information during the evidentiary hearing

held on June 28, 2018. Doc. No. 123 at 6-7. Regardless of whether the information was provided

in some other format, Absolute Medical remains under an obligation to fully answer Interrogatory

#1. The Absolute Medical Motion to Compel is granted as to Interrogatory #1.

>3.     Interrogatories #4 and #5 to Absolute Medical

Interrogatories Nos. 4 and 5 to Absolute Medical ask the following questions:

>**INTERROGATORY #4:** Please identify all bank accounts you
>maintained in calendar years 2017 and 2018.

>**INTERROGATORY #5:** Please identify all disbursements you
>made to Soufleris and/or a business entity created and/or controlled
>by Soufleris in calendar years 2017 and 2018 by identifying:

>(a) the date of the disbursement;
>(b) the amount of the disbursement; and
>(c) person or entity to whom you made the disbursement.

Doc. No. 117 at 9, 10. Absolute Medical objected to both, stating that the interrogatories call for

irrelevant information that is not proportional to the needs of the case. *Id.* Absolute Medical also

states in its response that NuVasive "has not alleged in its Complaint that Greg Soufleris

commingled any funds and, as such, this request is wholly irrelevant to the claims raised in this action." *Id.* Absolute Medical states in its response to the Absolute Medical Motion to Compel that its objection to Interrogatory #4 "is now moot because NuVasive obtained this information at the evidentiary hearing on June 28, 2018, on NuVasive's Motion for Preliminary Injunction . . . ." Doc. No. 123 at 7. As Absolute Medical has declared its own relevancy objection to Interrogatory #4 moot, the Court overrules the objection.

Absolute Medical also states that "NuVasive obtained hundreds of pages of documents in response to its subpoena *duces tecum* to Bank of America, N.A. . . . Thus, once again, it is unclear what supplemental response NuVasive is seeking from Absolute Medical." *Id.* at 8. Interrogatory #4, however, is not limited to bank accounts at Bank of America. The Absolute Medical Motion to Compel is granted as to Interrogatory #4.

Regarding Interrogatory #5, Absolute Medical states that it is not limited in subject matter or time. *Id.* at 8. Absolute Medical also argues that Soufleris has a pending motion to dismiss Count VI (Statutory Individual Liability against Soufleris) and Count VII (Piercing the Corporate Veil against Soufleris), as piercing the corporate veil is not a separate cause of action, and therefore Interrogatory #5 "is not relevant or proportional to the claims and defenses in this action." *Id.*

Interrogatory #5 is limited in time ("calendar years 2017 and 2018") and by subject ("all disbursements you made to Soufleris and/or a business entity created and/or controlled by Soufleris"). Doc. No. 117 at 10. Therefore, it is not overbroad.

Regarding relevancy, Federal Rule of Civil Procedure 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or
expense of the proposed discovery outweighs its likely benefit.

As the Court previously stated in ruling on an earlier discovery motion, NuVasive alleges in the Amended Complaint that "'as part of the process of dissolving Absolute Medical, Soufleris transferred significant amounts of money from Absolute Medical's accounts into other businesses, including, without limitation, AMS.'" Doc. No. 107 at 9-10 (quoting Doc. No. 68 at ¶ 15). Interrogatory #5 is relevant to this allegation and not out of proportion to the claims in this action, and therefore Absolute Medical is compelled to answer it.

### 4.    Interrogatory #8 to Absolute Medical

Interrogatory #8 to Absolute Medical asks Absolute Medical to "refer to the Agreement, and identify every act you took to comply with Section 5.09(a) of the Agreement." Doc. No. 117 at 11. According to NuVasive, Section 5.09(a) requires Absolute Medical to update Exhibit G to the January 1, 2017 Exclusive Sales Representative Agreement as amended by the July 1, 2017 Territory Transition Agreement (the "Agreement"). *Id.* Absolute Medical objected to the interrogatory as irrelevant and not proportional to the needs of the case. *Id.* In the response to the Absolute Medical Motion to Compel, however, Absolute Medical states the following:

> Absolute Medical determined it would supplement Interrogatory No. 8 by responding that it did not provide updates to NuVasive. Absolute Medical is currently in the process of having such responses verified and Absolute Medical will file a notice of servicing supplemental responses to interrogatories with the Court to provide notice of serving the same.

Doc. No. 123 at 8. Thus, Absolute Medical states that it will answer the interrogatory. If it has not previously done so, it shall respond to Interrogatory #8.

### 5.    Interrogatory #11 to Absolute Medical

NuVasive propounded the following interrogatory to Absolute Medical:

- 8 -

**INTERROGATORY #11:** Have you ever shipped, mailed, or otherwise transferred surgical instruments to Alphatec that were not created by Alphatec? If so, please state:

(a) The date you shipped, mailed, or otherwise transferred the surgical instruments to Alphatec;
(b) the types of surgical instruments that you shipped, mailed, or otherwise transferred to Alphatec; and
(c) the manufacturer of the surgical instruments you shipped, mailed, or otherwise transferred to Alphatec.

Doc. No. 117 at 12. Absolute Medical objected to Interrogatory #11, but also stated, "Notwithstanding said objections, Defendant has never shipped, mailed, or otherwise transferred NuVasive surgical instruments [to] Alphatec."[2] *Id.* NuVasive argues that Absolute Medical cannot rephrase the interrogatory and asks the Court to order it to "disclose whether [Absolute Medical] ever sent instruments to Alphatec that were not created by Alphatec; and . . . not limit its answer to mean only those instruments it identifies as NuVasive surgical instruments." *Id.* at 13.

Absolute Medical argues that "it is entirely irrelevant whether Absolute Medical ever shipped non-Alphatec instruments that were not created or designed by NuVasive to Alphatec." Doc. No. 123 at 9. It states that after the meet-and-confer with NuVasive's counsel, it "is aware of what additional information NuVasive is seeking, it has supplemented its responses to interrogatories and is currently in the process of having such responses verified." *Id.* Both NuVasive and Absolute Medical appear to agree on the information NuVasive is seeking via Interrogatory #11--"whether Absolute Medical ever shipped instruments to Alphatec that NuVasive 'designed' for Dr. Sawin." *Id.*; Doc. No. 117 at 13. Absolute Medical states in its response to the Absolute Medical Motion to Compel that it "never shipped instruments that NuVasive designed for Dr. Sawin to Alphatec." Doc. No. 123 at 9. If Absolute Medical has not

---

[2] Alphatec is NuVasive's competitor. Doc. No. 68 at ¶ 12.

previously supplemented its answer to Interrogatory #11 with this information and under oath, it is ordered to do so now.

6.     Interrogatory #3 to Hawley

Interrogatory #3 to Hawley asks the following:

> Please identify all physicians and/or medical facilities within your current sales territory. For each physician and medical facility you identify, please state:
>
> (a) All sales you have made to the physician or health care facility you have made since May 1, 2017; and
> (b) Whether you called on or serviced the physician or health care facility on NuVasive's behalf in calendar years 2016 or 2017.

Doc. No. 118 at 6. In the response to the Hawley Motion to Compel, Hawley argues that the interrogatory is irrelevant and not proportional because there is not a valid non-compete agreement between him and Absolute Medical that NuVasive can enforce. Doc. No. 122 at 7. Hawley also argues that the interrogatory is "not limited in subject matter, geography, or to a reasonable time frame." *Id.* Hawley argues that the non-compete agreement is only enforceable within a certain location and that the time period beginning May 1, 2017, is improper because "there are no allegations in the Amended Complaint regarding any time period prior to Hawley's resignation from Absolute Medical or Absolute Medical's resignation from NuVasive in November, 2017." *Id.*

Whether there is a valid non-compete agreement between Hawley and Absolute Medical that NuVasive can enforce is an issue to be decided in this litigation. Doc. No. 68 at ¶¶ 34, 36. Hawley's conclusory assertion that there is not a valid non-compete agreement fails to support the argument that Interrogatory #3 requests irrelevant information. Although there may not be any allegations in the Amended Complaint regarding a time period before Hawley's resignation, that does not lead to the conclusion that information predating the resignation is irrelevant to either the

breach of contract claims or the other claims in this litigation. Six months prior to Hawley's resignation is a reasonable time period. Additionally, the interrogatory is limited in geography to Hawley's "current sales territory." Doc. No. 118 at 6. Therefore, Hawley's objections to Interrogatory #3 are overruled.

7.    Interrogatory #5 to Hawley

In Interrogatory #5, NuVasive asks Hawley to "[p]lease identify every surgeon in your Alphatec sales territory who is a party to a consulting, design, or other contractual relationship with Alphatec." Doc. No. 118 at 9. Hawley objected to this interrogatory, and in the response to the Hawley Motion to Compel argues that it requests irrelevant information. Doc. No. 122 at 8. Hawley argues, "There are no allegations in the Amended Complaint concerning surgeons that are in a contractual relationship with Alphatec." *Id.* NuVasive contends that the answer will "coincide with the surgeons within Hawley's former NuVasive sales territory who were parties to similar agreements with NuVasive." Doc. No. 118 at 10. NuVasive states that the information is "relevant to whether Hawley is misappropriating that knowledge in his efforts to convert business to Alphatec." Doc. No. 118 at 10. Whether a surgeon that Absolute Medical previously sold NuVasive products to is now a party to a contract with NuVasive's competitor Alphatec is relevant to whether the confidentiality, non-competition, and non-solicitation agreements between NuVasive and Absolute Medical were breached. Therefore, Hawley is ordered to answer Interrogatory #5.

8.    Interrogatory #9 to Hawley

Interrogatory #9 asks Hawley to "identify all electronic devices you utilized in calendar years 2017 and 2018, and state whether you still possess each device." Doc. No. 118 at 11. It was subsequently limited "to devices that Hawley used on behalf of his work with NuVasive, Absolute

Medical, and Alphatec." *Id.* Although Hawley states in his response to the Hawley Motion to Compel that the interrogatory requests irrelevant information and is overbroad, he states that he did identify the devices he used while working for Absolute Medical and NuVasive. Doc. No. 122 at 8. Hawley does not explain how the question could be considered overbroad or irrelevant as to Alphatec, NuVasive's competitor that NuVasive alleges Hawley now sells competing products for. Hawley is therefore ordered to provide a verified answer to Interrogatory #9 including devices he used in 2017 and 2018 while working for Alphatec.

9.    <u>Interrogatory #11 to Hawley</u>

Interrogatory #11 asks Hawley to "identify all custom instruments that Alphatec has created for Dr. Paul Sawin." Doc. No. 118 at 12. NuVasive contends that this "is relevant to NuVasive's allegation that Hawley shipped products to Alphatec that were designed by NuVasive for Dr. Sawin . . . ." *Id.* Hawley argues in his response to the Hawley Motion to Compel that the interrogatory is overbroad because "is not limited in time, subject matter, or geography . . . ." Doc. No. 122 at 8. Specifically, the request is not limited to the time period relevant to this litigation or "to instruments that Hawley requested be created for Dr. Paul Sawin." *Id.* at 8-9. As the request is not reasonably limited in time, the Hawley Motion to Compel is denied as to Interrogatory #11.

**B.    Requests for Production**

1.    <u>Requests for Production of Financial Records</u>

NuVasive asks both Absolute Medical and Hawley to produce certain financial records. Specifically, it requests the following from Absolute Medical:

> **REQUEST FOR PRODUCTION #5:** Please produce all state and federal income tax returns that you filed or caused to be filed for calendar years 2016 and 2017.

> **REQUEST FOR PRODUCTION #6:** Please produce all of your profit and loss statements that were generated since June 1, 2017.

**REQUEST FOR PRODUCTION #7:** Please produce all of your balance sheets that were generated since June 1, 2017.

**REQUEST FOR PRODUCTION #8:** Please produce all of your payroll records since June 1, 2017.

**REQUEST FOR PRODUCTION #9:** Please produce all of your data from QuickBooks (or other financial reporting software) since June 1, 2017.

**REQUEST FOR PRODUCTION #10:** Please produce all check registers you created, modified, or otherwise inputted data since June 1, 2017.

**REQUEST FOR PRODUCTION #11:** Please produce all of your bank statements since June 1, 2017.

**REQUEST FOR PRODUCTION #12:** Please produce all requests for expense reimbursement you have received since June 1, 2017.

Doc. No. 117 at 15, 17-21. From Hawley, NuVasive requests the following:

**RFP #13:** Please produce all charge sheets you submitted to or on behalf of Alphatec.

**RFP #14:** Please produce all state and federal income tax returns that you filed or caused to be filed for calendar years 2016 and 2017.

**RFP #15:** Please produce all requests for expense reimbursements you submitted to Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since June 1, 2017.

**RFP #16:** Please produce all records of payments you have received from Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since March 1, 2017.

**RFP #17:** Please produce all commission statements you have received from Alphatec, Absolute, or any other participant in the spine industry (other than NuVasive) since March 1, 2017.

Doc. No. 118 at 20, 22-25.

Absolute Medical and Hawley offer identical reasons for why the requests for financial documents are irrelevant and not proportional in their responses to the motions to compel. Doc.

No. 122 at 10; Doc. No. 123 at 10. They assert that the "requests are not reasonably limited in time, subject matter, or geography . . . ." Doc. No. 122 at 10; Doc. No. 123 at 10. They argue that there are no allegations regarding their activities in 2016, and that the requests are not limited "to the particular subject matter of this action, specifically, spinal products or services that compete with NuVasive." Doc. No. 122 at 10; Doc. No. 123 at 10. Their last argument is that the time periods in the requests are "prior to the relevant time period concerning the claims and allegations in the Amended Complaint." Doc. No. 122 at 10; Doc. No. 123 at 10.

Absolute Medical's and Hawley's objections that the requests are not reasonably limited in time, subject matter or geography are too general to evaluate. They fail to discuss which of these objections apply to which of the requests for financial records. The Court will not make these determinations for them.

As to Absolute Medical's and Hawley's objections regarding producing records from 2016, the only financial records requested for 2016 are the state and federal income tax returns. Doc. No. 117 at 15; Doc. No. 118 at 22. Although the Amended Complaint may not contain any allegations regarding 2016, at the evidentiary hearing, Soufleris (the president of Absolute Medical) testified that in the summer of 2017 Absolute Medical was losing money selling NuVasive's products. Doc. No. 101-2 at 31. He further testified that in November 2017, Absolute Medical's business of selling NuVasive's products was not sustainable. *Id.* at 32. Thus, financial information from 2016 is relevant in determining the credibility of Soufleris's statements regarding what financial changes commenced in 2017.

Regarding Hawley, NuVasive argues that his tax returns may reveal relevant information "such as when he began receiving payments from Alphatec in violation of the non-compete and nonsolicitation obligations." Doc. No. 118 at 22-23. Hawley testified at the evidentiary hearing

that he began working for Absolute Medical in 2013, resigned in 2017, and began working for Alphatec. Doc. No. 101-2 at 75, 79-80. Based on Hawley's testimony and the testimony at the evidentiary hearing regarding when Absolute Medical began losing money, 2016 is an appropriate time period for Hawley's tax returns.

The time periods for the other financial records begin in March or June 2017.[3] Doc. No. 117 at 15, 17-21; Doc. No. 118 at 20, 22-25. Although Absolute Medical and Hawley argue that this is prior to the relevant time period, they do not specify what they contend is the relevant time period or otherwise identify to what extent the specified time periods are allegedly overbroad. As stated above, information predating November 2017 may be relevant to the causes of action in this litigation. Eight months before November 2017 is a reasonable time period.

As none of Absolute Medical's and Hawley's objections to producing the financial records have merit, the motions to compel are granted as to the requests to produce.

### 2. Request for Production #1 to Absolute Medical

NuVasive sent the following request for production to Absolute Medical:

> **REQUEST FOR PRODUCTION #1:** Please produce all of your contracts or other agreements with:
>
> (a) Soufleris;
> (b) Hawley;
> (c) Ryan Miller;
> (d) Brandon Gottstein;
> (e) Thad Brag[]ula;
> (f) Brennan Burkhart; and
> (g) Alphatec.

Doc. No. 117 at 14. NuVasive states that it received "Independent Contractor Agreements for Dave Hawley, Ryan Miller, Brandon Gottstein, and Alphatec." *Id.* at 15. It has not received contracts or

---

[3] No time restriction is given for Hawley's charge sheets from Alphatec, but Hawley testified that he began working for Alphatec in 2017. Doc. No. 101-2 at 79-80.

other agreements for Bragulla and Burkhart, despite "Bragulla provid[ing] a sworn declaration stating that he signed a non-compete agreement with Absolute Medical as a condition of his employment." *Id.* NuVasive asks that Absolute Medical "produce any remaining documents that are responsive to this Request; and/or . . . explain the reason for failing to produce documents related to Thad Bragulla and Brennan Burkhart." *Id.*

In response, Absolute Medical states that agreements between it and Bragulla and Burkhart are irrelevant and not proportional because "[t]here are no allegations in the Amended Complaint regarding Thad Bragulla or Brennan Burkhart or Absolute Medical's relationship with these third parties." Doc. No. 123 at 10. Absolute Medical contends that because Bragulla is not a defendant and NuVasive is not seeking to enforce a non-compete agreement against him, it is irrelevant whether he had a non-compete agreement with Absolute Medical. *Id.* Absolute Medical also states that "both parties agree that Thad Bragulla, and Brennan Burkhart had non-compete agreements." *Id.*

NuVasive alleges in the Amended Complaint that Absolute Medical breached the Agreement by not enforcing its sales representatives' non-solicitation and non-competition obligations and falsely representing that its sales representatives are not subject to such obligations. Doc. No. 68 at ¶ 78. Bragulla was a sales representative for Absolute Medical and is now a NuVasive employee. Doc. No. 19-3 at ¶ 2. Burkhart was also a sales representative for Absolute Medical. Doc. No. 101-2 at 33. Copies of agreements between Absolute Medical and Bragulla and Burkhart are therefore relevant and proportional, and Absolute Medical is ordered to produce all documents responsive to Request for Production #1. The Court will not order Absolute Medical to "explain the reason for failing to produce documents related to Thad Bragulla and Brennan Burkhart," Doc. No. 117 at 15, however, as this is beyond the scope of a request for production.

      3.      <u>Requests for Production #3 through #12 to Hawley</u>

NuVasive sent the following requests for production to Hawley:

> **<u>RFP #3:</u>** Please produce all Communications between you and Soufleris from June 1, 2017, to the present.
>
> **<u>RFP #4:</u>** Please produce all Communications between you and Ryan Miller from June 1, 2017, to the present.
>
> **<u>RFP #5:</u>** Please produce all Communications between you and Brandon Gottstein from June 1, 2017, to the present.
>
> **<u>RFP #6:</u>** Please produce all Communications (that were not responsive to Requests 3 through 5) between you and Absolute, Absolute Medical, Inc., Absolute Medical Systems, LLC, and/or any other entities owned or controlled by Soufleris from June 1, 2017, to the present.
>
> **<u>RFP #7:</u>** Please produce all Communications between you and Elizabeth Lukianov from June 1, 2017, to the present.
>
> **<u>RFP #8:</u>** Please produce all Communications between you and Craig Hunsaker from June 1, 2017, to the present.
>
> **<u>RFP #9:</u>** Please produce all Communications between you and Pat Miles from June 1, 2017, to the present.
>
> **<u>RFP #10:</u>** Please produce all Communications (that were not responsive to Requests 7 through 9) between you and Alphatec from June 1, 2017, to the present.
>
> **<u>RFP #11:</u>** Please produce all Communications between you and Dr. Paul Sawin between June 1, 2017, and the present.
>
> **<u>RFP #12:</u>** Please produce all Communications between you and Dr. Rafael Allende between June 1, 2017, and the present.

Doc. No. 118 at 13-19. NuVasive "agreed to exclude communications of a personal nature . . . ."

Doc. No. 122 at 9.

      Hawley once again argues that the "requests are not reasonably limited in time, subject matter, or geography . . . ." *Id.* Hawley asserts that "June 1, 2017, . . . is prior to the relevant time

period concerning the claims and allegations in the Amended Complaint." *Id.* This argument is rejected for the reasons stated above.

Hawley's next argument is that the requests are not limited to "communications involving the particular subject matter of this action, specifically, spinal products or services that compete with NuVasive and communications concerning the alleged conversion of NuVasive instruments." *Id.* Hawley points out that the requests are not limited "to the specific territory that NuVasive is seeking to enforce the alleged non-compete." *Id.* Hawley also implies that a request for communications between himself and any other entity owned or controlled by Soufleris is irrelevant. *Id.*

The requests are limited to those communications from June 1, 2017 to the present and, based on the parties' agreement, exclude personal matters. Thus, they are reasonably limited. Communications between Hawley and any other entity owned or controlled by Soufleris are relevant to NuVasive's claims that Hawley breached his non-competition and non-solicitation obligations to NuVasive and Hawley's testimony at the evidentiary hearing that he is not involved with AMS. Therefore, Hawley's objections to producing documents responsive to Requests for Production #3 through #12 are overruled.

## III. <u>CONCLUSION.</u>

Based on the forgoing, it is **ORDERED** as follows:

1. The Absolute Medical Motion to Compel (Doc. No. 117) is **GRANTED IN PART AND DENIED IN PART** as follows:

   A. To the extent that Absolute Medical has not served answers, amended and supplemental answers to the interrogatories that are not verified, it shall do so;

B. Regarding Interrogatory #1, Absolute Medical shall identify, under oath, which individuals objected to signing the non-compete agreements and which agreements were never finalized;

C. Regarding Interrogatory #11, Absolute Medical shall answer, under oath, whether Absolute Medical ever shipped instruments to Alphatec that NuVasive designed for Dr. Sawin;

D. Regarding Request for Production #1, Absolute Medical shall produce documents regarding Bragulla and Burkhart;

E. Absolute Medical shall submit full and complete verified answers to Interrogatories #4, #5, and #8, and produce the documents responsive to the Requests for Production #1, #5, #6, #7, #8, #9, #10, #11, and #12;

F. In all other respects, the Absolute Medical Motion to Compel is **DENIED**;

2. The Hawley Motion to Compel (Doc. No. 118) is **GRANTED IN PART AND DENIED IN PART** as follows:

A. The request that Hawley be compelled to serve verified answers to interrogatories is **DENIED AS MOOT**;

B. Regarding Interrogatory #9, Hawley shall submit a full and complete answer regarding the devices he used on behalf of Alphatec in calendar years 2017 and 2018 and whether he still possesses each device;

C. Hawley shall submit full and complete verified answers to Interrogatories #3 and #5, and produce the documents responsive to the Requests for Production #3, #4, #5, #6, #7, #8, #9, #10, #11, #12 as limited to exclude communications of a personal nature, and #13, #14, #15, #16, and #17; and

    D.  In all other respects, the Hawley Motion to Compel is **DENIED**.

3.   Absolute Medical and Hawley shall serve the discovery ordered herein **on or before**

    **February 13, 2019**.

    **DONE** and **ORDERED** in Orlando, Florida, on January 30, 2019.


                           GREGORY J. KELLY
                 UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties