UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

        **Plaintiff,**

**v.**                                                        **Case No: 6:17-cv-2206-Orl-41GJK**

**ABSOLUTE MEDICAL, LLC, GREG
SOUFLERIS, DAVE HAWLEY,
ABSOLUTE MEDICAL SYSTEMS,
LLC and RYAN MILLER,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Dismiss Absolute Medical's Counterclaim (Doc. 41), to which Absolute Medical, LLC filed a Response (Doc. 45). This cause is also before the Court on Defendant Dave Hawley's Motion to Dismiss (Doc. 75), Defendant Absolute Medical LLC's Motion to Dismiss (Doc. 76), Defendant Greg Soufleris's Motion to Dismiss (Doc. 77), Defendant Absolute Medical Systems, LLC's Motion to Dismiss (Doc. 83), and Defendant Ryan Miller's Motion to Dismiss (Doc. 84). Plaintiff filed an Omnibus Response (Doc. 90) to the motions to dismiss, to which Defendants filed a Reply (Doc. 96). For the reasons set forth herein, the motions to dismiss will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff is a medical device company that manufactures products used to treat spine disorders. (Am. Compl., Doc. 68, ¶ 83). Absolute Medical, LLC ("Absolute Medical") became an exclusive distributor of Plaintiff's products. (*Id.* ¶ 32). Plaintiff and Absolute Medical entered into a Sales Agreement, in which Absolute Medical agreed to distribute Plaintiff's products in a

designated sales territory for a five-year term. (Doc. 19-1 at 3). The Sales Agreement also contained an arbitration clause requiring the parties to arbitrate any "controversy, dispute or question" in connection with the Sales Agreement. (*Id.* at 15–16). To assist in the distribution of Plaintiff's products, Absolute Medical hired a team of sales representatives, including Defendants Dave Hawley and Ryan Miller. (*See id.* ¶ 34).

Before the end of the five-year term, Defendant Greg Soufleris, president and sole member of Absolute Medical, (Doc. 68 ¶ 90), notified Plaintiff of his intent to end Absolute Medical's partnership with Plaintiff, (*id*. ¶ 48). Absolute Medical later dissolved. (*Id.* ¶ 11). Meanwhile, Soufleris filed articles of incorporation with the state of Florida to form another company, Absolute Medical Systems, LLC ("AMS"). (*Id.* ¶ 12). AMS was formed by Soufleris to distribute medical products for Alphatec Spine, Inc. ("Alphatec"), Plaintiff's competitor. (*Id.*). Similarly, Hawley and Miller resigned from Absolute Medical to work for Alphatec. (*Id.* ¶¶ 19, 21). Through their work with Alphatec, AMS and Hawley allegedly converted Plaintiff's custom surgical instruments and solicited former clients of Plaintiff. (*Id.* ¶¶ 60, 62).

On December 29, 2017, Plaintiff commenced the instant action, asserting claims for injunctive relief, breach of contract, conversion, and violations of the Florida Deceptive and Unfair Trade Practices Act. (*See generally* Compl., Doc. 1). Absolute Medical filed a counterclaim alleging breach of contract. (Counterclaim, Doc. 26, at 18-22). Plaintiff filed an Amended Complaint, and Defendants moved to dismiss the case. (*See* Doc. Nos. 75, 76, 77, 81, 83). In the interim, the Court entered an Order compelling arbitration on Plaintiff's breach of contract claim, Count II, and staying Counts III, in part, VI, VII, VIII, and IX of the Amended Complaint until arbitration is completed. (*See generally* May 31, 2019 Order, Doc. 178).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

Defendants argue that Plaintiff's Amended Complaint should be dismissed because it constitutes a shotgun pleading and because Plaintiff failed to state a claim. Plaintiff argues that Absolute Medical's counterclaim should be dismissed for failure to state a claim. Each of those arguments will be addressed in turn.

#### A. Shotgun Pleading

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (citing *Byrne v. Nezhat*, 261

F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1331–32. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendants argue that Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading because it fails to incorporate any factual allegations or misidentifies which factual allegations apply to which Counts. Upon review of the Amended Complaint, each Count

clearly identifies which portions of the general allegations are being incorporated into that Count. Therefore, the Court will not dismiss the Amended Complaint on this basis.

### B. Failure to State a Claim

#### 1. *Count V of the Amended Complaint*

Count V asserts a claim against Hawley and AMS for conversion. Defendants argue that that Count V should be dismissed because it fails to incorporate the factual allegations necessary to state a claim upon which relief can be granted. "[T]o state a claim of conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *Indus. Park Dev. Corp. v. Am. Express Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013) (citing *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011)). Defendants argue that the factual allegations specifically incorporated into Count V fail to establish a claim for conversion.

Plaintiff responds that the Amended Complaint contains a scrivener's error with regard to which allegations were supposed to be incorporated into Count V and requests leave to amend the Amended Complaint. Specifically, Plaintiff points to allegations elsewhere in the Amended Complaint asserting that Hawley or another AMS sales representative arranged for a surgeon to use Plaintiff's custom instruments for a surgery without Plaintiff's authorization. (*See* Doc. 68 ¶¶ 60, 62). Those allegations, accepted as true, are sufficient to state a claim for conversion. Therefore, Count V of the Amended Complaint will be dismissed, but Plaintiff will be granted leave to amend as to the scrivener's error.[1]

#### 2. *Absolute Medical's Counterclaim*

---

[1] Because the remaining Counts addressed in the motions to dismiss are stayed pending the completion of arbitration, the motions to dismiss will be denied as moot as to those Counts.

Absolute Medical asserts a counterclaim against Plaintiff for breach of the Sales Agreement. Absolute Medical's counterclaim is inextricably intertwined with Plaintiff's claim for breach of that same contract. Therefore, Absolute Medical's counterclaim shall also be submitted to arbitration, and Plaintiff's Motion to Dismiss will be denied as moot.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Dave Hawley's Motion to Dismiss (Doc. 75) and Defendant Absolute Medical Systems, LLC's Motion to Dismiss (Doc. 83) are **GRANTED in part**. Count V of the Amended Complaint (Doc. 68) is **DISMISSED without prejudice**.

2. The Motions to Dismiss (Doc. Nos. 75, 83) are **DENIED as moot in all other respects**.

3. Plaintiff's Motion to Dismiss Absolute Medical's Counterclaim (Doc. 41), Defendant Absolute Medical LLC's Motion to Dismiss (Doc. 76), Defendant Greg Soufleris's Motion to Dismiss (Doc. 77), and Defendant Ryan Miller's Motion to Dismiss (Doc. 84) are **DENIED as moot**. Absolute Medical's Counterclaim shall proceed to arbitration.

4. **On or before August 5, 2019**, Plaintiff may file a second amended complaint consistent with this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record