1

```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION


- - - - - - - - - - - - - - - - - X
 NUVASIVE, INC.,                   :
                                   :
        Plaintiff,                 :   Case No.:
                                   :   6:17-cv-2206-Orl-41GJK
 vs.                               :
                                   :
 ABSOLUTE MEDICAL, LLC,            :   Orlando, Florida
 GREG SOUFLERIS,                   :   February 11, 2020
 DAVE HAWLEY,                      :   10:00 a.m.
 ABSOLUTE MEDICAL SYSTEMS, LLC,    :
 and RYAN MILLER,                  :
                                   :
        Defendants.                :
                                   :
                                   :
- - - - - - - - - - - - - - - - - X

             TRANSCRIPT OF TELEPHONE CONFERENCE
           BEFORE THE HONORABLE CARLOS E. MENDOZA
                 UNITED STATES DISTRICT JUDGE


APPEARANCES VIA TELEPHONE:

  Counsel for Plaintiff:        Christopher W. Cardwell
                                Diana N. Evans
                                Marshall Thomas McFarland

  Counsel for Defendants:       Bryan E. Busch


Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.


Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
                  Federal Official Court Reporter
                  401 West Central Boulevard, Suite 4600
                  Orlando, Florida 32801
                  e-mail: trimblecourtreporter@gmail.com
```

```
 1                    P R O C E E D I N G S
 2            THE COURTROOM DEPUTY:  NuVasive Inc. v. Absolute
 3   Medical LLC, et al., Case No. 6:17-cv-2206.
 4            Counsel, please state your appearances for the
 5   record.
 6            MR. CARDWELL:  Hi.  Chris Cardwell, Thomas
 7   McFarland, and Diana Evans for NuVasive.
 8            MR. BUSCH:  Bryan Busch for the defendants.
 9            THE COURT:  All right.  Good morning, everyone.
10            Just a few matters I need to take up with you, and
11   then we can continue moving forward.  First of all, from the
12   plaintiff's perspective, what is the current status of the
13   limited discovery with regard to these e-mails?
14            MR. CARDWELL:  So, Your Honor, they have produced
15   recently 32,769 unique documents that some have been produced
16   in the past.  The vast majority appear to be new.  Notably, in
17   those documents we have the first -- or we have more hard
18   evidence that the 2017 contracts were in fact signed.  We have
19   Mr. Miller acknowledging that he signed a 2017 contract in an
20   e-mail to Mr. Soufleris, and we have Mr. Hawley stating that
21   he will sign and return the e-mail -- the agreement in two
22   e-mails to Ms. Edelson in which Mr. Soufleris was copied.
23            We are steadily making it through these documents.
24   We have several thousand left.  We continue to believe -- and
25   I don't think there's any dispute to this.  We do not have a
```

1  complete set of documents, that in fact there were e-mails
2  that defendants have been unable to reclaim, and, of course,
3  there's been no subsequent production of the text messages
4  that were destroyed.
5       To get our arms around what was produced and the
6  methodology that was used in those productions, we asked to
7  depose Amanda Bergeron who is the forensic expert, for lack of
8  a better term, that the defendants utilized to image their
9  computer.  She is not the one that did the Google Takeout, but
10 she, in fact, imaged the computers, came up with 700,000
11 quote/unquote hits and subsequently produced about 11,000 of
12 that -- of those 377,000 hits.  We have asked to depose her,
13 and the defendants object to that.
14      Did that answer Your Honor's question?
15      THE COURT:  Yeah.  And one more question for the
16 plaintiffs.  How much more time are you requesting to actually
17 review all of these documents, or have you reviewed them and
18 you're ready to move forward?
19      MR. CARDWELL:  No.  We have -- we have reviewed --
20 like I said, there was almost 33,000 unique documents.  I
21 think we could have the rest of them reviewed in the next ten
22 days.  Mr. McFarland told me that we are 55 percent done in
23 making it through those documents.  So we've made it through a
24 little bit more than 17,000 documents in this short amount of
25 time, and we would -- as I said, we would like to depose the

1  forensic examiner, and we can be prepared to do that at any
2  time.
3              THE COURT:  Well, the motion to compel the
4  deposition has been referred to the magistrate judge, and
5  you'll be getting your decision in pretty short order, I would
6  imagine.
7              So it seems to me implicit in this request is a
8  delay in the trial schedule.  But I just want to be blunt with
9  you here.  The reason I'm permitting you to move forward on
10 this additional discovery is, I don't know what happened here,
11 and I'm not going to cast aspersions on anyone or reach any
12 conclusions, although I do have my suspicions, but if I can be
13 blunt with you, I do not see how you get to a trier of fact
14 without a signed non-compete or without some pretty strong
15 evidence that one ever existed, and that's what you're in
16 search of at this point.  So take that into consideration
17 moving forward because I think that's a huge problem, and I've
18 thought about this a lot, that you're going to have trouble
19 getting around.
20             So let me ask the defense this question:  Are you
21 going to need any more time in terms of -- are you going to
22 need to adjust in any way, from the defense perspective,
23 seeing as how the plaintiffs are moving forward in this
24 manner?
25             MR. BUSCH:  No, Your Honor.  I don't believe we need

1  any more time.  As plaintiff's counsel stated, I believe there
2  has been -- based on the Court's recommendation, we were able
3  to uncover a bunch of additional documents.  There was about
4  30,000-some-odd additional e-mails that were produced.  Some
5  of which were produced previously, and what we did not do was
6  redact anything or take anything out.  We just produced the
7  entire bunch.  And so there are some duplicate productions.
8  But there were also some additional new e-mails, both off the
9  image hard drives and also out of the Google Takeout -- out of
10 the Google Takeout scenario.
11         You know, significantly, I think that the Court --
12 as the Court pointed out, there is no signed 2017 employment
13 agreements, which is consistent with what we've been saying
14 all along.  We do not need -- from the defense standpoint, we
15 do not need any additional time.  We believe our summary
16 judgment briefs are in front of the Court for Mr. Miller and
17 Mr. Hawley, and we would proceed forward with those whenever
18 the Court deems it necessary.
19         THE COURT:  And I appreciate that.  So here's what
20 we're going to do:  I'm going to continue the trial date by
21 60 days, and that will be the Court's decision, but I don't
22 think I can be any more clearer with the plaintiff.  I know
23 that part of your strategy is to convince the Court, based on
24 quite a bit of circumstantial evidence you've presented, to
25 have me create one out of thin air.  And I hope you can detect

1  from my reluctance that I'm probably not going there.
2          So you need to continue looking for whatever it is
3  you're looking for, and at the end of 60 days, we'll return
4  back here, and if you have something that would allow this
5  process to move forward to a trier of fact, I certainly will
6  consider it at that time.  If not, it will just have to be
7  whatever it is.
8          So is there anything further from the plaintiff at
9  this time?
10         MR. CARDWELL:  Briefly, Your Honor.  As I stated, we
11 have an e-mail from Mr. Miller dated, for example, August 8 of
12 2017, where he is discussing providing his 2017 Absolute
13 contract to some NuVasive auditors with Mr. Soufleris.  How
14 would Your Honor like for us to present this type of evidence
15 to the Court?  Would it be as a supplement to our spoliation
16 brief?
17         THE COURT:  I'm not sure how to answer your
18 question.  But if you want to update your motion for summary
19 judgment and add it as an exhibit, that's probably the most
20 logical way to do it.
21         MR. CARDWELL:  Okay.
22         THE COURT:  But I'll leave that in your capable
23 hands, but I mean, I think Mr. Busch is right.  And I wanted
24 to give you enough time to make sure that if the document
25 existed you could find it, and I think what you're going to

1 try to do is present circumstantial evidence tending to show
2 that it exists or it existed and that's fine. I'll take it
3 into consideration. But that's sort of where we're at. And
4 we're at a red line here.
5 So, again, file what you're going to file, and I
6 will certainly take it into consideration, but I think
7 Mr. Busch has framed the issue correctly. There either is or
8 isn't a signed non-compete, and that's going to drive this
9 litigation from here moving forward. So good luck on your
10 discovery.
11 I'll issue an order indicating that the trial period
12 has been delayed for 60 days, and I will probably do a notice
13 of telephonic hearing a little closer to the trial date so you
14 can tell me what the status is of -- and, bluntly, we're
15 probably going to have to move that trial date again, assuming
16 it actually moves to trial because Mr. Busch is going to need
17 a response on his summary judgment, which I really can't
18 address fully until this deposition and this discovery issue
19 is foreclosed. But I think we're headed towards the end here
20 one way or the other.
21 So thank you both for your attendance this morning.
22 The orders will be coming out today or tomorrow. And I'll
23 give you notice if we need to have another telephonic hearing
24 before we arrive at the currently set trial date. Thank you
25 both and have a good morning.

1      (WHEREUPON, this matter was concluded at 10:10 a.m.)

2                        *   *   *

3                    CERTIFICATE OF REPORTER

4

   I certify that the foregoing is a correct transcript of the
5  record of proceedings in the above-entitled matter.

6

    _/s/ Suzanne L. Trimble_____          _5/5/20_
7   Suzanne L. Trimble, CCR, CRR, RPR         Date
    Official Court Reporter
8