1

```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION


- - - - - - - - - - - - - - - - - X
 NUVASIVE, INC.,                   :
                                   :
         Plaintiff,                :   Case No.:
                                   :   6:17-cv-2206-Orl-41GJK
 vs.                               :
                                   :
 ABSOLUTE MEDICAL, LLC,            :   Orlando, Florida
 ABSOLUTE MEDICAL SYSTEMS, LLC,    :   June 10, 2020
 GREG SOUFLERIS,                   :   10:46 a.m.
 DAVE HAWLEY,                      :
 and RYAN MILLER,                  :
                                   :
         Defendants.               :
                                   :
- - - - - - - - - - - - - - - - - X

          TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
            BEFORE THE HONORABLE CARLOS E. MENDOZA
                  UNITED STATES DISTRICT JUDGE


TELEPHONIC APPEARANCES:

  Counsel for Plaintiff:      Christopher W. Cardwell
                              Diana N. Evans
                              Marshall Thomas McFarland

  Counsel for Defendants:     Bryan E. Busch



Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.


Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
                  Federal Official Court Reporter
                  401 West Central Boulevard, Suite 4600
                  Orlando, Florida 32801
                  e-mail: trimblecourtreporter@gmail.com
```

1           P R O C E E D I N G S
2           THE COURTROOM DEPUTY: NuVasive Inc. v. Absolute
3  Medical, LLC, et al., Case No. 6:17-cv-2206.
4           Counsel, please state your appearances for the
5  record.
6           MR. CARDWELL: Hi. Chris Cardwell, Thomas
7  McFarland, and Diana Evans for NuVasive.
8           MR. BUSCH: Bryan Busch for the defendants.
9           THE COURT: All right. Thank you all for your
10 attendance here today. I just have a couple of quick
11 questions and comments that are going to help me move this
12 case in a certain direction. And I'm going to start with
13 Mr. Busch.
14          It's my understanding that it is the defense's
15 position that there never existed a signed or an executed
16 non-compete that obligated the three defendants in this case.
17 Is that correct?
18          MR. BUSCH: That is correct, Your Honor.
19          THE COURT: All right. Thank you, Mr. Busch.
20          And this question is for the plaintiff. During the
21 course of your discovery, have you found anything that would
22 contest the assertion from the defense that there isn't or
23 never existed an executed non-compete in this case?
24          MR. CARDWELL: Well, absolutely. The way that
25 question was phrased, Your Honor, if Your Honor will recall,

1  the initial -- initially in this case in their answer and
2  sworn discovery responses and testimony they claim that they
3  never signed documents that contained non-compete agreements.
4  A few days before our preliminary injunction hearing, NuVasive
5  discovered 2013 contracts that contained non-compete
6  agreements.  They responded to that discovery.  We made the
7  Court aware of that discovery and defendants, and their
8  response to that discovery was then to produce agreements from
9  2014, 2015, and 2016, at which point they changed their story
10 to say that they have -- that they in fact signed agreements
11 in every year other than 2017.
12         And to take it a step further, there is another
13 sales rep for Absolute Medical/Absolute Medical Systems --
14 what's his name -- Brandon Gottstein, whom Greg Soufleris, the
15 owner of those two entities, has testified through
16 interrogatories that he never signed documents or contracts
17 containing non-compete agreements, and we in fact have a
18 signed 2017 non-compete for him.
19         THE COURT:  Okay.  I know where the parties are at.
20 So the reason for the hearing today is because there have been
21 ongoing discovery issues that have slowed the case down a bit,
22 and please don't take that as a criticism, but there were
23 motions for summary judgment that were filed before we
24 embarked on this discovery journey, and I want to give both
25 sides an opportunity to fully incorporate the information that

1  has been discovered or not discovered, if you choose to move
2  forward in the same direction in these motions for summary
3  judgment, so I can make a decision that's either going to wrap
4  this thing up or at least pare down some issues and get this
5  thing moving towards trial.  So what I'm going to do, and I
6  don't think this is going to effect our current trial date but
7  it may, and it's just a risk we're going to have to take, I'm
8  going to deny all of the motions for summary judgment as moot,
9  but I'm going to give you an extended period of time to pare
10 these motions down, based on what's happened during discovery,
11 and then we can move forward from there.
12         But as you can see, I've been asking about this --
13 by the way, let me be very specific.  Is there a signed -- do
14 you have an executed 2017 non-compete?
15         MR. BUSCH:  No, Your Honor.
16         MR. CARDWELL:  We have discovered one for Brandon
17 Gottstein.  We had not discovered one for Miller or Dave
18 Hawley.  We made the Court aware in our filing what we did
19 discover, which was some e-mails back and forth and a promise,
20 or promises, to sign those noncompetes and evidence that the
21 parties conducted business pursuant to the terms of what's
22 contained in those contracts.
23         THE COURT:  So you found a 2017 non-compete for
24 Brandon Gottstein?
25         MR. CARDWELL:  Yes, Your Honor.  We have signed

noncompetes in 2017 for all of the -- we believe, all of the sales reps, other than Hawley and Miller. And we --

THE COURT: I'm sorry. My court reporter reminded me that I forgot to tell you to state your name before you speak.

MR. CARDWELL: You did tell me and that was my fault, Your Honor. This is Chris Cardwell speaking on behalf of NuVasive.

We have signed 2017 agreements for all of the Absolute Medical sales reps, other than Hawley and Miller, the two defendants, and they are two of the three who later joined Mr. Soufleris at Absolute Medical/Alphatec. That third gentleman is Brandon Gottstein who Mr. Soufleris swore had not signed a 2017 agreement, but we did discover that.

And just as an aside, I would like to remind Your Honor that there is still a significant spoliation issue out there where we've been able to -- we have not been successful in capturing the vast majority of the documents that were spoliated.

THE COURT: All right. I understand and I appreciate your candor on that. No signed 2017 noncompetes covering Dave Hawley or Ryan Miller. All right. So that's information that I wanted to confirm with both of you.

So I will issue an order here in the next few days indicating where we go from here and to give you additional

1  time to sort of pare down the issues in these motions for
2  summary judgment, and we'll begin marching towards some sort
3  of resolution here.
4          MR. CARDWELL:  I understand, Your Honor.
5          THE COURT:  Let me ask --
6          MR. BUSCH:  Thank you, Judge.
7          THE COURT:  -- from the plaintiff's perspective.
8  How much time do you think you need.  Because it's going to be
9  really the same base motion for summary judgment, you may take
10 some things out or add some things, but how much time do you
11 think you need to go on ahead and refile?
12         MR. CARDWELL:  I was racing through my head in case
13 you asked that, and I was going to say 30 to 45 days.
14         THE COURT:  All right.  And, Mr. Busch, from your
15 end?
16         MR. BUSCH:  Thirty days is fine, Your Honor.
17         THE COURT:  All right.  I'll incorporate that into
18 my order, and you'll be hearing from me soon.  Both of you
19 have a good morning.
20         MR. CARDWELL:  Thank you, sir.
21     (WHEREUPON, this matter was concluded at 10:54 a.m.)

* * *

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript of the
record of proceedings in the above-entitled matter.

```
_/s/ Suzanne L. Trimble_____              7/1/2020
Suzanne L. Trimble, CCR, CRR, RPR              Date
Official Court Reporter
```