UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC. )<br><br>)<br><br>)<br>　　　Plaintiff, )<br>　　　　　　　　　　　　　)<br>VS )<br>　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>ABSOLUTE MEDICAL, LLC, ABSOLUTE )<br>MEDICAL SYSTEMS, LLC, GREG )<br>SOUFLERIS, DAVE HAWLEY, and )<br>RYAN MILLER )<br>　　　　　　　　　　　　　)<br>　　　Defendant, )<br>_____ ) | Case No.:<br>6:17-cv-2206-Orl-41GJK |

### DEFENDANTS DAVE HAWLEY, RYAN MILLER, AND ABSOLUTE MEDICAL SYSTEMS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT

# **TABLE OF CONTENTS**

Table of Authorities ...................................................................................i

Summary of Argument.............................................. .......................... 1

Factual Background............................................... .......................... 2

**ARGUMENT AND CITATION TO AUTHORITY** ...........................................6

    a)    Standard of Motion for Summary Judgment ............................................6

    b)    NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2013 ICAs...................................................6

    c)    NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2016 ICAs...................................................8

    d)    NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2017 ICAs.................................................11

    e)    Hawley and AMS are entitled to summary judgment on NuVasive's claim of conversion......................................................................... 14

**CONCLUSION**................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

## CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .........................................................................................................6

*Bentley Motors Corp. v. McEntegart*,
976 F. Supp. 2d 1297 (M.D. Fla. 2013) ...........................................................9, 11

*Burger King Corp. v. Austin*,
805 F. Supp. 1007 (S. D. Fla. 1992) ....................................................................14

*Cedric Kushner Promotions, Ltd. V. King*,
533 U.S. 158 (2001) ..........................................................................................9, 12

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...............................................................................................6

*DeCarlo v. Griffin*,
827 So. 2d 348 (Fla. 4th DCA 2002) ......................................................................7

*Feutz v. Massachusetts Bonding & Ins. Co.*,
85 F. Supp. 418 (D. Mo. 1949) ...............................................................................8

*Florida School-Book Depository, Inc. v. Liddon*,
114 Fla. 149 (1934) ...............................................................................................10

*Gagnon v. Experian Info. Solutions, Inc.*,
2014 U.S. Dist. LEXIS 148681 (M. D. Fla. October 20, 2014) .............................13

*Gasparini v. Podormingo*,
972 So. 2d 1053 (Fla. 3d DCA 2008) .....................................................................9

*Gilman v. Butzloff*,
155 Fla. 888 (1945).................................................................................................8

*Gilmour v. Gates, McDonald & Co.*,
382 F. 3d 1312 (11th Cir. 2004) .............................................................................9

*Home Development Co. v. Bursani,*
178 So. 2d 113 (Fla. 1965) ..................................................................10

*Klein v. L-3 Communs. Corp.,*
2013 U.S. Dist. LEXIS 15663 (S.D. Ala. 2013)....................................9, 12

*O'Connor v. Carnahan,*
2015 U.S. Dist. LEXIS 143090 (N.D. Fla. 2015) ...............................9, 11

*Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,*
976 F.2d 58 (1st Cir. 1992)...................................................................8

*Star Fruit Co. v. Eagle Lake Growers, Inc.,*
33 So. 2d 858 (Fla. 1948) ....................................................................15

*Steve Owren, Inc. v. Connolly,*
877 So. 2d 918 (Fla. 4th DCA 2004) ....................................................13

*Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.,*
125 F. Supp. 2d 1093 (S.D. Fla. 2000) .................................................14

*Taylor v. Wellington Station Condo. Ass'n, Inc.,*
633 So. 2d 43 (Fla. 5th DCA 1994) ................................................10, 12

*United Bonding Ins. Co. v. Southeast Regional Builders, Inc.,*
236 So. 2d 460 (Fla. 1st DCA 1970) ....................................................8

## STATUTORY AUTHORITIES

Fla. Stat. § 542.335 .....................................................................7, 11, 14

Fla. Stat. § 605.0304 ..........................................................................10

Fla. Stat. § 607.0831 ..........................................................................10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| NUVASIVE, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | 6:17-cv-2206-Orl-41GJK |
| VS | ) | |
| | ) | |
| | ) | |
| ABSOLUTE MEDICAL, LLC, ABSOLUTE | ) | |
| MEDICAL SYSTEMS, LLC, GREG | ) | |
| SOUFLERIS, DAVE HAWLEY, and | ) | |
| RYAN MILLER | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

**<u>DEFENDANTS DAVE HAWLEY, RYAN MILLER, AND ABSOLUTE
MEDICAL SYSTEMS, LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT</u>**

COME NOW, Defendants Dave Hawley, Ryan Miller, and Absolute Medical

Systems, LLC, and pursuant to Federal Rules of Civil Procedure 56, moves this

Court for Summary Judgment against Plaintiff NuVasive, Inc. ("NuVasive") and

shows this Court as follows:

## I.  SUMMARY OF ARGUMENT

In the instant case, NuVasive asserts claims against Defendants Dave Hawley

("Hawley") and Ryan Miller ("Miller") for their alleged violations of restrictive

covenants in a contract they <u>never</u> signed. The evidence in the record shows that

1

Absolute Medical, LLC ("Absolute") presented draft 2017 Independent Contractor Agreements to Hawley Med, LLC ("Hawley Med") and MillerTime Medical, Inc. ("MTM"), two non-party entities (hereinafter, the "Proposed 2017 Agreements"). Hawley and Miller were not individually identified in the Proposed 2017 Agreements and refused to sign them on behalf of Hawley Med and MTM. An exhaustive forensic review of all available electronic files revealed no signed versions and no testimony or evidence to support the wild conspiracy allegations put forth by NuVasive. There is **no** testimony in the record from any individual who saw executed versions of the Proposed 2017 Agreements or who saw Hawley and Miller signing the documents. Since NuVasive cannot overcome this most basic requirement, Defendants are entitled to summary judgment on NuVasive's claims.

## II.    FACTUAL BACKGROUND

Absolute Medical was in the business of promoting, marketing and selling medical products and devices on behalf of Plaintiff NuVasive. (Doc. 38-1, Declaration of Greg Soufleris ("Soufleris Dec.") at ¶ 2.) Absolute Medical and NuVasive entered into an initial Exclusive Sales Representative Agreement dated February 14, 2013 (hereafter "2013 Distributorship Agreement"), and then an Exclusive Sales Representative Agreement on January 1, 2017 (hereafter "2017 Distributorship Agreement"). (Doc. 19-1.) As contemplated by these Distributorship

Agreements, Absolute Medical hired sales representatives to assist with fulfilling its contractual duties and meeting its sales quotas.  (Doc. 38-1 at ¶ 5.)

In February 2013, Absolute Medical contracted with Defendant Dave Hawley under a 2013 Independent Contractor Agreement for the sale of NuVasive product in a defined territory in and around Orange County, Florida ("2013 Hawley Agreement"). (Doc. 198-1, Dave Hawley Declaration ("Hawley Dec.") at ¶ 3 and Ex. 2.) The 2013 Hawley Agreement was executed by Dave Hawley individually and all obligations therein were assumed and agreed to by Dave Hawley individually. (Doc. 198-1, Hawley Dec. at ¶ 4.) The 2013 Hawley Agreement contains no language, express or otherwise, that it was made for the benefit of a third-party beneficiary or could be enforced by any third-party beneficiary. (*Id*. at ¶ 5.)

The 2013 Hawley Agreement was terminated in 2014 when Hawley Med[1] entered into an Independent Contractor Agreement dated January 1, 2014 ("2014 Hawley Med Agreement"). (Doc. 198-1, Hawley Dec. at ¶ 3 and Ex. 2.) The 2014 Hawley Med Agreement identified Hawley Med as the salesperson, and did not

---

[1]Dave Hawley is the managing member of Hawley Med, LLC. Hawley Med, LLC is a Florida limited liability company that was properly formed and organized with the Florida Secretary of State in 2010. Hawley Med, LLC filed annual reports as required from 2011 through 2017. Hawley Med, LLC maintains its own business office, obtained its own federal tax identification number, files its own tax returns, has its own bank accounts and has properly identified its registered agent. Hawley Med, LLC is a separate and distinct legal entity under Florida law. (Doc. 198-1, Hawley Dec. at ¶ 2 and Ex. 1).

individually name or bind Hawley. Thereafter, Hawley Med entered into an Independent Contractor Agreement dated January 1, 2015 ("2015 Hawley Med Agreement"). (*Id.* at Ex. 4). Again, the 2015 Hawley Med Agreement identified Hawley Med as the salesperson, and did not individually name or bind Hawley. Hawley Med entered into an Independent Contractor Agreement dated January 1, 2016 ("2016 Hawley Med Agreement"). (Id. at Ex. 5). The 2016 Hawley Med Agreement also identified Hawley Med as the salesperson, and again did not individually name or bind Hawley.

Absolute Medical presented Hawley Med with an Independent Contractor Agreement dated January 1, 2017 ("Proposed 2017 Hawley Med Agreement") for the sale of NuVasive products in Orange County, Florida. (*Id.* at Ex. 6). The Proposed 2017 Hawley Med Agreement did not identify Hawley individually. (*Id.*) Neither Hawley Med nor Dave Hawley individually ever executed the Proposed 2017 Hawley Med Agreement as it objected to the restrictive covenants set forth therein and communicated its objection directly to Absolute Medical. (*Id.* at ¶ 18).

Similarly, in February 2013, Absolute Medical contracted with Defendant Miller under a 2013 Independent Contractor Agreement for the sale of NuVasive product ("2013 Miller Agreement"). (Doc. 198-2, Declaration of Ryan Miller ("Miller Dec.") at ¶ 3 and Ex. 8.) The 2013 Miller Agreement was executed by Ryan Miller individually and all obligations therein were assumed and agreed to by Ryan

Miller individually.  (*Id*. at ¶ 4).  The 2013 Miller Agreement contains no language, express or otherwise, that it was made for the benefit of a third-party beneficiary or could be enforced by any third-party beneficiary. (*Id*. at ¶ 5).

The 2013 Miller Agreement was terminated in 2014 when MTM[2] entered into an Independent Contractor Agreement dated January 1, 2014 ("2014 MTM Agreement"). (*Id*. at Ex. 9.) The 2014 MTM Agreement identifies MTM as the salesperson, and does not identify or bind Miller individually. MTM entered into an Independent Contractor Agreement dated January 1, 2015 ("2015 MTM Agreement") for the sale of NuVasive products. (*Id*. at Ex. 10). The 2015 MTM Agreement identifies MTM as the salesperson, and does not individually identify or bind Miller. (*Id*. at ¶ 11). MTM entered into an Independent Contractor Agreement dated January 1, 2016 ("2016 MTM Agreement"). (*Id*. at Ex. 11). Likewise, the 2016 MTM Agreement identifies MTM as the salesperson and does not individually identify or bind Miller. (*Id*. at ¶ 14.)

Absolute Medical presented MTM with an Independent Contractor Agreement dated January 1, 2017 ("Proposed 2017 MTM Agreement"). (*Id*. at Ex.

---

[2]Ryan Miller is an officer of MTM. MTM is a Florida for profit company that was properly formed and organized with the Florida Secretary of State in 2010.  MTM filed annual reports as required from 2011 through 2019.  MTM maintains its own business office, obtained its own federal tax identification number, files its own tax returns, has its own bank accounts and has properly identified its registered agent.  MTM is a separate and distinct legal entity under Florida law. (Doc. 198-2, Miller Dec. at ¶ 2 and Ex. 7.)

12.) The Proposed 2017 MTM Agreement identifies MTM as the salesperson and does not individually name Miller. Neither MTM nor Ryan Miller individually ever executed the Proposed 2017 MTM Agreement as they objected to the restrictive covenants set forth therein and communicated this objection directly to Absolute Medical. (*Id.* at ¶ 18.)

## III.   ARGUMENT AND CITATION TO AUTHORITY

### a.   Standard of Motion for Summary Judgment.

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

### b.   NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2013 ICA's.

Hawley and Miller are entitled to judgment as a matter of law on NuVasive's claims for breach of the 2013 Hawley Agreement and 2013 Miller Agreement

(hereinafter collectively, the "2013 ICAs"). (Doc. 188, pps. 19-20.) NuVasive's entire theory of recovery, however, fails as matter of law due to NuVasive's lack of standing to enforce the 2013 ICAs as NuVasive is not a party to same. In Florida, someone who is not a party to a contract may not sue for breach of contract. *DeCarlo v. Griffin,* 827 So. 2d 348, 351-352 (Fla. 4th DCA 2002). That rule applies even where that person or entity receives incidental or consequential benefit from the contract. *Id.* A third party may only seek to enforce a contract where it is an intended third-party beneficiary, meaning that the parties to the contract, or the contract itself, clearly expresses that the primary intent is to directly benefit the third party. *Id.* Likewise, a third party seeking to enforce the terms of a restrictive covenant must be expressly identified as a third-party beneficiary of the contract and the contract must expressly state that the restrictive covenant was for the benefit of such party. Fla. Stat. § 542.335(1)(f)(1).

Here, NuVasive is not a party to the 2013 ICAs that it is now attempting to enforce. (Doc. 198-1, Hawley Dec. at ¶¶ 3-5, and Ex. 2; Doc. 198-2, Miller Dec. at ¶¶ 3-5, and Ex. 8.) The 2013 ICAs are with Absolute Medical, LLC, and do not refer to NuVasive. *Id.* The 2013 ICAs do not contain a third-party beneficiary clause where NuVasive is expressly identified or that expressly states that the restrictive covenants of the 2013 ICAs are for the benefit of NuVasive. *Id.* NuVasive therefore lacks standing to enforce the terms of the 2013 ICAs and is not the real party in

interest to pursue these claims because it is not a party or a third-party beneficiary to the contracts. Accordingly, NuVasive's breach of contract claims fail as a matter of law to the extent they are based on the 2013 ICAs.[3]

### c. NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2016 ICA's.

As a preliminary matter, to the extent that NuVasive's breach of contract claims are based on the 2016 Hawley Med. Agreement and 2016 MTM Agreement (collectively, the "2016 ICAs"), these claims fail since the Complaint does not include such a theory of recovery. Where a plaintiff seeks to recover based on two contracts, two separate counts should be stated under the civil rules. *Feutz v. Massachusetts Bonding & Ins. Co.,* 85 F. Supp. 418, 426 (D. Mo. 1949). A claim of liability based on a separate contract than one asserted in the complaint must be plead separately in the Complaint if plaintiff seeks the court's consideration. *Id.* at p. 428. While a party does not have to specify each and every possible legal theory of recovery, the pleadings <u>must</u> at least implicate the relevant legal issues. *Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,* 976 F.2d 58, 62 (1st Cir. 1992). While a liberal pleading standard is encouraged by Fed. R. Civ. P. 8, plaintiffs

---

[3] Hawley and Miller are further entitled to judgment as a matter of law on NuVasive's claims for breach of the 2013 ICAs inasmuch as the 2013 ICAs were terminated when Hawley and Miller transitioned to new Independent Contractor Agreements in 2014 with Absolute Medical, Inc through their corporate entities. (Doc. 198-1, Hawley Dec. at ¶¶ 6-7 and Ex. 3; Doc. 198-2, Miller Dec.at ¶¶ 6-7 and Ex. 9.) *See United Bonding Ins. Co. v. Southeast Regional Builders, Inc.,* 236 So. 2d 460, 462-463 (Fla. 1st DCA 1970); *Gilman v. Butzloff,* 155 Fla. 888, 891 (1945).

are not authorized to raise new claims at the summary judgment stage. *Gilmour v. Gates, McDonald & Co.,* 382 F. 3d 1312, 1313 (11th Cir. 2004). Instead, where discovery reveals a new potential claim, the proper procedure is for the plaintiff to amend its complaint pursuant to Fed. R. Civ. P. 15(a). *Id.* at 1314-1315. *See also Klein v. L-3 Communs. Corp.,* 2013 U.S. Dist. LEXIS 15663, *40-42 (S.D. Ala. 2013); *O'Connor v. Carnahan,*2015 U.S. Dist. LEXIS 143090, *35-36 (N.D. Fla. 2015); *Bentley Motors Corp. v. McEntegart,* 976 F. Supp. 2d 1297, 1310 (M.D. Fla. 2013). Here, NuVasive is precluded from basing its theory of recovery for breach of contract against Hawley and Miller on the 2016 ICAs as this was raised for the first at the summary judgment stage.

NuVasive is likewise precluded from recovering on a breach of contract theory from Hawley and Miller as individuals under the 2016 ICAs entered into by Hawley Med and MTM because they are not parties to the contracts. It is a basic concept of law that corporations are separate legal entities from their owners or officers. "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." *Cedric Kushner Promotions, Ltd. V. King,* 533 U.S. 158, 163 (2001). "A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Podormingo,* 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). For that reason, officers

or owners are not liable for corporate acts simply because of their official relationship to the company. *Taylor v. Wellington Station Condo. Ass'n, Inc.,* 633 So. 2d 43, 45 (Fla. 5th DCA 1994).[4]

In the instant case, the 2016 ICAs expressly name Hawley Med or MTM as the "salesperson" under the contract. (Doc. 198-1, Hawley Dec. at Ex. 5; Doc. 198-2, Miller Dec. at Ex. 11.) Hawley and Miller individually are not identified or directly referred to anywhere in these contracts.[5] (*Id.)* While Hawley and Miller signed the 2016 ICAs, they did so as the authorized representatives of each corporate entity and did not intend or agree to be individually bound. (*Id.*) Thus, Defendants are entitled to judgment as a matter of law on any claims of individual liability under the 2016 ICAs.

---

[4] Florida accepts this fundamental concept and Fla. Stat. § 605.0304(1) provides that a "debt, obligation or other liability of a limited liability company is solely the debt, obligation, or other liability of the company. A member or manager is not personally liable, directly or indirectly of the company solely by reason of being or acting as a member or manager." Similarly, a shareholder or director is not personally liable for damages absent a breach of duty or impropriety. *See* Fla. Stat. § 607.0831.

[5] The 2016 ICAs leave a blank space where the individual "Principal" could have been identified. (Doc. 198-1, Hawley Dec. at Ex. 5; Doc. 198-2, Miller Dec. at Ex. 11.) However, NuVasive is precluded from recovering under the 2016 ICAs since these contracts are incomplete and the court may not re-write the parties' contract. In Florida, "courts may not rewrite a contract to interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain." *Home Development Co. v. Bursani,* 178 So. 2d 113, 117 (Fla. 1965); S*ee also Florida School-Book Depository, Inc. v. Liddon*, 114 Fla. 149, 152 (1934) (a written contract with a literal blank space for the parties to supply a name held unenforceable as it would amount to the court's reformation of a material part of the obligation that the parties had a duty to make themselves.)

Finally, Fla. Stat. § 542.335(1)(a) provides that a court may not enforce a restrictive covenant "unless it is set forth in a writing signed by the person against whom enforcement is sought". While it is true that Hawley and Miller's signatures are affixed to the 2016 ICAs, it is disingenuous at best to argue that they are therefore individually bound. As discussed extensively, *supra,* individual officers, owners, or directors are separate and distinct from their corporation.  The signatures of Hawley and Miller are clearly corporate signatures as evidenced by the reference to their "title" within the companies. (Doc. 198-1, Hawley Dec. at Ex. 5; Doc. 198-2, Miller Dec. at Ex. 11.) As such, to the extent that NuVasive seeks to recover against Hawley and Miller individually simply because they affixed their signature as corporate representatives, the argument must fail.

    d.  <u>NuVasive cannot recover under its breach of contract claim against Hawley and Miller under the 2017 ICAs.</u>

NuVasive is precluded from recovering under the Proposed 2017 Agreements. NuVasive failed to include the 2017 proposed agreements in its Complaint, despite being aware of the drafted 2017 ICAs for Hawley Med and MTM since the preliminary injunction hearing on June 7, 2018.[6] Likewise, NuVasive's complaint

---

[6] Because NuVasive never asserted claims for breach under the 2017 ICAs, it is once again precluded from raising this argument in its summary judgment briefing. *See O'Connor v. Carnahan,* 2015 U.S. Dist. LEXIS 143090, *35-36 (N.D. Fla. 2015)(at summary judgment stage court could only consider the theories of liability plead in last amended complaint so that where the plaintiff relied on a similar, but new rule at summary judgment, motion was denied.); *Bentley Motors Corp. v. McEntegart,* 976 F. Supp. 2d 1297, 1310 (M.D. Fla. 2013) (where plaintiff failed

does not provide any legal theory supporting individual liability against Hawley and
Miller. The proposed contracts were drafted for non-parties MTM and Hawley Med
and do not identify Hawley and Miller individually. Despite its ongoing efforts to
impose restrictive covenants where there are none, NuVasive cannot point to any
evidence that Hawley and Miller ever executed the 2017 ICAS as is required by
Florida law.  Here, there is no evidence that the 2017 ICAs drafted for Hawley Med
and MTM were ever executed by Hawley and Miller.[7] The emails that NuVasive has
previously attempted to rely on do **<u>not</u>** contain any admission that the drafted
agreements were ever executed by Hawley and Miller for themselves individually.[8]
There is also <u>no</u> testimony that anyone witnessed Hawley or Miller execute the 2017
ICAs, or that anyone has actually seen a signed copy of the agreements. Instead, the

---

to raise common law trademark infringement claim in complaint, it was precluded from summary
judgment even though new claim involved similar burdens of proof); *Klein v. L-3 Communs.
Corp.,* 2013 U.S. Dist. LEXIS 156663, *40-42 (S.D. Ala. 2013) (a related claim FMLA
interference claim based on a different legal theory cannot be raised for the first time in summary
judgment motion).

[7] Corporate owner/employee who is a natural person is distinct from owned corporation. *Cedric
Kushner Promotions, Ltd. V. King,* 533 U.S. 158, 163 (2001). Thus, officers or owners are not
liable for corporate acts simply because of their official relationship to the company. *Taylor v.
Wellington Station Condo, Ass'n, Inc.,* 633 So. 2d 43, 45 (Fla. 5th DCA 1994).

[8] NuVasive's previous reliance on an August 8, 2017 email from Ryan Miller to Greg Soufleris
regarding an 'Absolute contract" for a NuVasive audit falls far short of an actual admission that a
2017 agreement was ever executed. (Doc. 246-15). In the email, Miller does not reference what
year is being audited nor does he say what year contract he thought to produce. Likewise,
NuVasive's reliance on Hawley's termination email to Absolute on November 30, 2017 does
equate to an admission the 2017 Agreement was executed since it also does not mention what
contract he's referring to. (Doc. 246-10.)

direct evidence from multiple witnesses clearly demonstrates that the 2017 ICAs were never executed.[9]

NuVasive cannot use circumstantial evidence to argue pattern and practice to establish the existence of executed 2017 ICAS. In *Gagnon v. Experian Info. Solutions, Inc.,* the court refused to rely on pattern and practice evidence to establish that an individual signed an arbitration agreement. 2014 U.S. Dist. LEXIS 148681, *5-6 (M. D. Fla. October 20, 2014). The *Gagnon* court found that the employer had not "sufficiently proven the existence of the alleged signed [a]rbitration [a]greement… or established that any agreement existed at all." *Id.* Similarly, in *Steve Owren, Inc. v. Connolly,* the court rejected habit and practice testimony regarding the existence of an arbitration agreement where the agent had affirmatively testified that she did not sign it. *Steve Owren, Inc.*, 877 So. 2d 918, 921 (Fla. 4th DCA 2004).

Here, NuVasive cannot create obligations out of thin air under the 2017 ICAs against Hawley and Miller where  (i) all witnesses affirmatively testified that no

---

[9] Miller testified that he received the proposed 2017 ICA for MTM, but that he didn't sign it on behalf of MTM and communicated that to Gregory Soufleris ("Soufleris"). (Doc. 203-10; Miller Depo., p. 15, 12:15; p. 56, 6:11, 16:25; p. 57, p. 62, 4:13.) Similarly, Hawley also testified that he received the proposed 2017 ICA for Hawley Med, but that he refused to sign it. (Doc. 203-11; Hawley Depo., p. 46, 24:25, p. 47, 1:15.) Soufleris confirmed this on behalf of Absolute Medical, LLC ("Absolute Medical"). Soufleris testified that he sent the proposed 2017 ICAs to Hawley Med and MTM via email but that both Hawley and Miller refused to sign on behalf of the entities over concerns with the noncompete language. (Doc. 203-1; Absolute Med. 30(b)(6) Depo., p. 72, 14:16, p. 81, 8:25, p. 82, p. 89, 10:19.)

signed agreements ever existed, (ii) NuVasive failed to produce the signed 2017 ICAs or any witnesses supporting its conspiracy that the signed agreements were destroyed, and (iii) the agreements were drafted for entities that are not parties to this case. Fla. Stat. § 542.335(1)(a) plainly provides that a court may not enforce a restrictive covenant "**unless it is set forth in a writing signed by the person against whom enforcement is sought**". NuVasive failed to meet this most elementary burden. As there is no evidence the signing of the drafted 2017 ICA's ever occurred, NuVasive's claims fail and Defendants are entitled to summary judgment on NuVasive's breach of contract claims.

> e. <u>Hawley and AMS are entitled to summary judgment on NuVasive's claim of conversion.</u>

NuVasive's claim for conversion is based on its theory that Hawley, or some Absolute Medical Systems, LLC ("AMS") representative, took possession of a custom instrument on May 24, 2018 at Florida Hospital Orlando that was subsequently sterilized and prepared to be used in surgery." (Doc. 188, p. 13, at ¶ 62.) NuVasive, however, produced no evidence to support this theory and its claim must fail. A conversion lies when a party wrongfully asserts dominion over another persons' property, essentially it "deprives another of his property permanently or for an indefinite time." *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co.,* 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000) citing to *Burger King Corp. v. Austin,* 805 F. Supp. 1007, 1012 (S. D. Fla. 1992). Thus, the three necessary

14

elements to establish conversion are (1) a wrongful act of dominion (2) over another's property that (3) is inconsistent with their ownership. *Star Fruit Co. v. Eagle Lake Growers, Inc.,* 33 So. 2d 858, 860 (Fla. 1948).

In the instant case, NuVasive contends that Dave Hawley or AMS converted and utilized custom instrumentation belonging to NuVasive in a surgery at Florida Hospital Orlando on or about May 24, 2018. (Doc. 188, at ¶¶ 62, 106-108.) In support of this claim NuVasive attached the declaration of one if its sales representatives, Thad Bragulla, alleging that he discovered the custom NuVasive instrumentation in a wrapped box outside a surgery room at Florida Hospital Orlando. (Doc. 38-1, at ¶ 11.) However, during his deposition, Mr. Bragulla admitted that he had no knowledge or evidence of Dave Hawley or anyone else affiliated with AMS possessing, setting up, converting or utilizing the custom NuVasive instruments in any surgical procedure. (Doc. 198-4, Bragulla Depo. at pg. 46, lines 13-21; pg. 47, lines 16-18; pg. 52, lines 17-24; pg. 59, lines 8-14 at Ex. C.) Furthermore, NuVasive admitted in its 30(b)(6) deposition that it has no evidence that either Dave Hawley (or AMS) used or converted the custom NuVasive instrumentation photographed by Thad Bragulla on or about May 24, 2018 at the Florida Regional Hospital Orlando. (Doc. 198-3, English Depo., NuVasive 30(b)(6) representative pg. 19, lines 6-19) In stark contrast, Hawley confirms neither he or anyone with AMS ever "possessed, used, copied, prepared for surgery or converted

15

any NuVasive instrument or equipment for personal or business use". (Doc. 198-1, Hawley Dec. at ¶ 20.) With no evidence to support its theory, NuVasive's conversion claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants Hawley and Miller request summary judgment in their favor on NuVasive's breach of contract claims. Likewise, Hawley and AMS request summary judgment in their favor on NuVasive's conversion claim. The evidence in the record does not establish NuVasive's right to recover on either claim and summary judgment in favor of Defendants is proper.

Dated:  July 20, 2020

Respectfully,

*/s/ Bryan E. Busch*
Bryan E. Busch, Esquire (*Pro Hac Vice*)
bb@bsms.law
BUSCH, SLIPAKOFF, MILLS &
SLOMKA, LLC
3350 Riverwood Parkway
Suite 2100
Atlanta, Georgia 30339
(404) 800-4062 (Telephone)

Christopher Y. Mills, Esquire
cm@bsms.law
BUSCH, SLIPAKOFF, MILLS &
SLOMKA, LLC
319 Clematis Street
Suite 109
West Palm Beach, FL 33401

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2020, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

R. Craig Mayfield, Esquire
cmayfield@bradley.com
Diana N. Evans, Esquire
dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
*Attorneys for NuVasive*

Christopher W. Cardwell, Esquire (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esquire (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland (*pro hac vice*)
tmcfarland@gsrm.com
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
*Attorneys for NuVasive*

*/s/ Bryan E. Busch*
Bryan E. Busch, Esq. (*Pro Hac Vice*)
bb@bsms.law