UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

       **Plaintiff,**

**v.**                                      **Case No:  6:17-cv-2206-Orl-41GJK**

**ABSOLUTE MEDICAL, LLC, GREG
SOUFLERIS, DAVE HAWLEY,
ABSOLUTE MEDICAL SYSTEMS,
LLC and RYAN MILLER,**

       **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Clarification ("Motion," Doc. 261). Previously, after a hearing, this Court directed the parties to file new motions for summary judgment in this case on or before July 27, 2020. (June 10, 2020 Endorsed Order, Doc. 252). In its Order, the Court did not specify when responses to the motions for summary judgment would be due. Plaintiff now requests clarification as to whether the responses are due within thirty days, as specified in the Amended Case Management and Scheduling Order, ("Amended CMSO," Doc. 193, at 6), or within fourteen days, as specified by Local Rule 3.01(b). If the Local Rules govern, Plaintiff requests an extension of the fourteen-day deadline.

The Court notes that it is inclined to grant Plaintiff's Motion. However, the Court finds the Local Rule 3.01(g) certification in the Motion to be concerning. Local Rule 3.01(g) commands that, subject to enumerated exceptions that do not apply here, "any motion in a civil case" shall contain certification that the moving party conferred with the opposing party "in a good faith effort to resolve the issues raised by the motion." Ordinarily, "[c]ounsel who merely 'attempt' to confer

have not 'conferred.'" (Doc. 193 at 4). However, opposing counsel also have a duty to "respond promptly to inquiries and communications from opposing counsel." (*Id.* (citing Board of Governors of the Florida Bar, *Ideals and Goals of Professionalism*, ¶ 6.10 and *Creed of Professionalism* ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism))).

Here, Plaintiff certifies that it has endeavored to confer with Defendants on three separate days by email and on two days by phone, leaving a voicemail message each time. (Doc. 261 at 2). Additionally, Plaintiff states that counsel for Defendant has responded to other inquiries but has not responded to the conferral request for the instant Motion. (*Id.*). The Court finds Plaintiff's genuine attempts at communicating with Defendants to be a good faith conferral as contemplated by the Local Rules and the Amended CMSO. Additionally, the Court reminds counsel for Defendants of his duty to act with professionalism and to respond promptly to inquiries and communications from opposing counsel.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Clarification (Doc. 261) is **GRANTED in part**. Plaintiff's request for an extension is **GRANTED**, and Plaintiff may have thirty days within which to respond to Defendants' Motion for Summary Judgment. **On or before August 19, 2020,** Plaintiff may file a Response to Defendants' Motion for Summary Judgment. Defendants' response deadline of fourteen days remains unchanged. Additionally, each party may file a Reply that complies with the deadlines and requirements set forth in the Amended CMSO.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record