UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., <br><br> Plaintiff, <br><br> VS <br><br><br> ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER, <br><br> Defendants. | Case No.: <br> 6:17-cv-2206-Orl-41GJK |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES

COME NOW, Greg Soufleris ("Soufleris") and Absolute Medical Systems, LLC ("AMS") Defendants herein, and file this Defendants' Response to Plaintiff's Motion to Compel Better Responses and show this Court as follows:

### BACKGROUND

Plaintiff NuVasive, Inc. ("NuVasive") bears the burden on a motion to compel to show that the discovery thought is proportional to the needs of the case and the pending claims. Here, NuVasive cannot meet that threshold. NuVasive's requests seek Soufleris' personal tax returns and other personal financial documents, as well as the financial documents of unrelated entities. (Doc. 301-1.) Additionally,

1

NuVasive's requests to Soufleris seek the same information previously requested and produced in previous written discovery requests and deposition testimony. Similarly, NuVasive's requests to AMS pose duplicative questions previously answered and seek tax returns and financial records not only for AMS, but for other unrelated non-party entities. (Doc. 302-2.)

Considering the duplicative nature of the requests, and the lack of proportionality to the pending claims, NuVasive's motion to compel should be denied.

## ARGUMENT

In a motion to compel, the party seeking to compel responses bears the burden of proving the information it seeks is relevant. *Costa v. Metro Life Ins. Co.*, 2018 U.S. Dist. LEXIS 58110, *5-6 (M.D. Fla. 2018). A party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the disputes, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 26's requirement that discovery be relevant "'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the

pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" *Id.* at \* 6. Discovery must be proportional to the needs of the case. *Coleman v. Lennar Corp.,* 2018 U.S. dist. LEXIS 214354, *6 (S. D. Fla. Jun. 14, 2018). *See also Herman v. Seaworld Parks & Entm't, Inc.*, 2016 U.S. Dist. LEXIS 90880, *1 (M.D. Fla. 2016) ("Discovery is shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation."); *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676–77 (S.D. Ga. Jan. 4, 2016) (court denied plaintiff's motion to compel irrelevant material to prevent needless litigation costs, which would defeat Rule 26(b)(1)'s goal of proportionality).

Factors concerning proportionality "must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Digital Assur. Certification, LLC v. Pendolino,* 2017 U.S. Dist. LEXIS 160399, *24 (M.D. Fla. 2017). To satisfy the proportionality requirement, the requested information "must be more than tangentially related to the issues that are actually at stake in the litigation." *Flynn v. Square one Distrib., Inc.*, 2016 U.S. Dist. LEXIS 68645, *4 (Fla. M.D. May 25, 2016.); *Edmonson v. Velvet Lifestyles, LLC*, 2016 U.S. Dist. LEXIS 167564, *7 (S.D. Fla. Dec. 5, 2016) ("Plaintiffs here must make a 'threshold showing' and confront reality that '[m]ere speculation that information might be useful will not

suffice.'"). Discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1163 (l0th Cir. 2010).

Florida law recognizes that a person's financial information is private and that discovery should be limited to matters relating to contested issues in the case. *See Woodward v. Berkery*, 714 So. 2d 1027, 1035-36 (Fla. 4th DCA 1998). Thus, in prejudgment discovery, a party is entitled only to the opponent's financial records that pertain to the pending action. *See Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 969 (Fla. 2DCA 2013). With respect to the piercing the corporate veil claim, Plaintiff must establish by a preponderance of the evidence that: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation['s] independent existence, was in fact non-existent and the... shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *In re Hillsborough Holdings Corp.*, 166 B.R. at 468–69 (citing *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla.1984)).

Here, NuVasive's requests for Soufleris and AMS' tax returns and the financial documents of unrelated non-party entities are not proportional to the claims pending before this Court. Particularly because Count VII of the Complaint (piercing

the corporate veil against Soufleris) is likely to be bifurcated by consent.[1] Accordingly, NuVasive's motion to compel production of tax returns, nonparties' financial documents, and previously answered requests, should be denied in its entirety.

Dated July 14, 2021.

        Respectfully,

        */s/ Bryan E. Busch*
        Bryan E. Busch, Esquire (*Pro Hac Vice*)
        bb@buschmills.com
        BUSCH, MILLS & SLOMKA, LLP
        6400 Powers Ferry Road, N.W. Suite 391
        Atlanta, Georgia 30339
        (404) 800-4062 (Telephone)
        *Attorneys for Defendants*

---

[1] Defendants' Unopposed Motion to Bifurcate Trial will be filed by end of week.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

R. Craig Mayfield, Esquire
cmayfield@bradley.com
Diana N. Evans, Esquire
dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
*Attorneys for NuVasive*

Christopher W. Cardwell, Esquire (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esquire (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland (*pro hac vice*)
tmcfarland@gsrm.com
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
*Attorneys for NuVasive*

> */s/ Bryan E. Busch*
> Bryan E. Busch, Esq. (*Pro Hac Vice*)
> bb@buschmills.com