UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., | ) |
| Plaintiff, | ) Case No.: |
| | ) 6:17-cv-2206-Orl-41GJK |
| VS | ) |
| ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER, | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO BIFURCATE TRIAL AND INCORPORATED MEMORANDUM IN SUPPORT

COME NOW, Absolute Medical, LLC, Absolute Medical Systems, LLC, Greg Soufleris, Dave Hawley, and Ryan Miller, Defendants herein, and file Defendants' Motion to Bifurcate Trial And Incorporated Memorandum in Support and show this Court as follows:

### BACKGROUND AND PROCEDURAL POSTURE

Plaintiff NuVasive, Inc. ("NuVasive") filed its original Complaint on December 29, 2017. (Doc. 1.) Thereafter, NuVasive filed its Second Amended Complaint asserting claims for (1) breach of contract—injunctive relief against Absolute Medical, LLC ("Absolute Medical"); (2) breach of contract—damages

1

against Absolute Medical; (3) breach of contract—injunctive relief and damages against Absolute Medical Systems, LLC ("AMS"); (4) breach of contract—injunctive relief and damages against Dave Hawley ("Hawley") and Ryan Miller ("Miller"); (5) conversion against Hawley and AMS; (6) statutory individual liability against Greg Soufleris ("Soufleris"); (7) piercing the corporate veil against Soufleris; (8) Florida Deceptive and unfair trade practices act against all defendants; and (9) tortious interference with business relationships against Soufleris. (Doc. 188.) NuVasive's claims for breach of contract against Absolute Medical was submitted to arbitration, and a final award denying all relief to NuVasive was entered on March 4, 2021. (Doc. 292-2). On May 4, 2021, this Court entered an order granting in part and denying in part various cross-motions for partial summary judgment. (Doc. 290.) The matter is currently set to begin a jury trial on November 29, 2021.

Due to the nature of Plaintiff's claims, to breach the corporate veil against Soufleris, Defendants' respectfully request that this Court bifurcate the trial of that claim until after the substantive issues of Absolute Medical's liability. A bifurcated trial would shorten the duration of substantive claims trial, thus conserving substantial judicial resources and jury time. The outcome of NuVasive's substantive breach of contract claims could potentially render the piercing the corporate veil claims moot or, at the very least, significantly limit the evidence to be presented.

2

# ARGUMENT

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to bifurcate a trial is subject to the district court's discretion. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345–46 (S.D. Fla. 2008). Bifurcation is appropriate when resolution of a single claim or issue could dispose of remaining case. *Wells v. Xpedx,* 2006 U.S. Dist. LEXIS 118166, *3-4 (Fla. M. D. Mar. 1, 2006) citing to *Cook v. United Servs. Auto. Ass'n*, 169 F.R.D. 359, 1996 U.S. Dist. LEXIS 16700 (D. Nev. 1996).

The decision to bifurcate is a matter within the sound discretion of the trial court and should be guided by consideration of several factors, including: (1) whether separation of issues for trial will expedite disposition of action; (2) whether such separation will conserve discovery and trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in absence of separation; and (4) whether issues are essentially independent of each other so that there will be no need to duplicate presentation of significant areas of evidence in separated proceedings. *See Wells v. Xpedx,* 2006 U.S. Dist. LEXIS 118166, *3-4 (Fla. M. D. Mar. 1, 2006). The Eleventh Circuit recognizes that Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of convenience." *Harrington v.*

*Cleburne County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001). Rule 42(b) "affords a district court discretion to order separate trials where such order would further convenience, avoid prejudice, or promote efficiency." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). In deciding whether to bifurcate, the Court should consider the convenience of bifurcation, judicial economy, and the risk of prejudice. *See Alexander v. Fulton Cty.*, 207 F.3d 1303, 1324-25 (11th Cir. 2000), overruled on other grounds, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

    A. <u>The Court has broad discretion to bifurcate, which will serve judicial economy and sidesteps any potential evidentiary confusion.</u>

As discussed *supra,* the Court has broad discretion to bifurcate trials in furtherance of convenience, to avoid prejudice, or promote efficiency. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Here, the main breach of contract claims to be tried are concern the subject sales agreement and associated restrictive covenants. (*See gen.* Doc. 188). Separating the trial and presentation of evidence as to whether the corporate veil should be pierced as to Soufleris until after a finding of liability of the corporate entities makes sense and would conserve judicial resources and the jury's time. Particularly where the resolution of corporate liability could render the individual liability issue moot.

Likewise, separating evidence in favor of piercing the corporate veil until after a finding of corporate liability will likely sidestep any evidentiary confusion for the jury. The trial of the main breach of contract claim will already entail the presentation of evidence regarding the alleged misconduct of various entities and individuals. Proving that Soufleris should be treated as an alter ego of Absolute Medical or AMS would necessitate the presentation of evidence that would otherwise be irrelevant as to the Absolute Medical or AMS breach of any restrictive covenants and could not be simply cured by an instruction to the jury as to how and when this evidence could be considered. Bifurcation is the only way to avoid the almost certain prejudice to Defendants that would arise from being required to introduce evidence that would otherwise be excluded on the breach of contract claims.

B. <u>Bifurcation would not prejudice Plaintiff.</u>

Moreover, bifurcation will benefit both sides economically if the end result of the main substantive breach of contract claims obviates the need for a lengthier trial. Bifurcation would make the case less expensive and less difficult to try. There would be no inconvenience to any witnesses, since presumably only Soufleris is likely to be recalled as a witness.

# CONCLUSION

Defendants respectfully requests that this Court grant Defendants' motion to bifurcate the individual liability claim from the substantive trial of the breach of contract claims. The benefits of judicial economy and avoidance of prejudice to Defendants weigh in favor of granting Defendants' request.

## Local Rule 3.01(g) Certification

Counsel for Defendants conferred with Counsel for Plaintiff via telephone regarding the relief requested in this Motion. Counsel for Plaintiff **opposes** the relief requested herein.

Dated July 23, 2021.

Respectfully,

*/s/ Bryan E. Busch*
Bryan E. Busch, Esquire (*Pro Hac Vice*)
bb@buschmills.com
BUSCH, MILLS & SLOMKA, LLP
6400 Powers Ferry Road, N.W. Suite 391
Atlanta, Georgia 30339
(404) 800-4062 (Telephone)
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

R. Craig Mayfield, Esquire
cmayfield@bradley.com
Diana N. Evans, Esquire
dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
*Attorneys for NuVasive*

Christopher W. Cardwell, Esquire (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esquire (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland (*pro hac vice*)
tmcfarland@gsrm.com
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
*Attorneys for NuVasive*

        */s/ Bryan E. Busch*
        Bryan E. Busch, Esq. (*Pro Hac Vice*)
        bb@buschmills.com