```
                                                                    1

                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION

- - - - - - - - - - - - - - - - - - -X
NUVASIVE, INC.,                       :
                                      :
      Plaintiff,                      : Case No.:
                                      : 6:17-cv-02206-CEM-GJK
vs.                                   :
                                      :
ABSOLUTE MEDICAL, LLC,                : Orlando, Florida
GREG SOUFLERIS,                       : March 25, 2021
DAVE HAWLEY,                          : 11:17 a.m.
ABSOLUTE MEDICAL SYSTEMS, LLC,        :
and RYAN MILLER,                      :
                                      :
      Defendants.                     :
- - - - - - - - - - - - - - - - - - -X

         TRANSCRIPT OF TELEPHONIC PRETRIAL CONFERENCE
            BEFORE THE HONORABLE CARLOS E. MENDOZA
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

Counsel for Plaintiff:     Christopher W. Cardwell and
                           Marshall Thomas McFarland
                           Gullet Sanford Robinson & Martin PLLC
                           150 Third Avenue S., Suite 1700
                           Nashville, TN 37201

                           Diana N. Evans
                           Bradley Arant Boult Cummings LLP
                           100 N. Tampa St., Suite 2200
                           Tampa, FL 33602-5809

Counsel for Defendants:    Bryan E. Busch
                           Busch Slipakoff Mills & Slomka, PLLC
                           6400 Powers Ferry Road, Suite 391
                           Atlanta, GA 30339

Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.

Court Reporter:  Suzanne L. Trimble, CCR, CRR, RPR
                 Federal Official Court Reporter
                 401 West Central Boulevard, Suite 4600
                 Orlando, Florida 32801
                 e-mail: trimblecourtreporter@gmail.com
```

2

P R O C E E D I N G S

THE COURTROOM DEPUTY: NuVasive Inc. v. Absolute Medical, LLC, et al., Case No. 6:17-cv-2206.

Counsel, please state your appearances for the record, starting with the Plaintiff.

MR. CARDWELL: Sure. Chris Cardwell, Thomas McFarland, and Diana Evans for Plaintiff.

MR. BUSCH: Bryan Busch for the Defendants.

THE COURT: All right. Good morning, everyone.

So we have three options that we can take here. And this hearing is in reference to the stayed counts. We can be ready to try all of the counts, including the ones that have been stayed, at our current trial date, or we can find a date later this year where we can bring everything up to speed and try all of them together. What I'm not going to is, try part of them -- bifurcate, try part of them now and the rest of them later. I think that's an unwise use of judicial resources, and, also, there is a bottleneck in this district for people trying to get trials. We are having the travel out of town and take all other types of measures to try to get these cases tried because of the limitations we've agreed to with regard to seating juries with all of the COVID restrictions.

So let me hear from Plaintiff first. Are you prepared to try all of the counts, including the stayed counts, at our currently scheduled trial date?

3

1    MR. CARDWELL:  Thank you, Your Honor.  This is Chris
2  Cardwell.  Mr. Busch and I just discussed that.  As Your Honor
3  said, we believe it would be a waste of judicial resources to
4  bifurcate these, and we think that there needs be a limited
5  amount of discovery before everything is tried.  So we would
6  request that we get a trial date later in the year.
7    THE COURT:  Is the defense in agreement on that?
8    MR. BUSCH:  Yes, Your Honor.  This is Bryan Busch.
9  Defense concurs.
10    THE COURT:  All right.  One of the things I'm
11  handcuffed with, as I'm sure you know, is my criminal docket.
12  So we have to be ready to try this either in Orlando or Ocala,
13  depending on whether or not a case with priority leapfrogs us.
14    So I'm going to ask again -- and I'm not pushing in any
15  direction.  I've asked this before.  Is there any interest in
16  consenting to the magistrate judge who will have a more flexible
17  schedule than I do, starting with the Plaintiff?
18    MR. CARDWELL:  I would have to raise that with my
19  clients, Your Honor, but I certainly am willing to have that
20  conversation.
21    THE COURT:  And what about defense?
22    MR. BUSCH:  I'm not sure that we're real interested in
23  having a magistrate hear the case, Your Honor.  I'm sorry.
24    THE COURT:  No.  Don't be sorry.  At least it's not a
25  bench trial, then I would be the one that's sorry.  So I'm glad

1   that we're headed forward with a trier of fact.

2       So let's start with the Plaintiff.  About how much time --
3   well, let's start with the realities of my docket.  Let me talk
4   to my law clerk here momentarily.

5       When do we have time to try -- how many days is this set
6   for, Valerie?

7           LAW CLERK:  Right now five days.

8           THE COURT:  All right.  So we're looking at trying
9   this in five days.  Starting with the Plaintiff, do you think
10  we're going to need more than five days with limited discovery
11  for all of the counts?  We can still get that done in five days?

12          MR. CARDWELL:  I think we can still get it done in
13  five days, and I think both defense counsel and I think that
14  there's going to -- I don't think either of us will be surprised
15  if there are some summary judgment -- if summary judgment is
16  granted on some things.  So I do believe five days will be
17  enough for everything.

18          THE COURT:  All right.  And defense is in agreement
19  with that?

20          MR. BUSCH:  Yes, Your Honor.

21          THE COURT:  All right.  This is how bad it is, because
22  I can't just check my calendar, we have to cross-reference my
23  calendar with every other district judge in Orlando.

24      So, Maria, how does December -- or November 29th look that
25  week?  That's the next thing I have on my calendar.

5

1         THE COURTROOM DEPUTY:  That week is open.
2         THE COURT:  All right.  We have an open week.  So the
3    way that works is, now that I'm setting your trial for
4    December 29th [sic], I think it's unlikely we'll get bumped
5    because no other civil case will bump us because we are the only
6    civil case set for that week.  The only way we get bumped is if
7    three judges set three criminal cases that week.  And because I
8    think only active judges are taking criminal cases in Orlando,
9    that would mean Judge Berger, Judge Dalton, and Judge Byron
10   would all have to set criminal cases that week for us to get
11   bumped.  The only proviso is if two of them set cases, which is
12   possible or more likely than all three, we get bumped to Ocala.
13      So starting with the week, Plaintiff, the week of
14   December 29th --
15         THE COURTROOM DEPUTY:  November 29th.
16         THE COURT:  Beg your pardon.  November 29th to Friday
17   December the 3rd, does the Plaintiff have any objection to those
18   dates?
19         MR. CARDWELL:  No, Your Honor.
20         THE COURT:  All right.  Does the defense have any
21   objection?
22         MR. BUSCH:  No objection, Your Honor.
23         THE COURT:  All right.  So here's what I'm looking
24   for.  Right now, it's -- wow, that's a long ways away.  It's
25   just the way it is.  All right.  So it's March 25th.  So I'm

1  going to issue an endorsed order requiring the parties in
2  14 days to submit a case management report because I want to
3  know what you want this discovery period to look like and how
4  long you want it to last.  If you can agree, that's even better.
5  But if in 14 days I'll have that document, I'll issue a case
6  management scheduling order that will govern the conduct of the
7  parties leading up to trial.  In fact, we've got a lot of time.
8  Let me give you 30 days to do this.  We don't need to be in a
9  hurry on this.
10         So we're going to issue an endorsed order today requiring
11  you to submit a case management report 30 days from today or the
12  next business day.  Once I have that document, we'll figure out
13  what the discovery period is going to look like, and we'll go
14  from there.  Is there anything further from the Plaintiff at
15  this time?
16             MR. CARDWELL:  One quick question, Your Honor, because
17  we do have time, will we be able to file dispositive motions on
18  the claims that were just unstayed?
19             THE COURT:  Ask for it in your case management report,
20  and I'll make a decision accordingly.  So I'm not committing to
21  that at this point.
22             MR. CARDWELL:  Fair enough.
23             THE COURT:  Anything from defense?
24             MR. BUSCH:  No, Your Honor.
25             THE COURT:  All right.  Thank you, gentlemen.  Have a

1  good morning.

2          (WHEREUPON, this matter was concluded at 11:23 a.m.)

3                              *   *   *

4                       CERTIFICATE OF REPORTER

5

   I certify that the foregoing is a correct transcript of the
6  record of proceedings in the above-entitled matter.

7
    /s/ Suzanne L. Trimble_____          8/12/21
8   Suzanne L. Trimble, CCR, CRR, RPR            Date
    Official Court Reporter
9