**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NUVASIVE, INC.,**

        **Plaintiff,**

v.                                      Case No:   6:17-cv-2206-CEM-GJK

**ABSOLUTE MEDICAL, LLC;**
**ABSOLUTE MEDICAL SYSTEMS,**
**LLC; GREG SOUFLERIS; DAVE**
**HAWLEY; and RYAN MILLER,**

        **Defendant.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** NUVASIVE, INC.'S MOTION FOR LEAVE TO DEPOSE NON-PARTY WITNESS AFTER DISCOVERY DEADLINE (Doc. No. 297)
>
> **FILED:** June 24, 2021
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On May 5, 2021, the Court entered a Second Amended Case Management and Scheduling Order, setting a discovery deadline of June 30, 2021. Doc. No. 291 at 1. On June 24, 2021, Plaintiff NuVasive, Inc. filed a motion asking for leave to

depose Terry Rich after the close of discovery (the "Motion"). Doc. No. 297. On July 2, 2021, Defendants filed a response opposing the Motion. Doc. No. 303.

Plaintiff asks to depose Rich after the discovery deadline to minimize the burden on him by deposing him for one hour following his deposition in another case, which was scheduled for "late July." Doc. No. 297 at 3-4. On August 12, 2021, Plaintiff filed a supplement to the Motion, informing the Court that Rich's deposition in the other case was rescheduled to September 9, 2021. Doc. No. 317.

Plaintiff is seeking an extension of the discovery deadline to conduct Rich's deposition, Doc. No. 297, which constitutes changing the deadlines in the Second Amended Case Management and Scheduling Order. On August 7, 2019, the Court entered the Amended Case Management and Scheduling Order (the "Order"). Doc. No. 193. The Order provides that motions for extensions of the discovery deadline are disfavored and will not be granted absent a showing of good cause. *Id.* at 4. The Order also states that the motions to extend deadlines in the Order will be denied if they fail to contain the following recitations:

> 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.

*Id.* at 5.

The Motion fails to comply with the Order's requirements. It contains none of the required recitations. Doc. No. 297. Plaintiff presents no authority that minimizing the burden on a non-party is good cause to extend the discovery deadline. Plaintiff also fails to articulate why Rich's deposition could not have been taken before the discovery deadline even with the exercise of due diligence. *Id.* Although Plaintiff states that it determined that it needed to take Rich's deposition during the time that the Court entered the Second Amended Case Management and Scheduling Order, it neglects to state what, if anything, prevented it from making this determination earlier. *Id.* Thus, in addition to not complying with the Order's requirements regarding motions for extensions of deadlines, Plaintiff fails to provide good cause for extending the discovery deadline to take Rich's deposition.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 297) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 20, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties