UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC. <br><br> Plaintiff, <br><br> v. <br><br> ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER <br><br> Defendants. | Civil Case No. <br> 6:17-cv-2206-Orl-41GJK |

**NUVASIVE, INC.'S RESPONSE TO DEFENDANTS'
MOTION TO BIFURCATE TRIAL**

By and through its counsel of record, NuVasive, Inc., responds to Defendants' Motion to Bifurcate Trial ("Motion") (Doc. 311) by stating:

### I. INTRODUCTION

After four years of litigation, this case is set for a trial on November 29, 2021. Now, however, Defendants seek to prolong this litigation by bifurcating one issue—whether Defendant Greg Soufleris is personally liable for the actions of Defendants Absolute Medical, LLC and/or Absolute Medical Systems, LLC—from that trial despite no basis to do so or any resultant benefits. Rather than advancing the stated purposes of Federal Rule of Civil Procedure 42(b), the bifurcation Defendants

request will waste judicial resources, inconvenience the Court, the parties, and the witnesses, and delay resolution of this matter. Accordingly, the Court should deny this Motion.

## II.  STATEMENT OF RELEVANT FACTS

NuVasive commenced this litigation on December 29, 2017, when it filed its Complaint that asserted various causes of action against Defendants, Absolute Medical, Soufleris, and Dave Hawley. (Compl., Doc. 1). NuVasive's initial pleading included its claims against Soufleris for statutory individual liability and piercing the corporate veil under Florida law. (Id. at ¶¶ 61–70). Upon learning of the existence of Absolute Medical Systems, NuVasive filed an Amended Complaint on June 8, 2018, which asserted claims against it and Defendant, Ryan Miller. (Am. Compl., Doc. 68). Then, on July 30, 2019, NuVasive filed the operative Second Amended Compliant, which contains nine (9) counts for:

- (I) Breach of Contract – Injunctive Relief (Absolute Medical);
- (II) Breach of Contract – Damages/Arbitration (Absolute Medical);
- (III) Breach of Contract – Injunctive Relief and Damages (Absolute Medical Systems);
- (IV) Breach of Contract – Injunctive Relief and Damages (Hawley and Miller);
- (V) Conversion (Hawley and Absolute Medical Systems);
- (VI) Statutory Individual Liability (Soufleris);

    (VII)  Piercing the Corporate Veil (Soufleris);

    (VIII) Violations of the Florida Deceptive and Unfair Trade Practices Act (Defendants); and

    (IX)   Tortious Interference with Business Relationships (Soufleris).

(2d Am. Compl., Doc. 188, ¶¶ 65–131).

The Court granted Absolute Medical's motion to compel arbitration of Count II on May 31, 2019. (Doc. 178). On March 4, 2021, a panel of the American Arbitration Association entered its Final Award as to NuVasive's Count II. (Final Award, Doc. 283-2). In doing so, the panel expressly limited its decision to Absolute Medical, and did not consider or make any findings regarding Absolute Medical Systems' or Soufleris' actions. (Id. at p. 6). This Court then un-stayed NuVasive's Counts III, VI, VII, VIII, and IX, and set the trial of all pending matters for November 29, 2021. (Doc. 286).

During the March 25, 2021, telephonic pretrial conference regarding un-staying the Counts, the Court stated:

> And this hearing is in reference to the stayed counts. We can be ready to try all of the counts, including the ones that have been stayed, at our current trial date, or we can find a date later this year where we can bring everything up to speed and try all of them together. What I'm not going to [sic] is, try part of them - - bifurcate, try part of them now and the rest of them later. I think that's an unwise use of judicial resources, and, also, there is a bottleneck in this district for people trying to get trials.

3

(Hr'g. Tr., Mar. 25, 2021, Doc. 315, 2:10–19, copy attached as **Exhibit 1**). Then, on May 4, 2021, the Court entered its Order on, among others, the parties' respective motions for summary judgment holding, in relevant part, that Absolute Medical breached the 2017 Sales Agreement, and its liability extends to Absolute Medical Systems—its successor entity. (Order, Doc. 290, p. 57).

### III.   LAW AND ARGUMENT

The relief Defendants seek—bifurcation of NuVasive's claim to pierce the corporate veil to Soufleris—is the exception, rather than the rule, which favors a single trial of all issues. As the moving parties, Defendants bear the burden of establishing bifurcation is appropriate, but fail to do so. Indeed, bifurcation will waste judicial resources, further delay final resolution of this case, and inconvenience the parties, witnesses, and the Court.

**A. <u>Motions To Bifurcate Under Rule 42(b)</u>.**

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Eleventh Circuit jurisprudence holds that Rule 42(b) "affords a district court discretion to order separate trials where such order would further convenience, avoid prejudice, or promote efficiency." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006) (quoting

4

*Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) (affirming the district court's refusal to bifurcate trial under Rule 42(b) where there was substantial overlap in the issues, facts, evidence, and witnesses required for both claims)). Critically, "[b]ifurcation is the exception rather than the rule." *Levesque v. Gov't Emples. Ins. Co.*, No. 15-14005-CIV-MARRA, 2016 U.S. Dist. LEXIS 38646, at *5 (S.D. Fla. Mar. 23, 2016) (citing *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976) ("[W]e have cautioned that separation of issues is not the usual course that should be followed . . .")). As such, "the moving party bears the burden of demonstrating the benefits of bifurcation." *Id.* (internal quotations omitted).

A district court exercising its discretion pursuant to Rule 42(b) is guided by several factors and considerations, as quoted by this Court:

> In addition to the more general factors set forth in Rule 42(b); i.e., (1) convenience; (2) prejudice; (3) expedition; and (4) economy; a court reviewing a motion for separate trials may properly consider (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

*Medtronic*, 440 F. Supp. 2d at 1334 n.2 (quoting *Kimberly-Clark-Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989)). However, "the

paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice." *Id.* at 1334 (quoting *Kimberly-Clark*, 131 F.R.D. at 609).

**B. Defendants Fail To Carry Their Burden To Demonstrate Any Benefits Of Bifurcation Here, And Their Motion Should Be Denied.**

The Court should deny Defendants' Motion because bifurcating this trial will not advance any of the factors relevant to a Rule 42(b) determination. Defendants base their argument on the conclusory (and inaccurate) statement that bifurcation will "conserve judicial resources and the jury's time." (Mot., Doc. 311, p. 4). As the Southern District of Florida held in *Levesque*, bifurcation is proper when the bifurcated claim "involve[d] the most complex, time consuming, and expensive issues and its success was dependent on the outcome of the first trial against the individual defendants." 2016 U.S. Dist. LEXIS 38646, at *16 (quoting *Fisher v. Miami-Dade Cnty*, No. 14-CV-22636, 2015 U.S. Dist. LEXIS 118718, 2015 WL 5148888, at *1 (S.D. Fla. Aug. 31, 2015)). But here, by Defendants' own admission, the only likely testimony required to resolve the claim sought to be bifurcated is additional testimony from Soufleris. (Mot., Doc. 311, p. 5).

Rather than simply examining Soufleris at the November 2021 trial regarding these issues, Defendants want the Court and the parties to conduct an entirely

6

separate trial, which may require empaneling an entirely new jury.[1]  Bifurcation will also require counsel to make additional trips[2] from Nashville, Tennessee, and Atlanta, Georgia, respectively, to Orlando, for the sole purpose of taking testimony from a witness who will be examined at the November 2021 trial.  If granted, the relief Defendants seek will inconvenience the parties, the Court, and the witnesses.  Further, it will impede—rather than advance—judicial economy, and prolong—rather than expedite—a final resolution of this matter.  *See In re Kroger*, 261 B.R. 528, 532 (Bankr. M.D. Fla. 2001) ("[J]udicial economy is not served if the same witnesses have to be called at both trials.") (quoting *Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996)).  In fact, this Court previously indicated that bifurcation of this matter would be an "unwise use of judicial resources," particularly in light of the strain the Court's trial docket is currently experiencing. (Hr'g. Tr., Mar. 25, 2021, Doc. 315, 2:16–19).[3]  Defendants'

---

[1] NuVasive notes that much of the proof relevant to Soufleris' domination and complete control over Absolute Medical/Absolute Medical Systems, relevant to its claim to pierce the corporate veil – which Defendants seek to bifurcate – was already before the Court, which held that Absolute Medical Systems is the mere continuation of Absolute Medical.  Indeed, this Court already held that Soufleris was the sole member and President of Absolute Medical/Absolute Medical Systems during the relevant time, and he alone made the decision to dissolve Absolute Medical and form Absolute Medical Systems.  (*See* Order, Doc. 290, pp. 29-30).

[2] At least two additional trips would be necessary. One for the second pretrial conference, and, of course, the second trial.

[3] Furthermore, Defendants' argument regarding Soufleris' individual liability fails, especially in light of the Court's May 4, 2021, Order. *See Baratta v. Homeland Housewares, LLC*, No. 05-60187-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 125234, at *13 (S.D. Fla. Oct. 27, 2008) (citing *Computer Assocs. Intern., Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 67 (E.D.N.Y. 2007)

7

argument to the contrary defies reason, and the Court should deny Defendants' Motion.

### C. **Defendants' Misconstrue Prejudice Pursuant To Rule 42(b).**

Next, Defendants argue that bifurcation is appropriate because doing so will not prejudice NuVasive. (Mot., Doc. 311, p. 5). In making this argument, Defendants misconstrue Rule 42(b)'s tenet as to prejudice. Eleventh Circuit jurisprudence holds that bifurcation may be appropriate when doing so will "avoid prejudice." *See Cont'l Ins. Co. v. Roberts*, No. 8:05-cv-1658-T-17MSS, 2008 U.S. Dist. LEXIS 118256, at *6 (M.D. Fla. Jul. 8, 2008) (quoting *Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253 (11th Cir. 1983)). However, Defendants' conclusory statement that bifurcating the trial will not prejudice NuVasive does not satisfy this requirement.[4] Rather, the burden lies with Defendants, as the moving parties, to establish that prejudice will be avoided. *See Foltz v. City of Largo*, No. 8:10-cv-759-T-24-EAJ, 2011 U.S. Dist. LEXIS 51387, at *4 (M.D. Fla. May 3, 2011). Merely stating that no prejudice will result does not satisfy Defendants' burden to affirmatively establish prejudice will be avoided by bifurcation. And, in fact,

---

("CA argues that judicial resources would be preserved by bifurcation because a finding of no liability would obviate entirely the need for a second trial. However, the same could be said of every case.")) (denying motion to bifurcate).

[4] To be clear, NuVasive disputes that it will not be prejudiced by bifurcation as it necessarily adds additional costs to it and delay in final resolution of this case. *See In re Kroger*, 261 B.R. at 532 (quoting *F & G Scrolling Mouse v. IBM Corp.*, 190 F.R.D. 385, 391 (M.D.N.C. 1999)).

NuVasive will be prejudiced by bifurcation since—up until Defendants' eleventh-hour Motion—the parties prepared this matter for a single trial commencing November 29, 2021. *See Southeastern Metals Mfg. Co. v. Stampco, Inc.*, No. 3:13-cv-844-J-34MCR, 2014 U.S. Dist. LEXIS 193875, at *5-6 (M.D. Fla. Oct. 22, 2014) ("Until this motion, both parties have prepared this case for a single trial. Bifurcation will be prejudicial to Plaintiff, and Defendant has not met its burden of demonstrating that the benefits of bifurcation outweigh this prejudice.")

### D. None Of The Remaining Factors Warrant Bifurcation.

Finally, none of the remaining factors set forth in *Medtronic* warrant bifurcation in this matter. All of the issues to be tried, including NuVasive's claim to pierce Absolute Medical's/Absolute Medical Systems' corporate veil involve a common nexus of facts. Those facts being Absolute Medical's improper separation from NuVasive in violation of its contractual obligations and the Defendants' unfair competition with NuVasive after that attempted separation.

Even Defendants concede that the evidence for these issues is the same, particularly the testimony of Soufleris. And any potential for jury confusion, which NuVasive contends is negligible, is easily mitigated with appropriate instruction. *See Brown v. Toscano*, 630 F. Supp. 2d 1342, 1348 (S.D. Fla. 2008) ("Moreover, any jury confusion that results from the complexity of issues can be remedied with cautionary warnings, limiting instructions, special verdict forms, and other

instructions to the jury.") (internal quotations omitted). Lastly, bifurcation will reduce whatever possibility of pretrial settlement exists since Defendants, Soufleris in particular, will have little incentive to resolve this matter prior to a bifurcated November 2021 trial.

In short, none of the factors that guide this Court's discretion pursuant to Rule 42(b) exist in this case. Accordingly, the Court should deny Defendants' Motion.

### IV. CONCLUSION

In conclusion, this Court should deny Defendants' request to bifurcate the trial of this matter. Bifurcation will not advance the express purposes of Federal Rule of Civil Procedure 42(b). Rather, it will impede those purposes, delay a final resolution of this matter, waste judicial resources, and inconvenience the Court, the parties, and the witnesses. Since Defendants fail to carry their burden to establish that bifurcation is appropriate, the Court should deny the Motion.

Dated: August 20, 2021            Respectfully submitted,

                                                                                  *s/ M. Thomas McFarland*
R. Craig Mayfield (Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esq. (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland, Esq. (*pro hac vice*)
tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Plaintiff, NuVasive, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Busch, Mills & Slomka, LLP

Bryan E. Busch
Email: bb@buschmills.com
Laura H. Mirmelli
Email: lm@buschmills.com
6400 Powers Ferry Road, N.E., Suite 391
Atlanta, GA 30339

Christopher Y. Mills
Email: cm@buschmills.com
319 Clematis Street, Suite 109
West Palm Beach, FL 33401

*Attorneys for Defendants*


                                       *s/ M. Thomas McFarland*