UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> VS ) <br> ) <br> ) <br> ABSOLUTE MEDICAL, LLC, ABSOLUTE ) <br> MEDICAL SYSTEMS, LLC, GREG ) <br> SOUFLERIS, DAVE HAWLEY, and ) <br> RYAN MILLER, ) <br> ) <br> Defendants. ) <br> _____) | Case No.: <br> 6:17-cv-2206-Orl-41GJK |

## **DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER**

COME NOW Defendants Gregory Soufleris ("Soufleris") and Absolute Medical Systems, LLC ("AMS") and through undersigned counsel and pursuant to Fed. R. Civ. P. 60 file this Motion for Reconsideration of Discovery Order seeking relief from this Court's August 20, 2021 Order (Doc. 319) (the "Order") granting in part Plaintiff's Motion to Compel, and show this Court as follows:

The Court's Order makes a blanket assumption that all documents requested by NuVasive, Inc. ("NuVasive") are relevant to the pending claims. However, the information requested has either been previously produced or are entirely irrelevant to the pending claims. For example, NuVasive's requests seek Soufleris' personal

1

tax returns and other personal financial documents, as well as the financial documents of unrelated entities who are <u>not</u> parties to this litigation.[1] (Doc. 301-1.) Considering the duplicative nature of the requests, and the lack of proportionality to the pending claims, NuVasive's motion to compel should have been denied.

A party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action… the importance of the discovery in resolving the disputes, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Evaluating proportionality "must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Digital Assur. Certification, LLC v. Pendolino,* 2017 U.S. Dist. LEXIS 160399, *24 (M.D. Fla. 2017). Here, Florida law recognizes that a person's financial information is private and that discovery should be limited to matters relating to contested issues in the case. *See Woodward v. Berkery*, 714 So. 2d 1027, 1035-36 (Fla. 4th DCA 1998).  Thus, in prejudgment discovery, a party is entitled only to the opponent's financial records that pertain to the pending action.

---

[1] NuVasive seeks financial records for non-parties Absolute Ortho, LLC, The Absolute Group, Spinal Solutions Group, LLC, Blackfin Assets, LLC, Blackfin Funds, Inc., Durastat South East, LLC, Innovative Ancillary Solutions, LLC, and JHS Sales Consulting, LLC. This information is entirely irrelevant as to its claims against Soufleris or AMS. Likewise, AMS's bank statements, credit card statements, quickbooks records, etc. are not relevant to NuVasive's claims for breach of the Sales Agreement and are an improper attempt at post judgment discovery.

*See Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 969 (Fla. 2DCA 2013).

Here, NuVasive's requests must be limited to the previously stayed claims for statutory individual liability, piercing corporate veil, Florida Unfair and Deceptive Practices Act, and tortious interference. Despite this, NuVasive seeks Soufleris and AMS's tax returns, unrelated financial information, and the financial documents of unrelated non-parties. NuVasive's requests are plainly not proportional to the claims pending before this Court.[2] Accordingly, NuVasive's motion to compel production of tax returns, nonparties' financial documents, and previously answered requests, should be denied in its entirety.

## Requests for Additional Briefing and Hearing

Defendants respectfully requests permission to provide further briefing on the overly broad nature of Plaintiff's requests and respectfully requests a hearing on its Motion for Reconsideration.

---

[2] With respect to the piercing the corporate veil claim, Plaintiff must establish by a preponderance of the evidence that: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation['s] independent existence, was in fact non-existent and the... shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *In re Hillsborough Holdings Corp.*, 166 B.R. at 468–69 (citing *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla.1984)).

3

## Local Rule 3.01(g) Certification

Undersigned counsel for Defendants certifies that he conferred with counsel for Plaintiff regarding this motion. Counsel for Plaintiff are **opposed** to the relief requested herein.

Dated:  August 26, 2021

    Respectfully,

    */s/ Bryan E. Busch*
    Bryan E. Busch, Esquire (*Pro Hac Vice*)
    bb@bsms.law
    BUSCH, MILLS & SLOMKA, LLP
    6400 Powers Ferry Road, N.W. Suite 391
    Atlanta, Georgia 30339
    (404) 800-4062 (Telephone)

    Christopher Y. Mills, Esquire
    cm@bsms.law
    BUSCH, MILLS & SLOMKA, LLP
    319 Clematis Street
    Suite 109
    West Palm Beach, FL 33401

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

R. Craig Mayfield, Esquire
cmayfield@bradley.com
Diana N. Evans, Esquire
dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
*Attorneys for NuVasive*

Christopher W. Cardwell, Esquire (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esquire (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland (*pro hac vice*)
tmcfarland@gsrm.com
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
*Attorneys for NuVasive*

      */s/ Bryan E. Busch*
      Bryan E. Busch, Esq. (*Pro Hac Vice*)
      bb@bsms.law