**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NUVASIVE, INC.,**

        **Plaintiff,**

v.                                Case No:  6:17-cv-2206-CEM-GJK

**ABSOLUTE MEDICAL, LLC;**
**ABSOLUTE MEDICAL SYSTEMS,**
**LLC; GREG SOUFLERIS; DAVE**
**HAWLEY; and RYAN MILLER,**

        **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER (Doc. No. 324)** |
| **FILED:** | **August 26, 2021** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

On June 30, 2021, Plaintiff NuVasive, Inc. filed a motion to compel better responses to its requests for production (the "Motion to Compel") to Defendants Greg Soufleris and Absolute Medical Systems, LLC ("AMS"). Doc. No. 302. On

July 14, 2021, Soufleris and AMS filed their response to the Motion to Compel (the "Response"). Doc. No. 306. On July 16, 2021, NuVasive filed a motion to strike (the "Motion to Strike") the Response, arguing that it fails to comply with the undersigned's Standing Discovery Order, in that it was filed more than seven days after the Motion to Compel was filed and it exceeds the word limitation. Doc. No. 307. Soufleris and AMS did not file a response to the Motion to Strike. On August 20, 2021, the Court granted the Motion to Strike and granted in part the Motion to Compel, striking the Response and directing Soufleris to produce documents responsive to Request to Produce No. 5, as limited to documents from January 1, 2017, to the present, and to Requests to Produce Nos. 1–4 and 6–8, and AMS to produce documents responsive to Request to Produce Nos. 2, 4, 5–10, 12–16, 18, 19, and 23–25 on or before August 26, 2021. Doc. No. 319 at 7-8.

On August 26, 2021, Soufleris and AMS filed a motion for reconsideration of the Order (the "Motion for Reconsideration"). Doc. No. 324. They state that the Motion for Reconsideration is brought pursuant to Federal Rule of Civil Procedure 60 but fail to assert which subpart of Rule 60 they are seeking relief under. *Id.* at 1. Rule 60(b) states the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Soulferis and AMS fail to address any of the reasons warranting reconsideration. Doc. No. 324. Instead, they argue that the information requested was either produced or is irrelevant and not proportional. *Id.* They request additional briefing and a hearing. *Id.* at 3. Neither is necessary.

The Motion for Reconsideration does not set forth a basis for reconsideration under Rule 60(b). Doc. No. 324. Rather, it is a rehash of the arguments made in Soufleris and AMS's stricken Response regarding proportionality and previously produced discovery, with an added argument that the requested discovery is irrelevant. Doc. No. 306. "[R]econsideration is not a chance to raise or reargue an issue." *Clements v. 3M Elec. Monitoring, Inc.*, No. 2:16-CV-776-SPC-NPM, 2021 WL 3169137, at *1 (M.D. Fla. July 26, 2021).

Accordingly, it is **ORDERED** that the Motion for Reconsideration (Doc. No.

324) is **DENIED**.

  **DONE** and **ORDERED** in Orlando, Florida, on August 27, 2021.

                    GREGORY J. KELLY
                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties