UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

      **Plaintiff,**

v.                              Case No. 6:17-cv-2206-CEM-GJK

**ABSOLUTE MEDICAL, LLC,
GREG SOUFLERIS, DAVE
HAWLEY, ABSOLUTE
MEDICAL SYSTEMS, LLC,
RYAN MILLER, and BRYAN E
BUSCH,**

      **Defendants.**

_____/

# ORDER

THIS CAUSE is before the Court on Defendants' Motion for Reconsideration, Clarification and to Reinstate Response Brief ("Motion," Doc. 292) and Plaintiff's Response (Doc. 294). For the reasons stated herein, the Motion will be denied.

## I. BACKGROUND

This case arises primarily from a contractual dispute between Plaintiff, a manufacturer of medical products and equipment, (Second Am. Compl., Doc. 188, at 3), and Defendant Absolute Medical, LLC ("AM"), which entered into an Exclusive Sales Representative Agreement (Doc. 60-7, at 3–27) with Plaintiff beginning in 2013. In 2017, Plaintiff and AM continued their relationship when they executed another Exclusive Sales Representative Agreement ("2017 Sales

Agreement," Doc. 260-3, at 131–59). Defendant Greg Soufleris was the president and sole member of AM. (AM Dep., Doc. 260-1, at 4, 8, 10). Defendants Dave Hawley and Ryan Miller, each through their own company, were sales representatives for AM. (Soufleris Dep., Doc. 260-3, at 91–92; Hawley's 2016 Independent Contractor Agreement, Doc. 260-10, at 20; Miller's 2016 Independent Contractor Agreement, Doc. 260-11, at 20). Near the end of 2017, Soufleris "dissolve[d]" AM and created a "new entity," Defendant Absolute Medical Systems, LLC ("AMS"), to "replac[e]" AM. (AMS EIN Email, Doc. 260-1, at 121; Doc. 260-1 at 66–67). Shortly after Soufleris formed the new company, Hawley and Miller began working for AMS. (Hawley Dep., Doc. 260-18, at 4, 8, 15–17, 46–49; Miller Dep., Doc. 260-20, at 11, 23–26, 28–29, 31–32).

Following termination of the parties' business relationship and formation of AMS, Plaintiff filed this lawsuit, which asserted nine counts in the Second Amended Complaint. (*See generally* Doc. 188). Counts I and II are breach of contract claims against AM; Count III is a breach of contract claim against AMS; Count IV is a breach of contract claim against Hawley and Miller; Count V is a conversion claim against Hawley and AMS; Count VI is a Florida Revised Limited Liability Company Act claim against Soufleris; Count VII pertains to piercing the corporate veil as to Soufleris for the actions of AM and AMS; Count VIII is a Florida Deceptive and Unfair Trade Practices Act claim against all Defendants; and Count IX is a tortious interference claim against Soufleris. (*Id.* at 14–23).

Plaintiff moved for summary judgment as to Counts I, III, and IV. (*See generally* Doc. 260). Hawley, Miller, and AMS ("Movant Defendants") moved for summary judgment as to Counts IV and V. (*See generally* Doc. 257). The Court granted partial summary judgment to each side on certain undisputed material facts and issues of law. (May 4, 2021 Order ("Summary Judgment Order"), Doc. 290, at 57–58). Defendants now seek reconsideration of the Court's Summary Judgment Order. (*See generally* Doc. 292).[1]

## II. LEGAL STANDARD

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin.*

---

[1] Defendants also frame the Motion as alternatively seeking "clarification," but there is no separate argument in that regard. (Doc. 292 at 1, 11). The substance of the entire Motion is that of reconsideration and will, therefore, be treated as such.

*Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). However, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

### III.   ANALYSIS

#### A.   Local Rule 3.01(g)

As an initial matter, the Motion is due to be denied for violation of Local Rule 3.01(g). Rule 3.01(g) requires that "[b]efore filing a motion in a civil action," with exceptions that do not apply here, "the movant must confer with the opposing party in a good faith effort to resolve the motion" and "[a]t the end of the motion and under the heading 'Local Rule 3.01(g) Certification,'" the movant must include the result of the conferral. The Motion contains no such certification. This rule violation "alone[] would be sufficient reason to deny the Motion." *Stevenson v. Orlando's Auto Specialists*, No. 6:07-cv-500-Orl-19GJK, 2008 U.S. Dist. LEXIS 142018, at *9 (M.D. Fla. Sep. 14, 2008) (citing *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006); 35 C.J.S. Federal Civil Procedure § 24 (2008) (noting that federal district courts have broad discretion to enforce local rules)). And, this is not the first time that this Court has had to point out Local Rule 3.01(g) to Defendants. (*See* Oct. 21, 2019 Endorsed Order, Doc. 199 (denying Defendants' motion "for failure to comply with Local Rule 3.01(g)"); July 28, 2020 Order, Doc. 262, at 2 (explaining Local Rule 3.01(g) and "remind[ing] counsel for Defendants of his duty to act with

professionalism and to respond promptly to inquiries and communications from opposing counsel"); June 23, 2021 Endorsed Order, Doc. 296 (denying Defendants' motion "for failure to comply with Local Rule 3.01(g)")).

Nonetheless, to promote judicial efficiency, the Court will consider the Motion. *Sala v. St. Petersburg Kennel Club, Inc.*, No. 8:09-cv-1304-T-17-TBM, 2010 U.S. Dist. LEXIS 24964, at *6 (M.D. Fla. Mar. 2, 2010) (noting that "this Court will overlook [a] Local Rule . . . to promote judicial efficiency and in the interest of justice"); *see* M.D. Fla. R. 1.01(b) (stating that "[i]f reasonably necessary to achieve the purpose of these rules, a judge can modify or suspend for all or part of an action the application of any rule," with a single exception that does not apply here).

### B. Movant Defendants' Response to Plaintiff's Motion for Summary Judgment

In the Summary Judgment Order, the Court struck as untimely the Movant Defendants' Response to Plaintiff's Motion for Summary Judgment. (Doc. 290 at 23–25, 58). Defendants argue that the Response should be reinstated because Defendants relied on a Clerk's Office docket entry setting Defendants' response deadline. Thus, Defendants contend that this constitutes excusable neglect.

"In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293,

297 (11th Cir. 2009) (citing *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997)).

Defendants' argument conspicuously fails to tell the full story of what occurred on the docket around this entry. As explained in the Summary Judgment Order, the Court granted a request from Plaintiff for an extension of its response deadline, but the Court expressly noted that "'Defendants' response deadline of fourteen days remains unchanged.'" (Doc. 290 at 24 (quoting July 28, 2020 Order, Doc. 262, at 2)). Defendants now contend that instead of relying on the express instructions in the Court's Order setting the response deadlines, Defendants instead relied on a Notice of Electronic Filing (Doc 292-1) automatically generated by the Court's docket notification system that inadvertently set the wrong response date for Defendants. But, the docket reflects that the same day that this notification was sent, the Clerk's Office then corrected the clerical docket entry, noting that it was "ENTERED IN ERROR" because it conflicted with the deadlines set in the Court's Order.

Defendants' argument, at best, is that they ignored the express instructions in a Court Order and instead relied on a clerical electronic notice that was entered in error and then promptly corrected and removed. Defendants have a duty to read all Court Orders and should have relied on the deadline set in the Order. *Dynasty Mgmt. Grp., LLC v. Alsina*, No. 16-20511-CIV, 2017 U.S. Dist. LEXIS 152033, at *11-12 (S.D. Fla. Sep. 6, 2017) (noting that "failure to read Court orders due to [counsel's]

inexcusable unfamiliarity with the federal filing system" is not excusable neglect). However, if Defendants had truly been confused by the clerical entry that was entered in error, then Defendants could have requested clarification from the Court, which they did not do—at the time of the Order or even after Plaintiff pointed out the untimeliness of the Movant Defendants' Response. Defendants have not met the standard for excusable neglect.[2] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.").

Arbitration Defendants also argue that the Summary Judgment Order should be reconsidered because it conflicts with the findings of the arbitration panel in a parallel proceeding. Previously, pursuant to a "Dispute Resolution" clause in the 2017 Sales Agreement, (Doc. 260-3 at 145–46), the Court ordered Plaintiff and AM to "proceed to arbitration on Count II" and stayed "Counts III, to the extent that Plaintiff seeks monetary relief, VI, VII, VIII, and IX . . . pending arbitration." (May 31, 2019 Order, Doc. 178, at 5). However, the Court also expressly did not stay Counts I and III "to the extent they assert claims for injunctive relief." (*Id.* at 4). The

---

[2] Defendants also argue that the Court erred by striking the Movant Defendants' Response because Plaintiff's request to strike it was contained within a footnote. This argument is immaterial because the Court has the power to *sua sponte* strike untimely filings. *Dimension Leasing v. Variety Children's Hosp.*, No. 05-22701-CIV-UNGARO, 2007 U.S. Dist. LEXIS 114695, at *5 (S.D. Fla. Mar. 29, 2007) ("The district court possesses the inherent power to police its docket and may exercise this power to secure compliance with its schedule." (citing Fed. R. Civ. P. 16(f); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989))).

arbitration has concluded, and the arbitration panel issued a Final Award (Doc. 283-2).

As to Count II—the only claim before the arbitration panel—the Final Award found that AM breached the 2017 Sales Agreement but that Plaintiff failed to prove damages. (*Id.* at 7–15). Similarly, the Summary Judgment Order also found that AM breached the 2017 Sales Agreement. (Doc. 290 at 25–27, 57). And the Court did not rule on causation or damages in the Summary Judgment Order. (*Id.* at 57–58). Thus, the Final Award and the Summary Judgment Order are not inconsistent.

Moreover, even if the Summary Judgment Order were inconsistent with the Final Award, there would be no basis for reconsideration. As the arbitration panel recognized, its findings were not binding on this Court's consideration of the claims and issues that were not sent to arbitration. Indeed, the panel put several conditions on its findings to that effect. First, prior to any findings, the Final Award expressly noted that "[a]s a result of the pending federal action, and the orders entered in that case, the Panel in this arbitration is prohibited from making any findings concerning" the issues properly before the district court, even if they were raised in the arbitration. (Doc. 283-2 at 7). Second, as to Plaintiff's request for special damages, the arbitration panel denied special damages as a basis for breach of contract damages "without prejudice to [Plaintiff] pursuing this damage claim elsewhere." (*Id.* at 12). Finally, the arbitration panel refused to rule on Plaintiff's request for "a

sanction in the form of a finding that [AM]'s breaches of the Agreement harmed [Plaintiff] and caused it to lose profits," noting the following:

> [T]here is a more complete record of this exact same spoilation issue in the federal action including the discovery requests in that action, briefing and a lengthy motion hearing during which evidence was presented and three witnesses testified (and the federal court is in a better position to evaluate witness credibility). Therefore, to avoid making an award inconsistent with the anticipated order by the Court in the federal action, the Panel declines to make the adverse inference requested by [Plaintiff].

(*Id.* at 14). This Court may now decide these issues, consider any other evidence before this Court that may not have been properly before the arbitration panel, and potentially reach a different conclusion than the arbitration panel did.

Both the Summary Judgment Order and the Final Award found that AM breached the 2017 Sales Agreement. Any issues beyond that were clearly left by the arbitration panel for this Court to decide. Accordingly, the Court will deny reconsideration on this basis.

### C. Remaining Reconsideration Arguments

Defendants' remaining arguments for reconsideration do nothing more than disagree with the Court's analysis and re-hash arguments that either were—or should have been—asserted on summary judgment. This is not a basis for reconsideration. *Latipov v. U.S. Att'y General*, 562 F. App'x 800, 802 (11th Cir. 2014) (noting that "merely disagree[ing]" with a Court's Order is an "insufficient" basis for reconsideration).

## IV. CONCLUSION

Defendants' Motion for Reconsideration, Clarification and to Reinstate Response Brief (Doc. 292) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record