UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC.,

    Plaintiff,

v.                                                                           CASE NO.: 6:17-cv-02206-CEM-GJK

ABSOLUTE MEDICAL, LLC,
GREG SOUFLERIS, DAVE HAWLEY,
ABSOLUTE MEDICAL SYSTEMS, LLC,
and RYAN MILLER,

    Defendants.
_____/

**DEFENDANTS' MOTION TO CONFIRM AWARD AS A FINAL JUDGMENT**

    Defendants, ABSOLUTE MEDICAL, LLC, and ABSOLUTE MEDICAL SYSTEMS, LLC, by and through undersigned counsel, file this Motion to Confirm the Arbitration Award, previously filed at Doc. 283, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and to adjudge that the Award has the effect of a final judgment in accordance with 9 U.S.C. §§ 9 and 13 (c) and Florida law, as to the issues therein decided.

**Factual and Procedural Background**

    Absolute Medical, LLC (hereinafter "AM") was a party to a distribution agreement with Plaintiff NuVasive. After NuVasive commenced this litigation with its original complaint, AM filed a motion to compel arbitration in accordance with an arbitration clause in the distribution agreement in suit. Doc.43. NuVasive thereafter amended its complaint, asserting a claim for damages for contract breach against AM in Count II. Doc. 68, Count II. This Court found that the claim in Count II, which sought only monetary damages, was arbitrable and ordered arbitration of the damages claimed in that count, while staying certain of the remaining claims pending the outcome of

1

arbitration. Doc.178, at 2-3. The stay order included a stay of the claim in Count III for monetary damages against Absolute Medical Systems, LLC, (hereinafter "AMS") an entity NuVasive asserts was formed to "fraudulently avoid the contractual obligations Absolute Medical owes to NuVasive." Doc. 68 ¶82.

NuVasive asserts in Count III that it is "entitled to the same equitable and legal remedies against AMS that it is entitled to against Absolute Medical." Id., ¶97. That claim was expressly stayed pending arbitration as to NuVasive's Count II claim against Absolute. Doc.178, ¶3.

Count II of NuVasive's Second Amended Complaint, the currently operative complaint, is substantially similar to Count II of the Amended Complaint, and it affirms that the claim for damages is subject to arbitration. Doc. 188, p. 16. Count III of the Second Amended Complaint is likewise substantially the same as the former Count III of the Amended Complaint.

A three-member arbitration panel of the America Arbitration Association conducted an arbitration of the money damages claim in Count II. On March 15, 2021, the parties jointly filed a notice of the outcome of the arbitration, at Doc. 283. Doc. 283-1 is an order entered by the arbitration panel and Doc. 283-2 is the Final Award.

There is no question that the copy of the award filed jointly by the parties at Doc. 283 is an authentic copy of the final award. That award was entered on March 4, 2021.

Neither party has moved to confirm or vacate the award up until now.

This Court has noted the existence of the final award, however, and has observed, at Doc. 331, that the Final Award "found that AM breached the 2017 Sales Agreement but that Plaintiff failed to prove damages." Doc. 331, p.8.

The Federal Arbitration Act, 9 U.S.C. §12 provides, in relevant part, that notice "of a motion to vacate, modify, or correct an award *must be served* upon the adverse party or his attorney within

three months after the award is filed or delivered." (Emphasis added). The Final Award was "delivered" on March 4, 2021, and thereafter filed with this Court at Doc. 283.

Within three (3) months of the delivery of the Final Award, that is, within three months following March 4, 2021, neither party filed a motion to vacate, modify or correct the Final Award.

## Legal Argument

### A. The Court Should Enter an Order Confirming the Award

Because neither party filed an objection to the Final Award within the three-month time limit of 9 U.S.C.§12, both parties waived any right, under the Federal Arbitration Act, to vacate the award. The Eleventh Circuit has made this point clear. For example, in *CareMinders Home Care, Inc. v. Concura, Inc.,* 660 Fed. App. 795, 2016 U.S. App. LEXIS 15707 (11th Cir. Aug. 25, 2016), the Court stated:

> A party that fails to file a motion under Section 10 or 11, within 90 days of the filing of the arbitration award thereby waives its right to raise Section 10 or 11 as a defense to a motion to confirm the award. See *id.* ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award.") Concura never filed a motion to vacate or modify the arbitration award. Therefore, the district court was obligated to confirm the award. See 9 U.S.C.§ 9 ("[T]he court *must grant* such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.") [emphasis in opinion].

2016 U.S. App. LEXIS 15707 at * 2-3.

The present Motion qualifies as a motion "brought under section 9 of the FAA because it is a motion filed by a party to an arbitration agreement wherein (a) the parties agreed that the court may enter a judgment on the award, and (b) a motion thereon has been properly filed and served in this Court, the very court that compelled the arbitration, and (c) the motion has been filed "within one year after the award is made." 9 U.S.C.§ 9.

Section 12.02 of the distribution agreement between AM and NuVasive required arbitration in accordance with the Rules of the American Arbitration Association. The predictable end result of a valid final award in an arbitration under that agreement is a final judgment under the terms of the FAA. There is a "presumption under the FAA that arbitration awards will be confirmed." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). To that end, the FAA provides only limited grounds for undoing or modifying an arbitration award, such as fraud, corruption, or an evident miscalculation. 9 U.S.C. §§ 10 (vacatur), 11 (modification or correction). Absent one of those narrow grounds, the Court "must grant" a motion to confirm an arbitration award. *Id*. § 9; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

The FAA provides for a strict 3-month deadline for a party to file a motion to challenge an arbitration award, while a full year is provided for a party to file a motion to confirm an arbitration award. *Compare* 9 U.S.C. § 12 *with id*. § 9.  As a result, if three months elapse without a party having filed a motion to vacate, modify, or change the award, then that party will be unable to defend against a later-filed motion for confirmation on any grounds set out in Section 10 or Section 11. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F. 2d 851, 854 (11th Cir. 1989) ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award.").

Here the award was entered and served on the parties on March 4, 2021.  As a matter of law, that final award became unimpeachable 3 months later – on June 4, 2021.  It is undisputed that neither NuVasive nor AM has ever filed a motion to challenge or modify the arbitration award,

4

much less by the statutory deadline of June 4, 2021.  That arbitration award is, therefore, valid, binding, and governs all issues addressed by the arbitration award, and none of those issues can be relitigated in this matter.  The failure of NuVasive to challenge the award is akin to letting the statute of limitations run on a claim. *Wubben v. Kirkland,* Case No. 6:08cv1105, 2011 U.S. Dist. LEXIS 166013 at * 15 (M.D. Fla. July 14, 2011). As the court there noted, sections 10 and 11 of the FAA are the only grounds for moving to vacate or modify or correct an award, citing *Hall,* 552 U.S. at 584. Hence the failure to move to vacate the award within the 90-day time window is fatal to any claim that the award was in error or otherwise objectionable. *See also Western Sizzlin Franchise Corp. v. Maali,* Case No. 6:16cv2193, 2018 U.S. Dist. LEXIS 238494 at * 4 (M. D. Fla. Feb. 23, 2018) (where one party fails to timely challenge an arbitration award, the other party is entitled to confirmation by "summary proceeding").  Defendants, therefore, respectfully ask the Court to enter an order (a) confirming the award as a final judgment on Count II of NuVasive's Second Amended Complaint and (b) ordering in limine that the parties, counsel, and the witnesses are precluded from relitigating the issues already decided in the final award. That order should include precluding Plaintiff from attempting to relitigate the arbitration by contending that AMS is liable for the damages alleged against AM but which the arbitration panel found that Plaintiff had failed to prove as to causation or damages. The failure to prove damages of any kind, resulting in a zero-dollar verdict for the claimant, is as a matter of law a complete failure on the underlying elements of the cause of action for damages.  *See, e.g., Poulin Corp. v. Chrysler Corp.,* 861 F.2d 5, 7 (1st Cir. 1988); *Platypus Wear, Inc. v. Horizonte Ltda.,* 558 Fed. Appx. 929, 2014 U.S. App. LEXIS 4422, at * 3-4 (11th Cir. March 10, 2014) (following *Poulin*). Because this is so, and because NuVasive alleges and the Court has found that AMS is a "mere continuation of AM and therefore is liable as a successor company to AM," Order at Doc. 290, p. 57, it follows that the

cause of action for damages tried to the arbitration panel has been extinguished by the Final Award as to AMC, the purported successor company. That is, if AMS is a mere successor to AM, the damages claim arbitrated to the arbitrators has been extinguished as to AMS also, and that claim cannot be litigated again. There is no second bite at the damages' apple as to AMS. Accordingly, this Court should preclude any testimony, including that of the NuVasive damages expert, that in effect seeks to relitigate the damages theory presented to the arbitration panel against AM, under any guise. As the latest pretrial statement will show, it appears that this is precisely what NuVasive intends to do at the upcoming trial.

### B. The Final Award Has the Effect of A Final Judgment

That the award has the effect of a final judgment on Count II seems clear. *See, e.g., Freecharm Ltd. v. Atlas Weatlh Holdings Corp.,* Case No.11-20003Civ, 2011 U.S. Dist. LEXIS 113172 at * 14 (S.D. Fla. Sept. 2011) (citing many cases for the proposition that even an unconfirmed award has the effect of a final judgment on the merits of the issues therein decided); *Laub v. Ross,* Case No. 92-1506, 1992 U.S. Dist. LEXIS 21259 at *9 (S.D. Fla. Dec. 16, 1992), adopted at 1993 U.S. Dist. LEXIS 5067 (noting the precedent that issues submitted to arbitration cannot be re-litigated in federal court); *Ameriprise Fin Services v. Fischetti,* Case No. 6:11cv1933, 2012 U.S. Dist. LEXIS 70207 at *7 (M. D. Fla. April 30, 2012), Magistrate ruling adopted at 2012 U.S. Dist. LEXIS 70210 (M.D. Fla. May 21, 2021) (entering judgment on award after failure to timely object to the award). The Court should find that the Final Award is effectively a judgment on the issues decided by the arbitration panel and hold that the parties are not free in the upcoming trial to re-litigate the issues the arbitration panel has already decided[1].

---

[1] The Court has recently noted that the panel explicitly left certain issues open for resolution in the District Court. Order at Doc. 331. Defendants request an opportunity to discuss the scope of these issues with the Court at Pretrial so that all parties have a clear understanding what is and what is not left to be litigated relative to the claims of contract breach in Count II and also in Count III.

6

Based upon the local rule, a meet and confer meeting was held by the parties on November 8, 2021. The undersigned counsel expects that NuVasive will now argue for the first time that there was some level of misconduct during the underlying arbitration that did not come to the attention of the arbitration panel, and that this alleged misconduct provides a basis for challenging the Final Award. This claim is believed to be based upon text messages recently produced by Defendants. The matter is still being investigated by defense counsel, but it seems clear that what NuVasive intends is an attack upon the validity of the Final Award notwithstanding NuVasive's conscious decision not to timely register an objection to confirmation of the award in accordance with 9 U.S.C.§§ 10 and 12. Such an attack should not be permitted, for it would amount to an end-run around the limitation period of 9 U.S.C.§ 12, which is specifically intended to "prevent a party who has lost in the arbitration process from filing a new suit in Federal Court and forcing re-litigation of the issues." *Booth v. Hume Pub., Inc.,* 902 F.2d 925, 932 (11th Cir. 1990).

## Conclusion

The Court should confirm the Final Award. The Court should find that the award has the effect of a final judgment in this case on the claim for damages set forth in Count II. The Court should also find that the award precludes the re-litigation of the damages claimed previously against AM in its claim against AMS in Count III, the alleged mere continuation and successor of AM. Otherwise, the Court would essentially be permitting the re-litigation of a claim evasive as already lost. Hence the Court should preclude any evidence or expert testimony or opinions tending to relitigate the lost claim for damages in Count II as to AMS, the mere successor entity. Furthermore, no proof of such damages as to AMS should be permitted at trial if the proof is substantially the same claim for monetary damages that NuVasive offered at trial in the arbitration but lost as to AM. To the extent the final award is claimed to permit such evidence, the Court

should set clear and express guidelines for presenting damages, if any, so permitted by the award, and should preclude NuVasive from circumventing such limits or from presenting new proofs of damages at trial not supported by its expert witness's expert report.

### Local Rule Certification

Pursuant to Local Rule 3.01 (g) of the Middle District Rules, the undersigned counsel and Bryan Busch conferred with lead counsel for Plaintiff, Mr. Cardwell, on November 8, 2021, regarding the relief sought herein but counsel were unable to come to an agreement that would make the filing of this motion unnecessary.

Respectfully Submitted,

 /s/ *Stephen D. Milbrath*
Stephen D. Milbrath, Esquire
Florida Bar No.: 0239194
Accel IP Law, PLLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on this 10th day of November, 2021, to all parties receiving electronic notice via CM/ECF and via Email.

 /s/ *Stephen D. Milbrath*
Stephen D. Milbrath, Esquire
Florida Bar No.: 0239194
Accel IP Law, PLLC
1137 Edgewater Drive
Orlando, FL 32804
Office: (321) 417-7500
Direct/Cell: (407) 492-0259
smilbrath@acceliplaw.com
Secondary: smaisonave@acceliplaw.com
Attorney for Defendants, Absolute