UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC.

    Plaintiff,

vs

ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER

    Defendants.

Case No.: 6:17-cv-2206-Orl-41GJK

## DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF RULING AT DOC 334 ON THE ISSUES OF RES JUDICATA/COLLATERAL ESTOPPEL

    Defendants, through their counsel, hereby move for reconsideration of the ruling at Doc. 334 with respect to the issues of collateral estoppel and res judicata, for the reasons noted in the motion in limine filed herein on November 12, 2021. It is respectfully submitted that neither side has fully briefed and argued the matter of collateral estoppel and res judicata raised in the motion in limine and that the ruling at Doc. 334 is in error in that it entirely ignores the res judicata and collateral estoppel effects of the arbitration panel award. The Court made this ruling without a full briefing and argument on the relevant case law. Accordingly the Court should reconsider the order at Doc. 334.

    If as the Court has effectively ruled, AM and AMS are the *same company* and *breached the same contract,* then the arbitration panel's rejection of Plaintiff's damages model and of the expert report of Ms. Decker, and its finding that the no damages were proven, represents a final and conclusive ruling as to the matter of damages for contract breach of the AM/NuVasive

1

contract. Plaintiff is not entitled to another chance to litigate that claim. And Ms. Decker's flawed damages model, found entirely wanting by the arbitration panel, must be excluded from the evidence as it is based entirely on the very damages model found by the arbitrators to be flawed and unreliable on the matter of contract damages.

## Local Rule Certification

Pursuant to Local Rule 3.01 (g) of the Middle District Rules, the undersigned counsel and Bryan Busch conferred with lead counsel for Plaintiff, Christopher Cardwell, on November 12, 2021, regarding the relief sought herein but counsel were unable to come to an agreement that would make the filing of this motion unnecessary.

Respectfully Submitted,

/s/ *Stephen D. Milbrath*
Stephen D. Milbrath, Esquire
Florida Bar No.: 0239194
Accel IP Law, PLLC
1137 Edgewater Drive
Orlando, Fl 32804
(407) 492-0259
*Local Counsel for AM and AMS*

/s/ *Bryan E. Busch*
Bryan E. Busch, Esquire (*Pro Hac Vice*)
bb@buschmills.com
BUSCH, MILLS & SLOMKA, LLP
6400 Powers Ferry Road, N.W. Suite 391
Atlanta, Georgia 30339
(404) 800-4062 (Telephone)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2021, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system. I further certify that I electronically transmitted a true copy to:

R. Craig Mayfield, Esquire

cmayfield@bradley.com
Diana N. Evans, Esquire
dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
*Attorneys for NuVasive*

Christopher W. Cardwell, Esquire (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esquire (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland (*pro hac vice*)
tmcfarland@gsrm.com
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
*Attorneys for NuVasive*

                                       */s/ Bryan E. Busch*
                                       Bryan E. Busch, Esq. (*Pro Hac Vice*)
                                       bb@buschmills.com