UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

      **Plaintiff,**

v.                                                                                       Case No. 6:17-cv-2206-CEM-GJK

**ABSOLUTE MEDICAL, LLC,
GREG SOUFLERIS, DAVE
HAWLEY, ABSOLUTE
MEDICAL SYSTEMS, LLC,
RYAN MILLER, and BRYAN E
BUSCH,**

      **Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion for Partial Reconsideration (Doc. 341).[1] Defendants request reconsideration of the Court's November 12, 2021 Order (Doc. 334) denying Defendants' Motion for Partial Summary Judgment (Doc. 308) and denying Defendant Absolute Medical Systems, LLC's Motion for Summary Judgment (Doc. 312). (Doc. 334 at 1).

---

[1] Because the Court is denying the motion, it need not wait for a response from Plaintiff prior to ruling. *PulsePoint, Inc. v. 7657030 Can., Inc.*, No. 13-61448-CIV-Marra/Matthewman, 2013 U.S. Dist. LEXIS 191732, at *2 (S.D. Fla. Oct. 23, 2013).

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). However, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

While Defendants do not reference the legal standard for reconsideration, it appears that they argue for reconsideration based on clear error. (Doc. 341 at 1). Specifically, Defendants argue that the Court's November 12th Order is in error because "it entirely ignores the res judicata and collateral estoppel effects" of a Final Award (Doc. 283-2) issued by an arbitration panel on Count II in this case. (Doc.

341 at 1). However, Defendants concede that they failed to brief the issues of res judicata or collateral estoppel in their summary judgment motions.[2] (*Id.*). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence'" that could have been previously raised prior to the Court's ruling. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *id.* ("This prohibition includes new arguments that were 'previously available, but not pressed.'" (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam))). Therefore, these issues are not appropriate to be raised in a motion for reconsideration. (*See also generally* Oct. 25, 2021 Order, Doc. 331, at 7–9 (explaining why the Final Award does not have a preclusive effect on the remaining claims in this case); Doc. 334 at 7–11, 13–14 (same)).

Accordingly, it is ordered and adjudged that Defendants' Motion for Partial Reconsideration (Doc. 341) is **DENIED**.

---

[2] Nor do Defendants properly brief these issues in the Motion for Partial Reconsideration, instead referring to a Motion in Limine (Doc. 335) filed on the docket. This attempt by Defendants to incorporate argument from another motion is inappropriate. *DeForest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08cv498/MCR/EMT, 2010 U.S. Dist. LEXIS 43344, at *54 n.12 (N.D. Fla. May 4, 2010).

**DONE** and **ORDERED** in Orlando, Florida on November 16, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record