UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NUVASIVE, INC.,

    Plaintiff,

v.

                              CASE NO.: 6:27-CV-02206-CEM-GJK

ABSOLUTE MEDICAL, LLC,
GREG SOUFLERIS, DAVE HAWLEY,
ABSOLUTE MEDICAL SYSTEMS, LLC,
and RYAN MILLER,

    Defendants.
_____/

## MOTION TO STRIKE DECLARATION OF CLAYTON AT DOC. 365-3

Defendants hereby move for an order striking the unauthorized Declaration of Hansel "Rip" C. Clayton, filed by Plaintiff at Doc. 365-3, and any associated argument concerning that testimony, because it was not authorized by the Court or agreed to by counsel or permitted by Local Rule 3.01 (d) and (g). In support of this motion, Defendants state:

1. Plaintiff NuVasive moved at Doc. 361 for leave to file a reply in support of its motion to vacate the arbitration award. NuVasive's motion was not opposed by the undersigned counsel based upon meet and confer exchanges between counsel for the parties.

2. In its motion at Doc. 361 and in the meet and confer that preceded it, however, NuVasive did not disclose that it would be submitting a declaration from a supposed expert witness who was not previously disclosed to be a testifying witness to the Defendants and who had not submitted any expert report in this case, Mr. Hansel "Rip" C. Clayton. It also warrants note that Mr. Clayton's declaration is based entirely on computer capabilities and speculation that such capabilities could have been utilized, having no apparent knowledge

1

of the Hawley computer or of the facts. Instead, NuVasive represented only that its reply brief would address various legal or factual issues, including those raised by Mr. Hawley's "recently-submitted declaration." Doc. 361, at 2. It also said the reply brief would not be greater than five pages.

3. Defendants would have opposed the filing of a reply had they known that NuVasive would be submitting as part of the reply expert testimony from a non-testifying expert, including an opinion that raised entirely new matter purporting to rebut Mr. Hawley's testimony without the reciprocal right to respond with a counter expert declaration.

4. The Court's order permitting the reply authorized Plaintiff only to file a reply of not greater than five pages. Doc. 363. This order represents an enlargement on the page limit permitted by Local Rule 3.01 (d), which ordinarily restricts replies to three pages "inclusive of all parts." The "all parts" doubtless includes declarations incorporated into the reply.

5. The rely brief asserts five pages of argument but it includes legal argument at footnote 4 relying upon Mr. Clayton's declaration, and in effect incorporating Clayton's expert opinions as a rebuttal to the testimony of Mr. Hawley.

6. The Clayton Declaration has one page of substantive content, which makes in substance an expert rebuttal of Mr. Hawley. In context, this is an extra page of reply (not counting the additional materials in the reply). Moreover, and of considerable import, that "additional page" introduced entirely new issues into the motion and entirely new expert testimony into the case. *See, e.g., Modis, Inc. v. Beckwith,* No. 3:07-cv-1125, 2008 U.S. Dist. LEXIS 142016 at * 4 (M.D. Fla. March 5, 2008) (supplemental affidavit rebutting a point is "appropriately viewed as a reply"). Accordingly, NuVasive's "reply" exceeded

the permitted five pages "inclusive of all parts" and went beyond replying to the issues raised in the Defendants' responsive papers. *See* Local Rule 3.01 (d).

7. The Clayton Declaration was not mentioned in the meet and confer of counsel on the telephone or in email exchanges. (See Attachment 1, the emails of counsel on this request).

8. The Clayton Declaration is in effect an unfair surprise attack on Defendants that Defendants cannot now rebut, and one made as a trial is about to commence. See Doc. 367, denying leave to file a sur-reply with opposing expert testimony.

9. Because the making of such a declaration was not the subject of the Local Rule 3.01 meeting, was not mentioned in NuVasive's motion for leave to submit a reply, and because it exceeds the permissible page limit of the reply permitted by the Court and Local Rule 3.01 (d), it is wholly unauthorized. Although this might seem to be a minor deviation from Local Rule 3.01 practice, it is in this case a substantive departure from Local Rule 3.01 (d) and (g) because it represents an unfair surprise use of expert testimony to attack the credibility of a party and because it does so based upon the speculation that certain computer systems *may have* been used. This should not be permitted.

Wherefore, Defendants move for an order striking the Clayton Declaration.

**Local Rule 3.01(g) Certification**

The undersigned has conferred with opposing counsel about the subject matter of this motion but counsel were unable to reach an agreement that would preclude the filing of this motion.

Respectfully Submitted,

*/s/ Bryan E. Busch*
Bryan E. Busch, Esquire (*Pro Hac Vice*)
bb@buschmills.com

>BUSCH, MILLS & SLOMKA, LLP
>6400 Powers Ferry Road, N.W. Suite 391
>Atlanta, Georgia 30339
>(404) 800-4062 (Telephone)
>Attorneys for Defendants+
>
>/s/ *Stephen D. Milbrath*
>Stephen D. Milbrath, Esquire
>Florida Bar No.: 0239194
>Accel IP Law, PLLC
>1137 Edgewater Drive
>Orlando, FL 32804
>Office: (321) 417-7500
>Direct/Cell: (407) 492-0259
>smilbrath@acceliplaw.com
>Secondary: smaisonave@acceliplaw.com
>Attorney for The Absolute Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished on this 29th day of December, 2021, to all parties receiving electronic notice via CM/ECF and via Email.

>/s/ *Stephen D. Milbrath*
>Stephen D. Milbrath, Esquire
>Florida Bar No.: 0239194
>Accel IP Law, PLLC
>1137 Edgewater Drive
>Orlando, FL 32804
>Office: (321) 417-7500
>Direct/Cell: (407) 492-0259
>smilbrath@acceliplaw.com
>Secondary: smaisonave@acceliplaw.com
>Attorney for Defendants, Absolute