**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NUVASIVE, INC.,

Plaintiff,

v.

ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, and RYAN MILLER,

Defendants.

Case No. 6:17-cv-2206-Orl-41GJK

**NUVASIVE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF CLAYTON AT DOC. 365-3**

Through its counsel of record, and for its Opposition to Defendant's Motion to Strike Declaration of Clayton at Doc. 365-3 (Doc. 368), Plaintiff, NuVasive, Inc., states that the Court should deny that Motion for at least the following reasons:

1. A motion to strike is not an appropriate vehicle to challenge the declaration. At least one decision issued from the Middle District of Florida holds that neither the Federal Rules of Civil Procedure nor the Court's Local Rules recognize a litigant's ability to move to strike a declaration. *Foliar Nutrients, Inc. v. Plant Food Sys., Inc.*, No. 6:13-cv-748-Orl-37KRS, 2014 U.S. Dist. LEXIS 101150, at ** 4–5 (M.D. Fla. Jul. 14, 2014) (citing *Great Am. Ins. Co. v. Moye*, No.

8:10-cv-330, 2010 U.S. Dist. LEXIS 83320 (M.D. Fla. Jul. 19, 2010) ("Because motions and affidavits are not pleadings, a party may not move to strike matters from motions or affidavits.")). In that case, as here, the movants cited no legal authority that supported their ability to file a motion to strike. *Id.* This failure caused Judge Dalton to find that the "motions were [] filed in contravention of the rules" and deny them. *Id.*

2. Even if the Court chooses to treat the motion to strike as a properly raised objection,[1] there is no merit to Defendants' request to strike Clayton's Declaration. Indeed, the only case Defendants cite in support of their motion recognizes that "the filing of an affidavit[2] with a reply is appropriate when the affidavit addresses matters raised in the opposition brief." *Modis, Inc. v. Beckwith*, No. 3:07-cv-1125-J-20JRK, 2008 U.S. Dist. LEXIS 142016, *5 (M.D. Fla. Mar. 5, 2008) (quoting *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 635, 636 (D. Kan. 2005)).

3. The Clayton Declaration submitted with the reply is not an unfair surprise attack. Defendants learned of Clayton's identity (and raised no objection to his testimony) in the declaration he submitted in support of NuVasive's Motion to

[1] Footnote 1 of the *Modis* opinion recognizes that the Court has the authority to treat improper motions to strike as properly raised objections. Of course, it chose not to do so. And it appears to be solely in this Court's discretion as to whether it will do so.

[2] As affidavits and declarations are interchangeable under 28 U.S.C. § 1746, it is of no import that NuVasive submitted a declaration along with the reply brief in this case and the *Modis* defendant submitted an affidavit with his reply brief.

Vacate Arbitration Award (Doc. 353-4). If there were any unfair surprise, it was to Dave Hawley's Declaration, which was the first time Defendants claimed that Hawley did not actually receive Greg Soufleris' text messages in real time. Indeed, Defendants' counsel neither mentioned this argument during the November 16, 2021, telephone conference the Court conducted on this issue nor in discussions with NuVasive's counsel going back to November 8, 2021. (Dec. Cardwell, C., attached as **Exhibit A**). Indeed, their past silence on this issue is one reason that, during the meet and confer process leading up to its reply, NuVasive requested the ability "to file a motion for leave to file a reply in further support of its motion to vacate to address . . . Hawley's supporting declaration." (Doc. 361, p. 2).

4. Finally, Clayton's Declaration does not extend NuVasive's reply past the five-page limitation set by the Court.[3] Defendants cite no legal authority that supports this argument, and NuVasive's research has not uncovered any authority for this novel position.

In conclusion, given the timing of the filing of Defendants' motion to strike, it appears that this motion is Defendants' attempt at an end run around the Court's

[3] Paragraph 4 of the pending motion misrepresents the nature of Local Rule 3.01(d). The three-page limit referenced in that Rule is for motions seeking leave to file a reply. The actual replies must not exceed seven pages under Local Rule 3.01(d).

December 28, 2021, Order[4] that denied their request to file a sur-reply. (Doc. 367). The Court properly denied that motion and, respectfully, it should deny this one too.

Dated: January 6, 2022

Respectfully submitted,

*s/M. Thomas McFarland*

R. Craig Mayfield (Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esq. (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland, Esq. (*pro hac vice*)
tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Plaintiff, NuVasive, Inc.*

[4] While Local Rule 3.01(d) provides that leave of court is required to file a reply, this Court's Local Rules make no provision whatsoever for sur-replies.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Busch, Mills & Slomka, LLP

Bryan E. Busch
Email: bb@buschmills.com
Laura H. Mirmelli
Email: lm@ buschmills.com
6400 Powers Ferry Road, N.E., Suite 391
Atlanta, GA 30339

Christopher Y. Mills
Email: cm@ buschmills.com
319 Clematis Street, Suite 109
West Palm Beach, FL 33401

*Attorneys for Defendants*

Accel IP Law, PLLC

Stephen D. Milbrath
Email: smilbrath@acceliplaw.com
1137 Edgewater Drive
Orlando, FL 32804

*Attorney for Absolute Medical Systems, LLC and Absolute Medical, LLC*

*s/M. Thomas McFarland*