# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NUVASIVE, INC.,

           Plaintiff,

v.                                    Case No:   6:17-cv-2206-CEM-LHP

ABSOLUTE MEDICAL, LLC, GREG
SOUFLERIS, DAVE HAWLEY,
ABSOLUTE MEDICAL SYSTEMS,
LLC, RYAN MILLER and BRYAN E
BUSCH,

           Defendants

---

## ORDER

Before the Court are issues of quantification of Plaintiff Nuvasive, Inc.'s damages (Doc. Nos. 396–97), following the Court's November 22, 2023 Order finding Plaintiff entitled to default judgment on all claims against all Defendants as a sanction for Defendants' litigation misconduct, and finding Plaintiff entitled to fees and costs associated with the litigation of Defendants' spoliation of email domains and accounts, with such fees and costs to be imposed jointly and severally against Defendants and their counsel, Bryan E. Busch.   Doc. No. 395.   The lengthy and tortured history of this case has been laid out in detail by prior Orders of the

Court, with which the undersigned presumes the parties' familiarity, *see* Doc. Nos. 290, 331, 334, 371, 395, *see also* Doc. No. 383.   In sum, the Court has found Plaintiff entitled to default judgment on the claims raised in the second amended complaint (Doc. No. 188) as follows:

a. Counts I and II breach of contract against Absolute Medical, LLC ("AM");

b. Count III breach of contract against Absolute Medical Systems, LLC ("AMS");

c. Count IV breach of contract against Dave Hawley and Ryan Miller;

d. Count V conversion against Hawley and AMS;

e. Count VI statutory individual liability against Greg Soufleris;

f. Count VII piercing the corporate veil against Soufleris, AM, and AMS;[1]

g. Count VIII Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against all Defendants; and

h. Count IX tortious interference with business relationships against Soufleris.

*See* Doc. No. 395, at 27–28.

The Court ordered Plaintiff, on or before December 6, 2023, to file a brief as to damages related to the default judgment and an accounting of fees and costs

---

[1] Although the second amended complaint brings Count VII against Soufleris, Doc. No. 188, at 21, as the Court noted, "Count VII pertains to piercing the corporate veil as to Soufleris for the actions of AM and AMS."   *See* Doc. No. 395, at 3, 28.

associated with the litigation of the spoliation of email domains and accounts.   *Id.* at 28.   Plaintiff timely filed briefing on both counts, and before the Court are Plaintiff's Damages Memorandum (Doc. No. 396, "Damages Memorandum") and Accounting of Fees and Costs Associated with the Litigation of Defendants' Spoliation of Email Domains and Accounts (Doc. No. 397, "Spoliation Memorandum").   The Court has referred the issue of quantification to the undersigned for issuance of a report and recommendation.   Upon consideration, however, Plaintiff's requests for quantification (Doc. Nos. 396, 397) will be **DENIED without prejudice** to re-briefing, as more fully set forth below.

As an initial matter, although default has been entered against Defendants as to all claims, Doc. No. 395, Plaintiff still bears the burden of proving its damages. Indeed, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."   *Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan,* 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).   In this regard, the undersigned finds Plaintiff's briefing lacking in several respects.

Specifically, as it relates to the Damages Memorandum (Doc. No. 396), Plaintiff seeks four categories of relief, to include lost profits, constructive trust

damages, attorneys' fees and expenses, and prejudgment interest.   First, as to lost profits, Plaintiff contends, in a conclusory fashion, that its lost profits are recoverable on its contract claim against AM under Delaware law and points to an attached Declaration and Supplemented Report of Misty L. Decker.   Doc. No. 396, at 3–5; Doc. No. 396-1.   But besides stating that Ms. Decker used a "before-and-after" methodology to calculate lost profits, Plaintiff provides no explanation for her calculations and appears to be asking the Court to just rubber-stamp her analysis.   Doc. No. 396, at 5.   Plaintiff provides no legal authority supporting such an approach, however, even if Defendants are in default.   *See id.*[2]   Instead, the undersigned will require Plaintiff to explain, by citation to appropriate evidence and legal authority, why use of the "before-and-after" methodology was

---

[2] The undersigned has no quarrel with Plaintiff's contentions that the AM breach of contract claim is governed by Delaware law, and that lost profits are an appropriate contract damages remedy under Delaware law.   *See, e.g.*, *NuVasive, Inc. v. Day*, No. 19-CV-10800, 2022 WL 899244, at *10 (D. Mass. Mar. 28, 2022), *aff'd*, 77 F.4th 23 (1st Cir. 2023)). However, the case law Plaintiff cites in its briefing does not support the approach Plaintiff takes here, which appears to be asking the Court to accept the Decker report without inquiry.   Indeed, several of the cases cited do not even apply Delaware law, *see Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 93, 109 (2d Cir. 2007) (New York law), *Bonanza Rest. Co. v. Wink*, No. CIV.A. S10C-10018RFS, 2012 WL 1415512, at *3 (Del. Super. Ct. Apr. 17, 2012) (Texas law), *M & G Polymers USA, LLC v. Carestream Health, Inc.*, No. CIV.A.07C-11-242PLA, 2010 WL 1611042, at *28 (Del. Super. Ct. Apr. 21, 2010) (New York law), and the *NuVasive* case, 2022 WL 899244, addressed a different methodology and was decided following a contested evidentiary hearing after summary judgment.

appropriate, how Ms. Decker appropriately applied it, and legal authority supporting the Court's acceptance of Ms. Decker's analysis.[3]

Likewise, Plaintiff relies solely on the Decker report for calculation of lost profit damages as to the FDUTPA claim, as well as prejudgment interest and constructive trust damages, Doc. No. 396, at 7–10, 12–13, and thus, renewed briefing must address these categories of damages in the same fashion, as well.  Further, Plaintiff says that the recovery sought on several of the remaining claims are duplicative of the requests for lost profits on the AM breach of contract claim, and therefore, Plaintiff must provide an explicit recitation as to how the damages are to be apportioned among/between claims, and Plaintiff must explicitly state the amounts for which each Defendant is liable on each claim (individually or jointly and severally), with citation to the record and legal authority in support.

By its Damages Memorandum, Plaintiff also seeks an award of attorneys' fees related both to its breach of contract claim against AM and under FDUTPA.  Doc. No. 396, at 5–7, 15–16.  Although the Court entered default judgment on these claims, the Court has not determined Plaintiff's entitlement to fees under either legal basis, and thus, Plaintiff must establish both entitlement and quantification.

---

[3] Notably, the Court addressed a prior report from Ms. Decker on a contested *Daubert* motion and found the "before-and-after" methodology an appropriate measure for calculating lost profits.  Doc. No. 334.  Plaintiff does not mention this ruling in the Damages Memorandum, nor address any of the other considerations addressed by that Order.  *See* Doc. No. 396.

*See* Doc. No. 395.   The undersigned agrees with Plaintiff, in part, that the bifurcated procedure set forth in Local Rule 7.01 should not apply, such that entitlement and quantification may be addressed together.   *See* Doc. No. 396, at 2 n.1; *see also* Local Rule 1.01(b).   However, besides a brief reference to "Section 5.09(e) of the Sales Agreement [that] requires AM to reimburse NuVasive for the costs it incurs in seeking to remedy [contractual] violations," Doc. No. 396, at 6, Plaintiff does not adequately address its entitlement to a fee award under the contract, by citation to legal authority or otherwise.   Nor is it entirely clear from the Damages Memorandum what law Plaintiff is applying to the fee request on the AM contract claim (whether it be Delaware, Florida, or otherwise).   *See id.*

Moreover, as to quantification of the fee award, Plaintiff provides no basis for the Court to disregard the remaining provisions of Local Rule 7.01(c)(4) as to the information that should be included in the briefing, which is woefully lacking. Indeed, Plaintiff merely provides the total figure that it seeks to recover in fees ($1,488,309.00) and points the Court to several hundreds of pages of attachments, presumably asking the Court to wade through those documents to determine the reasonableness of the requested fee award.   *See* Doc. No. 396, at 6; Doc. Nos. 396-2, 396-3.[4]   But it is Plaintiff's burden, and not the Court's, to adequately brief its

---

[4] The undersigned recognizes that Plaintiff has attached to the Damages Memorandum Declarations from Christopher W. Cardwell, Esq. and R. Craig Mayfield, Esq. in support of quantification, which address many of the considerations the Court

damages.   *Cf. DownTown Sports, Inc. v. Legacy AH, LLC*, No. 1:08-CV-03842-JOF, 2011 WL 13168395, at *4 n.5 (N.D. Ga. Nov. 10, 2011) ("[I] is not the court's job to sift through hundreds of pages of documents to figure out the precise amount of hours spent on the claims eligible for reasonable attorney's fees.").   Thus, renewed briefing must address the considerations set forth in Local Rule 7.01(c)(4), to include legal authority supporting the hourly rates sought, including for both attorneys and paralegals.   The undersigned further notes that Plaintiff appears to seek to recover for work performed by several out-of-state attorneys who have not appeared in this case, by pro hac vice admission or otherwise.   *See* Doc. No. 396-2, at 9–10.   In renewed briefing, Plaintiff must address the propriety of same and provide legal authority in support.

Further, as it relates to Plaintiff's request for fees under FDUTPA, such request appears to be premature at this time.   *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 368 (Fla. 2013) ("[T]o recover attorney's fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, <u>including the</u>

---

addresses in performing a lodestar analysis.   Doc. Nos. 396-2, 396-3.   But, besides brief reference, the information set forth in the Declarations is not addressed in the briefing. Doc. No. 396.   At minimum, renewed briefing must include a discussion of the requirements of Local Rule 7.01(c)(4) with citations to the attached Declarations in support. The same holds true for the Spoliation Memorandum, and the attached Declaration of Mr. Cardwell in support.   Doc. Nos. 397, 397-1.

exhaustion of all appeals." (emphasis added)); *see also PRN Health Servs. LLC v. Nurses PRN of Fla., LLC*, No. 8:21-cv-02471-TPB-SPF, 2022 WL 4072064, at *11 (M.D. Fla. Aug. 16, 2022), *report and recommendation adopted*, 2022 WL 4017099 (M.D. Fla. Sept. 2, 2022) (denying without prejudice FDUTPA fee request in connection with default judgment, subject to renewal after the time to appeal has expired); *Citibank (S.Dakota) N.A. v. Nat'l Arb. Council, Inc.*, No. 3:04-cv-1076-J-32MCR, 2006 WL 2691528, at *7 (M.D. Fla. Sept. 19, 2006) (denying without prejudice a FDUPTA-based motion for fees and costs, subject to renewal after either the expiration of the time to appeal or the conclusion of an appeal).  Thus, a renewed motion must provide argument and citation to legal authority establishing that the FDUTPA fee claim is ripe for review.   *Cf. id.*

Because only the fees under the AM contract appear to be ripe for consideration, there are also concerns as to which Defendants would be liable for a fee judgment on the AM contract, as the breach of contract claim at issue is against AM alone.   However, Plaintiff's assertions throughout its briefing that various Defendants may be jointly and severally liable for such judgment are not sufficiently explained.   *See* Doc. No. 396.   Thus, renewed briefing must include a more robust explanation, with citation to the record and legal authority in support, regarding which of the Defendants would be liable for a fee award under the AM contract, and to what extent.

Next, expenses, which Plaintiff quantifies at $263,833.66, are wholly unsupported in the briefing and Plaintiff again merely points to evidence attached to the briefing in support.   Doc. No. 396, at 6.   But it is not entirely clear from the Damages Memorandum under what basis this request proceeds, whether it be solely under the AM contract, 28 U.S.C. § 1920, or otherwise.   *See id.*   Assuming the request for expenses proceeds under the AM contract, Plaintiff fails to address what jurisdiction's law applies or provide any legal authority in support.   *See id.* Nor will the Court sift through the several hundreds of pages attached to determine whether the expenses are recoverable, absent further explanation and citation to legal authority from Plaintiff.

The Spoliation Memorandum suffers from the same deficiencies otherwise identified herein with regard to attorneys' fees and expenses, including failure to provide any information for timekeepers, the requested hours, the hourly rates, and the like.   *See* Doc. No. 397.   And assuming that the fees regarding the FDUPTA claim are not yet ripe for resolution, *see supra*, the Spoliation Memorandum also does not sufficiently address whether the fees sought are truly duplicative of the fees sought with regard to the AM breach of contract claim, in that the Spoliation Memorandum relates to all Defendants and their counsel, and Plaintiff does not adequately address in the Damages Memorandum which Defendants could be held liable for fees under the AM contract.   *See* Doc. Nos. 396, 397.

Finally, upon consideration of the Damages Memorandum (Doc. No. 396) and the Spoliation Memorandum (Doc. No. 397), the undersigned questions whether allowing a response from Defendants and/or Mr. Busch is legally required. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[W]hen PAX finally did move for leave to file a memorandum in opposition to Gulf Coast's memorandum on damages, the district court denied PAX's motion even though no actual judgment had yet been entered.   Although PAX's motion was untimely, we believe that the district court's action flies in the face of the policy readily apparent in Rule 55(b)(2), of affording even a defaulted party the opportunity to contest the award of damages against it."); *U.S. ex rel. McBride v. Makar*, No. 8:12-cv-792-T-27MAP, 2014 WL 5307469, at *2 (M.D. Fla. Oct. 16, 2014) ("Rule 55(b)(2) affords 'even a defaulted party the opportunity to contest the award of damages against it . . . to insure that a nondefaulting party does not receive a windfall in damages simply because the defaulting party failed to contest liability.'" (quoting *Gulf Coast Fans, Inc.*, 740 F.2d at 1512)); *Cabrera v. Am. Diversified Servs. Corp.*, No. 6:10-cv-953-Orl-36DAB, 2013 WL 784640, at *3 (M.D. Fla. Feb. 8, 2013), *report and recommendation adopted*, 2013 WL 784634 (M.D. Fla. Mar. 1, 2013) ("[T]he effect of Judge Honeywell's entry of default for discovery misconduct forecloses Defendants from contesting liability for Plaintiffs' overtime claims.   However, it does not foreclose Defendants from contesting the damages amounts for those

claims."); *Mainsail Dev., LLC v. Rusco Invs., Inc.*, No. 8:11-cv-45-T-33AEP, 2012 WL 3562029, at *3 (M.D. Fla. Aug. 17, 2012) ("Although in default, a defendant is still entitled to contest the amount of damages before the Court enters a judgment by default." (citing *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 n.5 (11th Cir. 2007))); *see also Gebelein v. Four State Builders*, No. CIVIL ACTION 6187, 1982 WL 17829, at *2 (Del. Ch. Oct. 8, 1982) ("A default judgment . . . does not in and of itself settle the matter of relief available to a moving party.   Both F.R.C.P. Rule 55(b) and Chancery Court Rule 55(b) provide that the Court may, if it deems it necessary, hold a subsequent hearing to determine 'the amount of damages or to establish the truth of any averment by evidence . . .'   This is particularly appropriate where the defendant contests the amount of the claim . . . since a default does not concede the amount demanded.").   Accordingly, in renewed briefing, Plaintiffs shall address, with citation to applicable legal authority,[5] whether Defendants and/or Mr. Busch should be permitted to respond despite being subject to default judgment.   *See id.*

In sum, although default judgment has been entered against Defendants and Defendants are subject to sanctions pursuant to the Court's November 22, 2023 Order, Plaintiff still bears the burden of quantifying the damages and sanctions

---

[5] Such legal authority must go above and beyond that cited in Plaintiff's previously filed Response in Opposition to Defendants' Opposed Motion for Leave to File Response Briefs, Doc. No. 399, which does not address the precise proposition expressed by the case law cited herein.

awards.  *See* Doc. No. 395.   The instant filings are heavy on exhibits and light on analysis, which the undersigned deems insufficient to carry Plaintiff's burden. While, generally speaking, the Court would be acting within its discretion to simply deny any unsupported damages, given the November 22, 2023 Order, and the unique circumstances of this case, the undersigned finds it appropriate to allow re-briefing on these issues, in accordance with the requirements set forth in Local Rule 3.01(a), as well as Local Rule 7.01(c)(4)–(5).

Accordingly, for the reasons discussed herein, Plaintiff's requests for quantification of damages and fees pursuant to the Damages Memorandum (Doc. No. 396) and Spoliation Memorandum (Doc. No. 397) are **DENIED without prejudice**.   It is **ORDERED** that, within **twenty-one (21) days** of this Order, Plaintiff shall file a renewed Damages Memorandum and Spoliation Memorandum, in accordance with the Court's Order (Doc. No. 395).   The renewed Damages Memorandum shall not exceed **thirty (30) pages** in length and the renewed Spoliation Memorandum shall not exceed **twenty-five (25) pages** in length, and the filings shall address each of the issues outlined in this Order (along with any other issues Plaintiff deems relevant), by citation <u>in the briefing</u> to legal authority and the record in support, as well as by attachment of supporting evidence.   The renewed briefing shall stand on its own and shall include any exhibits that Plaintiff wishes the Court to consider; incorporation by reference of previously filed motions

and/or exhibits will not be permitted. Failure to support any category of requested damages by citation to applicable legal authority and evidence in support may result in a recommendation that the Court deny the particular request. Upon receipt of the renewed briefing, the undersigned will set the matter for further proceedings, as appropriate.

      **DONE** and **ORDERED** in Orlando, Florida on May 17, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties