## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC.,         ) | |
|                      ) | |
|      Plaintiff,       ) | |
|                      ) | |
|                      ) | |
| V.                      ) | Civil Action No. 6:17-CV-2206-CEM-LHP |
|                      ) | |
| ABSOLUTE MEDICAL, LLC, GREG   ) | |
| SOUFLERIS, DAVE HAWLEY,     ) | |
| ABSOLUTE MEDICAL SYSTEMS, LLC, ) | |
| RYAN MILLER, and BRYAN E BUSCH, ) | |
|                      ) | |
|      Defendants.     ) | |

## NUVASIVE, INC.'S RENEWED MEMORANDUM AND ACCOUNTING OF FEES AND COSTS ASSOCIATED WITH THE LITIGATION OF DEFENDANTS' SPOLIATION OF EMAIL DOMAINS AND ACCOUNTS

Through its counsel of record, and pursuant to this Court's November 22, 2023, Default Order (Doc. 395) and May 17, 2024, Order (Doc. 401), NuVasive, Inc. ("NuVasive") files this Renewed Memorandum and Accounting of Fees and Costs Associated With the Litigation of Defendants' Spoliation of Email Domains and Accounts (the "Renewed Spoliation Memorandum") stating:

## I.    INTRODUCTION

On November 22, 2023, this Court entered its Default Order holding, in relevant part, that NuVasive "is entitled to fees and costs associated with the litigation of Defendants' spoliation of the email domain and accounts." (Doc. 395

at 28).  The Court ordered NuVasive to file an accounting of those fees and costs on or before December 6, 2023.  (Id.)  This directive occurred after the Court previously held that Defendants intentionally spoliated ESI evidence (*see generally* Doc. 290), which holding the Default Order restated.  (Doc. 395 at 19–23). NuVasive filed its initial accounting on December 6, 2023. (Doc. 397).  And, on May 17, 2024, the Court denied NuVasive's request without prejudice and ordered NuVasive to file this Renewed Spoliation Memorandum specifically addressing the requirements of Local Rules 3.01 and 7.01(c).

As set forth in detail below, NuVasive incurred $177,311.37 in recoverable fees and expenses in litigating the issues of Defendants' spoliation.

## II.    <u>LOCAL RULE 7.01(c)(1) MEET AND CONFER EFFORTS</u>.

Following the May 17, 2024, Order, counsel for the parties exchanged information regarding the fees requested in this Renewed Spoliation Memorandum—as well as the fees requested separately in its Renewed Damages Memorandum—and exchanged myriad emails and participated in multiple telephone conferences regarding these matters.  As the Court previously determined NuVasive's entitlement to fees and costs addressed in this Renewed Spoliation Memorandum via the Default Order, the relevant discussions related to the reasonableness and appropriateness of the fees and costs requested by NuVasive.  In sum, after meeting and conferring, the parties agreed that the rates

charged by the timekeepers addressed in this Renewed Spoliation Memorandum
are reasonable.[1]

## III.  LOCAL RULE 7.01(c)(2) SPECIFIC UNRESOLVED ISSUES REGARDING FEES AND COSTS.

Although the parties were able to narrow the issues in dispute, namely the
reasonableness of rates, they were not able to agree as to the appropriateness of
each specific billing entry and/or charge subject to this Renewed Spoliation
Memorandum.  Accordingly, Defendants reserved the right to challenge specific
time entries and/or costs as not being associated with the litigation of the spoliation
issues in this litigation.

## IV.  MEMORANDUM OF LAW ON DISPUTED ISSUES.

### A. Legal Framework Governing Awards Of Attorney's Fees

It is black letter law that an applicant requesting an award of attorney's fees
and costs "bears the burden of establishing entitlement and documenting the
appropriate hours and hourly rates." *E.g.*, *Cardinale v. Vitamin Emporium, Inc.*,

---

[1] Pursuant to the Court's May 17, 2024, Order, NuVasive is contemporaneously
filing a Renewed Damages Memorandum which details the parties' agreement that
a total amount of fees and costs associated with NuVasive's assumption of
Absolute Medical's obligation to vigorously enforce is sales representative ICAs of
$1,300,000 is reasonable and appropriate if the Court determines that NuVasive is
entitled to such a recovery.  The fees and costs addressed in this Renewed
Spoliation Memorandum are encompassed by – not in addition to – that
$1,300,000 figure.  Accordingly, if the Court determines NuVasive is entitled to
recover the fees and costs subject to its Renewed Damages Memorandum and
NuVasive actually recovers them, recovery of the fees and costs subject to this
Renewed Spoliation Memorandum would result in an improper double recovery.

No. 6:21-cv-379-ACC-DAB, 2023 U.S. Dist. LEXIS 13567, at *2 (M.D. Fla. Jan. 25, 2023) (quoting *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."  *Id.* (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Id.* (citing *Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985)).  "The fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought."  *Merard v. Magic Burgers, LLC*, No. 6:19-cv-1864-PGB-LHP, 2022 U.S. Dist. LEXIS 118523, at *4–5 (M.D. Fla. Jul. 5, 2022).

In calculating what is a reasonable hourly rate under this lodestar method, the following factors are generally considered: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill required to perform the legal services; (iv) the preclusion of other employment by the attorney; (v) the customary fee in the community; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation, and ability of the attorney;

(x) the "undesirability" of the case; (xi) the nature and length of any professional relationship with the client; and (xii) awards in similar cases. *Cardinale*, 2023 U.S. Dist. LEXIS 13567, at *2–3 (citing *Norman*, 836 F.2d at 1298–1299). Additionally, this Court requires parties requesting attorney's fees and expenses to comply with the requirements of Local Rule 7.01.

## B. <u>LOCAL RULE 7.01(c)(4)(A)–(D) DISPUTED RATES OR HOURS</u>.

NuVasive states as follows with respect to the information set forth in Local Rule 7.01(c)(4)(A) –(D) and identifies the following timekeepers, their experience and qualifications, requested hours, tasks, and rates:

## <u>Christopher W. Cardwell, Esq.</u>

Mr. Cardwell served as lead counsel for NuVasive in this matter. (Decl. C. Cardwell, attached as **Exhibit 1**, ¶ 3). Mr. Cardwell is a member of Gullett, Sanford, Robinson & Martin, PLLC ("GSRM") located in Nashville, Tennessee where his practice focuses on complex commercial litigation. (**Id.** at ¶ 2). He graduated from Rhodes College in Memphis, Tennessee in 1994 and Washington University School of Law in St. Louis, Missouri in 1997. (**Id.**) He was licensed to practice law in Illinois, Missouri, and Tennessee in 1997, 1998, and 1999, respectively. (**Id.**) Mr. Cardwell is admitted to practice before multiple federal district courts and courts of appeals throughout the United States, and is admitted *pro hac vice* to practice before this Court in this litigation. (**Id.**) Mr. Cardwell has

served as one of NuVasive's primary outside litigators for the last fourteen years.
(**Id.** at ¶ 1).

　　As lead counsel Mr. Cardwell was, and is, responsible for overseeing all
aspects of this litigation.  (**Id.** at ¶ 3).  Specifically, with respect to this Renewed
Spoliation Memorandum, Mr. Cardwell was substantially, and directly involved
with the drafting of NuVasive's Motion and Memorandum for the Imposition of
Sanctions for Spoliation of Evidence (Doc. 203) (the "Original Motion"), the
Supplemental Memorandum in Support of Its Motion for Partial Summary
Judgment and Motion for Imposition of Sanctions (Doc. 246) (the "Supplemental
Memorandum"), and the Response to Defendants' Motion to Reconsider (the
"Response to Motion to Reconsider").  (**Id.**)  Additionally, Mr. Cardwell
represented NuVasive at the in-person evidentiary hearing conducted by the Court
on these issues and a telephonic hearing related to the Original motion.  (**Id.**)
Finally, Mr. Cardwell took the depositions of Defendants, Greg Soufleris and
Absolute Medical Systems, LLC ("AMS"), which led to the discovery of
Defendants' spoliation as well as reviewing copious documents produced by
Defendants and third parties in an effort to identify emails and accounts and to
remedy Defendants' spoliation.  (**Id.**)  The hours spent performing these tasks are
set forth in the chart below:

| Task | Hours | Value ($350/Hour) |
|---|---|---|
| Spoliation Briefs/Filings | 17.7 | $6,195.00 |
| Hearings/Court Appearances | 24.3 | $8,505.00 |
| Depositions | 17.4 | $6,090.00 |
| Discovery Enforcement | 8.3 | $2,905.00 |
| Reviewing Document Productions | 60.8 | $21,280.00 |
| **Total:** | **128.5** | **$44,975.00** |

(**Id.**)

The billing entries reflecting time incurred by Mr. Cardwell relevant to this Renewed Spoliation Memorandum are attached as Exhibit B to his Declaration. (**Id.** at Ex. B). Mr. Cardwell is identified as "CWC" on these records, which are maintained by GSRM via the billing software PerfectLawAIM (initially) and Centerbase (currently). (**Id.** at ¶¶ 12–13, 15). Mr. Cardwell requests a total of 128.5 hours, as reflected on the billing records, at a (substantially discounted) rate of $350/hour related to the litigation of these spoliation issues. (**Id.** at ¶ 15).[2]

**Mary Taylor Gallagher, Esq.**

Ms. Gallagher is a member of GSRM having graduated from the University of Georgia, *magna cum laude* in 1998, and the University of Tennessee College of Law, *cum laude*. (**Id.** at ¶ 7). Ms. Gallagher was admitted to practice in the State of Tennessee in 2001 and is a member of multiple federal district courts and courts of appeals. (**Id.**) Ms. Gallagher's practice focuses on complex commercial

---

[2] As noted in Mr. Cardwell's Declaration, all rates GSRM charged to NuVasive in this—and other—matters are "deeply discounted." (Decl. C. Cardwell, **Exhibit 1**, ¶ 17).

litigation and labor and employment law. (**Id.**)  She began working on matters for

NuVasive, often as first chair, in 2011, and has done so since. (**Id.**)    Ms.

Gallagher provided substantial assistance in the preparation of the Original Motion,

the Supplemental Memorandum, and the Response to the Motion to Reconsider as

well as assisted in reviewing the myriad document productions by Defendants and

non-parties related to Defendants' spoliation of relevant email accounts and text

messages. (**Id.**)  The hours spent performing these tasks are set forth in the chart

below:

| Task | Hours | Value ($325/Hour) |
|---|---|---|
| Spoliation Briefings/Filings | 21.8 | $7,085.00 |
| Reviewing Document Productions | 30.7 | $9,977.50 |
| **Total:** | **52.5** | **$17,062.50** |

(**Id.**)

Ms. Gallagher is identified as "MTG" on Exhibit B to Mr. Cardwell's

Declaration, which records reflect that she incurred a total of 52.5 hours

performing tasks relevant to the instant Memorandum at a rate of $325.00/hour.

(**Id.** at ¶ 15).  NuVasive requests 52.5 billable hours incurred by Ms. Gallagher.

## **M. Thomas McFarland, Esq.**

Mr. McFarland joined GSRM as a litigation associate in September 2015,

after completing a clerkship with the Honorable Thomas W. Brothers, Circuit

Court Judge for the 20th Judicial District, Davidson County, Tennessee. (**Id.** at ¶

5).  Mr. McFarland graduated from the University of Tennessee, *summa cum*

*laude*, in 2011 and Vanderbilt University Law School in 2014. (**Id.**) Mr. McFarland was licensed to practice law in the State of Tennessee in October 2014, is a member of multiple federal district courts and courts of appeals, and is admitted *pro hac vice* before this Court as second chair of this matter. (**Id.**) Mr. McFarland has worked on NuVasive matters since his joining GSRM and was promoted to member in January 2022. (**Id.**)

Mr. McFarland's assistance with respect to this Renewed Spoliation Memorandum was significant. (**Id.** at ¶ 6). Mr. McFarland was the primary drafter of all the subject briefs. (**Id.**) Additionally, Mr. McFarland was primarily responsible for subpoenaing myriad non-parties for documents to try and discover (and remedy) Defendants' spoliation as well as reviewing and analyzing thousands of documents produced by Defendants and non-parties. (**Id.**) Mr. McFarland served as second chair and a fact witness at the evidentiary hearing conducted on Defendants' spoliation and was responsible for the deposition of Defendant, Absolute Medical, LLC ("AM"). (**Id.**) The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($230/Hour) |
|---|---|---|
| Spoliation Briefs/Filings | 79.9 | $18,377.00 |
| Hearings/Court Appearances | 8.9 | $2,047.00 |
| Depositions | 34.2 | $7,866.00 |
| Discovery Enforcement | 48.9 | $11,247.00 |
| Reviewing Document Productions | 96.6 | $22,218.00 |
| **Total:** | **268.5** | **$61,755.00** |

(**Id.**)

Ms. McFarland is identified as "MTM" on Exhibit B to Mr. Cardwell's Declaration, which records reflect he incurred a total of 268.5 hours performing these spoliation related tasks at the rate of $230/hour.[3]  (**Id.** at ¶ 15).  NuVasive requests 268.5 billable hours incurred by Mr. McFarland.

**Flynne M. Dowdy, Esq.**

Ms. Dowdy was an associate at GSRM until July 2020.  (**Id.** at ¶ 9).  Ms. Dowdy graduated from Howard University, *cum laude*.  (**Id.**)  After graduating from the University of Miami School of Law in 2013, she became licensed in the State of Texas in 2014, and in the States of Florida and Tennessee in 2017.  (**Id.**) Prior to joining GSRM, Ms. Dowdy served as an Assistant District Attorney in the Harris County, Texas District Attorney's Office.  (**Id.**)

Ms. Dowdy's assistance on these spoliation matters was limited as she primarily performed research related to the Original Motion.  (**Id.**)  The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($230/Hour) |
|---|---|---|
| Research/Analysis Re: Original Motion | 7.8 | $1,794 |
| **Total:** | **7.8** | **$1,794.00** |

(**Id.**)  Ms. Dowdy is identified as "FMD" on Exhibit B to Mr. Cardwell's Declaration, which records reflect she incurred a total of 7.8 hours performing this

---

[3] All of Mr. McFarland's work relevant to this Renewed Spoliation Memorandum occurred prior to his election to GSRM's membership.

research at the rate of $230/hour.  (**Id.** at ¶ 15).  NuVasive requests 7.8 billable hours incurred by Ms. Dowdy.

**Hilary C. Dennen, Esq.**

Ms. Dennen is a litigation associate at GSRM who focuses on complex commercial litigation as well as trust and estate litigation.  (**Id.** at ¶ 8).  Ms. Dennen graduated from Vanderbilt University in 2013 and received her masters from Vanderbilt in 2014.  (**Id.**)  She became licensed to practice law in the State of Tennessee in 2017 after graduating from Belmont University College of Law. (**Id.**)  Ms. Dennen began working on NuVasive matters while clerking for GSRM in law school and was the primary associate on this case following Mr. McFarland's promotion to member.  (**Id.**)  The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($230/Hour) |
|---|---|---|
| Reviewing Document Productions | 1.3 | $299.00 |
| **Total:** | **1.3** | **$299.00** |

(**Id.**)

Ms. Dennen's assistance related to this Renewed Spoliation Memorandum was limited only to reviewing documents produced by Defendants to identify missing and/or spoliated documents.  (**Id.**)  Ms. Dennen is identified as "HCD" on Exhibit B to Mr. Cardwell's Declaration, which records reflect she incurred a total

of 1.3 hours performing this task at the rate of $230/hour.  (**Id.** at ¶ 15).  NuVasive requests 1.3 billable hours incurred by Ms. Dennen.

**William C. Scales, Esq.**

Mr. Scales is a litigation associate at GSRM.  (**Id.** at ¶ 10).  Mr. Scales graduated from Wake Forest University in 2004, after which he served in the United States Army.  (**Id.**)  He became licensed to practice law in the States of Iowa and Tennessee in 2011 and 2018, respectively.  (**Id.**)  Mr. Scales graduated from Drake University Law School in 2011, and previously worked as a partner at Whitfield & Eddy Law in Des Moines, Iowa.  (**Id.**)  Since 2011, Mr. Scales's practice has focused on complex civil litigation.  (**Id.**)  The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($230/Hour) |
|---|---|---|
| Reviewing Document Productions | 59.9 | $13,777.00 |
| **Total:** | **59.9** | **$13,777.00** |

(**Id.**)

Though he has first chair experience, Mr. Scales's assistance with respect to spoliation matters was confined to reviewing tens of thousands of documents produced by Defendants and third parties to identify spoliated materials for NuVasive's use in the various spoliation filings.  (**Id.**)  Mr. Scales is identified as "WCS" on Exhibit B to Mr. Cardwell's Declaration, which records reflect he

incurred a total of 59.9 hours performing this review at the rate of $230/hour. (**Id.** at ¶ 15). NuVasive requests 59.9 billable hours incurred by Mr. Scales.

## Tillie K. Noble

Ms. Noble is a paralegal at GSRM working exclusively on litigation matters. (**Id.** at ¶ 11). Ms. Noble graduated with her associate's degree in paralegal studies in 1996 and began working as a full-time litigation paralegal in 2000. (**Id.**) Ms. Noble joined GSRM in 2009, where she serves as Mr. Cardwell's and Mr. McFarland's primary paralegal. (**Id.**) Ms. Noble is the primary paralegal tasked with NuVasive matters, which represent a majority of her work. (**Id.**) Ms. Noble assisted with all facets of the Original Motion, the Supplemental Memorandum, the Response to Motion to Reconsider, and NuVasive's attempts to recover the spoliated evidence. (**Id.**) Her work included proofreading all associated filings, compiling exhibits, managing the voluminous productions of documents, and finalizing all relevant documents for service. (**Id.**) The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($150/Hour) |
|---|---|---|
| Spoliation Briefs/Filings | 19.8 | $2,970.00 |
| Hearings/Court Appearances | 8.2 | $1,230.00 |
| Depositions | 20.1 | $3,015.00 |
| Discovery Enforcement | 28.5 | $4,275.00 |
| Attend to Document Productions | 76.1 | $11,415.00 |
| **Total:** | **152.7** | **$22,905.00** |

(**Id.**)

Ms. Noble is identified as "TKN" on Exhibit B to Mr. Cardwell's Declaration, which records reflect she incurred a total of 152.7 hours performing these tasks at the rate of $150/hour. (**Id.** at ¶ 15). NuVasive requests 152.7 billable hours incurred by Ms. Noble.

## R. Craig Mayfield, Esq.

Mr. Mayfield is a partner with Bradley Arant Boult Cummings LLP ("Bradley") and serves as the managing partner for Bradley's Tampa office. (Decl. R. Mayfield, attached as **Exhibit 2**, ¶ 2). Mr. Mayfield graduated from the University of North Carolina at Chapel Hill in 1995 and Stetson University College of Law in 2000. (**Id.**) Mr. Mayfield has been licensed to practice law in the State of Florida since 2000. (**Id.**) Mr. Mayfield is also admitted to practice before this Court. (**Id.**) Mr. Mayfield's practice focuses, primarily, on complex litigation, including, but not limited to, product liability matters. (**Id.**) Mr. Mayfield has a longstanding relationship with NuVasive, and has representation in this matter is limited to providing oversight as local counsel and strategic advice. (**Id.**) The hours spent performing these tasks are set forth in the chart below:

| Task | Hours | Value ($360/Hour) |
|---|---|---|
| Spoliation Briefs/Filings | 0.5 | $180.00 |
| **Total:** | **0.5** | **$180.00** |

(**Id.**)

Mr. Mayfield's Declaration and accompanying records reflect he incurred a total of 0.5 hours performing this task at the rate of $360/hour.  (**Id.** at Ex. C, p. 2). NuVasive requests 0.5 billable hours incurred by Mr. Mayfield.

### Diana N. Evans, Esq.

Ms. Evans is a partner with Bradley where she focuses on litigation and labor and employment.  (**Id.** at ¶ 4). Ms. Evans graduated from the University of Florida in 2009 and from Stetson University College of Law in 2012.  (**Id.**)  Ms. Evans has been licensed to practice law in the State of Florida since 2012, and she joined Bradley in 2016.  (**Id.**)  Prior to joining Bradley, Ms. Evans clerked for the Florida Second District Court of Appeal, Judge Anthony Porcelli, and Judge James Moody, Jr.  (**Id.**)  Ms. Evans has been involved in this matter from its inception as local counsel and has provided substantive assistance to lead counsel in every aspect of the litigation.  (**Id.**)  The hours Ms. Evans incurred relevant to this Renewed Spoliation Memorandum are set forth in the chart below:

| Task | Hours | Value ($230-400/Hour) |
|---|---|---|
| Spoliation Briefs/Filings | 4.3 | $1,195.00 |
| Hearings/Court Appearances | 10.9 | $2,725.00 |
| **Total:** | **15.2** | **$3,920.00** |

(**Id.** at ¶ 9, Ex. C, pp. 1-2).  Mr. Mayfield's Declaration and accompanying records reflect Ms. Evans incurred a total of 15.2 hours performing this task at the rates of

$230-400/hour. (**Id.** at Ex. C, p. 1-2). NuVasive requests 15.2 billable hours incurred by Ms. Evans.

**Michelle Newman**

Michelle Newman was a litigation paralegal with Bradley from 2016 until 2021. (**Id.** at ¶ 6). During her time with Bradley, Ms. Newman served as Mr. Mayfield's and Ms. Evans's primary paralegal. (**Id.**) Ms. Newman's assistance in this litigation involved effectuating service, preparation and initial drafts of filings and other documents, and preparation of exhibits for filings and hearings. The hours Ms. Newman incurred relevant to this Renewed Spoliation are set forth in the chart below:

| Task | Hours | Value ($170-180/Hour) |
|---|---|---|
| Hearing Preparation | 12.0 | $1,421.00 |
| **Total:** | **12.0** | **$1,421.00** |

(**Id.** at ¶ 9, Ex. C, pp. 1-2). Mr. Mayfield's Declaration and accompanying records reflect Ms. Newman incurred a total of 12.0 hours performing this task at the rates of $170-180/hour. (**Id.** at Ex. C, p. 1-2). NuVasive requests 12.0 billable hours incurred by Ms. Newman.

## C. **LOCAL RULE 7.01(c)(4)(E) CERTIFICATION.**

Pursuant to Local Rule 7.01(c)(4)(E), undersigned lead counsel verifies that GSRM charges the rates requested herein, has reviewed each task and time entry, and has removed each charge for a task that is excessive, duplicative, clerical, or

otherwise unreasonable.  (Decl. C. Cardwell, **Exhibit 1**, ¶ 16).  GSRM performed

this work pursuant to a written fee agreement with NuVasive on an hourly basis,

using heavily discounted rates.  (**Id.** at ¶ 13).

### D. <u>LOCAL RULE 7.01(c)(4)(F)</u>.

NuVasive contends—and Defendants agree—that the attorney and staff rates

charged by GSRM and Bradley subject to this Renewed Spoliation Memorandum

are reasonable and representative of prevailing market rates.  Furthermore, Mr.

Cardwell's Declaration confirms, through anecdotal evidence and reviewing case

law, that he is aware of the prevailing market rates in Orlando, Florida, and that

GSRM's rates, which are substantially discounted, fall within the range which

courts in this District deem reasonable for lawyers (and paralegals) of similar skill

and experience.  (**Id.** at ¶¶ 16–17).  Mr. Cardwell's opinion is guided by the

*Norman* factors, each of which weigh strongly in favor of an award of fees in this

instance.  (**Id.** at ¶ 18).  Additionally, NuVasive and Defendants agree that the rates

charged by GSRM and Bradley are reasonable.  (**Id.** at ¶ 23).

NuVasive also notes that Courts in this District routinely deem rates well

over those requested herein for commercial litigation where breaches of contract

and requests for specific performance are alleged—as was the case here—

reasonable.  *See Centennial Bank v. Vazquez*, No. 6:20-cv-2237-ACC-EJK, 2021

U.S. Dist. LEXIS 198315, at *3–4 (M.D. Fla. Oct. 14, 2021) (holding rates of $505

for a partner and $345 for an associate as reasonable). Simply by way of comparison, Mr. Cardwell is a partner with GSRM with twenty-seven (27) years' experience and is requesting the same hourly rate deemed reasonable for the newly-elevated partner in *Centennial Bank* with just over six (6) years' experience. *See id.* at *4.

## E. <u>RECOVERY OF FEES FOR OUT-OF-STATE COUNSEL</u>

Lastly, the Court questioned NuVasive's ability to recover fees "for work performed for several out-of-state attorneys who have not appeared in this case, by pro hac vice admission or otherwise." (Doc. 401). However, Eleventh Circuit precedent permits the recovery of fees for work performed by attorneys, "regardless of whether the attorney performing the work is admitted to practice in the district or not." *See Zech v. Comm'r of Soc. Sec.*, 680 Fed. Appx. 858, 859 (11th Cir. 2017) (citing *Priestley v. Astrue*, 651 F.3d 410, 413 (4th Cir. 2013)). That said, NuVasive recognizes that district courts awarding such fees retain the discretion to treat the work of out-of-state attorneys "as that of: (1) non-attorneys providing support; or (2) work falling in the class of attorney work for which admission to the court might not be necessary." *Id.* at 860. This Court's decision in *Johnson v. Fedex Ground Package Sys.*, guides this analysis where it was determined that "researching, developing arguments against Plaintiff, drafting the motion for sanctions, drafting the declaration in accompaniment of the motion, and

revising the motion by adding additional arguments" was work that "falls into the

category of attorney work that does not require admission to the Middle District of

Florida." No. 5:19-cv-00196-JSM-PRL, 2020 U.S. Dist. LEXIS 258744, at *8

(M.D. Fla. Jun. 23, 2020). Respectfully, all of the work performed by the non-

admitted attorneys for which NuVasive seeks recovery (i.e., Ms. Dennen, Ms.

Dowdy, and Mr. Scales) is either at, or below the level that did not require

admission in *Johnson*.[4]

NuVasive recognizes that district courts in this circuit, including this Court,

exercise that discretion and reduce the rates of those attorneys who did not seek

*pro hac vice* admission to the prevailing paralegal hourly rate. *See, e.g.*, *Perez v.

Comm'r of Soc. Sec.*, No. 6:20-cv-1470-LHP, 2022 U.S. Dist. LEXIS 118691, at

*6 (M.D. Fla. May 11, 2022) (awarding non-admitted attorneys at the paralegal

rate of $125/hour in social security matter). NuVasive contends that the

appropriate prevailing paralegal hourly rate in this instance is $150/hour. *U.S. v.

Tran*, No. 5:15-cv-60-Oc-CEMPRL, 2020 U.S. Dist. LEXIS 231051, at *10–11

(M.D. Fla. Oct. 5, 2020) ("[I]n similar circumstances, this court has ruled that a

prevailing paralegal rate of $150/hour should apply to out-of-state counsel who

failed to move for *pro hac vice* admission.") (citing *Rabco Corp. v. Steele Plaza,*

---

[4] Additionally, NuVasive notes the largest subset of this requested work relates to
document review that necessarily had to be completed on a "all hands on deck,"
expedient basis. (Decl. C. Cardwell, **Exhibit 1**, ¶ 3, n.1).

*LLC*, No. 6:16-cv-1858-Orl-40-LRH, 2019 U.S. Dist. LEXIS 180617 (M.D. Fla.
Jul. 29, 2019)).

However, NuVasive would submit that such a reduction is not necessary in
this instance in light of the already heavily discounted reduced rates charged by all
GSRM counsel, including the out-of-state attorneys.  (Decl. C. Cardwell, **Exhibit
1**,  ¶ 13).  Further, the requested rate for the out-of-state attorneys (i.e., $230/hour)
is at, or below, rates awarded in similar circumstances for out-of-state counsel who
did not seek *pro hac vic* admission.  *See Johnson*, 2020 U.S. Dist. LEXIS 258744,
at *8 (awarding out-of-state associate the rate of $229/hour); *Hamprecht v.
Hamprecht*, No. 2:12-cv-125-FtM-29DNF, 2013 U.S. Dist. LEXIS 35279, at *8–9
(M.D. Fla. Mar. 14, 2013) (awarding out-of-state associate the reduced rate of
$250/hour).

In sum, the fees requested herein by NuVasive for work performed by out-
of-state GSRM counsel Ms. Dennen, Ms. Dowdy, and Mr. Scales is recoverable
under the precedent and guidance of courts of this Circuit.

### F. <u>COSTS PURSUANT TO THE DEFAULT ORDER AND RULE 7.01</u>.

In addition to the reasonable attorney's fees requested herein, NuVasive also
requests a total of $8,603.87 in expenses related to litigating Defendants' spoliation
of text messages and email domains and accounts.  (Decl. C. Cardwell, **Exhibit 1**,
¶¶ 19–21; Decl. R. Mayfield, **Exhibit 2**, ¶ 10).  Of those expenses GSRM incurred

$7,406.37 and Bradley incurred $1,197.50.  (Decl. C. Cardwell, **Exhibit 1**, ¶¶ 19–21; Decl. R. Mayfield, **Exhibit 2**, ¶ 10).  Both GSRM and Bradley have provided itemized lists of those expenses incurred with sufficient description to allow the Court (and Defendants) to determine that those expenses relate to the litigation of Defendants' spoliation.  (Decl. C. Cardwell, **Exhibit 1**, Ex. C; Decl. R. Mayfield, **Exhibit 2**, Ex. D, p. 2)  Furthermore, Mr. Cardwell and Mr. Mayfield verify that these expenses relate to NuVasive's litigation of Defendants' spoliation.  (Decl. C. Cardwell, **Exhibit 1**, ¶¶ 19–20; Decl. R. Mayfield, **Exhibit 2**, ¶ 10).  Finally, Defendants agree that the expenses requested herein are reasonable while retaining the ability to contest their appropriateness.  (Decl. C. Cardwell, **Exhibit 1**, ¶ 23).

## V.    <u>CONCLUSION</u>

For those all the reasons set forth herein and in NuVasive's supporting materials, NuVasive respectfully requests this Court grant this Renewed Spoliation Memorandum in its entirety.

Dated: June 7, 2024                        Respectfully submitted,


                                           **s/ _M. Thomas McFarland_**
                                           R. Craig Mayfield (Fla. Bar No. 0429643)
                                           Cmayfield@bradley.com
                                           Diana N. Evans (Fla. Bar No. 98945)
                                           Dnevans@bradley.com
                                           Bradley Arant Boult Cummings LLP
                                           100 North Tampa Street, Suite 2200
                                           Tampa, Florida 33602
                                           Tel: (813) 559-5500
                                           Fax: (813) 229-5946

                                           Christopher W. Cardwell, Esq.
                                           ccardwell@gsrm.com
                                           Mary Taylor Gallagher, Esq.
                                           mtgallagher@gsrm.com
                                           M. Thomas McFarland, Esq.
                                           tmcfarland@gsrm.com
                                           GULLETT, SANFORD, ROBINSON &
                                           MARTIN, PLLC
                                           150 Third Avenue South, Suite 1700
                                           Nashville, TN 37201
                                           Tel: (615) 244-4994
                                           Fax: (615) 256-6339

                                           *Attorneys for NuVasive, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Busch, Mills & Slomka, LLP

Bryan E. Busch
Email: bb@buschmills.com
3000 Heritage Walk, Suite 304
Milton, GA 30004

Law Offices of Christopher Y. Mills

Christopher Y. Mills
Email: cmills@mills.legal
701 S. Olive Ave, Suite 105
West Palm Beach, FL 33401

*Attorneys for Defendants*

<u>s/ *M. Thomas McFarland*          </u>