UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 6:17-cv-2206-CEM-LHP ) |
| ABSOLUTE MEDICAL, LLC, ABSOLUTE MEDICAL SYSTEMS, LLC, GREG SOUFLERIS, DAVE HAWLEY, RYAN MILLER, BRYAN E. BUSCH | ) ) ) ) ) ) |
|     Defendants. | ) ) |

### NUVASIVE, INC.'S *MOTION IN LIMINE* TO EXCLUDE DEFENDANTS' EXHIBITS AT DAMAGES HEARING

By and through its counsel of record, Plaintiff, NuVasive, Inc., files this *Motion in Limine* to exclude two exhibits that Defendants, Absolute Medical, LLC, Absolute Medical Systems, LLC, and Greg Soufleris[1] intend to introduce at the damages hearing scheduled on Wednesday, October 23, 2024, at 9:30 a.m. (the "Damages Hearing"). (ECF No. 412). Specifically, NuVasive asserts that the Declaration of Paul Sawin, M.D. dated February 1, 2020 and Arbitration Testimony of Paul Sawin, M.D. taken December 17, 2020 are inadmissible hearsay and must

---

[1] Dave Hawley and Ryan Miller were dismissed as Defendants on August 12, 2024. (ECF No. 410).

1

4884-5679-2817, v. 2

be excluded. (ECF No. 407-1-2). Furthermore, both of these proffered exhibits are in contravention of this Court's September 23, 2024, Order Setting Evidentiary Hearing and Reply Briefing (the "Order") (ECF No. 412). In support of its Motion, NuVasive states as follows:

1. In their exhibit list, Defendants identified the Declaration of Paul Sawin, M.D. dated February 1, 2020, as an exhibit they expect to introduce at the Damages Hearing. (ECF No. 417, the "Sawin Declaration"). Defendants further identified the Arbitration Testimony of Paul Sawin, M.D. taken December 17, 2020, as an exhibit they expect to introduce at the Damages Hearing. (Id., the "Arbitration Testimony"). Importantly, however, Defendants did not identify Dr. Paul Sawin as a witness to be called at the hearing. (Id.)

2. Neither the Sawin Declaration nor the Arbitration Testimony are admissible for purposes of contradicting NuVasive's damages, as both exhibits constitute inadmissible hearsay. The Sawin Declaration and the Arbitration Testimony are out of court statements that Defendants clearly intend to use to prove the truth of the matters asserted therein. *U.S. v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("Hearsay is a statement, other than one made by a declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted.")

4884-5679-2817, v. 2

(citing Fed. R. Evid. 801(c)). Defendants should be precluded from introducing such hearsay evidence at the Damages Hearing.[2]

### A. The Sawin Declaration Is Inadmissible Hearsay.

3.  It is irrefutable the Sawin Declaration is an out of court statement that Defendants intend to offer for the truth of its uncorroborated assertions. (ECF No. 407-1). Through this declaration, Defendants are likely to argue, among other things, that Dr. Sawin's decision to curtail his use of NuVasive products is attributable to his independent medical judgment and that he was never influenced by Soufleris or Hawley in his decisions. (Id.)

4.  Setting aside Defendants' persistent attempts to shoehorn causation arguments into the Court's damages analysis, the fact remains that Sawin made this Declaration out of Court nearly five years ago. (Id.) In this litigation, Dr. Sawin did not testify and was never subjected to cross examination as to the statements in the Sawin Declaration. Fed. R. Evid. 801(d)(1). Per Defendants' witness list, Dr. Sawin will not be called to testify at the Damages Hearing and, again, neither he nor his Declaration will be subject to cross examination. (Id.) The Sawin Declaration is,

---

[2] This Court "has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion." *Lincare Holdings Inc. v. Doxo, Inc.*, No. 8:22-cv-2349-VMC-AEP, 2024 U.S. Dist. LEXIS 34899, at *5 (M.D. Fla. Feb. 29, 2024) (citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). Even if the Court deems the Sawin Declaration and Arbitration Testimony are not inadmissible hearsay, Federal Rule of Evidence 403 authorizes this Court to exclude evidence when the danger of unfair prejudice substantially outweighs the evidence's probative value. Fed. R. Evid. 403.

therefore, hearsay, and Federal Rule of Evidence 803 provides no exception for its admission at the Damages Hearing.

5. District Courts, including this Court, have consistently precluded litigants from relying upon declarations containing hearsay to assess damages, including where damages are assessed after a default judgment.[3] In *Anderson*, this Court "set an evidentiary hearing to hear live testimony and give the [defendants] their opportunity to contest damages." *Anderson*, 2021 U.S. Dist. LEXIS 187787, *2 n.3. The *Anderson* Court explained that the defendants' "declarations were not sufficient" testimony as to damages and were not considered "because they are hearsay." *Id*.

6. The same is the case here, as the Court's September 23, 2024 Order directed the "parties, counsel, and all witnesses (lay or expert)" intending to provide testimony to "appear at the hearing **in person**." (ECF No. 412, ¶2) (emphasis in original). Following *Anderson* and similar decisions, the Sawin Declaration is

---

[3] *Pump It Up Holdings LLC v. Anderson*, No. 6:19-CV-1252-GAP-DCI, 2021 U.S. Dist. LEXIS 187787, *2 n.3 (M.D. Fla. Apr. 8, 2021) (declining to consider declarations containing hearsay in assessing damages on default judgment); *Fischler Kapel Holdings, LLC v. Flavor Producers, LLC*, No. 2:19-cv-10309-FWS-GJS, 2023 U.S. Dist. LEXIS 229177, at *22-23 (C.D. Cal. Oct. 3, 2023) (granting motion in limine and excluding declarations as trial evidence because no hearsay exception applied); *Fit Wellness, LLC v. Wellness 4 Humanity, Inc.*, No. 1:21-CV-2731-SEG, 2022 U.S. Dist. LEXIS 236817, at *24 (N.D. Ga. Nov. 23, 2022) (holding "the Court cannot base a damages award on hearsay statements"); *Patterson v. Walden*, No. CIV.A. 13-0109-WS-B, 2014 U.S. Dist. LEXIS 27808, at *17 (S.D. Ala. Mar. 3, 2014) (declining to rely on hearsay evidence in plaintiff's declaration to assess damages); *Travelpro Int'l, Inc. v. Luggage Express, Inc.*, No. 6:09-CV-2121-ORL-35-DAB, 2022 U.S. Dist. LEXIS 236817, at *2 (M.D. Fla. Dec. 17, 2010) (declining to use hearsay evidence to calculate damages after default judgment).

"hearsay and thus not a 'foundational fact' on which the" Court should rely to ascertain NuVasive's damages. *U.S. v. Gaynor*, No. 2:21-cv-382-JES-KCD, 2024 U.S. Dist. LEXIS 22913, at *15 (M.D. Fla. Feb. 9, 2024). Therefore, the Court should grant NuVasive's Motion and preclude Defendants from introducing the Sawin Declaration as evidence at the Damages Hearing.

**B. Sawin's Arbitration Testimony Is Inadmissible Hearsay.**

7.  The Arbitration Testimony is likewise inadmissible as evidence at the Damages Hearing because Dr. Sawin made these statements out of court and Defendants intend to rely on this testimony for the truth of the matters asserted therein, i.e. Dr. Sawin's decision making around which products he utilizes in spinal surgery. "As a general matter," testimony elicited during an arbitration proceeding "is hearsay" under Federal Rule of Evidence 801(c). *Amobi v. Brown*, 317 F. Supp. 3d 29, 38 (D.D.C. 2018).[4] Thus, this Court may exclude the Arbitration Testimony from the Damages Hearing as another textbook example of inadmissible hearsay.

8.  Alternatively, this Court may preclude the Arbitration Testimony because it was offered in arbitration proceedings that are governed by the less stringent rules of the American Arbitration Association – not the Federal Rules of Evidence and Civil Procedure. District Courts appreciate the distinctions between

---

[4] *See also In re Bracket Holding Corp. Litig.*, No. N15C-02-233 WCC CCLD, 2019 Del. Super. LEXIS 200, at *13 (Del. Super. Ct. Apr. 11, 2019) (finding an "arbitration decision is generally not admissible" and precluding references to it during trial).

4884-5679-2817, v. 2

testimony offered in court proceedings versus that which is offered in an arbitration, and they have denied attempts to enter arbitration testimony into the record based on those distinctions.[5]  In fact, the United States Supreme Court observed in *Alexander v. Gardner-Denver Co.*, that:

> The factfinding process in arbitration usually is not equivalent to judicial factfinding. The record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable.

415 U.S. 36, 57 (1974).  Because the Arbitration Testimony was elicited outside of the Federal Rules of Evidence and Civil Procedure, it is "not equivalent" to testimony that Dr. Sawin could have provided in this action and, therefore, it is not a reliable source of factual information concerning NuVasive's damages.

9. Additionally, the testimony that Dr. Sawin gave in the arbitration addressed issues that are wholly different from the issues relevant to the Damages Hearing – namely, the amount of NuVasive's damages.  Indeed, the only claim at issue in the arbitration was whether Absolute Medical, LLC breached its agreement

---

[5] *Rivera v. Palm Beach Cty.*, No. 19-CV-81111-Rosenberg/Reinhart, 2021 U.S. Dist. LEXIS 51376, at *24 (S.D. Fla. Mar. 15, 2021) (excluding arbitrator's report and arbitration transcript from consideration at summary judgment because they were "inadmissible hearsay and thus cannot be relied upon to establish undisputed material facts."); *Moore v. Safeco Ins. Co.*, No. 3:16-CV-696-CHL, 2018 U.S. Dist. LEXIS 93980, at *9 (W.D. Ky. June 5, 2018) (noting "the differences between arbitration and a civil suit generally"); *see also Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-820 (JRT/HB), 2017 U.S. Dist. LEXIS 155980, at *14 (D. Minn. Sep. 25, 2017) (excluding legal testimony describing the contents of expert reports submitted in arbitration, but not trial as "impermissible hearsay.").

with NuVasive, and that is the issue the parties' counsel questioned Dr. Sawin about in the arbitration. (ECF No. 407-2). During the arbitration, NuVasive's counsel did not cross examine Dr. Sawin about NuVasive's damages because Dr. Sawin is not a damages expert and Defendants did not place damages at issue during Dr. Sawin's direct examination. (Id.) In other words, the Arbitration Testimony contains no statements of fact relevant to NuVasive's damages following this Court's entry of default judgment against Defendants as to all nine counts. (Id.) Although Dr. Sawin provided testimony in the arbitration, NuVasive did not have "an opportunity and similar motive" to develop Dr. Sawin's testimony as to NuVasive's damages.

10. Furthermore, Defendants do not, and cannot, establish that Dr. Sawin is unavailable, which is, of course, required if a party seeks to avail itself to the hearsay exceptions under Federal Rule of Evidence 804. *See U.S. v. King*, 713 F.2d 627, 630 (11th Cir. 1983) ("Rule 804 establishes a two-step inquiry. First, a witness must be 'unavailable' as that term is defined in section 804(a) . . . Second, the testimony of the unavailable witness must fall within one of the categories of admissible evidence enumerated in section 804(b)."). The burden of establishing Dr. Sawin's unavailability rests with Defendants. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022). Defendants do not even attempt to carry that burden. As a result, Defendants cannot turn to Federal Rule of Evidence 804(b) as a pathway to entering the Arbitration Testimony at the Damages Hearing.

7

11. Courts have excluded such irrelevant arbitration testimony from consideration in legal proceedings where, as here, the party proffering such evidence "fail[s] to establish its relevance with respect to the elements of the current claims[.]" *Amobi*, 317 F. Supp. 3d 29, 38. As with the Sawin Declaration, Defendants' primary purpose for introducing the Arbitration Testimony is to further contest causation, which this Court decided in NuVasive's favor. (ECF No. 395). Understanding that Dr. Sawin's testimony does not broach the issue of NuVasive's damages, it would be improper to allow Defendants to introduce his Arbitration Testimony for the truth of the matters asserted – which pertain only to Absolute Medical, LLC's breaches. Therefore, this Court should grant NuVasive's Motion and exclude the Arbitration Testimony as evidence to be heard at the Damages Hearing.

**C. Federal Rule of Evidence 807 Does Not Provide A Residual Hearsay Exception For The Sawin Declaration or Arbitration Testimony.**

12. Finally, the residual hearsay exception under Federal Rule of Evidence 807 does not apply to save the Sawin Declaration or Arbitration Testimony from exclusion. Neither of these out of court statements are supported by guarantees of trustworthiness because nothing in the record has corroborated Dr. Sawin's accounts or Defendants' attempts to contort Dr. Sawin's statements to their benefit. Fed. R. Evid. 807(a)(1). As noted, Dr. Sawin's Arbitration Testimony does not bear the question of NuVasive's damages, and NuVasive had no opportunity or motive to cross examine him on that issue during the arbitration. Consequently, the Arbitration

8

Testimony is not the most probative evidence for the Court to consider in its damages assessment. Fed. R. Evid. 807(a)(1). Moreover, Defendants could have called Dr. Sawin to testify at the Damages Hearing (as the Court ordered, ECF No. 412, ¶2), which would have provided the Court with direct testimony more probative than anything included in the Sawin Declaration or Arbitration Testimony. (Id.) Defendants will call three surgeons involved in this case. Tellingly, Defendants left out Dr. Sawin – perhaps their most probative surgeon-witness.

13. By substituting the Sawin Declaration and Arbitration Testimony for live testimony, Defendants are attempting to protect Dr. Sawin from cross examination and distract the Court with hearsay statements that are not admissible to prove or disprove NuVasive's damages. Sister Courts have rejected similar attempts to replace live testimony with written statements under Federal Rule of Evidence 807, where the author reasonably could have been called to testify. *Fischler Kapel Holdings*, No. 2:19-cv-10309-FWS-GJS, 2023 U.S. Dist. LEXIS 229177, at *22-23 (C.D. Cal. Oct. 3, 2023) (excluding declarations as trial evidence and finding the plaintiffs failed to show under Rule 807 why they "could not have obtained other evidence—such as live testimony—through reasonable efforts.").

14. "'Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances,' and it 'appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of

9

probativeness and necessity are present.'" *Rivers v. U.S.*, 777 F.3d 1306, 1312 (11th Cir. 2015) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1279 (11th Cir. 2009)). The Sawin Declaration and Arbitration Testimony present no convincing case for admitting these hearsay statements into evidence at the Damages Hearing under Federal Rule of Evidence 807 or otherwise.

### D. Conclusion.

15. Respectfully, none of the hearsay statements in the Sawin Declaration and the Arbitration Testimony are admissible under the law of this jurisdiction or the Federal Rules of Evidence. Accordingly, the Court should grant NuVasive's Motion and preclude Defendants from offering Exhibits 2 and 3 (ECF No. 407-1-2) into evidence at the Damages Hearing.

4884-5679-2817, v. 2

Dated: October 22, 2024        Respectfully submitted,

**/s/ *Christopher W. Cardwell***
R. Craig Mayfield (Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq. (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esq. (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland, Esq. (*pro hac vice*)
tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Plaintiff, NuVasive, Inc.*

4884-5679-2817, v. 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-cv-2206-CEM-LHP |
| | ) |
| ABSOLUTE MEDICAL, LLC, | ) |
| ABSOLUTE MEDICAL SYSTEMS, | ) |
| LLC, GREG SOUFLERIS, DAVE | ) |
| HAWLEY, RYAN MILLER, | ) |
| BRYAN E. BUSCH | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned counsel of record for Plaintiff, NuVasive, Inc.("NuVasive"), certifies pursuant to Local Rule 3.01(g)(2) that he has conferred in good faith with counsel for Defendants Absolute Medical, LLC, Absolute Medical Systems, LLC, Greg Soufleris, and Bryan E. Busch ("Defendants") about NuVasive's Motion in Limine to Exclude Defendants' Exhibits at Damages Hearing (the "Motion"). On October 22, 2024, NuVasive's counsel conferred with Defendants' counsel by telephone in a good faith attempt to remedy NuVasive's objections to Defendants' reliance on two exhibits at the damages hearing scheduled on Wednesday, October 23, 2024, at 9:30 a.m. (ECF No. 412). NuVasive's counsel explained the bases for its objections, as stated in the Motion, and Defendants' counsel explained the bases

12

of Defendants' opposition to the Motion. The parties did not resolve the issues addressed in NuVasive's Motion. Defendants' counsel stated that Defendants oppose the Motion.

Dated: October 22, 2024            Respectfully submitted,

*s/ Christopher W. Cardwell*
R. Craig Mayfield (Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946


Christopher W. Cardwell, Esq. (*pro hac vice*)
ccardwell@gsrm.com
Mary Taylor Gallagher, Esq. (*pro hac vice*)
mtgallagher@gsrm.com
M. Thomas McFarland, Esq. (*pro hac vice*)
tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for Plaintiff, NuVasive, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

| | |
|---|---|
| Busch, Mills & Slomka, LLP | Dellecker Wilson King McKenna Fuffier & SOS, LLP |
| Bryan E. Busch<br>Email: bb@buschmills.com<br>Laura H. Mirmelli<br>Email: lm@ buschmills.com<br>6400 Powers Ferry Road, N.E., Suite 391<br>Atlanta, GA 30339 | Kenneth J. McKenna<br>Email:  KJMeservice@dwklaw.com<br>719 Vassar Street<br>Orlando, Florida 32804 |
| | *Attorney for Greg Soufleris, Absolute Medical Systems, LLC and Absolute Medical, LLC* |
| Christopher Y. Mills<br>Email: cm@ buschmills.com<br>319 Clematis Street, Suite 109<br>West Palm Beach, FL 33401 | |
| *Attorneys for Defendants* | |

                                                          **/s/ *Christopher W. Cardwell***

4884-5679-2817, v. 2