# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NUVASIVE, INC.,**

      **Plaintiff,**　　　　　　　　　　**Case No.: 6:17-cv-2206-CEM-LHP**

**v.**

**ABSOLUTE MEDICAL, LLC, GREG SOUFLERIS, ABSOLUTE MEDICAL SYSTEMS, LLC,**

      **Defendants.**

_____/

## DEFENDANTS' OBJECTION TO THE MAGISTRATE'S ORDER AND REPORT AND RECOMMEDNATION (DE 432)

Pursuant to Rule 72(b), Fed. R. Civ. P. and 11th Cir. R. 3-1, Defendants, Absolute Medical, LLC, Absolute Medical Systems, LLC, and Gregory Soufleris, by and through their undersigned attorney, hereby object to the Magistrate Judge's Order and Report and Recommendation (DE 432) filed on January 17, 2025, and state as follows:

### I.　　LEGAL STANDARD

A district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Rule 72(b)(3), Fed. R. Civ. P.

II.  ARGUMENT

    a.  **Dr. Sawin was Unavailable for the Evidentiary Hearing**

The afternoon before the hearing, Plaintiff belatedly moved *in limine* to exclude Dr. Sawin's declaration and arbitration testimony despite their expert's reliance on and discussion of Dr. Sawin's testimony in her various reports. (DE 421).

Defendants sufficiently met their burden to demonstrate Dr. Sawin's unavailability via their counsel's statements to the court. Federal law allows attorneys, as officers of the court, to establish unavailability. *See, e.g.*, *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022) (citing *Castilleja v. S. Pac. Co.*, 445 F.2d 183, 186 (5th Cir. 1971).[1]

There is no meaningful distinction between counsel's representations of unavailability in this case and the representations made in *Amobi v. Brown*, 317 F. Supp. 3d 29 (D.D.C. 2018).  The Magistrate's ruling erroneously distinguishes *Amobi*. (DE 432, p. 30 n.21) (noting, "Defendants rely on *Amobi v. Brown*, 317 F. Supp. 3d 29 (D.D.C. 2018), however in that case, the plaintiffs provided evidence of their attempts to procure the witness's testimony – counsel served the witness

---

[1] *Castilleja* explains, "testimony from a former trial should be considered as the equivalent of a deposition taken under Rule 26(d), F.R.Civ.P., in determining admissibility . . . . [and] [i]t is customary in federal courts to accept statements of parties or counsel as to unavailability of witnesses as a predicate to the use of depositions taken under Rule 26, F.R.Civ.P." 445 F.2d at 186.

with a subpoena, spoke telephonically with family members who indicated that the witness would not come to testify, and made other phone calls that went unanswered. No such evidence exists here.").

In *Amobi*, plaintiff's counsel established the unavailability of the witness through counsel's representations to the court, not other corroborating evidence. *Id.* at 39 ("Given the representations of Plaintiffs' counsel as an officer of the court, this Court has no reason to believe Nguyen is not an unavailable witness under Rule 804(a)(5)."). Like *Amobi*, Defendants' counsel's statements reveal that counsel made reasonable efforts to procure Dr. Sawin's appearance.

Undersigned counsel called and spoke to Dr. Sawin after he learned of Nuvasive's objection to the use of his prior testimony and declaration. Dr. Sawin advised that he did not feel physically capable of appearing at the evidentiary hearing because of a recent knee surgery and his current use of a walker. (Transcript of Evidentiary Hearing, October 23, 2025, pp. 17-18, 222-23). Counsel's representations to the Court were specific and candid and demonstrate not only that counsel spoke to Dr. Sawin shortly before the evidentiary hearing but that the surgery occurred close in time to the hearing. Defendants' counsel, as an officer of the court, represented that he could not get Dr. Sawin to attend the hearing. This is sufficiently detailed to establish unavailability.

To the extent the Magistrate's ruling on unavailability turns on the absence of a subpoena, the issuance of a subpoena is not per se required to establish unavailability. "The proponent must show that she exercised effort through process *or reasonable means* to attempt to locate the declarant and persuade him to come testify." *Carrizosa*, 47 F.4th at 1309 (emphasis added).

Here, Defendants' counsel specifically testified that he personally spoke to Dr. Sawin and could not procure his appearance. This is not the same situation as *United States v. Acosta*, wherein counsel "offered no evidence that he had requested the witness to testify or that she had refused to do so." 769 F.2d 721, 723 (11th Cir. 1985).

Under Federal Rule of Civil Procedure 804(a), for the purpose of the evidentiary hearing, Dr. Sawin was unavailable. As such, his declaration and arbitration testimony should be admitted and considered in their entirety.

### b. Plaintiff's Reference to Dr. Sawin's Arbitration Testimony and Declaration Should Have Waived its Motion in Limine

Plaintiff, in its direct examination of expert, Misty Decker, CPA, voluntarily injected the issue of Dr. Sawin's arbitration testimony and declaration as evidence in the case. *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-CV-01150-JAR-MCR, 2024 WL 3859800, at *3 (M.D. Fla. Mar. 13, 2024) ("As always, motions in limine may be revisited during the trial, and if Plaintiffs open the door to such evidence through their own litigation decisions, the court may reevaluate this decision.");

*Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 20-CV-22791, 2021 WL 3432912, at *2 (S.D. Fla. Aug. 5, 2021) ("the Court can certainly envision a scenario where Plaintiff opens the door").

Plaintiff moved *in limine* to exclude the evidence as hearsay but then voluntarily placed the evidence it sought to exclude at issue in its case in chief. Through Decker's testimony, Plaintiff opened the door to the admission of Dr. Sawin's testimony and declaration. Decker's hearing testimony accuses Dr. Sawin of lying in his declaration and arbitration testimony. If the Magistrate's Report ("MR") chooses to accept Decker's conclusions without meaningfully considering Dr. Sawin's testimony, that is unfairly prejudicial and therefore error.

Indeed, the MR notes that "Decker found Dr. Sawin's declaration and testimony unreliable, given that it was contradicted by Plaintiff's sales data, and the other evidence discussed above." (MR, p. 22). Because Decker reviewed and considered Dr. Sawin's statements and then testified that his statements were contradicted by other evidence, the arbitration testimony and declaration are highly relevant and should have been admitted—not solely for the truth of the matter asserted, but for the factfinder to examine whether there are meaningful contradictions (which there is not).[2] After all, Plaintiff bears the burden to prove

---

[2] "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007).

its damages, including that claimed lost profits were not attributable to other intervening factors. See *Whitby v. Infinity Radio Inc.*, 951 So. 2d 890 (Fla. Dist. Ct. App. 2007); see also *Zimmer, Inc. v. Stryker Corp.*, No. 3:14-CV-152 JD, 2018 WL 276324, at *1 (N.D. Ind. Jan. 3, 2018).

### c. Plaintiff did not establish "but for" causation as to Dr. Paul Sawin

Even if the Court were to decline Defendants' request to admit Dr. Sawin's declaration and arbitration testimony in their entirety, paragraphs 6 and 7 of Dr. Sawin's declaration squarely addresses Dr. Sawin's state of mind regarding his growing frustrations with Nuvasive's change of leadership and focus by the Fall of 2017. (DE 407-1, para. 6-7). See Rule 803(3), Fed. R. Civ. P.

Dr. Sawin's state of mind is reflected in his declaration and arbitration testimony where he explained his reasons for moving away from Nuvasive's products in late 2017. Dr. Sawin explained his long-standing relationship with then departed executives and that he had grown concerned about the direction and focus of the company. (*Id.*, *see also* DE 407-2 862:24-864-19).

At the Evidentiary Hearing, Plaintiff's former Vice President, Mark Singer confirmed on cross-examination that Dr. Sawin had a long history with Nuvasive and had relationships with Nuvasive leadership that were "above his pay grade". (TR., pp. 63:9-18).

6

Dr. Sawin's unique history with Nuvasive and its leadership drove his decision to move his business away from Nuvasive in 2017. Plaintiff's expert, Decker, who claims not to be opining on causation, chooses to do just that by claiming that Dr. Sawin's testimony was contradicted by other record evidence. Yet, the contradictory evidence offered by Decker in no way conflicts with the evidence of Dr. Sawin's state of mind.

One example of Decker's gaslighting is revealed in her citation to texts and emails in 2018 where Dr. Sawin expressed his dissatisfaction with the Alphatec products lines. (TR., p. 113:6-16). Decker suggests that these 2018 emails somehow impeach Dr. Sawin. But Dr. Sawin never stated that his declining use of Nuvasive products was because Alphatec (or other manufacturers) had superior product lines. In making this attack on Dr. Sawin's integrity Decker invents evidence while choosing to ignore (or misrepresent) Dr. Sawin's actual testimony.

In that same vein, the MR seemingly relies on other irrelevant (and non-conflicting) facts and statements to justify Decker's attack on Dr. Sawin's credibility including: (1) a video in 2018 where Dr. Sawin stated Hawley was critical to his work in the operating room; (2) text messages in 2021 between Dr. Sawin and Soufleris wherein Dr. Sawin stated Greg was like a son to him, and (3) emails regarding Alphatec's need to create custom instruments for Dr. Sawin and other surgeons. (MR, p. 21).

None of these "issues" raised by Decker contradict Dr. Sawin's testimony regarding his motivation and reasons for leaving Nuvasive. Dr. Sawin decided in October of 2017 that he was going to stop using Nuvasive products because of his frustration with changes in leadership and the direction of the company. Therefore, Plaintiff cannot meet its burden of "but for" causation as to his damages. Defendants object to the entirety of the Magistrate's award of lost profits relating to Dr. Sawin.

### d. Decker's failed to apply her stated methodology

The MR correctly notes that Decker utilized the before-and-after methodology that is appropriate and has been accepted in both Delaware and Florida courts and by Judge Mendoza in this case specifically. (MR, p. 42)

However, Decker conceded on cross-examination that her methodology also requires that an estimate of lost profits must be adjusted "if there are any factors other than the Defendants' alleged misconduct" that may have caused a decline in Plaintiff's profits. (TR. 165:2-7).

A surgeon retiring or shifting his or her business to a competing, technologically advanced product line are textbook examples of required adjustments. Here, while Decker accounted for Dr. Sawin's retirement, she made no adjustment for Drs. Gandhi and Rosen's shift to the Globus surgical robot.

Instead of gathering the necessary data to quantify the required downward adjustment, Decker conjured up a "what if" theory out of whole cloth.

Decker testified that because the Defendants' breaches occurred three weeks before Advent contracted to buy the Globus robot, and because Drs. Gandhi and Rosen did not utilize the robot until 2018, it is *possible* that Drs. Gandhi and Rosen shifted to the Globus robot *because* Nuvasive was left without a sales team in the wake of Defendants' breaches.

Decker's Globus theory was directly undermined by the testimony of Nuvasive Vice President Mark Singer. On cross-examination Mr. Singer testified that he was not aware of Advent's purchase of the Globus surgical robot in 2017. (TR., pp. 62:9-63:3). Singer denied being aware of the robot becoming available to Advent spine surgeons in 2018. *Id.* The MR completely ignores Singer's testimony and instead accepts Decker's unsupported theory.

Decker's failure to reduce her lost profit estimates to account for Dr. Rosen and Dr. Gandhi's shift to the Globus robot in 2018 and beyond renders her calculations as to these physicians both unreliable and grossly overstated. As such, the Defendants object to the entirety of the Magistrate's award of lost profits relating to both Dr. Rosen and Dr. Gandhi.

### e. Decker failed to make any adjustment for Dr. Allende in 2019

Defendants object to the Magistrate's award of lost profits in 2019 relating to Dr. Allende as Decker failed to adjust for Dr. Allende's dramatic drop in business to both Alphatec and Nuvasive throughout 2019.

### f. Non-compete.

Defendants object to the award of damages for the non-compete year as they were not specifically pled or supported by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2025, a true and correct copy of the foregoing document has been electronically filed by using the Clerk of Court by using CM/ECF eFiling system which will automatically electronically furnish a copy to: Christopher Cardwell, Esq., R. Craig Mayfield, Esq., Diana Evans, Esq., Mary Taylor Gallagher, Esq, M. Thomas McFarland, Esq., Bryan Busch, Esq., and Christopher Mills, Esq.

**DELLECKER WILSON KING
McKENNA RUFFIER & SOS
A Limited Liability Partnership**

BY: s/ Kenneth J. McKenna
Kenneth J. McKenna, Esq.
Florida Bar No. 0021024
719 Vassar Street
Orlando, Florida 32804
407-244-3000
KJMeservice@dwklaw.com
Lead Counsel for Defendants,
*Greg Soufleris, Absolute Medical, LLC, and Absolute Medical Systems, LLC*

10