UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NUVASIVE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-cv-2206-CEM-LHP |
| | ) |
| ABSOLUTE MEDICAL, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The objected-to portions are accorded *de novo* review if they "pinpoint the specific findings that the party disagrees with." *U.S. v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); Fed. R. Civ. P. 72(b)(3). Portions to which no specific objection is made are reviewed for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). In conducting this review, district courts may make their own findings without a hearing unless doing so would "override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir.

1

2006). Here, Defendants' objections have no merit, and the Court should affirm the R&R without conducting any further hearing.

## I. Dr. Sawin's past hearsay testimony is not admissible.

Defendants' claim that the Magistrate Judge erred by not admitting Dr. Sawin's hearsay testimony due to his alleged unavailability is wrong. The cases Defendants cite are distinguishable as they do not involve a situation where the party claiming unavailability failed to (much less, failed to attempt to) subpoena a witness within the court's subpoena power.

"The burden of proving that the declarant is unavailable is on the statement's proponent." *E.g.*, *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022) (citing *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013)). As in *Carrizosa*, the Magistrate Judge held that "'counsel's uncorroborated statement' as to the reason for the declarant's unavailability is not sufficient on its own to establish [the witness' unavailability]." *Id.* (quoting *U.S. v. Acosta*, 769 F.2d 721, 723 (11th Cir. 1985)).[1] The preeminent treatise on this issue

---

[1] In *Acosta*, the Eleventh Circuit affirmed the exclusion of hearsay testimony due to the witness not being "unavailable" under Rule 804(a). 769 F.2d 722–23. Like Dr. Sawin's alleged unavailability due to a recent knee surgery, the *Acosta* witness was purportedly unavailable due to a child's illness. *Id.* at 722. In excluding the witness, the court noted the proponent offered no evidence that he asked the witness to testify and the witness refused to do so and there was no "medical testimony as to the nature or severity of the child's illness or that the child's health would be jeopardized by the mother's absence. Moreover, there was no pre-trial motion for continuance in order to produce the witness at a later trial." *Id.* at 723 (citing *Peterson v. U.S.*, 344 F.2d 419, 425 (5th Cir. 1965).

2

summarizes the burden a hearsay proponent seeking admission under Rule 804(a)(5) must carry as:

> [T]he typical efforts a hearsay proponent must demonstrate, include attempting to contact the witness through any known addresses or associates, including family members, and the use of legal process such as a subpoena to compel compliance once contact is made. Thus, the rule recognizes that simply asking a witness to testify is not an acceptable means of procuring witness attendance at trial. At the same time, the mere fact that the court's legal process does not apply to the witness will not excuse efforts to obtain the witness' presence voluntarily.

30B Wright & Bellin, *Federal Practice & Procedure*, § 6968 (2d ed. 2017).

Here, Defendants made no attempt to subpoena Dr. Sawin, who resides in the Orlando area and is well-within the Court's subpoena power. (Doc. 426, H'rg Tr. ("Tr."), 18:4–9). The Parties submitted their exhibit and witness lists on October 15 and 16, 2024. (Docs. 417, 418, 419). Exhibits 2 and 3 on Defendants' exhibit list were Dr. Sawin's February 1, 2020, declaration and December 17, 2020, arbitration testimony. (Doc. 417, p. 2). As these documents contain inadmissible hearsay, NuVasive challenged their admissibility through a motion *in limine*. (Doc. 421). After expressing skepticism about Dr. Sawin's unavailability, the Magistrate Judge allowed Defendants to respond to the motion in their post-hearing briefing. (Tr., 17:10–17, 19:1–20:14). The cases cited in the R&R show this initial skepticism was correct, that Dr. Sawin was not unavailable, and there are no grounds for overturning this ruling.

3

## II. Objections to Dr. Sawin's hearsay testimony were not waived.

Next, NuVasive did not waive its objection to the admission of Dr. Sawin's previous testimonies through its expert witnesses' testimony. This argument ignores the Magistrate Judge's decision to conditionally admit all evidence (including Dr. Sawin's past testimonies) for purposes of the Hearing and that Defendants were free to cross-examine NuVasive's expert witness with Dr. Sawin's past testimonies. (Tr., 19:8–15). To that end, as noted in the R&R, the Magistrate Judge:

> [P]ermitted both sides to utilize Dr. Sawin's declaration and arbitration testimony at the evidentiary hearing, with the full knowledge and understanding by all parties that such evidence may ultimately be excluded as inadmissible hearsay. Defendants provide no legal authority suggesting that such an approach is impermissible, or that by conditional admitting the evidence to allow the opposing party the opportunity to be heard on the matter, the objections become a *de facto* nullity. To now say that *Plaintiff* opened the door is inaccurate and disingenuous.

(R&R, Doc. 432, p. 31). Again, Defendants fail to provide any legal authority to support the position that by acting consistent with the Magistrate Judge's conditional admission of Dr. Sawin's hearsay testimony, NuVasive waived its objection to that hearsay. Accordingly, NuVasive respectfully requests that the Court overrule this Objection to the R&R.

## III. NuVasive linked Defendants' bad acts to the loss of Dr. Sawin's business.

Defendants third objection – that NuVasive did not establish sufficient causal links between their bad acts and the loss of Dr. Sawin's business – meets the same fate as their first two. NuVasive carried its burden of presenting sufficient evidence to establish that its loss of Dr. Sawin's business flowed from Defendants' contractual breaches and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

The R&R summarizes Misty Decker's testimony on this issue as follows: "[W]hile Decker did not make any opinions regarding causation, she did look at all available evidence to assess whether any causal links existed for Plaintiff's lost profits." (R&R, Doc. 432, p. 20). With respect to Dr. Sawin, Decker found the following evidence supported the existence of a "causal link" between Defendants' bad acts and the loss of Dr. Sawin's business:

- Dr. Sawin's usage of NuVasive products dropped from $245,000 in November 2017 to $36,000 in December 2017, when they began unfairly competing with NuVasive;
- Dr. Sawin's statements about being a nearly exclusive NuVasive user who did not utilize Alphatec's or any other competitor products until December 2017;
- Dr. Sawin's video testimonial describing Dave Hawley as critical to his work in the operating room;
- text messages in which Dr. Sawin tells Greg Soufleris that he is "like a son to him;"
- Dr. Sawin's complaints about the quality of Alphatec's products;
- evidence contradicting Dr. Sawin's timeline that he decided to switch from NuVasive's products in October 2017; and
- Hawley arranging for Alphatec to mimic customer instruments for him to utilize in surgery.

5

(Id. at pp. 21–22). Further, as the R&R notes, Decker expressly considered Dr. Sawin's declaration and arbitration testimony but declined to adjust her calculations because that testimony was "unreliable, given that it was contradicted by Plaintiff's sales data," and the evidence discussed above. (Id. at p. 22). Accordingly, the R&R states that Decker's "reasonings were credible and supported" with respect to Dr. Sawin. (Id. at p. 50) In fact, the R&R expressly found "[T]he undersigned extensively detailed the evidence and testimony submitted by Plaintiff to support its lost profits calculations, and the undersigned finds Decker's calculations for the entire "loss period" to be both credible and supported by substantial evidence." (Id. at p. 49, n. 30).

Finally, Soufleris' and Mark Singer's testimonies "showed that Defendants' actions from late 2017 forward resulted in a loss of sales to [NuVasive]," which supports Decker's conclusions about the causal links between Defendants' bad acts and the loss of Dr. Sawin's business (Id. at p. 42). More specifically, the R&R states that "while Soufleris claimed lack of memory, the submitted exhibits demonstrate his close relationship with Dr. Sawin, his efforts to woo Dr. Sawin over to Alphatec including dinners and a trip to Alphatec headquarters, his negotiations with Alphatec while still bound by the 2017 Agreement, and his representations to Alphatec that he would bring over Dr. Sawin as a customer." (R&R, Doc. 432, p. 42).

6

In sum, myriad evidence supports the sufficiency of causal link between Defendants' bad acts and the lost profits NuVasive incurred by losing Dr. Sawin's business. Therefore, the Court should overrule this Objection.

## IV. Decker properly calculated lost profits attributable to Drs. Rosen and Gandhi.

Defendants' fourth objection is that Decker "failed to apply" the before-and-after methodology, which everyone agrees is an appropriate methodology to calculate NuVasive's lost profits. (R&R, Doc. 432, pp. 41-42). Specifically, Defendants argue that she failed to account for the installation of Globus Medical's surgical robot at AdventHealth Orlando f/k/a Florida Hospital Orlando ("FHO") where Drs. Gandhi and Rosen operate. (Doc. 434, pp. 8-9).

Defendants are wrong. Decker investigated the circumstances surrounding FHO's purchase of the robot and discovered the subject contract was executed on December 27, 2017, the installation of the robot took place well into the first quarter of 2018, and that Drs. Rosen and Gandhi did not utilize Globus products at FHO until April 2018 and May 2018, respectively. (Tr., 126:9–128:8). After considering this unchallenged information, Decker concluded no adjustments to her calculations were necessary:

> Q: Given this additional investigation and the other documentary evidence that's identified with respect to Dr. Rosen and Dr. Gandhi which is identified in your report, did you make any adjustments to your calculations in light of the defendants' criticisms?

> A: No, I did not [make downward adjustments], because what we have to look at is but for the situation that did happen. So we know that the defendants left and were breaching their agreement prior to the contract even being signed. So if the defendants had not left NuVasive with inadequate sales representation in the market and had not already disrupted that market, is there any evidence that Globus would have installed that robot at that time? And there isn't any.
>
> Q: And as I understand it, the items that we've talked about with respect to Drs. Rosen and Gandhi, those wouldn't fall under your causal link analysis, would they?
>
> A: We would term those what we call other intervening factors. So – and I don't know what the case law would say as to how you would "terminology" it. But it's basically looking at what other factors maybe decrease your damages or would affect those damages versus is there a specific link to the totality of the damages.
>
> Q: And as you stated, you investigated those other intervening factors and were satisfied that your calculations should not be adjusted in any way?
>
> A: That's correct.

(Id. at 128:9–129:10). On cross-examination Decker stood by her analysis:

> Q: You did not make any adjustments to either Dr. Rosen or Dr. Gandhi's losses to account for their increasing use of the robot; is that true?
>
> A: That is true. Because under the but-for methodology, that event took place after the defendants' bad acts and the market had been disrupted and NuVasive was left without adequate representation.

(Id. at 166:1–7). Additionally, Decker testified that there was no evidence in the case to support Defendants' position regarding the Globus robot. (Id. at

8

167:8–15, 169:4–12, 170:15–171:17). After detailing Decker's testimony related to the Globus robot (R&R, Doc. 432, pp. 51-53), the R&R found that her calculation of lost profits attributable to Drs. Rosen and Gandhi was appropriate. (Id. at p. 53).

In sum, Decker properly applied the before-and-after methodology, but Defendants are dissatisfied with her conclusion. That dissatisfaction is insufficient to disturb the R&R and the Court should overrule this Objection.

## V. Decker properly attributed lost profits to the loss of Dr. Allende's business.

Next, the R&R properly awarded damages flowing from the loss of Dr. Allende's business through December 31, 2019. The R&R expressly noted that Defendants "do not challenge Decker's reliance on the track record of sales for the six surgeons for the 2015-2017 time period, nor her use of sales projections." (Id. at p. 45). However, they now argue just that, claiming Decker should have adjusted her sales projections due to Dr. Allende's "dramatic drop in business" in 2019. (Doc. 434, p. 10). As the R&R notes, this Objection fails as:

> Decker did take market fluctuations into consideration. With respect to track record for sales to the six surgeons, she considered market industry research as well as the uncertainty in the market related to the change in administration in the federal government in early 2017 and the anticipated rebound in 2018. With respect to sales projections going forward, Decker considered Plaintiff's continued sales, Dr. Sawin's retirement, Dr.

9

Allende's relocation, and the COVID-19 pandemic. The evidence thus does not support Defendants' objection in this regard.

(R&R, Doc. 432, pp. 45-46). In sum, after hearing all the testimony and considering all admitted exhibits, the R&R found "Decker's expert testimony to be credible and reliable." (Id. at p. 43).

Defendants' one-sentence objection to Decker's calculation of lost profits due to Dr. Allende is insufficient to overrule the finding that her testimony was credible and reliable. The Court should overrule this Objection.

## VI. NuVasive is entitled to damages during the non-compete year.

Defendants' final objection is "to the award of damages for the non-compete year as they were not specifically pled or supported by law." (Doc. 434, p. 10). As the R&R found, "Defendants fail to cite any legal authority for this argument" and "they also misread Plaintiff's second amended complaint." (R&R, Doc. 432, p. 48). Further, the R&R notes this Court decided this issue in finding that NuVasive is "entitled to default judgment as to all claims in their entirety, without limitation." (Id.). Now, NuVasive respectfully requests this Court to adopt the R&R's treatment of this issue and overrule this final Objection on those grounds.

## VII. Conclusion.

NuVasive respectfully requests that the Court overrule Defendants' Objections and enter an order adopting and accepting the R&R.

10

Dated: February 14, 2025   Respectfully submitted,

***/s/Christopher W. Cardwell***
R. Craig Mayfield
(Fla. Bar No. 0429643)
Cmayfield@bradley.com
Diana N. Evans
(Fla. Bar No. 98945)
Dnevans@bradley.com
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Fax: (813) 229-5946

Christopher W. Cardwell, Esq.
ccardwell@gsrm.com
Mary Taylor Gallagher, Esq.
mtgallagher@gsrm.com
M. Thomas McFarland, Esq.
tmcfarland@gsrm.com
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
Tel: (615) 244-4994
Fax: (615) 256-6339

*Attorneys for NuVasive, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The party or parties served are as follows:

Busch, Mills & Slomka, LLP

Bryan E. Busch
Email: bb@buschmills.com
3000 Heritage Walk, Suite 304
Milton, GA 30004

Christopher Y. Mills
Email: cm@buschmills.com
319 Clematis Street, Suite 109
West Palm Beach, FL 33401

*Attorneys for Defendants*

Dellecker Wilson King McKenna Ruffier & SOS, LLP

Kenneth J. McKenna
Email: KJMeservice@dwklaw.com
719 Vassar Street
Orlando, Florida 32804

*Attorney for Greg Soufleris, Absolute Medical Systems, LLC and Absolute Medical, LLC*


                ***/s/Christopher W. Cardwell***