UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NUVASIVE, INC.,**

        **Plaintiff,**

v.                                      **Case No. 6:17-cv-02206-CEM-LHP**

**ABSOLUTE MEDICAL, LLC,
GREG SOUFLERIS, and
ABSOLUTE MEDICAL
SYSTEMS, LLC,**

        **Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Renewed Memorandum of Damages ("Damages Motion," Doc. 403), to which Defendants filed a Response (Doc. 407), and Plaintiff filed a Reply (Doc. 416). This cause is also before the Court on Plaintiff's Motion in Limine (Doc. 421). An evidentiary hearing was held before the Magistrate Judge on October 23, 2024. (Min. Entry, Doc. 423). The parties were then permitted to file Post-Hearing Briefs (Doc. Nos. 430 & 431).

The United States Magistrate Judge issued an Order (Doc. Nos. 432 & 433),[1] granting in part and denying in part Plaintiff's Motion in Limine. The Magistrate

---

[1] Docket entry 433 is an Endorsed Order procedurally granting in part and denying in part Plaintiff's Motion in Limine and incorporating the analysis set forth in docket entry 432.

Judge also issued a Report and Recommendation ("R&R," Doc. 432), recommending that the Damages Motion be granted. Defendants filed Objections (Doc. 434) to which Plaintiff filed a Response (Doc. 435). For the reasons set forth below, the Magistrate Judge's ruling granting in part and denying in part Plaintiff's Motion in Limine will be affirmed; the R&R will be adopted; and the Damages Motion will be granted.

## I.  BACKGROUND

As noted by the Magistrate Judge, "[t]he tortured history of this case spans over six years and multiple venues and has been laid out in detail by prior Orders of the Court, with which the undersigned presumes the parties' familiarity." (Doc. 432 at 2 (citing Doc. Nos. 290, 331, 334, 371, 395 & 383)). In short, this case arises primarily from a contractual dispute between Plaintiff, a manufacturer of medical products and equipment, (Second Am. Compl., Doc. 188, at 3), and Defendant Absolute Medical, LLC ("AM"), which entered into an Exclusive Sales Representative Agreement, (Doc. 60-7 at 3–27), with Plaintiff beginning in 2013. Defendant Greg Soufleris was the president and sole member of AM. (AM Dep., Doc. 260-1, at 4, 8, 10). Dave Hawley and Ryan Miller, each through their own company, were sales representatives for AM. (Soufleris Dep., Doc. 260-3, at 91–92; Hawley's 2016 Independent Contractor Agreement, Doc. 260-10, at 20; Miller's 2016 Independent Contractor Agreement, Doc. 260-11, at 20). Near the end of 2017,

Soufleris "dissolve[d]" AM and created a "new entity," Defendant Absolute Medical Systems, LLC ("AMS"), to "replac[e]" AM. (AMS EIN Email, Doc. 260-1, at 121; Doc. 260-1 at 66–67). Hawley and Miller then began working for AMS. (Hawley Dep., Doc. 260-18, at 4, 8, 15–17, 46–49; Miller Dep., Doc. 260-20, at 11, 23–26, 28–29, 31–32). Plaintiff brought various claims, essentially alleging that Defendants illegally stole Plaintiff's business. (*See generally* Doc. 188). Ultimately, the Court entered default judgment as to liability in favor of Plaintiff, leaving the issue of damages for subsequent determination. (Nov. 22, 2023 Order, Doc. 395, at 27–28). Thereafter, Plaintiff settled its claims with Hawley and Miller. (Aug. 12, 2024 Order, Doc. 410). Thus, all that remains is the issue of damages, including attorney's fees and interest, as to Defendants AM, AMS, and Soufleris.[2]

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The

---

[2] Because Hawley and Miller have been terminated as Defendants in this case, all references to "Defendants" hereafter refers only to AM, AMS, and Soufleris.

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

### A. Objections 1 & 2 – Exclusion of Dr. Sawin's Declaration and Arbitration Testimony

Defendant objects to the exclusion of the February 1, 2020 declaration and December 17, 2020 arbitration testimony of Dr. Paul Sawin.[3] Plaintiff moved in limine to exclude these documents as inadmissible hearsay. (Mot. in Limine, Doc. 421). The Magistrate Judge "conditionally admitted both exhibits at the hearing and directed Defendants to address Plaintiff's motion in limine in their post-hearing briefing." (Doc. 432 at 25). In the proceedings before the Magistrate Judge, Defendants did "not dispute that they [sought] to admit Dr. Sawin's declaration and arbitration testimony for the truth of the matters asserted therein," and therefore, the Magistrate Judge properly concluded that "the declaration and arbitration testimony on their face constitute inadmissible hearsay." (*Id.* at 26). Defendants do not object to this conclusion. Instead, Defendants argue that exceptions apply to allow these documents to be admitted.

---

[3] "[T]he weight of authority" indicates that a Magistrate Judge's evidentiary rulings are non-dispositive, and therefore, reviewed under the more deferential abuse of discretion standard. *Villafana v. Auto-Owners Ins.*, No. 06-0684-WS-B, 2007 U.S. Dist. LEXIS 45645, at *2 (S.D. Ala. June 22, 2007) (collecting cases); *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 U.S. Dist. LEXIS 72102, at *4 (S.D. Fla. June 2, 2016) (collecting cases). Regardless, even under the *de novo* standard of review, the Court agrees with the Magistrate Judge's rulings.

1. *Objection 1 – Unavailability*

As to the arbitration testimony, Defendants argued before the Magistrate Judge that the hearsay exception set forth in Federal Rule of Evidence 804(b)(1) applied. (Doc. 431 at 20–22). For that exception to apply, the offered "former testimony" must be made by someone who is "unavailable." Fed. R. Evid. 804(b)(1). Defendants argue that the Magistrate Judge improperly determined that Dr. Sawin was not "unavailable." Rule 804(a) sets forth several ways in which a witness can be considered "unavailable," but Defendant only argued that the provision of 804(a)(5) applies. (*Id.* at 20–21). Thereunder, as relevant here, a witness is considered "unavailable" where they are "absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

At the hearing, Defense counsel explained that they did not attempt to procure Dr. Sawin's appearance until the week of the hearing once counsel realized that Plaintiff planned on objecting to the hearsay documents. (Hr'g Tr., Doc. 426, at 17–18). The efforts detailed by defense counsel consisted of calling Dr. Sawin and asking if he would come testify, to which he responded that he "did not feel physically capable" of doing so because of a recent knee surgery. (Doc. 426 at 222–23; Doc. 431 at 20–21). As the Magistrate Judge cogently stated: "Defendants did not elaborate on what efforts they made to procure Dr. Sawin's live testimony

beyond a conclusory statement that counsel spoke to him at some unspecified point in time, Defendants provided no additional details about Dr. Sawin's surgery, Defendants did not list Dr. Sawin as a witness nor subpoena him as a witness, and Defendants did not request that Dr. Sawin testify remotely or ask to continue the hearing to a date when he would be able to appear in-person." (Doc. 432 at 29 (citing Defs.' Ex. List, Doc. No. 417 & Doc. 426 at 18).

In their Objections, Defendants insist the Court must simply take counsel's word for it that Dr. Sawin was unavailable, relying on distinguishable out-of-circuit precedent. (Doc. 431 at 20–21). Defendants are incorrect. "'[C]ounsel's uncorroborated statement' as to the reason for the declarant's unavailability is not sufficient on its own to satisfy the proponent's burden." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022).[4] The Court agrees with the Magistrate Judge's determination that Defendants failed to establish that Dr. Sawin was unavailable under Federal Rule of Evidence 804, and Objection 1 will be overruled.

    2.    *Objection 2 – Plaintiff's Reference*

Next, Defendants argue that Plaintiff "opened the door to the admission of Dr. Sawin's testimony and declaration" by asking Plaintiff's expert, Misty Decker, about

---

[4] To be clear, the Court is not questioning counsel's candor. But all counsel was able to relay to the Court was a statement that, essentially, the witness did not want to attend without any evidence to show that the witness could not attend. This is not sufficient.

those documents. (Doc. 434 at 5). As the Magistrate Judge properly stated, because the issue of excluding Dr. Sawin's declaration and arbitration testimony was not raised until shortly before the hearing, the Magistrate Judge "conditionally admitted" those documents "and reserved ruling on Plaintiff's hearsay objections." (Doc. 432 at 31 (citing Doc. 426 at 18–20, 221–22)). "In other words, the [Magistrate Judge] permitted both sides to utilize Dr. Sawin's declaration and arbitration testimony at the evidentiary hearing, with the full knowledge and understanding by all parties that such evidence may ultimately be excluded as inadmissible hearsay. . . . To now say that Plaintiff opened the door is inaccurate and disingenuous." (*Id.*).

Further, Defendants seem to assert that the Magistrate Judge relied on Decker's testimony explaining why the statements in Dr. Sawin's declaration and arbitration testimony did not change her opinions, and therefore, those documents were improperly excluded. However, the only portion of the R&R cited by Defendants is the background section, summarizing all of the testimony offered at trial to give context to the analysis—including the Magistrate Judge's analysis of the in limine issues.

Moreover, the Magistrate Judge carefully explained that she would consider Dr. Sawin's declaration and arbitration testimony for impeachment purposes and did so properly. (*Id.* at 49–50). Although Defendants' argument in this regard is less than clear, they seem to be asserting that because she considered it for that purpose, she

had to admit those documents in full. (Doc. 434 at 5). This is plainly not correct. The Magistrate Judge properly considered Dr. Sawin's declaration and arbitration testimony for impeachment purposes—and of course was permitted to consider Decker's responses to the attempted impeachment. Objection 2 will be overruled.

### B. Objection 3 – "But For" Causation as to Dr. Sawin

In this Objection, Defendants first argue that, even if Dr. Sawin's declaration is not admitted in its entirety, paragraphs six and seven of his declaration should be admitted under Federal Rule of Evidence 803(3). However, Defendants did not raise this argument before the Magistrate Judge; therefore, the argument was waived. *Sanders v. Wal-Mart Stores E., LP*, 754 F. App'x 935, 936 (11th Cir. 2019) (citing *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Additionally, only a very small part of the cited portion of Dr. Sawin's declaration can arguably be considered a statement regarding his state of mind—namely that he was "increasingly concerned about the direction of [Plaintiff]." (Doc. 407-1 at 3). The vast majority of what Defendants seek to rely upon involves "statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind," which is plainly not included in this exception. *United States v. Duran Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) (quotation omitted). Thus, even if the Court were to consider this one statement that Dr. Sawin was concerned about

the direction of Plaintiff, it certainly is insufficient to overcome the abundance of evidence cited in the R&R to support the damages conclusion as to Dr. Sawin. As the Magistrate Judge stated:

> With respect to Dr. Sawin, Decker discussed other evidence she analyzed to establish a causal link between Plaintiff's lost profits and Defendants' breaches. Such evidence included statements by Dr. Sawin that he was a nearly exclusive user of Plaintiff's products since 2016 and did not utilize any Alphatec or other competitor products Defendants began selling until December 2017 and thereafter. Tr., 112. Decker also pointed to a video where Dr. Sawin stated that Hawley was critical to Dr. Sawin's work in the operating room, to text messages between Dr. Sawin and Soufleris where Dr. Sawin said Soufleris was like a son to him, and to emails where Dr. Sawin was complaining about the quality of Alphatec products. Tr., 112-13, 208-09; *see also* Doc. No. 424-5. Decker noted that Dr. Sawin had also made prior representations that he had decided to stop using Plaintiff's products in October 2017 and did not decide to switch to Alphatec products until December 2017, but Decker also noted that Soufleris had made statements in the past that he hoped the business he would convert to Alphatec would include Dr. Sawin. Tr., 115-16. Decker also found persuasive Hawley's request on December 12, 2017 that Alphatec mimic Plaintiff's custom instruments. Tr., 120.

(Doc. 432 at 21–22).

Additionally, even though Dr. Sawin's declaration and arbitration testimony were not admitted at the hearing, Plaintiff's expert reviewed that information and credibly explained why it was unreliable. (*Id.* at 22). Based on this evidence, the Magistrate Judge determined following:

> [W]hile Soufleris claimed lack of memory, the submitted exhibits demonstrate his close relationship with Dr. Sawin, his efforts to woo Dr. Sawin over to Alphatec including dinners and a trip to Alphatec headquarters, his negotiations with Alphatec while still bound by the 2017 Agreement, and his representations to Alphatec that he would bring over Dr. Sawin as a customer. Doc. Nos. 424-15, 424-16, 424-17; *see also* Tr., 115–16.27 Soufleris and Singer testified that all six surgeons were customers of Plaintiff and that they became Alphatec customers after Defendants' breach of the 2017 Agreement. Tr., 35-37, 40-43, 57-58. Singer also confirmed Plaintiff's overnight loss of sales from these surgeons and cogently explained how the loss of AM's sales force prevented Plaintiff from competing in the Central Florida market for an extended period of time given the nature of the relationships between surgeons and sales representatives in the spinal surgery industry. Tr., 55-56, 65-67. None of this testimony was contradicted or challenged, nor was any evidence presented demonstrating that any of the surgeons utilized Alphatec products prior to Defendants' breach of the 2017 Agreement.

(*Id.* at 42–43). The Court agrees with the Magistrate Judge's analysis, and Defendant's third Objection will be overruled.

### C.     Objection 4 – Drs. Gandhi and Rosen

Defendants argue that Decker failed to properly utilize her stated methodology as to the damages relating to Drs. Gandhi and Rosen because she failed to properly account for those doctors' shift to using the Globus surgical robot. As Defendants acknowledge, Decker did consider the fact that those doctors began using the Globus surgical robot in 2018, but that shift occurred after Defendants breached the agreement and demolished Plaintiff's sales force in the area. As the

Magistrate Judge concluded, Decker properly considered lost profits relating to Drs. Gandhi and Rosen because "Defendants took away Plaintiff's ability to compete with the robot." (*Id.* at 53). The Court agrees that Decker's testimony and conclusions in this regard were sufficient to meet the "reasonable certainty" requirement for Plaintiff to establish its damages. (*Id.* (citing *Tanner v. Exxon Corp.*, No. 79C–JA–5, 1981 WL 191389, at *1 (Del. Super. Ct. July 23, 1981)).[5] Objection 4 will be overruled.

### D. Objections 5 & 6 – Dr. Allende and Non-Compete Year

In a single sentence, without any citation to the record or legal authority, Defendants "object to the Magistrate's award of lost profits in 2019 relating to Dr. Allende as Decker failed to adjust for Dr. Allende's dramatic drop in business to both Alphatec and NuVasive throughout 2019." (Doc. 434 at 10). Defendants make a similarly brief argument as to the award of damages for the non-compete year, objecting "to the award of damages for the non-compete year as they were not specifically pled or supported by law." (*Id.*). The Court need not address such cursory arguments. *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases). Moreover, the Magistrate Judge

---

[5] As explained in the R&R, Delaware law applies to this issue. (Doc. 432 at 5).

thoroughly addressed these issues, and the Court agrees with her analysis. (Doc. 432 at 47–49, 55–56). Objections five and six will be overruled.

### IV. CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Objections (Doc. 434) are **OVERRULED**.

2. The Report and Recommendation (Doc. 432) is **ADOPTED** and made a part of this Order.

3. The Magistrate Judge's Order (Doc. Nos. 432 & 433) granting in part and denying in part Plaintiff's Motion in Limine (Doc. 421) is **AFFIRMED**.

4. Plaintiff's Renewed Memorandum of Damages (Doc. 403) is **GRANTED**.

5. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants Absolute Medical LLC, Greg Soufleris, and Absolute Medical Systems, LLC jointly and severally in the amount of $19,361,057.00.

6. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2025.



Copies furnished to:

Counsel of Record